SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:    (213) 892-4905
Facsimile:    (213) 452-8039

Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
AND MEDICAL CENTER, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:16-bk-17463-ER |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,[1] | Chapter 11 |
| | (Voluntary Petition Filed: June 6, 2016) |
| Debtor. | **DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL OF CONFIDENTIAL PATIENT INFORMATION; DECLARATION OF JOHN A. MOE, II** |
| | (Declaration of David Herskovitz and Eric Weissman in Support of Emergency Motions filed concurrently herewith) |
| | (Filed Pursuant to LBR 2081-1(a)(12), 5003-2(c) and 9075-1(a)) |
| | Hearing: |
| | Date:    June 9, 2016
Time:    10:00 a.m.
Place:    Courtroom 1568
          U.S. Bankruptcy Court
          255 East Temple Street
          Los Angeles, California 90012 |
| | Judge:    Hon. Ernest M. Robles |

---

[1] The Debtor is a California non-profit public benefit corporation, Fed. Tax I.D. No. 33-0738307. The Debtor's mailing address is 21530 Pioneer Boulevard, Hawaiian Gardens, California 90716.

93368699\V-2

# **TABLE OF CONTENTS**

**Page(s)**

JURISDICTION ................................................................................................................................ 2

BACKGROUND .............................................................................................................................. 2

    A.    General Description of the Debtor ............................................................................ 2

    B.    The Debtor's Market ................................................................................................. 3

ARGUMENT .................................................................................................................................... 4

WAIVER OF MEMORANDUM OF LAW ..................................................................................... 6

NO APPLICATION .......................................................................................................................... 6

CONCLUSION ................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Barnes v. Glennon*,
　2006 WL 2811821 (N.D.N.Y. Sep. 28, 2006) ..................................................................5

*In re Barney's, Inc.*,
　201 B.R. 703 (Bankr. S.D.N.Y. 1996) ..............................................................................5

*In re Epic Assoc. V*,
　54 B.R. 445 (Bankr. E.D. Va. 1985) ................................................................................5

*In re Global Crossing Ltd.*,
　295 B.R. 720 (Bankr. S.D.N.Y. 2003) ..............................................................................5

*Video Software Dealers Ass'n v. Orion Pictures Corp.*
　(*In re Orion Pictures Corp.*),
　21 F.3d 24 (2d Cir. 1994) ..................................................................................................5

**STATUTES**

11 United States Code
　§ 105(a) ....................................................................................................................1, 6, 7
　§ 107 .................................................................................................................................4
　§ 107(b) ..................................................................................................................*passim*
　§ 107(c) ..................................................................................................................1, 4, 6, 7

28 United States Code
　§ 157 .................................................................................................................................2
　§ 157(b)(2) .......................................................................................................................2
　§ 1334 ...............................................................................................................................2
　§ 1408 ...............................................................................................................................2
　§ 1409 ...............................................................................................................................2

**RULES AND REGULATIONS**

45 Code of Federal Regulations
　Part 160 ............................................................................................................................5
　Part 164(A) .......................................................................................................................5
　Part 164(E) .......................................................................................................................5
　Part 164.512(e) .................................................................................................................5

Federal Rules of Bankruptcy Procedure
　Rule 1007 .........................................................................................................................2
　Rule 9018 ..............................................................................................................1, 4, 6, 7

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Local Rules of Bankruptcy Procedure
    Rule 5003-2(c) ....................................................................................................................1
    Rule 9013-1(c)(4) ................................................................................................................6

**OTHER AUTHORITIES**

Court Manual for the United States Bankruptcy Court for the
    Central District of California
    Section 2.8(b) ...............................................................................................................1, 6

Health Insurance Portability and Accountability Act of 1996
    Public Law 104-191 ............................................................................................................5

**TO THE HONORABLE ERNEST M. ROBLES UNITED STATES BANKRUPTCY JUDGE, THE TWENTY LARGEST UNSECURED CREDITORS OF THE DEBTOR, ALL ALLEGED SECURED CREDITORS, THE UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Gardens Regional Hospital and Medical Center, Inc., a California not for profit corporation, doing business as Gardens Regional Hospital and Medical Center, formerly doing business as Tri-City Regional Medical Center, the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby moves (the "Motion") the Court on an emergency basis pursuant to sections 105(a) and 107(b) and (c) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the *Federal Rules of Bankruptcy Procedure* (the "Bankruptcy Rules"), Rule 5003-2(c) of the *Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Central District of California* and Section 2.8(b) of the *Court Manual for the United States Bankruptcy Court for the Central District of California*, for the entry of an Order granting leave to file under seal confidential patient information. The basis for the relief requested in this Motion is set forth below and in the concurrently filed Declarations of David Herskovitz and Eric Weissman, and the attached Declaration of John A. Moe, II.

