SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:    (213) 623-9300
Facsimile:    (213) 623-9924

Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
AND MEDICAL CENTER, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,[1]<br><br>        Debtor. | Case No. 2:16-bk-17463-ER<br><br>Chapter 11<br><br>(Voluntary Petition Filed: June 6, 2016)<br><br>**NOTICE OF EMERGENCY MOTION AND EMERGENCY MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (B) REMIT WITHHOLDING OBLIGATIONS; (C) MAINTAIN WORKER'S COMPENSATION AND BENEFITS PROGRAMS; (D) PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (E) PAY REIMBURSABLE EMPLOYEE EXPENSES; AND (II) AUTHORIZING AND DIRECTING THE APPLICABLE BANK TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTOR RELATING TO THE FOREGOING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Declarations of David Herskovitz and Eric Weissman in Support of Emergency Motions filed concurrently herewith)<br><br>Hearing:<br><br>Date:    June 9, 2016<br>Time:    10:00 a.m.<br>Place:   Courtroom 1568<br>         U.S. Bankruptcy Court<br>         255 East Temple Street<br>         Los Angeles, CA 90012<br>Judge:  Hon. Ernest M. Robles |

---

[1] The Debtor is a California nonprofit public benefit corporation, Fed. Tax I.D. No. 33-0738307. The Debtor's mailing address is 21530 Pioneer Boulevard, Hawaiian Gardens, California 90716.

DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
(213) 623-9300

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................... 4

II. STATEMENT OF FACTS ....................................................................................... 5

    A.  Jurisdiction and Venue ................................................................................. 5

    B.  General Background....................................................................................... 5

III. BACKGROUND RELATED TO EMPLOYEE WAGES AND
BENEFITS AND RELIEF REQUESTED ............................................................... 6

    A.  Prepetition Wages, Salaries and Associated Benefits ................................. 7

    B.  Business Expense Reimbursements ............................................................. 9

    C.  Paid Time Off ............................................................................................... 9

    D.  Employee Benefits ..................................................................................... 10

        1.  Medical, Vision and Dental Insurance ........................................... 10

        2.  Employee Life, Disability and Workers' Compensation ................ 11

        3.  401(k) Plan ...................................................................................... 12

        4.  Miscellaneous Employee Benefit Plans ......................................... 12

    E.  Insider Compensation.................................................................................. 12

    F.  Temporary Staffing .................................................................................... 13

    G.  Summary ..................................................................................................... 13

IV. ARGUMENT ......................................................................................................... 14

    A.  This Court Has Authority Pursuant to Sections 105(a)    and
363(b)(1) and (c)(1) to Grant the Relief Requested .................................. 15

    B.  The Prepetition Wages and Prepetition Employee Benefits Are
Priority Claims Under Bankruptcy Code Sections 507(a)(4) and (5) .................. 18

    C.  Maintaining the Employee Benefits Is within the Debtor's
Business Judgment ..................................................................................... 19

    D.  Honoring of Checks and Transfers Related to Employee
Obligations and Maintenance of Payroll Accounts................................... 19

    E.  Prospects For Reorganization And Ability To Pay Employees ........................... 20

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

V.      CONCLUSION ................................................................................................................ 20

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re All Seasons Industries, Inc.*,
   121 B.R. 822 (Bankr. N.D. Ind. 1990) ...................................................................18

*In re B&W Enterprises*,
   713 F.2d 534 (9th Cir. 1983)..........................................................................16, 17

*In re Canton Castings, Inc.*,
   103 B.R. 874 (Bankr. N.D. Ohio 1989) .................................................................19

*In re Chateaugay Corporation*,
   116 B.R. 887 (Bankr. S.D.N.Y. 1990) ..................................................................16

*Dudley v. Mealev*,
   147 F.2d 268 (2d Cir. 1945), *cert. denied*, 325 U.S. 873 (1945) ...........................16

*In re Feit & Drexler, Inc.*,
   760 F.2d 406 (2d Cir. 1985)..................................................................................15

*In re Gulf Air, Inc.*,
   112 B.R. 152 (Bankr. W.D. La. 1989) ...................................................................16

*In re Ionosphere Clubs, Inc.*,
   98 B.R. 174 (Bankr. S.D.N.Y. 1989) ..............................................................15, 16

*In re Pac. Forest Indus., Inc.*,
   95 B.R. 740 (Bank. C.D. Cal. 1989) .................................................................18, 19

**Statutes**

11 U.S.C.
   § 105(a) ...........................................................................................1, 4, 15, 16
   § 363(b)..........................................................................................................1, 4
   § 363(b)(1) ......................................................................................................15
   § 363(c)(1).......................................................................................................15
   § 507(a) ..........................................................................................................1, 4
   § 507(a)(4).................................................................................................. *passim*
   § 507(a)(4)(A)..................................................................................................18
   § 507(a)(5)................................................................................................. *passim*
   § 507(a)(8)(D) ...............................................................................................2, 15
   § 549................................................................................................................17
   § 1107(a) ......................................................................................................1, 4, 5
   § 1108............................................................................................................1, 4, 5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

26 U.S.C.
  § 4980B .................................................................................................................11

28 U.S.C.
  § 157 ........................................................................................................................5
  § 157(b)(2) ..............................................................................................................5
  § 1334 ......................................................................................................................5
  § 1408 ......................................................................................................................5
  § 1409 ......................................................................................................................5

Employee Retirement Income Security Act of 1974 ................................................11

**Rules and Regulations**

Federal Rules of Bankruptcy Procedure
  Rule 1007(d) ............................................................................................................2
  Rule 2002(i) .............................................................................................................3

