SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:      (213) 623-9300
Facsimile:      (213) 623-9924

Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
AND MEDICAL CENTER, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,[1]<br><br>     Debtor. | Case No. 2:16-bk-17463-ER<br><br>Chapter 11<br><br>[Voluntary Petition Filed:  June 6, 2016]<br><br>**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY DENTONS US LLP AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. §§ 327, 330 AND 331, *NUNC PRO TUNC* AS OF JUNE 6, 2016; DECLARATION OF JOHN A. MOE, II; COPY OF [PROPOSED] ORDER THEREON**<br><br>[Declarations of David Herskovitz and Eric Weissman filed on June 6, 2016; Docket No. 23 & 24]<br><br>[No Hearing Required Pursuant to LBR 2014-2(b)(3)] |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[1] The Debtor is a California nonprofit public benefit corporation, Fed. Tax I.D. No. 33-0738307. The Debtor's mailing address is 21530 Pioneer Boulevard, Hawaiian Gardens, California 90716.

# TABLE OF CONTENTS

**Page**

I. VOLUNTARY PETITION ................................................................................................ 3

II. BACKGROUND ........................................................................................................... 3

    A. General Description of the Debtor ................................................................... 3

    B. The Debtor's Market ......................................................................................... 4

III. EVENTS LEADING TO THE FILING OF THIS CHAPTER 11 CASE ........................... 5

IV. APPLICATION TO EMPLOY DENTONS US AS BANKRUPTCY COUNSEL ............. 7

V. PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICE ................ 8

VI. PROPOSED COUNSEL'S RELATIONSHIPS WITH POTENTIAL CLAIMANTS ........ 9

VII. PREPETITION RETAINER ......................................................................................... 12

VIII. COMPENSATION ..................................................................................................... 12

IX. REPRESENTATIONS AND DISCLOSURES PURSUANT TO FRBP 2014 ................. 14

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Statutes**

11 U.S.C.
    § 101(14) ...................................................................................................15
    § 327 .........................................................................................................14
    § 330 .........................................................................................................14
    § 331 .........................................................................................................14
    § 327(a) .......................................................................................................7
    § 1107 .........................................................................................................3
    § 1108 .........................................................................................................3

28 U.S.C.
    § 157 ...........................................................................................................3
    § 1334 .........................................................................................................3
    § 157(b)(2) ..................................................................................................3
    § 1408 .........................................................................................................3
    § 1409 .........................................................................................................3

**Other Authorities**

Federal Rules of Bankruptcy Procedure
    Rule 1007 ....................................................................................................2
    Rule 2014(a) ...............................................................................................9

Local Bankruptcy Rules
    Rule 2014-2(b)(3)(E) ..................................................................................1
    9013-1(f) .....................................................................................................1
    Rule 9013-1(h) ...........................................................................................1
    Rule 9013-1(o)(4) .......................................................................................1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  **TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY**

2  **JUDGE, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS,**

3  **SECURED CREDITORS, PARTIES REQUESTING SPECIAL NOTICE, THE UNITED**

4  **STATES OF AMERICA AND THE STATE OF CALIFORNIA, AND THE OFFICE OF**

5  **THE UNITED STATES TRUSTEE:**

6       **PLEASE TAKE NOTICE** that Gardens Regional Hospital and Medical Center, Inc., a

7  California not for profit corporation, doing business as Gardens Regional Hospital and Medical

8  Center, formerly doing business as Tri-City Regional Medical Center, the above-captioned debtor

9  and debtor in possession (the "Debtor"), hereby moves the Court for entry of an Order authorizing

10 the Debtor to employ Dentons US LLP ("Dentons US") as its bankruptcy counsel, as of June 6,

11 2016.

12       **PLEASE TAKE FURTHER NOTICE** that this Application is based on previously filed

13 Declarations of David Herskovitz and Eric Weissman [Docket No. 23 & 24] explaining the

14 background of the case, the Declaration of John Moe, filed with this application, the

15 accompanying Memorandum, the record in this chapter 11 case (the "Case"), any other evidence

16 properly before the Court and all matters of which this Court may properly take judicial notice.

17       **PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rules**

18 **2014-2(b)(3)(E) and 9013-1(f), any response to the Application and request for hearing must**

19 **be filed with the Court and served upon the United States Trustee and counsel for Debtor no**

20 **later than fourteen (14) days from the date of service of the Motion.  Pursuant to Local**

21 **Bankruptcy Rule 9013-1(h), the Court may deem the failure of any party to timely file and**

22 **serve an objection to the Application to constitute consent to the relief requested therein.  If**

23 **a timely response and request for hearing is filed with the Court and served upon the**

24 **applicant and the United States Trustee, the applicant will set a hearing and comply with**

25 **Local Rule 9013-1(o)(4).**

26       **PLEASE TAKE FURTHER NOTICE** that the Debtor has served a copy of this

27 Application and all supporting papers upon the: (i) Office of the United States Trustee; (ii) all

28 alleged secured creditors; (iii) the United States of America and the State of California; (iv) the

1

93207403\V-2

1  twenty largest general unsecured creditors appearing on the list filed in accordance with Rule 1007

2  of the Federal Rules of Bankruptcy Procedure; and (v) any parties requesting special notice.

3          **WHEREFORE**, the Debtor respectfully requests that the Court enter an order approving

4  the Debtor's employment of Dentons US as its bankruptcy counsel.