**PLEASE TAKE FURTHER NOTICE** that to fulfill its obligations under the Bankruptcy Code without violating applicable non-bankruptcy laws protecting confidential patient information, the Debtor needs authorization to file confidential patient information under seal. Accordingly, by this Motion, the Debtor requests that the Court enter an order pursuant to sections 107(b) and (c) of the Bankruptcy Code ("Sections 107(b) & (c)") and Bankruptcy Rule 9018 authorizing Debtor to file confidential patient information under seal.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the Notice of Emergency Motions that will be filed and served after obtaining a hearing date for the Debtor's "First Day Motions," the attached authorities set forth in this Motion, the concurrently filed Declarations of David Herskovitz and Eric Weissman in support of the Emergency Motions, the attached Declaration of John A. Moe, II, the arguments of counsel and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

other admissible evidence properly brought before the Court at or before the hearing on this Motion.  In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this Case.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has served a copy of this Motion and all supporting papers upon the: (i) Office of the United States Trustee; (ii) all alleged secured creditors; (iii) the United States of America and the State of California; (iv) the twenty largest unsecured creditors appearing on the list filed in accordance with Rule 1007 of the Federal Rules of Bankruptcy Procedure; and (v) any parties requesting special notice.

**PLEASE TAKE FURTHER NOTICE** any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth above.  Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

## JURISDICTION

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.    General Description of the Debtor**

The Debtor leases a 137 bed, acute care hospital doing business at 21530 South Pioneer Boulevard, Hawaiian Gardens, Los Angeles, California.  The Debtor is currently staffed to operate approximately 30-35 beds on a normal day, although it has access to visiting nurse registries, which allow it to quickly increase its staff to meet patient needs (Declaration of David Herskovitz ("Herskovitz Decl.") ¶ 5).

The Debtor features an Intensive Care Unit, a Cardiac Care Unit, and an 8-bed, Emergency Department ("ED") staffed with a team of qualified ED physicians, nurses, and other professional personnel.  The ED is a paramedic-receiving emergency room that works hand-in-hand with Los Angeles County and Orange County Emergency Medical Services to

provide emergency services 24-hours each day, seven days each week. The Debtor provides a full range of inpatient and outpatient services, including, but not limited to, medical acute care, general surgical services, bariatric surgery services (for weight loss), spine surgery services, orthopedic and sports medicine and joint replacement services, wound care and pain management services, physical therapy, respiratory therapy, outpatient ambulatory services, diagnostic services, radiology and inpatient/outpatient imaging services, laboratory and pathology services, geriatric services, and community wellness and education programs (Herskovitz Decl. ¶ 6).

More than 8,500 patients visited the Debtor's emergency room last year, and the Debtor had a total of more than 2,850 admissions. Its physicians performed nearly 1,400 inpatient and 2,250 outpatient surgeries. The Debtor has invested millions of dollars over approximately the past five years for updated furniture, fixtures, equipment and technology as well as long-overdue improvements to the facility (Herskovitz Decl. ¶ 7).

**B.    The Debtor's Market**

The Debtor provides emergency and acute hospital services to the largely low-income population of Hawaiian Gardens, which is the smallest city in Los Angeles County, with a total area of 0.9 square miles, and a population of only approximately 15,000 (Herskovitz Decl. ¶ 25).

The Debtor provides a wide-range of healthcare services to under-served and indigent communities in Hawaiian Gardens, Artesia, Bellflower, Cerritos, Lakewood, Long Beach, Norwalk and Paramount (the "Service Area"), as well as patients from other cities, states and counties including Orange, San Bernardino and San Diego Counties. The Debtor provides annually in excess of $11 million of charitable care, community services and health professions education. The Debtor is a vital part of Los Angeles County's health care safety net, serving some of Southern California's most medically vulnerable residents (Herskovitz Decl. ¶ 26).

The Debtor serves a high volume of medically under-served and indigent patients and has been designed a Disproportionate Share Hospital ("DSH") by HHS in connection with the Medicaid program. As a result of the high volume of indigent patients, millions of dollars worth

of Debtor's services have been historically expended on Charity Care, and the amount of uncompensated care provided by Debtor is expected to continue[2] (Herskovitz Decl. ¶ 27).

**ARGUMENT**

The Debtor is seeking leave to file confidential patient information under seal. Sections 107(b) and (c) authorizes the Court to issue orders that will protect entities from potential harm caused by disclosure of confidential information. Specifically, Sections 107(b) & (c) provide:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause; may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the. individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

The Debtor seeks to "protect … confidential … information," protect the patients' identities to prevent "undue risk of identity theft or other unlawful injury," and protect the patients' privacy.

Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107. In particular, Bankruptcy Rule 9018 states that the court "may make any order which justice requires (1) to protect the estate or any entity in respect of … confidential … information…" Fed. R. Bankr. P. 9018.

---

[2] The Debtor also leases clinic space in a Medical Office Building ("MOB") atn21520 South Pioneer Boulevard, Hawaiian Gardens (directly across the parking lot from its acute care facility), that the Debtor currently sub-leases to physicians for their private use. In addition, the Debtor leases a nearby office building located at 22101 Norwalk Boulevard in Hawaiian Gardens (the "Norwalk Property"), for its Business Office operations (Herskovitz Decl. ¶ 28).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Based upon the use of the term "shall" in Section 107(b), some courts have held a court must apply the protections of Section 107(b) if the information contained in the document falls within the scope of any of the specified categories in the statute. *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994). Other bankruptcy courts have restricted access to filed documents where parties have demonstrated good cause. *See, e.g., In re Global Crossing Ltd.*, 295 B.R. 720 (Bankr. S.D.N.Y. 2003); *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985).