Local Bankruptcy Rules
  Rule 2014-1 ...........................................................................................................13
  Rule 2081-1(a)(6) .............................................................................................1, 2, 4
  Rule 9075-1(a) ..................................................................................................1, 2, 4
  Rule 9075-1(a)(4) ....................................................................................................2
  Rule 9075-1(a)(6) ....................................................................................................3

**Other Authorities**

*2 Collier on Bankruptcy*
  §105.2, at 105-4 (15th ed. 1996) ...........................................................................15

TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE,

THE TWENTY LARGEST UNSECURED CREDITORS OF THE DEBTOR, ALL ALLEGED

SECURED CREDITORS, THE UNITED STATES OF AMERICA AND THE STATE OF

CALIFORNIA, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE

UNITED STATES TRUSTEE:

**PLEASE TAKE NOTICE** that Gardens Regional Hospital and Medical Center, Inc., a

California not for profit corporation, doing business as Gardens Regional Hospital and Medical

Center and formerly doing business as Tri-City Regional Medical Center, the debtor and debtor in

possession in the above-captioned case (the "Debtor"), hereby moves (the "Motion") the Court on

an emergency basis pursuant to Local Bankruptcy Rules 2081-1(a)(6) and 9075-1(a) for entry of

an order pursuant to sections 105(a), 363(b), 507(a), 1107(a) and 1108 of title 11 of the United

States Code (the "Bankruptcy Code") (i) authorizing the Debtor, in its discretion, to (a) pay

prepetition wages, salaries, employee benefits, and other compensation, (b) remit withholding

obligations, (c) maintain worker's compensation and benefits programs, (d) pay related

administrative obligations, and (e) pay reimbursable employee expenses; and (ii) authorizing and

directing the applicable bank to pay all checks and electronic payment requests made by the

Debtor relating to the foregoing (collectively, the "Employee Obligations").

**PLEASE TAKE FURTHER NOTICE** that the Debtor will experience irreparable harm

without the relief requested in this Motion.  The Debtor's loyal employees are vital to the

operation of the Debtor's business, the hospital, and to the health and safety of the patients in the

hospital.  Most employees live paycheck to paycheck and expect to be paid timely for services

performed.  The Debtor believes that without the relief requested its employees will be faced with

tremendous hardship.  Payment of, and otherwise honoring, the Employee Obligations are

necessary to prevent employees from terminating their employment with the Debtor and to

maintain the employees' morale pending resolution of this case.  Moreover, the Debtor's payment

of, and otherwise honoring, the prepetition Employee Obligations in the ordinary course of

business will not prejudice its general unsecured creditors or materially affect the Debtor's estate

because these claims to the extent earned prepetition are entitled to priority under sections

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

84806350\V-3

- 1 -

507(a)(4), 507(a)(5), and 507(a)(8)(D) of the Bankruptcy Code and must be paid ahead of general unsecured claims.  The Debtor's employees are vital to its ability to operate.  They provide essential services required for the health and safety of the hospital patients and without which the Debtor's ability to preserve its assets for the benefit of all creditors will be seriously impaired.

**PLEASE TAKE FURTHER NOTICE** that because the Debtor's employees are vital to the Debtor's ability to continue to operate the hospital and the uninterrupted payment of wages and the honoring of employee benefits is vital to maintaining its employees, the Debtor, pursuant to Local Rules 2081-1(6) and 9075-1(a),[2] requests that this Motion be heard on an emergency basis.  Granting the relief requested in this Motion on an emergency basis will benefit the Debtor's estate immediately as set forth above.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion, the Notice of Emergency Motions that will be filed and served after obtaining a hearing date for the Debtor's "First Day Motions," the attached Memorandum of Points and Authorities, the concurrently filed Declarations of David Herskovitz and Eric Weissman in support of the Emergency Motions, the arguments of counsel and other admissible evidence properly brought before the Court at or before the hearing on this Motion.  In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE** that any opposition or objection to the Motion must be filed with the Court and served on proposed counsel for the Debtor at the above address any time before the hearing or may be presented at the hearing on the Motion at the time and place set forth above.  Your failure to timely object may be deemed by the Court to constitute consent to the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that counsel to the Debtor will serve this Notice and Motion, the attached Memorandum of Points and Authorities and the Declaration on:  (1) the Office of the United States Trustee, (2) the twenty largest creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d), (3) any alleged secured creditors; (4) the United

---

[2] Pursuant to Local Bankruptcy Rule 9075-1(a)(4), no separate motion for an expedited hearing is required.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

States of American and the State of California, and (5) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i). To the extent necessary, the Debtor requests that the Court waive compliance with Local Bankruptcy Rule 9075-1(a)(6) and approve service (in addition to the means of service set forth in such Local Bankruptcy Rule) by overnight delivery.  In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

**WHEREFORE**, for all the foregoing reasons and the reasons stated in the attached Memorandum of Points and Authorities, and such additional reasons as may be advanced at or prior to the hearing on this Motion, the Debtor respectfully requests that this Court enter an order (i) authorizing the Debtor, in its discretion, to (a) pay prepetition wages, salaries, employee benefits, and other compensation, (b) remit withholding obligations, (c) maintain worker's compensation and benefits programs, (d) pay related administrative obligations, and (e) pay reimbursable employee expenses; (ii) authorizing and directing the applicable bank to pay all checks and electronic payment requests made by the Debtor relating to the foregoing, and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated:  June 6, 2016

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II


By____/s/ John A. Moe, II_____
        JOHN A. MOE, II
Attorneys for Gardens Regional Hospital and
Medical Center, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Debtor requests entry of an order on an emergency basis pursuant to Local Bankruptcy Rules 2081-1(a)(6) and 9075-1(a) and sections 105(a), 363(b), 507(a), 1107(a) and 1108 of the Bankruptcy Code (i) authorizing, but not directing, the Debtor, in its discretion, to (a) pay or honor prepetition wages, salaries, employee benefits, and other compensation, (b) remit withholding obligations, (c) maintain worker's compensation and benefits programs, (d) pay related administrative obligations, and (e) pay reimbursable employee expenses; and (ii) authorizing and directing the applicable bank to pay all checks and electronic payment requests made by the Debtor relating to the foregoing.