5

6  Dated:  June 20, 2016                              DENTONS US LLP
                                                      SAMUEL R. MAIZEL
7                                                     JOHN A. MOE, II

8

9                                                     By____/s/ John A. Moe, II_____
                                                           JOHN A. MOE, II
10
                                                      Attorneys for Gardens Regional Hospital and
11                                                    Medical Center, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## MEMORANDUM IN SUPPORT OF APPLICATION

Gardens Regional Hospital and Medical Center, Inc., a California not for profit corporation, doing business as Gardens Regional Hospital and Medical Center, formerly doing business as Tri-City Regional Medical Center, the debtor and debtor in possession in the above-captioned case (the "Debtor") hereby seeks the authority of this Court to employ Dentons US LLP ("Dentons US") as its bankruptcy counsel, as of June 6, 2016, and respectfully alleges and represents, as follows:

## I.      VOLUNTARY PETITION

On June 6, 2016 (the "Petition Date"), the Debtor filed a Voluntary Petition under the provisions of Chapter 11, Title 11 of the United States Bankruptcy Code.

The Debtor continues to operate its businesses and manage its financial affairs and bankruptcy estate as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee has been appointed, and no committee of unsecured creditors has been formed.

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2).

## II.      BACKGROUND

### A.      General Description of the Debtor

The Debtor leases a 137 bed, acute care hospital doing business at 21530 South Pioneer Boulevard, Hawaiian Gardens, Los Angeles, California.  The Debtor is currently staffed to operate approximately 30-35 beds on a normal day, although it has access to visiting nurse registries, which allow it to quickly increase its staff to meet patient needs [Declaration of David Herskovitz filed June 6, 2015 (Docket #23) ("Herskovitz Decl.") ¶ 5].

The Debtor features an Intensive Care Unit, a Cardiac Care Unit, and an 8-bed, Emergency Department ("ED") staffed with a team of qualified ED physicians, nurses, and other professional personnel.  The ED is a paramedic-receiving emergency room that works hand in hand with Los Angeles County and Orange County Emergency Medical Services to provide emergency services 24-hours each day, seven days each week.  The Debtor provides a full range of inpatient and

93207403\V-2

1   outpatient services, including, but not limited to, medical acute care, general surgical services,

2   bariatric surgery services (for weight loss), spine surgery services, orthopedic and sports medicine

3   and joint replacement services, wound care and pain management services, physical therapy,

4   respiratory therapy, outpatient ambulatory services, diagnostic services, radiology and

5   inpatient/outpatient imaging services, laboratory and pathology services, geriatric services, and

6   community wellness and education programs [Herskovitz Decl. ¶ 6].

7         More than 8,500 patients visited the Debtor's emergency room last year, and the Debtor

8   had a total of more than 2,850 admissions.  Its physicians performed nearly 1,400 inpatient and

9   2,250 outpatient surgeries.  The Debtor has invested millions of dollars over approximately the

10  past five years for updated furniture, fixtures, equipment and technology as well as long overdue

11  improvements to the facility [Herskovitz Decl. ¶ 7].

12        **B.**    **The Debtor's Market**

13        The Debtor provides emergency and acute hospital services to the largely low-income

14  population of Hawaiian Gardens, which is the smallest city in Los Angeles County, with a total

15  area of 0.9 square miles, and a population of only approximately 15,000 [Herskovitz Decl. ¶ 25].

16        The Debtor provides a wide-range of healthcare services to under-served and indigent

17  communities in Hawaiian Gardens, Artesia, Bellflower, Cerritos, Lakewood, Long Beach,

18  Norwalk and Paramount (the "Service Area"), as well as patients from other cities, states and

19  counties including Orange, San Bernardino and San Diego Counties.  The Debtor provides

20  annually in excess of $11 million of charitable care, community services and health professions

21  education.  The Debtor is a vital part of Los Angeles County's health care safety net, serving some

22  of Southern California's most medically vulnerable residents [Herskovitz Decl. ¶ 26].

23        The Debtor serves a high volume of medically under-served and indigent patients and has

24  been designed a Disproportionate Share Hospital ("DSH") by HHS in connection with the

25  Medicaid program.  As a result of the high volume of indigent patients, millions of dollars worth

26  of Debtor's services have been historically expended on Charity Care, and the amount of

27  uncompensated care provided by Debtor is expected to continue  [Herskovitz Decl. ¶ 27].

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### III.    EVENTS LEADING TO THE FILING OF THIS CHAPTER 11 CASE

The current fiscal crisis for the Debtor is the result of the confluence of many factors. However, a significant contributor is reduction in DSH payments described above.  As an underlying constant goal and challenge, the Debtor provides over a million dollars per year in care to indigent patients, for which it is not fully compensated.  The percentage of the Debtor's resources expended on indigent care is significant because the Debtor serves a depressed community.  The Debtor has been able to recoup only about 20% of the DSH payment reduction due to the large amount of charity care provided by the Debtor [Herskovitz Decl. ¶ 33].

Additional factors that contributed to the Debtor's financial difficulties include inconsistent patient census, insufficient reimbursements for individual patient cases because of denials of coverage or partial denials based on extended lengths of stay, unanticipated operational costs, a lower case mix, a decline in bariatric and other surgeries, difficulties in implementing the required change to electronic medical records, managing the length of stay of patients, and difficulties in collections and billings, among other things [Herskovitz Decl. ¶ 34].

Moreover, as a small stand-alone hospital, the Debtor has been unsuccessful in its efforts to negotiate significant increases in reimbursement rates from various governmental and commercial payors that would be comparable to rates of reimbursement received by many other hospitals [Herskovitz Decl. ¶ 35].