Whether a document falls within the scope of Section 107(b) and/or (c) is ultimately a decision for the Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). However, if the Court determines that filed documents are covered by Section 107(b) or (c), the Court should issue a remedy that will protect the confidential information.

The Debtor is required to serve notice of the filing of its case, a bar date notice, and other critical case related documents on parties with an interest in the case or who may have a claim against the hospital. To show proper notice has been provided, the Debtor is required to file service lists showing the names and addresses of those who have been served. Former patients are usually among the parties entitled to such notice.

The Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191, protects all individually identifiable health information, which includes information such as the names or addresses of current or former patients. Thus, the Privacy Rule's requirements to protect the privacy and security of protected health information require that the names and addresses of current and former patients not be publicly disclosed. The Debtor is a covered entity under HIPAA and must comply with HIPAA's requirements to protect the privacy of health information. *See* 45 CFR Part 160 and Part 164, Subparts A and E. However, the Privacy Rule permits the use and disclosure of protected health information, without an individual's authorization or permission, as part of a judicial proceeding, if the information is disclosed pursuant to a court order. 45 CFR 164.512(e); *Barnes v. Glennon*, 2006 WL 2811821, at *5 n. 6 (N.D.N.Y. Sep. 28, 2006).

///

1  As the Debtor necessarily must file confidential patient information, good cause exists to
2  grant Debtor leave to file the confidential patient information under seal pursuant to sections
3  105(a) & 107(b) & (c) of the Bankruptcy Code and Bankruptcy Rule 9018.  By this Motion, the
4  Debtor respectfully requests that the Court enter an Order authorizing it to file the confidential
5  patient information under seal in accordance with Bankruptcy Rule 9018, and directing that such
6  filing remain confidential and under seal, and that no such document shall be made available to
7  anyone, other than as set forth in the Order approving this Motion.  Further, the Debtor requests
8  of the Court that the clerk treat such documents held under seal as a confidential document.
9  In accordance with Section 2.8(b) of the Court Manual for the United States Bankruptcy
10  Court for the Central District of California, the attached Declaration of John A. Moe, II explains
11  the voluminous nature of the records to be filed under seal.

### **WAIVER OF MEMORANDUM OF LAW**

13  The Debtor respectfully requests that the Court waive the requirement for the filing of a
14  Memorandum of Law setting forth the points and authorities relied upon in this Motion under
15  Local Bankruptcy Rule 9013-1(c)(4).  The Motion presents no novel issues of law and the bases
16  for the relief sought are fully set forth herein.

### **NO APPLICATION**

18  No previous application for the relief sought herein has been made to this or to any other
19  court.
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

93368699\V-2                                              - 6 -

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests the entry of an Order pursuant to sections 105(a) and 107(b) & (c) of the Bankruptcy Code and Bankruptcy Rule 9018, granting leave for it to file the confidential patient information under seal and that the Court grant such further relief as may be just and proper.

Dated: June 6, 2016

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II

By_____/s/John A. Moe, II_____
　　　　JOHN A. MOE, II

Attorneys for Gardens Regional Hospital and Medical Center, Inc.

**DECLARATION OF JOHN A. MOE, II**

I, John A. Moe, II, declare, that if called as a witness, I would and could competently testify thereto, of my own personal knowledge, as follows:

1. I am an attorney at Dentons US LLP, 300 South Grand Avenue, Suite 1400, Los Angeles, California. I am one of the attorneys at Dentons US LLP, representing Gardens Regional Hospital and Medical Center, Inc.

2. In behalf of the Debtor, I have prepared an Emergency Motion for an Order Authorizing the Filing Under Seal of Confidential Patient Information.

3. Rule 2.8(b) of the Court Manual of the United States Bankruptcy Court for the Central District of California, states:

> "(b)  Filing Documents Under Seal (LBR 5003-2(c))  No documents may be presented to the court for filing under seal unless and until the court has granted a motion authorizing the filing of such documents under seal. All motions for authority to file documents under seal must be filed electronically, if the filer is an attorney.
>
> (1) The motion should include as exhibits, or in a separate appendix also filed electronically, the documents that the movant seeks to file under seal with the confidential portions redacted; provided, however, that if the documents are voluminous, the motion may be accompanied by declaration under penalty of perjury to this effect and a schedule of the documents that movant seeks to file under seal.

4. The document to be filed under seal, consisting of a list of the names and addresses of patients of Gardens Regional Hospital and Medical Center, Inc., is voluminous, consisting of approximately 5,280 names and addresses, on approximately 660 pages. I have not attached a proposed schedule, because the document to be filed under seal consists of, literally, nothing more than the name and address of each patient.

5. I declare under penalty of perjury and the laws of the United States of America the foregoing is true and correct.

Executed this 6th day of June 2016.

       /s/ John A. Moe, II
       JOHN A. MOE, II

93368699\V-2     - 8 -