The Debtor's goals in this chapter 11 case are to facilitate an orderly administration of its bankruptcy case and to maintain efficient and seamless operations for the benefit of patients in order to maximize the value of its assets for the benefit of all stakeholders.  Accordingly, it is imperative to the accomplishment of the Debtor's goals in this case that the Debtor minimizes any adverse impact of the chapter 11 filing on the Debtor's workforce, on the patients in its hospital, on the operations of the hospital, and on the orderly administration of this Case.  Any disruption to payment of the payroll in the ordinary course, or to the continued implementation of employee programs in the Debtor's discretion, would adversely affect the Debtor's goals in this case because such events are likely to cause some employees to terminate their employment with the Debtor, will cause employees to be distracted from their duties to care for the patients and the operations of the hospital, and will hurt employee morale at a particularly sensitive time for all employees.  Failure to honor payroll and employee benefits obligations could have severe repercussions on the Debtor's ability to preserve its assets and administer its estate, to the detriment of all constituencies.  Accordingly, the Debtor respectfully requests that the Court grant the Motion.

/ / /

/ / /

/ / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## II.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    General Background

On June 6, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manages its affairs as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or committee has been appointed in this chapter 11 case (the "Case").

The Debtor leases a 137 bed, acute care hospital doing business at 21530 South Pioneer Boulevard, Hawaiian Gardens, Los Angeles, California.  The Debtor is currently staffed to operate approximately 30-35 beds on a normal day, although it has access to visiting nurse registries, which allow it to quickly increase its staff to meet patient needs (Declaration of David Herskovitz ("Herskovitz Decl.") ¶ 5).

The Debtor features an Intensive Care Unit, a Cardiac Care Unit, and an 8-bed, Emergency Department ("ED") staffed with a team of qualified ED physicians, nurses, and other professional personnel.  The ED is a paramedic-receiving emergency room that works hand-in-hand with Los Angeles County and Orange County Emergency Medical Services to provide emergency services 24-hours each day, seven days each week.  The Debtor provides a full range of inpatient and outpatient services, including, but not limited to, medical acute care, general surgical services, bariatric surgery services (for weight loss), spine surgery services, orthopedic and sports medicine and joint replacement services, wound care and pain management services, physical therapy, respiratory therapy, outpatient ambulatory services, diagnostic services, radiology and inpatient/outpatient imaging services, laboratory and pathology services, geriatric services, and community wellness and education programs (Herskovitz Decl. ¶ 6).

/ / /

1    More than 8,500 patients visited the Debtor's emergency room last year, and the Debtor

2    had a total of more than 2,850 admissions.  Its physicians performed nearly 1,400 inpatient and

3    2,250 outpatient surgeries.  The Debtor has invested millions of dollars over approximately the

4    past five years for updated furniture, fixtures, equipment and technology as well as long-overdue

5    improvements to the facility (Herskovitz Decl. ¶ 7).

6    **III.    BACKGROUND RELATED TO EMPLOYEE WAGES AND BENEFITS AND**

7    **RELIEF REQUESTED**

8    As discussed below, to minimize the hardship that the Employees will suffer if prepetition

9    obligations are not paid when due and to avoid potential harm to the patients in the Debtor's

10    hospital, and disruption and possible irreparable harm to the Debtor's workforce and operations

11    as the Debtor administers this Case, the Debtor seeks authority to pay and/or honor certain

12    prepetition obligations for, among other items, wages, salaries, and other compensation including

13    federal and state withholding taxes, payroll taxes, contributions to employee benefit plans,

14    vacation or other paid time off and all other employment related benefits that the Debtor pays or

15    provides in the ordinary course of its business and the administrative obligations related thereto

16    (collectively, the "Employee Obligations").  In addition, the Debtor requests authority to pay to

17    the appropriate third parties the prepetition Withholding Obligations (as defined below) that are in

18    most instances not property of the Debtor's Estate, and to reimburse to employees the prepetition

19    Reimbursement Obligations (as defined below).

20    The Debtor also seeks authority for and direction to the applicable bank in accordance

21    with the Debtor's instructions, to receive, process, honor and pay all checks presented for

22    payment and to honor all electronic payment requests made by the Debtor related to the

23    Employee Obligations, Withholding Obligations and Reimbursement Obligations, to the extent

24    sufficient funds are on deposit to meet those obligations.

25    The Debtor's current and ongoing obligations with respect to Employees is explained in

26    the Declaration of Eric Weissman ("Weissman Decl."), at page 7, line 7, through page 13, line 25,

27    as follows.

28    / / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### A.    Prepetition Wages, Salaries and Associated Benefits

As of the Petition Date, the Debtor employed approximately 332 employees (the "Employees") of which 222 are full time, 22 are part-time and 88 are per diem employees.[3]

The Employees are paid their wages and salaries (the "Wages") bi-weekly, in arrears, every other Friday for the two-week period ending the previous Saturday through direct deposit or by check.