Once the ACA took effect, there was a marginal increase in some of the Debtor's patients who had obtained health insurance coverage, but this was grossly overshadowed by the annual loss of DSH payments that had previously enabled the Debtor to treat the local low income population.  To the extent previously uninsured patients now have some health insurance coverage, this population continues to be chronically underinsured, or have insurance with high deductibles, which they cannot afford to pay.  This results in insufficient health insurance benefits payments to the Debtor as well as to other health care providers.  Further, Medi-Cal and Medicare reduced their payment rates in the range of 2.9% to 10% in or after 2010, which slowly whittled down reimbursements and revenues.  These changes have caused a decline in the Debtor's revenues without a corresponding reduction in the Debtor's obligations to provide patient care,

5

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    and annual CPI increases in costs of the Debtor's supplies and overhead costs [Herskovitz Decl.

2    ¶ 36].

3         In addition to these continual struggles with changes in government programs and benefits

4    available to help public benefit charity care hospitals that are common to most DSH providers, and

5    negative operational cash flow, the Debtor, in approximately 2010, discovered large scale

6    mismanagement of its operations, resulting in turnover of certain key personnel [Herskovitz Decl.

7    ¶ 37].

8         There are approximately 10 to 15 litigation or arbitration matters for which insurance

9    coverage does not exist, which the Debtor has been required to defend or has chosen to prosecute

10   [Herskovitz Decl. ¶ 38].

11        In addition, the Debtor has been named as a defendant or cross-defendant in approximately

12   25 to 30 lawsuits and arbitration proceedings for which insurance coverage does exist (after

13   payment of retentions or deductibles) [Herskovitz Decl. ¶ 39].

14        The Debtor currently is a plaintiff in approximately 3 litigation matters [Herskovitz Decl.

15   ¶ 41].

16        The cost, resources, distraction and potential liability arising from all of the foregoing

17   disputes is substantial, and has taken – and continues to take – a meaningful toll on the Debtor

18   [Herskovitz Decl. ¶ 42].

19        Over the past 12 months, the Debtor needed to generate approximately $129,359 per day to

20   cover its costs.  No appreciable cost savings are recognized by the Debtor when the patient census

21   drops below 50 beds a day, as the fixed costs remain fairly constant.  The Debtor has been

22   generating only approximately $96,728 per day in cash collections.  Thus, the Debtor loses money

23   every month it operates, and would soon be unable to pay its employees for the next pay period or

24   to pay the necessary COD advance payments to obtain critical medical supplies for patient care.

25   The Debtor's many efforts to identify and implement a better solution have been unsuccessful.

26   The termination by Paladin of the MSA and its unilateral withdrawal of its entire executive

27   management team as of April 12, 2016, along with the Debtor's dire need to line up and maintain

28   a stable and consistent executive management team and source of adequate funding for the

1   Debtor's Hospital operations, and to focus key resources for the preparation, submission to CMS

2   by April 22, 2016 and immediate implementation of a Plan of Correction (which, among other

3   necessities, requires the Debtor to promptly address certain costly deferred maintenance), has

4   created further challenges for the Debtor. The Debtor did not take this decision lightly. However,

5   in light of these dire circumstances and the severe ongoing cash flow shortage, the Debtor was

6   forced to file this chapter 11 case [Herskovitz Decl. ¶ 43].

7   **IV.    APPLICATION TO EMPLOY DENTONS US AS BANKRUPTCY COUNSEL**

8       As a debtor in a Chapter 11 bankruptcy case, the Debtor requires the services of

9   experienced and competent bankruptcy counsel. The Debtor has decided -- subject to the approval

10  of this Bankruptcy Court -- to employ Dentons US as bankruptcy counsel, taking into account the

11  firm's size, experience, skill level and cost. The Debtor seeks to employ Dentons US at the

12  expense of the Debtor's bankruptcy estate and to have the employment of Dentons US deemed

13  effective as of the Petition Date.

14      As explained in the attached Declaration of John A. Moe, II ("Moe Decl.") ¶ 3, the Debtor

15  seeks to employ Dentons US as bankruptcy counsel, pursuant to 11 U.S.C. § 327(a) with

16  compensation pursuant to §§ 330 and 331, to render, among others, the following types of

17  professional services:

18          a.      Advising the Debtor with regard to the requirements of the Bankruptcy

19      Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as

20      they pertain to the Debtor;

21          b.      Advising the Debtor with regard to certain rights and remedies of the

22      bankruptcy estate and rights, claims and interests of creditors;

23          c.      Representing the Debtor in any proceeding or hearing in the Bankruptcy

24      Court involving the estate unless the Debtor is represented in such proceeding or hearing

25      by other special counsel;

26          d.      Conducting examinations of witnesses, claimants or adverse parties and

27      representing the Debtor in any adversary proceeding (except to the extent that any such

28      adversary proceeding is in an area outside of Dentons US's expertise);

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

e. Preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f. Representing the Debtor with regard to obtaining the use of cash collateral, including, but not limited to, negotiating and seeking Bankruptcy Court approval of any cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of cash collateral;

g. Assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in connection with the plan of reorganization, and/or a sale of the hospital;

h. Performing any other services which may be appropriate in Dentons US's representation of the Debtor during this bankruptcy case.

Dentons US has experience and skill in the administration of bankruptcy estates, and is qualified to represent the Debtor as a full-service law firm with expertise in the areas of bankruptcy law and litigation [Moe Decl. ¶ 4].