The Debtor's average bi-weekly gross payroll is approximately $600,000, which includes approximately $62,000 for executive payroll and withholding obligations.  The date on which the hourly employees and executives were last paid was June 2, 2016, for the two-week period ending May 28, 2016.

More specifically, on May 31, 2016, the Hospital funded to ADP $359,075 for Wages for hourly employees for the June 2nd Payroll, and on June 2, 2016, the Hospital funded $44,632 for the Hospital's executives.

The Debtor's next routine payroll is scheduled for June 16, 2016 (the "June 16th Payroll"), which covers Wages earned from May 29, 2016 through June 11, 2016.  Part of the June 16th Payroll will include amounts for a prepetition period.  The total amount of the June 16th Payroll is expected to be approximately $600,000.  The June 16th Payroll will include approximately $409,453 for the Wages to hourly and executive employees for the period May 29, 2016 through June 11, 2016.

In the ordinary course of its business, the Debtor routinely withholds from the Wages certain amounts that the Debtor is required to transmit to third parties for purposes such as Social Security and Medicare, federal and state or local income taxes, contributions to the Debtor's benefit plans, 403(b) contributions, garnishment, child support or similar obligations pursuant to court order or law (collectively, the "Withholding Obligations").  June 1, 2016, the Hospital funded to ADP $141,128 for Withholding Obligations for hourly employees for the June 2nd

/ / /

---

[3]Part-time employees are regularly scheduled to work every pay period whereas per diem employees are used on an as-needed basis and are not regularly scheduled.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   Payroll, not paying approximately $17,000 for Withholding Obligations for executives, which

2   still need to be paid.

3        As of the Petition Date, the Debtor's payments for the June 16th Payroll Wages and

4   Withholding Obligations -- including payments for tax obligations (the "Employer Tax

5   Obligations") such as Social Security -- have been accruing commencing May 29, 2016.

6        The Debtor seeks authority to continue with its payroll schedule in the ordinary course of

7   its business and to pay all prepetition Wages, which includes the Withholding Obligations, and

8   the Employer Tax Obligations, as planned on the dates indicated above.  No Employee will be

9   paid on account of prepetition accrued Wages more than $12,475, the allowable $12,475 priority

10   amount of such prepetition Wages under section 507(a)(4) of the Bankruptcy Code.  In addition,

11   the Debtor requests authority to forward the prepetition Withholding Obligations including, but

12   not limited to, all payroll taxes associated with the prepetition Wages, to the appropriate parties

13   and to pay the prepetition Employer Withholding Obligations as they come due.

14        The Debtor asserts that the costs associated with paying priority employee Wage claims,

15   which includes the Withholding Obligations, and Employer Tax Obligations are relatively

16   minimal compared with the damage that would result to the Debtor's estate and have funds to

17   satisfy, at least in part, its debt if the Debtor fails to meet its payroll obligations.

18        The Debtor's payroll is disbursed by ADP, a supplier of human resources and document

19   services that provides the Debtor with payroll management and administrative services.  The

20   Debtor normally funds its payroll to ADP by 5:00 p.m. on Tuesday prior to the Pay Date.

21   Employees receive their direct deposits or checks, as the case may be on the applicable payroll

22   date.

23        As of the Petition Date, the Debtor will owe ADP approximately $1,316 with respect to its

24   processing of the Debtor's payroll and related payroll administration matters (the "Administration

25   Fees").  The Debtor requests authority to continue to pay ADP the prepetition amount of $1,316

26   and to pay the postpetition ADP Administration Fees in the ordinary course of the Debtor's

27   business.

28   / / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**B.    Business Expense Reimbursements**

The Debtor customarily reimburses Employees who incur business expenses in the ordinary course of performing their duties on behalf of the Debtor.  Such expenses typically include, but are not limited to, mileage, department expenses, travel expenses, safety incentive programs, and phone expenses (the "Reimbursement Obligations").  Expense reports detailing the Reimbursement Obligations are submitted for reimbursement by the Employees and generally must be supported by copies of receipts.

It is difficult for the Debtor to determine the exact amount of Reimbursement Obligations that is due and owing for any particular time period since the expenses incurred by Employees on behalf of the Debtor throughout the year vary on a monthly basis and because there may be some delay between when an Employee incurs an expense and submits the corresponding expense report for processing.  Based on historical experience, the Debtor anticipates that, as of the Petition Date, the Debtor will owe $600 in Reimbursement Obligations.  Accordingly, the Debtor seeks authority to pay $600 in Reimbursement Obligations to its Employees.  The Debtor seeks to continue to pay Reimbursement Obligations incurred postpetition in the ordinary course of the Debtor's business.

**C.    Paid Time Off**

The Debtor provides its full and part-time Employees with paid time off (the "PTO").  Per Diem Employees are not eligible for PTO.  PTO is time off due to vacation, holiday or personal time, which includes sick time.  Eligible full-time employees can accrue up to 184 hours annually for years 1 through 5, 224 hours annually for years 6 through 10 and 264 hours annually thereafter.  Eligible part-time employees can accrue up to a maximum of 184 hours annually for years 1 through 5, 224 hours annually for years 6 through 10 and 264 hours annually thereafter. PTO accrues only on hours worked and benefit hours paid.