Dentons US is a limited liability law partnership. To the best of the Debtor's knowledge, none of the partners, associates or paraprofessionals of Dentons US has any connection with the Debtor. To the best of its knowledge, Dentons US does not presently represent any interest adverse to the Debtor in regard to the matters with which it is to be employed in these proceedings [Moe Decl. ¶ 5].

## V. PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICE

As set forth in the accompanying Declaration of John A. Moe, II [¶ 6], Dentons US anticipates that the following attorneys and paraprofessionals will render services to the Debtor or for the benefit of the estate in conjunction with the Debtor's bankruptcy proceeding:

a. Sam Maizel (partner): hourly billing rate of $650;

93207403\V-2

b.    John Moe (partner): hourly billing rate of $565; and

c.    Kathryn Howard (paraprofessional): hourly billing rate of $240.

From time to time, other attorneys at Dentons US may provide services to the Debtor [Moe Decl. ¶ 6].

A copy of Dentons US's Firm Resume is attached to the accompanying Declaration of John A. Moe, II, as Exhibit "A." Copies of the Resumes of the Attorneys listed above are collectively attached to the Declaration of John A. Moe, II, as Exhibit "B" [Moe Decl. ¶ 7].

## VI.    PROPOSED COUNSEL'S RELATIONSHIPS WITH POTENTIAL CLAIMANTS

Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), Dentons US must disclose in this Application the relationships between it and the Debtor and any potential conflicts of interest [Moe Decl. ¶ 8].

As explained in the Declaration of John A. Moe, II (at ¶ 9), Dentons US is a law firm with over 1,000 lawyers practicing in many cities in the United States. Dentons US is a member of the Dentons Verein. The Dentons Verein is a global legal practice providing client services worldwide through its member firms and affiliates, each of which is its own "Legal Practice." The Debtor is not retaining any Dentons Legal Practice other than Dentons US and:

- Each Legal Practice maintains separate books and records, profit pools, financial statements, budgets and income tax records in accordance with their own methods of accounting and on their respective year-ends.

- The Dentons Verein Legal Practices do not share revenues, profits, or losses.

- Member firms in the Dentons Verein have no access to each other's client data and files. Attorneys in Dentons US can access only the client documents and files, whether electronic or hard copy, maintained by and at Dentons US. They have no access to the documents or files of any other member of the Verein.

- Member firms do not share privileged information with other member firms unless they are retained by and working together for a client on the same matter. Any other sharing of information is limited to the business of the member firms, *e.g.*, for marketing purposes.

9

1  Dentons US is the only member of the Dentons Verein that the Debtor is seeking to retain in this

2  case.  If another member of the Dentons Verein is called upon to assist the Debtor, retention

3  papers and disclosures will be supplemented.

4      From time to time, attorneys at Dentons US have represented parties in unrelated matters,

5  who also have claims against the Debtor [Moe Decl. ¶ 10].

6      In any case where a Dentons US attorney currently represents a party in an unrelated

7  matter, and that party also asserts a claim against the Debtor, if legal representation of the Debtor

8  is required in litigation between the two parties (i.e., an objection to that creditor's claim filed by

9  the Debtor, an adversary proceeding between that creditor on the one hand and the Debtor on the

10 other hand, or a motion brought by or against that creditor where the Debtor is the subject of the

11 motion), that matter shall be referred to an outside attorney ("conflicts counsel") who shall

12 represent the Debtor [Moe Decl. ¶ 11].

13     In any case where a Dentons US attorney previously has represented a party who is

14 asserting a claim against the Debtor, a waiver from both the Debtor and the claimant shall be

15 sought.  If obtained, Dentons US attorneys will represent the Debtor.  If waivers are not obtained,

16 outside counsel shall be obtained who shall represent the Debtor [Moe Decl. ¶ 12].

17     In no case will a Dentons US attorney represent any party or creditor against the Debtor

18 [Moe Decl. ¶ 13].

19     At this time, only the creditors described below have been identified with claims against

20 the Debtor where Dentons US currently represents that same creditor in an *unrelated* matter. None

21 of the creditors represented by Dentons in unrelated matters are financially significant clients of

22 Dentons. The Debtor shall obtain outside counsel to represent the Debtor with respect to those

23 claims, if legal representation is required [Moe Decl. ¶ 14].

24     1.    Samuel R. Maizel, a partner of Dentons, was previously a partner in the law firm of

25 Pachulski, Stang, Ziehl & Jones, LLP ("PSZJ") at a time when PSZJ represented the Debtor; Mr.

26 Maizel personally worked on the matter [Moe Decl. ¶ 14a].

27     2.    Dentons US LLP currently represents Avanti Hospitals in a small matter (total fees

28 of $2,480 since July 1, 2015).  To the best of Dentons' knowledge, Joel Freedman is a Principal of

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

10

93207403\V-2

1  Avanti.  Joel Freedman is also the President of Paladin Healthcare, which is the parent company of

2  Paladin Healthcare Management, which previously managed the Debtor's operations (October

3  2015-April 2016), and Mr. Freedman appears to be associated with Harbor-Gardens Capital I,

4  LLC, a creditor of the Debtor.  Mr. Maizel was partner at another law firm when that law firm

5  represented Avanti Hospitals in its acquisition of assets out of a different bankruptcy case, and Mr.

6  Maizel led that representation.  Additionally, Mr. Maizel has been to social events with Mr.

7  Freedman [Moe Decl. ¶ 14b].

8      3.      Dentons currently represents Anthem Blue Cross, a creditor in this case, in an

9  unrelated matter [Moe Decl. ¶ 14c].