Employees can accrue up to 270 hours of PTO.  When this cap is reached, no further PTO will accrue until the Employee uses some of the accrued PTO or some of the accrued time is cashed out by the Employee.  As of the Petition Date, the Debtor is carrying approximately $606,411 on its books for accrued and unused PTO.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The Debtor seeks authority to honor its existing PTO policies to extent it would permit continuing Employees to use their prepetition accrued leave in the ordinary course of business and, going forward.  The Debtor is not, by this Motion, seeking permission to cash out any accrued and unused PTO of continuing Employees but does seek the authority, in the Debtor's discretion, to pay the Employees for unused vacation time that accrued within the 180 days prior to the Petition Date when their services with the Debtor are terminated so long as the total of the payments already then-made for prepetition Employee Obligations and the PTO does not exceed $12,475.

### D.    **Employee Benefits**

To keep the morale of the Employees positive for the benefit of the Debtor's business, the Debtor has established a variety of benefit plans and programs (the "Employee Benefits") designed to assist its Employees and the Employees' eligible dependents in meeting certain financial burdens, including those that can arise from illness, injury or death.

### 1.    Medical, Vision and Dental Insurance

The Debtor offers all full-time Employees medical and vision insurance (the "Medical/Vision Benefits") through a policy with UnitedHealthcare, a third party.  The Debtor pays approximately $83,518 in monthly premiums for the Medical/Vision Benefits and the Employees pay approximately $27,287 per month.  As of the Petition Date, the Debtor owed UnitedHealthcare on May 1, 2016, approximately $100,675 for accrued and unpaid prepetition premiums for May.

The Debtor also offers Employees dental insurance (the "Dental Benefits").  The Dental Benefits are insured by Sun Life Financial and United Concordia.  The Debtor pays approximately $3,227 in monthly premiums for Dental Benefits and the Employees pay approximately $6,845 per month.  As of the Petition Date, Debtor owed Sun Life Financial and United Concordia on May 1, 2016, approximately $10,072.

The Debtor seeks authority to pay the Debtor's portion of the premiums that accrued and remain unpaid as of the Petition Date for the Medical/Vision Benefits and the Dental Benefits and to turn over to UnitedHealthcare, United Concordia and Sun Life Financial any amounts

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

sufficient to satisfy the portion of the accrued and unpaid prepetition premiums to be paid by the Employees in connection with the payment of the Wages and Withholding Obligations. The Debtor intends to pay in the ordinary course of the Debtor's business, the premiums for the Medical/Vision Benefits and the Dental Benefits incurred postpetition.

Furthermore, and for similar reasons, the Debtor seeks to continue to perform any obligations under Section 4980B of the Internal Revenue Code to administer Continuation Health Coverage ("COBRA") (*see* 26 U.S.C. § 4980B) in respect to former employees. The Debtor believes that any prepetition costs related to COBRA coverage benefits are *de minimus*, but nonetheless, to maintain employee morale and ensure the orderly administration of the Estate, the Debtor requests authority to pay in its discretion any such prepetition costs.

2.    Employee Life, Disability and Workers' Compensation

The Debtor also offers Employees premium-based group life insurance and accidental death and disability insurance through Sun Life (the "Life Insurance"). The premiums and other related charges for this insurance coverage are paid 100% by the Debtor and total approximately $886 monthly. The Debtor also provides workers' compensation insurance through Torus National Insurance, a fully insured program (the "Workers Compensation Insurance").[4] The amount of the annual payment is approximately $670,300 which is paid monthly in the amount of approximately $55,900. However, the monthly payments have been adjusted downward to approximately $30,000 in order to reject the Debtor's current headcount. The Debtor owes $31,000 for the month of May. The Debtor seeks authority, in its discretion, to pay any accrued and unpaid prepetition premiums and related charges for the Life Insurance and the Workers' Compensation Insurance and to continue the above benefits postpetition and to deliver the Employees portion of any accrued and unpaid prepetition premiums to Sun Life in connection with the payment of the Wages and Withholding Obligations.

/ / /

/ / /

---

[4]The Debtor has purchased a fully insured workers' compensation policy.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3.    401(k) Plan

The Debtor also offers eligible Employees the opportunity to participate in a 403(b)

Savings and Retirement Plan ("403(b) Plan") that is administered by Oppenheimer Funds.

Employees participating in this program may contribute up to the federal statutory cap per year.

The Debtor deducts the 403(b) Plan contributions from Employee paychecks.  **The Debtor does**

**not contribute to the plan.**  Employee contributions are remitted immediately following each

pay date.  Failure to timely forward the Employees' 403(b) Plan deductions may be a violation of

the Employee Retirement Income Security Act of 1974, as amended, resulting in potential

personal liability for the Debtor's officers for such deducted amounts.  The Debtor believes that

maintaining the 403(b) Plan is critical to maintaining Employee morale.  The Debtor seeks

authority to delivery to Oppenheimer Funds the Employee contributions in connection with the

payment of Wages and Withholding Obligations described above.  Administration's fees for the

Plan are paid by the employee participants.

4.    Miscellaneous Employee Benefit Plans

The Debtor also offers its eligible Employees the opportunity to participate in an IRS

Section 125 Cafeteria Plan, a Flexible Spending Account/Dependent Care Account, voluntary

health, life, and disability insurance.  **All of these programs are 100% funded by the**

**Employees and are paid for through payroll deductions.**  The Debtor requests authority to

continue to honor these programs, in its discretion, and to continue distributing to third-parties the

payments for these programs in connection with the payment of Wages and Withholding

Obligations a described above, including the distributions of payments that are for prepetition

amounts due.