10      4.      Dentons formerly represented Cardinal Healthcare, a creditor in this case, in a

11  unrelated matter [Moe Decl. ¶ 14d].

12      4.      Dentons currently represents Cerner Corporation in an unrelated matter; Cerner

13  Corporation is the parent corporation of Cerner Health Services, a creditor in this Case [Moe Decl.

14  ¶ 14e].

15      5.      Dentons currently represents Cooper Surgical, a creditor in this case, in an

16  unrelated matter [Moe Decl. ¶ 14f].

17      6.      Dentons formerly represented the County of Los Angeles, a creditor in this case, in

18  an unrelated matter [Moe Decl. ¶ 14g].

19      7.      Dentons currently represents Liberty Mutual, a creditor in this case, in an unrelated

20  matter [Moe Decl. ¶ 14h].

21      8.      Member firms and affiliates of Dentons in Canada and Europe have formerly

22  represented Medline, a creditor in this case, in unrelated matters.  Additionally, Samuel Maizel, a

23  Dentons' attorney working on this matter,  has, while at another law firm, represented Official

24  Committees of Unsecured Creditors where Medline was a member of that committee [Moe

25  Decl. ¶ 15].

26      9.      Member firms and affiliates of Dentons in Columbia and Europe currently

27  represent Siemens in unrelated matters.  Additionally, Dentons, and other member firms and

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

1  affiliates of Dentons in Canada and the United Kingdom have previously represented Siemens in

2  unrelated matters [Moe Decl. ¶ 16].

3      10.    Dentons currently represents SCL Health System, the parent corporation of St.

4  Mary Medical Center, a creditor in this case, in an unrelated matter [Moe Decl. ¶ 17].

5  **VII.    PREPETITION RETAINER**

6      The Debtor retained Dentons to advise it with regard to the possibility of filing for

7  protection under Chapter 11 of the United States Bankruptcy Code  in July 2015.  Since that time,

8  Dentons US has been paid a total of $429,713.00 for fees and $3,189.21 for costs by the Debtor.

9  Of that amount, a total of $213,858.50 in fees and $1,073.71 in costs were paid to Dentons by the

10  Debtor in the 90 days prior to the Petition Date.  The balance from the prepetition retainer in the

11  Dentons US Trust Account is $50,000 [Moe Decl. ¶ 18]

12      Dentons US negotiated the amount of the Retainer with the Debtor based upon a number of

13  factors including, but not limited to, the size and complexity of the Debtor's case, the time that

14  Dentons US expected to put forth in the Debtor's case, the amount of funds the Debtor had

15  available to him at the time of his bankruptcy filing, and the expected availability of funds to pay

16  Dentons US's fees and expenses incurred in excess of the Retainer [Moe Decl. ¶ 19].

17  **VIII.    COMPENSATION**

18      All attorneys comprising or associated with Dentons US *who will appear in court in this*

19  *case and execute the pleadings* are duly admitted to practice law in the courts of the State of

20  California and the United States District Court for the Central District of California.  Dentons US

21  has attorneys throughout the United States and through its other regional verein members, other

22  countries.  It is possible that attorney's outside of California may work on this matter, but any such

23  work would be under the supervision of an attorney admitted to the Central District and no such

24  attorney would appear in this proceeding without being admitted pro hac vice in this case [Moe

25  Decl. ¶ 20].

26      Dentons US agrees to accept appointment as counsel for Debtor under such terms as are

27  authorized by this Court [Moe Decl. ¶ 21].

28

12

93207403\V-2

1    Dentons US has been paid from the payments identified hereinabove, for the service it

2    provided to the Debtor prepetition [Moe Decl. ¶ 22].

3    Dentons US agrees to accept as compensation for its services, postpetition, such sums as

4    may be allowed by this Bankruptcy Court, in accordance with applicable law, based upon the time

5    spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered,

6    the complexities involved and any other appropriate factors [Moe Decl. ¶ 23].

7    If the Debtor files a motion to establish interim fee application and expense reimbursement

8    procedures, Dentons US will utilize those procedures to be paid on an interim basis.  [Moe

9    Decl. ¶ 24].

10    If the Debtor does not file a motion to establish interim fee application and expense

11    reimbursement procedures, or the Court does not approve those procedures, then Dentons US will

12    file, at such times as are designated by the Court, applications for fees and reimbursement of

13    expenses, and schedule hearings on approval and payment of fees and expenses, at times

14    convenient to the Court's calendar [Moe Decl. ¶ 25].

15    Dentons US recognizes that the payment of fees and expenses is subject to approval of the

16    Court [Moe Decl. ¶ 26].

17    It is the policy of Dentons US to be reimbursed by clients for all out-of-pocket expenses

18    incurred in connection with out-of-town travel and certain expenses of local travel, as well as out-

19    of-pocket expenses for, among other things, long distance telephone calls, duplicating, large

20    mailings, messenger services and similar items.  All such expenses shall be billed in accordance

21    with the normal practice of Dentons US, subject to any limitations or modification prescribed by

22    the Guidelines of the United States Trustee and the Local Bankruptcy Rules, and subject to review

23    and approval by the Bankruptcy Court [Moe Decl. ¶ 27].

24    It is the policy of Dentons US to bill travel time at the normal billing rate for the individual

25    involved, and to the extent practicable, its attorneys spend their travel time actively working on the

26    client's matters.  It is also the policy of Dentons US not to double bill clients for travel, that is, not

27    to bill for travel time where Dentons US attorneys are working on matters for other clients while

28    traveling [Moe Decl. ¶ 28].