E.    **Insider Compensation**

The Debtor is a non-profit 501(c)(3) corporation so there are no shareholders to whom

compensation is owed.  The Debtor does have 1 officer who receives compensation and who will

be filing the appropriate insider compensation forms with the Court.  Although the Debtor is

seeking authority through this Motion to pay the prepetition amounts due this officer up to the

/ / /

1    priority claim cap of $12,475, no other amounts will be paid to this officer until the Debtor is

2    allowed to do so under Local Bankruptcy Rule 2014-1 regarding insider compensation.

3       **F.**       **Temporary Staffing**

4            In addition to their full-time Employees, the Debtor also currently utilizes Staffing and

5    Contract Agencies ("Agencies") for security services, registry nursing, infection control services

6    and Respiratory Care services.  Agencies provide services when the Debtor is unable to staff with

7    its regular staff or when services can be provided in a more cost effective manner through outside

8    sources.

9            The Debtor's business would be harmed if the Debtor is not allowed to pay Agencies the

10   amount that is owed it for the prepetition work of these services and Agency, as a result, will

11   remove these registry/contract Employees.  While the Debtor does not directly compensate the

12   Employees employed through Agencies, the Debtor's failure to pay for their prepetition services

13   could severely hamper the Debtor's ability to conduct the necessary services provided the

14   temporary Employees.  The Debtor requests authority to pay, in its discretion, any prepetition

15   amounts owed to these Agencies which the Debtor currently estimates are approximately

16   $264,766.

17      **G.**       **Summary**

18           In summary, the Debtor seeks authority, in its sole discretion:

19           1.      To honor and pay all accrued and unpaid prepetition Withholding Obligations

20   payable June 2nd for 20 executives totaling approximately $17,000;

21           2.      To honor and pay all wages for hourly employees and executives, and all

22   withholding obligations attendant thereto, that have been accruing commencing on May 29, 2016,

23   to the date of the Petition, payable June 11, 2016;

24           3.      To pay to ADP, postpetition, the fees due ADP that arose prepetition, not to

25   exceed $1,316;

26           4.      To pay all prepetition Reimbursement Obligations to employees, not to exceed

27   $600;

28   / / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

5.      To honor and pay the Paid Time Off ("PTO") obligations that accrued prepetition, allowing employees to utilize postpetition all prepetition PTO in the ordinary course of the Debtor's business;

6.      To pay UnitedHealthcare the amount of approximately $100,675 that was due May 1, 2016, and payable June 1, 2016, for employees Medical and Vision insurance;

7.      To pay Sun Life Financial and United Concordia the amount of approximately $10,072 that was due May 1, 2016, and payable June 1, 2016, for employees Dental Insurance;

8.      To pay postpetition any amounts that accrued prepetition for Continuation Health Coverage ("COBRA");

9.      To pay Sun Life Insurance the amount of approximately $886 due prepetition for employee premium-based group life insurance and accidental death and disability insurance;

10.     To pay Torus National Insurance the amount of approximately $31,000 for Workers Compensation Coverage that accrued prepetition;

11.     To pay the Debtor's Officer his prepetition unpaid salary that accrued from May 29, 2016, to the date of the Petition, payable June 11, 2016, which is less than $12,475;

12.     To honor and pay prepetition medical, vision, dental, life, accidental death and disability, and workers compensation insurance, accruing on and after May 29, 2016 to the date of the Petition (when payable); and,

13.     Permitting the Debtor to continue to pay postpetition all employee-related expenses and obligations that accrue postpetition, in the ordinary course of the Debtor's business.

The Debtor also requests that Banks be authorized to honor and pay all checks and electronic payment requests made by the Debtor relating to the foregoing obligations.

## IV.    **ARGUMENT**

Due to the timing of the commencement of this Case, the Debtor's Employees are owed accrued prepetition Wages for which payment is due on May 5th.  These Wages cannot be paid without the approval of this Court.  The failure of the Debtor to pay the Wages timely in the ordinary course of its business would result in a blow to Employee morale that in all likelihood would lead to turnover and other serious and irreparable disruptions of the Debtor's operations as

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   well as possible harm to the patients in the Debtor's hospital. Any significant number of

2   Employee departures or deterioration in morale, especially at this sensitive time, will substantially

3   and adversely impact the Debtor's ability to operate the hospital and result in immediate and

4   irreparable harm to the Debtor's estate.

5       The Debtor submits that the amounts to be paid pursuant to this Motion are comparatively

6   small in light of the importance and necessity of preserving the Employees' services and morale

7   and the difficulties and losses the Debtor will suffer if Employees' morale is low or if they leave

8   in significant numbers. The Debtor further submits that there is ample justification for its belief

9   that even the slightest delay in providing this relief to its Employees will hamper operations and

10  damage the Debtor's estate. As a consequence, the Debtor is anxious to reassure its Employees.

11      Moreover, the prepetition Wages, PTO policy and Employee Benefits that the Debtor

12  requests authority to pay and/or honor are entitled to priority in payment under sections 507(a)(4)

13  and (5) and 507(a)(8)(D) of the Bankruptcy Code. If the aggregate prepetition Wages, Employee

14  Benefits and PTO that accrued within the 180 days prior to the Petition Date exceed the sum of

15  $12,475 allowable as a priority claim under section 507(a)(4) and (5) of the Bankruptcy Code for

16  any individual Employee, the Debtor is not requesting, by this Motion, authority to pay any

17  amounts that exceed $12,475. Thus, the Debtor requests authority to pay or honor all Wages,

18  PTO and Employee Benefits in the ordinary course of business up to the $12,475 priority cap for

19  each Employee.