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    Dentons US will provide monthly billing statements to the Debtor that will set forth the

2    amount of fees incurred and expenses advanced by Dentons US during the previous month [Moe

3    Decl. ¶ 29].

4    Dentons US understands the provisions of 11 U.S.C. §§ 327, 330 and 331 which require,

5    among other things, Court approval of the Debtor's employment of Dentons US as bankruptcy

6    counsel and of all legal fees and reimbursement of expenses that Dentons US will receive from the

7    Debtor [Moe Decl. ¶ 30].

8    **IX.    REPRESENTATIONS AND DISCLOSURES PURSUANT TO FRBP 2014**

9    Dentons US has not received any lien or other interest in property of the Debtor or of any

10   third party to secure payment of Dentons US's fees or expenses in this case [Moe Decl. ¶ 31].

11   Dentons US has no prepetition claim against the Debtor [Moe Decl. ¶ 32].

12   Dentons US has neither shared nor agreed to share any of the compensation it receives

13   from this case with any person other than to share this compensation among its partners, associates

14   and employees [Moe Decl. ¶ 33].

15   Dentons US is not a creditor, an equity security holder or an insider of the Debtor [Moe

16   Decl. ¶ 34].

17   Dentons US is not and was not an investment banker for any outstanding security of the

18   Debtor.  Dentons US has not been, within three years before the Petition Date, an investment

19   banker for a security of the Debtor, or an attorney for such an investment banker in connection

20   with the offer, sale or issuance of any security of the Debtor [Moe Decl. ¶ 35].

21   Neither Dentons US nor any member of Dentons US has ever been a director, officer or

22   employee of the Debtor or of any investment banker for any security of the Debtor [Moe

23   Decl. ¶ 36].

24   Dentons US does not hold or represent any interest materially adverse to any class of

25   creditors or equity security holders, by reason of any direct or indirect relationship to, connection

26   with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any

27   other reason [Moe Decl. ¶ 37].

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

1    Dentons US does not hold or represent any interest materially adverse to the Debtor or the

2    Debtor's estate, and Dentons US is a "disinterested person" as that term is defined in

3    Section 101(14) of the Bankruptcy Code [Moe Decl. ¶ 38].

4    To the best of Dentons US's knowledge, other than as set forth in the Declaration of

5    John A. Moe, II, and herein, Dentons US has no prior connection with the Debtor, any creditors of

6    the Debtor or this estate *in litigation against the Debtor*, or their respective attorneys or

7    accountants, the United States Trustee or any person employed by the United States Trustee [Moe

8    Decl. ¶ 39].

9    Dentons US respectfully submits that employment of Dentons US is in the best interest of

10   the Debtor's bankruptcy estate and the creditors of such bankruptcy estate.

11   WHEREFORE, the Debtor prays that it be authorized to employ Dentons US as its

12   bankruptcy Counsel, effective June 16, 2016, to represent it with respect to the matters and in the

13   manner set forth above, and that any and all fees to be paid in this proceeding shall be approved by

14   this Bankruptcy Court in accordance with the procedures approved by this Court.

15   Dated:  June 20, 2016

DENTONS US LLP
SAMUEL R. MAIZEL
16                                                   JOHN A. MOE, II

17

18                                                   By    /s/John A. Moe, II
                                                            JOHN A. MOE, II
19

20                                                   Attorneys for Gardens Regional Hospital And
                                                     Medical Center, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

1

# DECLARATION OF JOHN A. MOE, II

2     I, John A. Moe, II, declare, that if called as a witness, I would and could competently

3 testify thereto based on my own personal knowledge, as follows.

4     1.    I am an attorney at law, licensed to practice in the State of California and by reason

5 of admission to the United States District Court for the Central District of California, in the United

6 States Bankruptcy Court for the Central District of California.

7     2.    As a debtor in a Chapter 11 bankruptcy case, the Debtor requires the services of

8 experienced and competent bankruptcy counsel.  The Debtor has decided -- subject to the approval

9 of this Bankruptcy Court -- to employ Dentons US as bankruptcy counsel, taking into account the

10 firm's size, experience, skill level and cost.  The Debtor seeks to employ Dentons US at the

11 expense of the Debtor's bankruptcy estate and to have the employment of Dentons US deemed

12 effective as of the Petition Date.

13     3.    The Debtor seeks to employ Dentons US as bankruptcy counsel, pursuant to

14 11 U.S.C. § 327(a) with compensation pursuant to §§ 330 and 331, to render, among others, the

15 following types of professional services:

16         a.    Advising the Debtor with regard to the requirements of the Bankruptcy

17     Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as

18     they pertain to the Debtor;

19         b.    Advising the Debtor with regard to certain rights and remedies of the

20     bankruptcy estate and rights, claims and interests of creditors;

21         c.    Representing the Debtor in any proceeding or hearing in the Bankruptcy

22     Court involving the estate unless the Debtor is represented in such proceeding or hearing

23     by other special counsel;

24         d.    Conducting examinations of witnesses, claimants or adverse parties and

25     representing the Debtor in any adversary proceeding (except to the extent that any such

26     adversary proceeding is in an area outside of Dentons US's expertise);

27         e.    Preparing and assisting the Debtor in the preparation of reports,

28     applications, pleadings and orders including, but not limited, applications to employ

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.    Representing the Debtor with regard to obtaining the use of cash collateral, including, but not limited to, negotiating and seeking Bankruptcy Court approval of any cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of cash collateral;

g.    Assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in connection with the plan of reorganization, and/or a sale of the hospital;

h.    Performing any other services which may be appropriate in Dentons US's representation of the Debtor during this bankruptcy case.