20      **A.**   **This Court Has Authority Pursuant to Sections 105(a)**
                 **and 363(b)(1) and (c)(1) to Grant the Relief Requested**

21

22      Statutory support for the requested relief exists pursuant to sections 105(a) and 363(b)(1)

23  and (c)(1) of the Bankruptcy Code and the "necessity of payment" doctrine (discussed *infra*).

24  Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to use property of the

25  estate other than in the ordinary course of business after notice and a hearing. Section 363(c)(1)

26  of the Bankruptcy Code authorizes a debtor in possession to enter into transactions in the ordinary

27  course of business without notice and a hearing. Pursuant to section 105(a) of the Bankruptcy

28  Code, "the court may issue any order, process, or judgment that is necessary or appropriate to

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    carry out the provisions of this title." 11 U.S.C. § 105(a).  The basic purpose of section 105(a) is

2    "to enable the court to do whatever is necessary to aid in its jurisdiction, in anything arising in or

3    relating to a bankruptcy case." *2 Collier on Bankruptcy*, §105.2, at 105-4 (15th ed. 1996).

4    Essentially, section 105(a) codifies the bankruptcy court's inherent equitable powers. *See In re*

5    *Feit & Drexler, Inc.*, 760 F.2d 406 (2d Cir. 1985).

6        Where business exigencies require, courts have exercised their equitable power under

7    section 105(a) to authorize Debtor to pay prepetition claims of particular creditors essential to

8    continued operations. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989).

9    The "necessity of payment doctrine," which empowers a court to authorize a debtor to pay

10   prepetition claims, is critical to virtually any non-liquidating chapter 11 case.  "The 'necessity of

11   payment' doctrine … (permits) immediate payment of claims of creditors where those creditors

12   will not supply services or materials essential to the conduct of the business until its

13   pre-reorganization claims have been paid." *Ionosphere Clubs*, 98 B.R. at 176 (*quoting In re*

14   *Leigh & New England Rwy Co.*, 657 F.2d 570, 581 (3rd Cir. 1981)).  This doctrine applies in all

15   chapter 11 cases because "the rationale for the necessity of payment rule, *i.e.*, facilitating the

16   continued operation and rehabilitation of the debtor … is also a paramount goal of chapter 11."

17   *Ionosphere Clubs*, 98 B.R. at 176 (*citing Dudley v. Mealev*, 147 F.2d 268 (2d Cir. 1945), *cert.*

18   *denied*, 325 U.S. 873 (1945)).  Therefore, where continued operation and rehabilitation of a

19   debtor require payment of prepetition wages, the Court may authorize such payment under

20   section 105(a) of the Bankruptcy Code.

21       It is generally recognized that the continuation of a stable employee base and harmonious

22   employee relations in operating a chapter 11 case is critical to a successful reorganization.  As the

23   court noted in *In re Chateaugay Corporation*, 116 B.R. 887, 898 (Bankr. S.D.N.Y. 1990)

24   (internal citations omitted):

25           (E)mployee good will and contentment is an asset which is vital to
26           the continuation of a debtor's business operation and its ability to
             effectively reorganize during the Chapter 11 process (citation
             omitted).  In granting Debtors' applications for permission to
27           provide hardship payments to injured workers, this Court
             determined that the uninterrupted payment of LTV Steel workers'
28           compensation obligations is essential to employee morale and

84806350\V-3                                - 16 -

industrial tranquility which, in turn, are critical to a successful reorganization.

Similarly, in *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989), the court endorsed the debtor's payment of prepetition employee wage claims because "retention of skills, organization and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible."

The Debtor is mindful that in *In re B&W Enterprises*, 713 F.2d 534 (9th Cir. 1983), the Ninth Circuit refused to extend the Necessity of Payment doctrine beyond the railroad reorganization case where the debtor made unauthorized postpetition payments to trade suppliers on prepetition debts. In *B&W*, after conversion to chapter 7, the trustee sought to recover the payments under section 549 of the Bankruptcy Code. That case is factually distinguishable from the instant one in that *B&W* (a) involved ordinary trade suppliers for which the claims were not entitled to priority, (b) did not seek prior court approval for the payments, and (c) was in liquidation, thereby rendering the "necessity" of such payments moot.

The "necessity of payment" doctrine, therefore, authorizes the Debtor to pay the amounts it seeks authority to pay pursuant to this Motion because the Debtor's Employees are critical assets necessary to the Debtor's operations, the maintenance of operations during the administration of the Estate and the Debtor's ability to successfully reorganize its debts.

For a number of reasons, the Bankruptcy Code affords special treatment to certain prepetition claims of employees. Compared to a typical claim in bankruptcy, wages represent a large part of an employee's wealth. In addition, unlike an ordinary trade creditor, the typical employee does not have other sources of income and thus cannot diversify the risk of the employer's default.

Many Employees live from paycheck to paycheck and rely exclusively on receiving their full compensation or reimbursement of their expenses in order to continue to pay their daily living expenses. These Employees may be exposed to significant financial and healthcare related problems if the Debtor is not permitted to pay and/or honor the Wages, PTO policy and Employee Benefits, and the expenses associated therewith in the ordinary course of the Debtor's business. It is critical, therefore, that the Debtor be permitted to pay outstanding, non-discretionary

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  prepetition Wages that would otherwise constitute priority claims against the Debtor's estate, to

2  honor its prepetition PTO policy regarding the use of accrued PTO and the payment for it upon

3  termination, and to continue to fund its Employee Benefits.  To fail to do so would be devastating

4  to the Employees' morale and could lead to the loss of key Employees at this critical time.