4.    Dentons US has experience and skill in the administration of bankruptcy estates, and is qualified to represent the Debtor as a full-service law firm with expertise in the areas of bankruptcy law and litigation.

5.    Dentons US is a limited liability law partnership. To the best of the Debtor's knowledge, none of the partners, associates or paraprofessionals of Dentons US has any connection with the Debtor.  To the best of its knowledge, Dentons US does not presently represent any interest adverse to the Debtor in regard to the matters with which it is to be employed in these proceedings.

6.    Dentons US anticipates that the following attorneys and paraprofessionals will render services to the Debtor or for the benefit of the estate in conjunction with the Debtor's bankruptcy proceeding:

a.    Sam Maizel (partner): hourly billing rate of $650;

b.    John Moe (partner): hourly billing rate of $565; and

c.    Kathryn Howard (paraprofessional): hourly billing rate of $240.

From time to time, other attorneys at Dentons US may provide services to the Debtor.

93207403\V-2

7.    A copy of Dentons US's Firm Resume is attached to this Declaration as Exhibit "A."  Copies of the Resumes of the Attorneys listed above are collectively attached to this Declaration as Exhibit "B."

8.    Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), Dentons US must disclose in this Application the relationships between it and the Debtor and any potential conflicts of interest.

9.    Dentons US is a law firm with over 1,000 lawyers practicing in many cities in the United States.  Dentons US is a member of the Dentons Verein.  The Dentons Verein is a global legal practice providing client services worldwide through its member firms and affiliates, each of which is its own "Legal Practice."  The Debtor is not retaining any Dentons Legal Practice other than Dentons US and:

- Each Legal Practice maintains separate books and records, profit pools, financial statements, budgets and income tax records in accordance with their own methods of accounting and on their respective year-ends.

- The Dentons Verein Legal Practices do not share revenues, profits, or losses.

- Member firms in the Dentons Verein have no access to each other's client data and files.  Attorneys in Dentons US can access only the client documents and files, whether electronic or hard copy, maintained by and at Dentons US.  They have no access to the documents or files of any other member of the Verein.

- Member firms do not share privileged information with other member firms unless they are retained by and working together for a client on the same matter.  Any other sharing of information is limited to the business of the member firms, *e.g.*, for marketing purposes.

Dentons US is the only member of the Dentons Verein that the Debtor is seeking to retain in this case.  If another member of the Dentons Verein is called upon to assist the Debtor, retention papers and disclosures will be supplemented.

10.    From time to time, attorneys at Dentons US have represented parties in unrelated matters, who also have claims against the Debtor.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

18

11.    In any case where a Dentons US attorney currently represents a party in an unrelated matter, and that party also asserts a claim against the Debtor, if legal representation of the Debtor is required in litigation between the two parties (i.e., an objection to that creditor's claim filed by the Debtor, an adversary proceeding between that creditor on the one hand and the Debtor on the other hand, or a motion brought by or against that creditor where the Debtor is the subject of the motion), that matter shall be referred to an outside attorney ("conflicts counsel") who shall represent the Debtor.

12.    In any case where a Dentons US attorney previously has represented a party who is asserting a claim against the Debtor, a waiver from both the Debtor and the claimant shall be sought.  If obtained, Dentons US attorneys will represent the Debtor.  If waivers are not obtained, outside counsel shall be obtained who shall represent the Debtor.

13.    In no case will a Dentons US attorney represent any party or creditor against the Debtor.

14.    I am informed and believe that the creditors described below have been identified with claims against the Debtor where Dentons US currently represents that same creditor in an *unrelated* matter. None of the creditors represented by Dentons in unrelated matters are financially significant clients of Dentons. The Debtor shall obtain outside counsel to represent the Debtor with respect to those claims, if legal representation is required.

a.    Samuel R. Maizel, a partner of Dentons, was previously a partner in the law firm of Pachulski, Stang, Ziehl & Jones, LLP ("PSZJ") at a time when PSZJ represented the Debtor; Mr. Maizel personally worked on the matter.

b.    Dentons US LLP currently represents Avanti Hospitals in a small matter (total fees of $2,480 since July 1, 2015).  To the best of Dentons' knowledge, Joel Freedman is a Principal of Avanti.  Joel Freedman is also the President of Paladin Healthcare, which is the parent company of Paladin Healthcare Management, which previously managed the Debtor's operations (October 2015-April 2016), and Mr. Freedman appears to be associated with Harbor-Gardens Capital I, LLC, a creditor of the Debtor.  Mr. Maizel was partner at another law firm when that law firm represented Avanti

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  Hospitals in its acquisition of assets out of a different bankruptcy case, and Mr. Maizel led

2  that representation.  Additionally, Mr. Maizel has been to social events with Mr.

3  Freedman.

4          c.      Dentons currently represents Anthem Blue Cross, a creditor in this case, in

5  an unrelated matter.

6          d.      Dentons formerly represented Cardinal Healthcare, a creditor in this case, in

7  a unrelated matter.

8          e.      Dentons currently represents Cerner Corporation in an unrelated matter;

9  Cerner Corporation is the parent corporation of Cerner Health Services, a creditor in this

10  Case.

11          f.      Dentons currently represents Cooper Surgical, a creditor in this case, in an

12  unrelated matter.

13          g.      Dentons formerly represented the County of Los Angeles, a creditor in this

14  case, in an unrelated matter.