5          Additionally, the Withholding Obligations do not constitute property of the Debtor's

6  Estate.  They principally represent Employee earnings that governments (in the case of taxes),

7  Employees (in the case of voluntary Withholding Obligations) and judicial authorities (in the case

8  of involuntary Withholding Obligations), have designated for deduction from Employee

9  paychecks.  The failure to transfer these withheld funds could result in hardship to certain

10 Employees.  The Debtor expects that if these Withholding Obligations are not paid, the Debtor

11 will receive inquiries from garnishors regarding the Debtor's failure to submit, among other

12 things, child support and alimony payments, which are not the Debtor's property but, rather, have

13 been withheld from Employee paychecks.  Moreover, if the Debtor cannot remit these amounts,

14 the Debtor's Employees may face legal action due to the Debtor's failure to remit these payments.

**B.    The Prepetition Wages and Prepetition Employee Benefits Are
Priority Claims Under Bankruptcy Code Sections 507(a)(4) and (5)**

17         Pursuant to sections 507(a)(4)(A) of the Bankruptcy Code, claims of Employees of the

18 Debtor for "wages, salaries, or commissions, including vacation, severance, and sick leave pay"

19 earned within 180 days before the Petition Date are afforded priority unsecured status to the

20 extent of $12,475 per Employee.  Similarly, section 507(a)(5) of the Bankruptcy Code provides

21 that Employees' claims for contributions to certain employee benefit plans are also afforded

22 priority unsecured status to the extent of $12,475 per Employee covered by such plan, less any

23 amount paid pursuant to section 507(a)(4).  The Debtor believes that the Wages, PTO policy and

24 Employee Benefits relating to the 180-day period prior to the Petition Date constitute priority

25 claims under sections 507(a)(4) and (5) of the Bankruptcy Code.  As priority claims, they must be

26 paid in full before any general unsecured obligations of the Debtor may be satisfied. Accordingly,

27 the relief requested may affect only the timing of the payment of these priority obligations and

28 will not prejudice the rights of general unsecured creditors or other parties in interest.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

84806350\V-3

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   With respect to prepetition Wages, PTO policy and Employee Benefits, no Employees

2   will be paid on account of claims above the $12,475 amount stated in section 507(a)(4) and (5) of

3   the Bankruptcy Code.

**C.**      **Maintaining the Employee Benefits Is Within the Debtor's Business**
            **Judgment**

6   The Debtor's relationships with the Employees, including the terms and conditions of

7   their employment, are matters subject to the Debtor's business judgment and may be managed by

8   the Debtor in the "ordinary course of business."  *See In re All Seasons Industries, Inc.*, 121 B.R.

9   822, 825-26 (Bankr. N.D. Ind. 1990); *In re Pac. Forest Indus., Inc.*, 95 B.R. 740, 743 (Bank. C.D.

10  Cal. 1989) ("Employees do not need court permissions to be paid and are usually paid as a part of

11  the ongoing operation of the business.").  This doctrine also applies to accrued employee benefits

12  such as vacation and leave policies.  *See In re Canton Castings, Inc.*, 103 B.R. 874, 876 (Bankr.

13  N.D. Ohio 1989).  The maintenance of the Debtor's benefit programs is an important part of the

14  Debtor's relationships with its employees that is within the Debtor's business judgment.

15  Finally, the Withholding Obligations represent funds that the Debtor is not entitled to hold

16  for any protracted period, since the Debtor effectively holds these amounts in trust and the

17  Employees themselves hold a direct claim against such funds.

**D.**      **Honoring of Checks and Transfers Related to Employee Obligations and**
            **Maintenance of Payroll Accounts**

20  The Debtor further requests that its bank be authorized and directed to receive, process,

21  honor and pay all checks presented for payment and to honor all transfer requests made by the

22  Debtor related to Employee Obligations, whether such checks were presented or funds transfer

23  requests were submitted prior to or after the Petition Date (including checks that have been

24  presented and dishonored), to the extent that the relevant accounts contain sufficient funds.  The

25  Debtor will identify to the banks the checks that are to be honored pursuant to an order approving

26  this Motion.  Accordingly, checks other than those for Employee Obligations should not be

27  honored inadvertently.  Moreover, the Debtor expects to have sufficient funds to pay all

28  / / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Employee Obligations, to the extent described herein, on an ongoing basis and in the ordinary

2    course of business.

3          **E.**        **Prospects For Reorganization And Ability To Pay Employees**

4          With DIP Financing, the Debtor's prospects for reorganization are good and the Debtor

5    has the ability to make the payments that are the subject of this Motion.

6    **V.**    **CONCLUSION**

7          **WHEREFORE**, for all the foregoing reasons and such additional reasons as may be

8    advanced at or prior to the hearing on this Motion, the Debtor respectfully requests that this Court

9    enter an order (i) authorizing the Debtor, in its discretion, to (a) pay prepetition wages, salaries,

10    employee benefits, and other compensation, (b) remit withholding obligations, (c) maintain

11    worker's compensation and benefits programs, (d) pay related administrative obligations, and

12    (e) pay reimbursable employee expenses; (ii) authorizing and directing the applicable bank to pay

13    all checks and electronic payment requests made by the Debtor relating to the foregoing, and

14    (iii) granting such other and further relief as is just and proper under the circumstances.

15    Dated:  June 6, 2016              DENTONS US LLP
16                                      SAMUEL R. MAIZEL
                                  JOHN A. MOE, II

18                                    By    /s/ John A. Moe, II
                                      JOHN A. MOE, II

19                                    Attorneys for Gardens Regional Hospital and
20                                    Medical Center, Inc.

21

22

23

24

25

26

27

28

84806350\V-3                    - 20 -