15          h.      Dentons currently represents Liberty Mutual, a creditor in this case, in an

16  unrelated matter.

17          15.      I am informed and believe that member firms and affiliates of Dentons in Canada

18  and Europe have formerly represented Medline, a creditor in this case, in unrelated matters.

19  Additionally, Samuel Maizel, a Dentons' attorney working on this matter,  has, while at another

20  law firm, represented an Official Committees of Unsecured Creditors where Medline was a

21  member of that committee.

22          16.      I am informed and believe that member firms and affiliates of Dentons in Columbia

23  and Europe currently represent Siemens in unrelated matters.  Additionally, Dentons, and other

24  member firms and affiliates of Dentons in Canada and the United Kingdom have previously

25  represented Siemens in unrelated matters.

26          17.      I am informed and believe that Dentons currently represents SCL Health System,

27  the parent corporation of St. Mary Medical Center, a creditor in this case, in an unrelated matter.

28

93207403\V-2

18.    The Debtor retained Dentons to advise it with regard to the possibility of filing for protection under Chapter 11 of the United States Bankruptcy Code  in July 2015.  Since that time, Dentons US has been paid a total of $429,713.00 for fees and $3,189.21 for costs by the Debtor. Of that amount, a total of $213,858.50 in fees and $1,073.71 in costs were paid to Dentons by the Debtor in the 90 days prior to the Petition Date.  The balance from the prepetition retainer in the Dentons US Trust Account is $50,000.

19.    Dentons US negotiated the amount of the Retainer with the Debtor based upon a number of factors including, but not limited to, the size and complexity of the Debtor's case, the time that Dentons US expected to put forth in the Debtor's case, the amount of funds the Debtor had available to Dentons at the time of the bankruptcy filing, and the expected availability of funds to pay Dentons US's fees and expenses incurred in excess of the Retainer.

20.    All attorneys comprising or associated with Dentons US *who will appear in court in this case and execute the pleadings* are duly admitted to practice law in the courts of the State of California and the United States District Court for the Central District of California.  Dentons US has attorneys throughout the United States and through its other regional verein members, other countries.  It is possible that attorney's outside of California may work on this matter, but any such work would be under the supervision of an attorney admitted to the Central District and no such attorney would appear in this proceeding without being admitted pro hac vice in this case.

21.    Dentons US agrees to accept appointment as counsel for Debtor under such terms as are authorized by this Court.

22.    Dentons US has been paid from the payments identified hereinabove, for the service it provided to the Debtor prepetition.

23.    Dentons US agrees to accept as compensation for its services, postpetition, such sums as may be allowed by this Bankruptcy Court, in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved and any other appropriate factors.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

93207403\V-2

24.    If the Debtor files a motion to establish interim fee application and expense reimbursement procedures, Dentons US will utilize those procedures to be paid on an interim basis. .

25.    If the Debtor does not file a motion to establish interim fee application and expense reimbursement procedures, or the Court does not approve those procedures, then Dentons US will file, at such times as are designated by the Court, applications for fees and reimbursement of expenses, and schedule hearings on approval and payment of fees and expenses, at times convenient to the Court's calendar.

26.    Dentons US recognizes that the payment of fees and expenses is subject to approval of the Court.

27.    It is the policy of Dentons US to be reimbursed by clients for all out-of-pocket expenses incurred in connection with out-of-town travel and certain expenses of local travel, as well as out-of-pocket expenses for, among other things, long distance telephone calls, duplicating, large mailings, messenger services and similar items.  All such expenses shall be billed in accordance with the normal practice of Dentons US, subject to any limitations or modification prescribed by the Guidelines of the United States Trustee and the Local Bankruptcy Rules, and subject to review and approval by the Bankruptcy Court.

28.    It is the policy of Dentons US to bill travel time at the normal billing rate for the individual involved, and to the extent practicable, its attorneys spend their travel time actively working on the client's matters.  It is also the policy of Dentons US not to double bill clients for travel, that is, not to bill for travel time where Dentons US attorneys are working on matters for other clients while traveling.

29.    Dentons US will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Dentons US during the previous month.

30.    Dentons US understands the provisions of 11 U.S.C. §§ 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of Dentons US as bankruptcy counsel and of all legal fees and reimbursement of expenses that Dentons US will receive from the Debtor.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

22

93207403\V-2

31.    Dentons US has not received any lien or other interest in property of the Debtor or of any third party to secure payment of Dentons US's fees or expenses in this case.

32.    Dentons US has no prepetition claim against the Debtor.

33.    Dentons US has neither shared nor agreed to share any of the compensation it receives from this case with any person other than to share this compensation among its partners, associates and employees.

34.    Dentons US is not a creditor, an equity security holder or an insider of the Debtor.

35.    Dentons US is not and was not an investment banker for any outstanding security of the Debtor.  Dentons US has not been, within three years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

36.    It is my information and belief that neither Dentons US nor any member of Dentons US has ever been a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

37.    It is my information and belief that Dentons US does not hold or represent any interest materially adverse to any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

38.    Dentons US does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and Dentons US is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

39.    It is my information and belief that Dentons US has no prior connection with the Debtor, any creditors of the Debtor or this estate *in litigation against the Debtor*, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

40.    Dentons US respectfully submits that employment of Dentons US is in the best interest of the Debtor's bankruptcy estate and the creditors of such bankruptcy estate.

93207403\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed this 20th day of June, 2016 at Los Angeles, California.

4

5    _____ /s/ John A. Moe, II _____

6    JOHN A. MOE, II

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

24

93207403\V-2