# EXHIBIT C

1 SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
2 JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
3 DENTONS US LLP
601 South Figueroa Street, Suite 2500
4 Los Angeles, California  90017-5704
Telephone:     (213) 623-9300
5 Facsimile:      (213) 623-9924

6 Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
7 AND MEDICAL CENTER, INC.

8

9               UNITED STATES BANKRUPTCY COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                     LOS ANGELES DIVISION

12

| | |
|---|---|
| In re: | Case No. 2:16-bk-17463-ER |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, | Chapter 11 |
| Debtor. | ORDER (A) APPROVING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS; (B) SCHEDULING THE RELATED AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (C) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (E) APPROVING BREAK-UP FEE; AND (F) GRANTING RELATED RELIEF |
| | Hearing:<br>Date:      July 5, 2016<br>Time:      10:00 a.m.<br>Place:     U.S. Bankruptcy Court<br>           255 E. Temple St.<br>           Los Angeles, CA 90012<br><br>Judge     Ernest M. Robles |

1   This matter coming before the Court on the motion (the "Motion")[1] of the above-

2   captioned debtor and debtor in possession (the "Debtor") for the entry of Interim and Final

3   Orders, as applicable, pursuant to Sections 105(a), 363, and 365 of Title 11 of the United States

4   Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of

5   Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1

6   of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of

7   California (the "Local Bankruptcy Rules") (i)(a) approving procedures in connection with the sale

8   of certain of the Debtor's assets; (b) scheduling the related auction and hearing to consider

9   approval of sale; (c) approving procedures related to the assumption of certain executory

10   contracts and unexpired leases; (d) approving the form and manner of notice thereof; and (e)

11   approving the Stalking Horse Purchaser and the form of the Stalking Horse APA, and the Break-

12   Up Fee; and (ii)(a) authorizing the sale of such assets free and clear of liens, claims,

13   encumbrances, and other interests, except as provided in a Purchase Agreement; (b) approving the

14   assumption and assignment of certain of the Debtor's executory contracts and unexpired leases

15   related thereto; and (iii) granting related relief; the Court having found that (i) the Court has

16   jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

17   and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is

18   a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient

19   under the circumstances and properly given, and it appearing that no other or further notice need

20   be provided; and a hearing on the proposed bid and sale procedures as detailed in the Motion

21   having been held; and after due deliberation the Court having determined that the relief requested

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

- 2 -          BID PROCEDURES

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    in the Motion with respect to proposed bid and sale procedures is in the best interests of the

2    Debtor, its estate, and its creditors; and good and sufficient cause having been shown;

3    **AND IT IS FURTHER FOUND AND DETERMINED THAT:** [2]

4    A.    The statutory and legal predicates for the relief requested in the Motion and

5    provided for herein are Sections 105(a), 363, and 365 of Title 11 of the Bankruptcy Code,

6    Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Bankruptcy Rules 2081-1 and

7    6004-1.

8    B.    In the Motion and at the hearing on the Motion, the Debtor demonstrated that good

9    and sufficient notice of the relief granted by this Order has been given and no further notice is

10   required. A reasonable opportunity to object or be heard regarding the relief granted by this

11   Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and

12   all other interested parties.

13   C.    The Debtor's proposed notice of the Bidding Procedures, the Cure Procedures, the

14   Auction and the hearing to approve the sale of the Debtor's Assets (the "<u>Sale Hearing</u>") is

15   appropriate and reasonably calculated to provide all interested parties with timely and proper

16   notice, and no other or further notice is required.

17   D.    The Bidding Procedures substantially in the form attached hereto as <u>Exhibit 1</u> are

18   fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the

19   Debtor's Assets.

20   E.    The Break-Up Fee (i) is reasonable and appropriate given, among other things, the

21   size and nature of the Sale and the efforts that will have been expended, and will continue to be

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[2]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

- 3 -        BID PROCEDURES

expended, by the Stalking Horse Purchaser, and (ii) is a material inducement for, and a condition

of, the Stalking Horse Purchaser's entry into the Stalking Horse APA.

F.      The form of the Stalking Horse APA is fair and reasonable and provides flexibility

in the process to sell the Debtor's Assets in a manner designed to maximize the value of the

Debtor's Assets;

G.      The Assumption and Assignment Procedures provided for herein and the Cure

Notice are reasonable and appropriate and consistent with the provisions of Section 365 of the

Bankruptcy Code and Bankruptcy Rule 6006.  The Assumption and Assignment Procedures and

the Cure Notice have been narrowly tailored to provide an adequate opportunity for all non-

debtor counterparties to the Assumed Executory Contracts to assert any Assumption Objection.

H.      Entry of this Order is in the best interests of the Debtor, its estate and creditors,

and all other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn,

waived or settled are overruled.

3.      The Bidding Procedures attached hereto as Exhibit 1 are **APPROVED**.[3]

4.      Promise Hospital of East Los Angeles, L.P. or an affiliate to be designated (the

"Stalking Horse Purchaser") is hereby **APPROVED** to be and designated as the Stalking Horse

Purchaser as to the Debtor's Assets, and the form of the Stalking Horse APA is hereby

**APPROVED**.

---

[3]    For the convenience of parties in interest, a chart listing important dates set forth in this Order is
attached hereto as Exhibit 2.

-4-          BID PROCEDURES

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

5.       Subject to the Bidding Procedures and approval of the Sale at the Sale Hearing, the

Debtor's entry into the Stalking Horse APA (including any amendments thereto) is hereby

**APPROVED**.

6.       The Break-Up Fee is **APPROVED** and shall be paid in the amount of $50,000.00,

plus repayment of the Stalking Horse Purchaser's documented expenses (including professional

fees) not to exceed $40,000.00, in cash from the sale proceeds at closing of a sale of the Debtor's

Assets to a Successful Bidder other than the Stalking Horse Purchaser.  Notwithstanding anything

to the contrary contained herein, upon payment of the Break-Up Fee to the Stalking Horse

Purchaser, the Debtor and its representatives and affiliates, on the one hand, and Stalking Horse

Purchaser and its respective representatives and affiliates, on the other hand, will be deemed to

have fully released and discharged each other from any liability resulting from the termination of

the Stalking Horse APA (other than payment in full of the DIP Financing) , and neither Debtor

and its representatives and affiliates, on the one hand, and Stalking Horse Purchaser and its

respective representatives and affiliates, on the other hand, nor any other Person, will have any

other remedy or cause of action under or relating to the Stalking Horse APA, including for

reimbursement of any additional expenses incurred by the Stalking Horse Purchaser in connection

with the negotiation and documentation of the Stalking Horse APA and all proceedings held in

connection therewith.  Any Break-Up Fee shall be payable without any further order of the

Bankruptcy Court.

7.       The Bid Deadline shall be **July 8, 2016 at 4:00 p.m. (prevailing Pacific Time)**.

8.       The Debtor, after consultation with any Official Committee, shall have the

exclusive right to determine whether a bid is a Qualified Bid and shall notify Qualified Bidders

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES , CALIFORNIA 90017-5704
(213) 623-9300

whether their bids have been recognized as such as promptly as practicable after a Qualified

Bidder delivers all of the materials required by the Bidding Procedures.

9.      The Auction, if necessary, shall be held on **July 11, 2016 at 10:00 a.m.**

**(prevailing Pacific Time)** at the offices of Dentons US LLP, 601 South Figueroa Street, Suite

2500, Los Angeles, CA 90017, or at such other location as shall be identified in a notice filed

with the Bankruptcy Court at least 24 hours before the Auction.

10.     At such Auction, each Qualified Bidder shall be required to confirm that it has not

engaged in any collusion with respect to the bidding or the sale, and the Auction shall be

conducted openly and transcribed.  Within twenty-four (24) hours following the conclusion of the

Auction, the Debtor shall file a notice identifying the Successful Bidder with the Court and shall

serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties

whose contracts are to be assumed and assigned.

11.     The Debtor, after consultation with any Official Committee, shall determine which

offer is the highest and otherwise best offer for the Debtor's Assets, giving effect to the Break-Up

Fee payable to the Stalking Horse Purchaser as well as any additional liabilities or Cure Amounts

to be assumed by the Stalking Horse Purchaser or another Qualified Bidder and any additional

costs which may be imposed on the Debtor.

12.     The Sale Hearing shall be held on **July 13, 2016 at 10:00 a.m.  (prevailing**

**Pacific Time)** before this Court, the U.S. Bankruptcy Court for the Central District of California,

255 E. Temple St., Los Angeles, California 90012.  Any objections to the Sale (other than an

Assumption Objection (defined herein) which shall be governed by the procedures set forth

below) (a "Sale Objection"), must (i) be in writing; (ii) comply with the Bankruptcy Rules and the

Local Bankuptcy Rules; (iii) set forth the specific basis for the Sale Objection; (iv) be filed with

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  the Court, 255 E. Temple St., Los Angeles, California 90012, together with proof of service, **on**

2  **or before 4:00 p.m. (prevailing Pacific Time) on July 12, 2016** (the "Sale Objection Deadline")

3  and (v) be served, so as to be actually received on or before the Sale Objection Deadline, upon (i)

4  counsel to the Debtor:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA

5  90017 (Attn:  Samuel R. Maizel (samuel.maizel@dentons.com)), (ii) the Debtor's investment

6  banker: Wilshire Pacific Capital Advisors LLC, 8447 Wilshire Blvd, Suite 202, Los Angeles,

7  California 90211 (Attn: Eric Weissman (eweissman@wilshirepacificadvisors.com)), (iii) counsel

8  to the Stalking Horse Purchaser:  Buchalter Nemer P.C., 1000 Wilshire Blvd, Suite 1500, Los

9  Angeles, California 90017 (Attn: Mary H. Rose (mrose@buchalter.com), (v) the Office of the

10  United States Trustee 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Dare

11  Law (dare.law@usdoj.gov)), and (v) counsel to any Official Committee (collectively, the "Notice

12  Parties").  If a Sale Objection is not filed and served on or before the Sale Objection Deadline, the

13  objecting party may be barred from objecting to the Sale and may not be heard at the Sale

14  Hearing, and this Court may enter the Sale Order without further notice to such party.

15  13.    The Sale Hearing may be adjourned from time to time without further notice to

16  creditors or parties in interest other than by announcement of the adjournment in open court on

17  the date scheduled for the Sale Hearing, and the Debtor shall have the exclusive right, in the

18  exercise of its fiduciary obligations and business judgment, and after consultation with any

19  Official Committee, to cancel the Sale at any time subject to the terms of this Order, in

20  accordance with the terms of this Order and the Stalking Horse APA.

21  14.    The following forms of notice are approved:  (a) the Procedures Notice, in the

22  form substantially similar to that attached hereto as Exhibit 3 and (b) the Cure Notice, in the form

23  substantially similar to that attached hereto as Exhibit 4.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

15.     The Debtor shall, within one (1) business day after the entry of this Order, file with the Court and serve a copy of this Order and the Procedures Notice by first class mail, postage prepaid on (i) the Notice Parties, (ii) any parties requesting notices in this case pursuant to Bankruptcy Rule 2002, (iii) all Potential Bidders, (iv) all parties known by the Debtor to assert a lien on any of the Debtor's Assets, (v) all persons known or reasonably believed to have asserted an interest in any of the Debtor's Assets, (vi) all non-Debtor parties to any assumed contracts and leases, (vii) the Office of the United States Attorney for the Central District of California, (viii) the Office of the Attorney General, (ix) the Office of the California Secretary of State, (x) all taxing authorities having jurisdiction over any of the Debtor's Assets, including the IRS, (xi) the Securities and Exchange Commission, and (xii) all environmental authorities having jurisdiction over any of the Debtor's Assets (collectively with the parties specified in this paragraph, the "Procedures Notice Parties").

16.     The Debtor shall file with the Court and serve the Cure Notice (along with a copy of this Motion) upon each counterparty to the Assumed Executory Contracts by no later than **July 6, 2016**. The Cure Notice shall state the date, time and place of the Sale Hearing as well as the date by which any Assumption Objection must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "Cure Amounts").

17.     To the extent there is a contract added to the list of contracts to be assumed by the Successful Bidder pursuant to the Successful Bidder's Purchase Agreement selected at the Auction, the Motion constitutes a separate motion to assume and assign that contract to the Successful Bidder pursuant to Section 365 of the Bankruptcy Code; each such contract will be

listed on an exhibit to the Successful Bidder's Purchase Agreement, and shall be given a separate

Cure Notice filed and served by overnight delivery by the Debtor within 5 business days of the

conclusion of the Auction and announcement of the Successful Bidder(s).

18.    The inclusion of a contract, lease, or other agreement on the Cure Notice shall not

constitute or be deemed a determination or admission by the Debtor and its estate or any other

party in interest that such contract, lease, or other agreement is, in fact, an executory contract or

unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect

thereto shall be reserved.

19.    If any counterparty to an Assumed Executory Contract wishes to file an

Assumption Objection, such counterparty must file and serve it so as to be actually received by

the Notice Parties by no later than:  (i) **4:00 p.m. (prevailing Pacific Time) on July 12, 2016**, (ii)

such later date otherwise specified in the Cure Notice, or (iii) solely with respect to those

counterparties to Assumed Executory Contracts who are not served with a Cure Notice until a

date after July 6, 2016, seven (7) days after service by overnight mail of such Cure Notice (the

"Assumption Objection Deadline"), provided, however, that if any Successful Bidder is not the

Stalking Horse Purchaser, any counterparty may raise at the Sale Hearing (or any time before the

Sale Hearing) an objection to the assumption and assignment of the Assumed Executory Contract

solely with respect to such Successful Bidder's ability to provide adequate assurance of future

performance under the Assumed Executory Contract.  The Court will make any and all

determinations concerning adequate assurance of future performance under the Assumed

Executory Contracts pursuant to Sections 365(b) and (f)(2) of the Bankruptcy Code at the Sale

Hearing.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

20.    To the extent the Assumed Executory Contract counterparty wishes to object to the Cure Amount, if any, set forth in the Cure Notice, its Assumption Objection must set forth with specificity each and every asserted default in any executory contract or unexpired lease and the monetary cure amount asserted by such counterparty to the extent it differs from the amount, if any, specified by the Debtor in the Cure Notice.

21.    Any counterparty to an Assumed Executory Contract that fails to timely file and serve an objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed in an amount in excess of that set forth in the Cure Notice.

22.    If a Contract or Lease is assumed and assigned pursuant to Court order, then except for Disputed Cure Amounts (as defined herein), the Assumed Executory Contract counterparty shall receive no later than three (3) business days following the closing of the Sale, the Cure Amount, if any, as set forth in the Cure Notice.  All Cure Amounts will be funded in accordance with the terms and conditions of the Stalking Horse APA and/or the Purchase Agreement(s), as applicable.

23.    Assumption Objections (including those related to adequate assurance of future performance) will be resolved by the Court at the Sale Hearing.  Notwithstanding, in the event that the Debtor and the counterparty cannot resolve the Cure Amount, such dispute may be resolved by the Court at the Sale Hearing or such later date as may be agreed to or ordered by the Court.  The Debtor shall segregate from the sale proceeds any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties.

24.    The Successful Bidder(s) shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under section 365(b) of

BID PROCEDURES

the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Assumed Executory Contract shall not excuse the Successful Bidder(s) from performance of any and all of its obligations pursuant to the Successful Bidder's Purchase Agreement.

25.     Except to the extent otherwise provided in a Successful Bidder's Purchase Agreement, the Debtor and its estate shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to section 365(k) of the Bankruptcy Code.

26.     Upon Closing of a Sale, the proceeds of the Sale shall be paid by the Successful Bidder to the Debtor and all liens, claims, interests and encumbrances on the Debtor's Assets sold pursuant to the Sale shall attach to the proceeds of Sale with the same force, effect, validity and priority as such liens, claims, interests and encumbrances had on such Debtor's Assets prior to the Closing.

27.     To the extent the provisions of this Order are inconsistent with the provisions of any Exhibit referenced herein or with the Motion, the provisions of this Order shall control.

28.     The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

29.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## Exhibit 1

### (Bidding Procedures)

### BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed in connection with the sale of certain assets (the "Debtor's Assets") of the Debtor, in connection with the Chapter 11 cases pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") jointly administered as case number [•].

The Debtor entered into that certain Asset Purchase Agreement, dated July 1, 2016 between the Debtor, on the one hand, and Promise Hospital of East Los Angeles, L.P. (the "Stalking Horse Purchaser"), on the other hand, pursuant to which the Stalking Horse Purchaser shall acquire the Debtor's Assets on the terms and conditions specified therein (together with the schedules and related documents thereto, the "Stalking Horse APA"). The sale transaction pursuant to the Stalking Horse APA is subject to competitive bidding as set forth herein. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the *Motion of the Debtor and Debtor in Possession Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code for an Order (I)(A) Approving Procedures in Connection with the Sale of Certain of the Debtor's Assets; (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (C) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notice Thereof; (E) Approving Break-Up Fee; and (F) Granting Related Relief; and (II)(A) Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* (the "Sale Motion").

## I.    ASSETS TO BE SOLD

The Debtor seeks to complete a sale of certain of the Debtor's Assets (the "Sale"). The Stalking Horse APA will serve as the "stalking-horse" bid for the Debtor's Assets.

## II.    THE BID PROCEDURES

In order to ensure that the Debtor receives the maximum value for the Debtor's Assets, it intends to hold a sale process for the Debtor's Assets pursuant to the procedures and on the timeline proposed herein.

### A.    Provisions Governing Qualifications of Bidders

Unless otherwise ordered by the Court, in order to participate in the bidding process, prior to the Bid Deadline (defined herein), each person, other than the Stalking Horse Purchaser who wishes to participate in the bidding process (a "Potential Bidder") must deliver the following to the Notice Parties (defined herein):

    (a)    a written disclosure of the identity of each entity that will be bidding for the Debtor's Assets or otherwise participating in connection with such bid; and

(b) an executed confidentiality agreement (to be delivered prior to the distribution of any confidential information by the Debtor to a Potential Bidder) in form and substance satisfactory to the Debtor and which shall inure to the benefit of any purchaser of the Debtor's Assets; without limiting the foregoing, each confidentiality agreement executed by a Potential Bidder shall contain standard non-solicitation provisions.

A Potential Bidder that delivers the documents and information described above and that the Debtor determines in their reasonable business judgment, after consultation with their advisors and any Official Committee, is likely (based on availability of financing, experience, and other considerations) to be able to consummate the sale, will be deemed a "Qualified Bidder." The Debtor will limit access to due diligence to those parties it believes, in the exercise of its reasonable judgment are pursuing the transaction in good faith.

As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Debtor will determine and will notify the Potential Bidder if such Potential Bidder is a Qualified Bidder.

**B.    Due Diligence**

The Debtor will afford any Qualified Bidder such due diligence access or additional information as the Debtor, in consultation with its advisors, deem appropriate, in its reasonable discretion. The due diligence period shall extend through and include the Auction Date (defined herein); provided, however, that any Qualified Bid (defined herein) submitted shall be irrevocable until the selection of the Successful Bidder and any Back-Up Bidder (defined herein).

**C.    Provisions Governing Qualified Bids**

A bid submitted will be considered a Qualified Bid only if the bid is submitted by a Qualified Bidder and complies with all of the following (a "Qualified Bid"):

a) it states that the applicable Qualified Bidder offers to purchase, in cash, some or all of the Debtor's Assets;

b) it identifies with particularity the portion of the Debtor's Assets the Qualified Bidder is offering to purchase;

c) it includes a signed writing that the Qualified Bidder's offer is irrevocable until the selection of the Successful Bidder and the Back-Up Bidder, provided that if such bidder is selected as the Successful Bidder or the Back-Up Bidder then the offer shall remain irrevocable until the earlier of (i) the closing of the transaction with the Successful Bidder and (ii) the date that is fifteen (15) business days after entry of the Sale Order with respect to the Successful Bidder and sixteen (16) business days after entry of the Sale Order with respect to the Back-Up Bidder;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

d)   it includes confirmation that there are no conditions precedent to the Qualified Bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid;

e)   it sets forth each regulatory and third-party approval required for the Qualified Bidder to consummate the transaction and the time period within which the Qualified Bidder expects to receive such approvals and establishes a substantial likelihood that the Qualified Bidder will such approvals by the stated time period;

f)   it includes a duly authorized and executed copy of a purchase or acquisition agreement in the form of the Stalking Horse APA (a "Purchase Agreement"), including the purchase price for some or all of the Debtor's Assets expressed in U.S. Dollars, together with all exhibits and schedules thereto, together with copies marked ("Marked Agreement") to show any amendments and modifications to the Stalking Horse APA and the proposed order to approve the sale by the Court;

g)   it includes written evidence of a firm, irrevocable commitment for financing or other evidence of ability to consummate the proposed transaction, that will allow the Debtor to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transaction contemplated by the Purchase Agreement;

h)   if the bid is for some or all of the Debtor's Assets, it must have a value to the Debtor, in the Debtor's exercise of their reasonable business judgment, after consultation with their advisors and any Official Committee, that is greater than or equal to the sum of the value offered under the Stalking Horse APA plus the amount of the Break-Up Fee and $100,000;

i)   it identifies with particularity which executory contracts and unexpired leases the Qualified Bidder wishes to assume;

j)   it contains sufficient information concerning the Qualified Bidder's ability to provide adequate assurance of performance with respect to executory contracts and unexpired leases;

k)   it includes an acknowledgement and representation that the bidder:  (A) has had an opportunity to conduct any and all required due diligence regarding the Debtor's Assets prior to making its offer; (B) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Debtor's Assets in making its bid; (C) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Debtor's Assets or the completeness of any information provided in connection therewith or with the Auction (defined below), except as expressly stated in the Purchase Agreement; and (D) is not entitled to any expense reimbursement, break-up fee, or similar type of payment in connection with its bid;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -       BID PROCEDURES

l)     it includes evidence, in form and substance reasonably satisfactory to the Debtor, of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Purchase Agreement;

m)    it is accompanied by a good faith deposit in the form of a wire transfer (to a bank account specified by the Debtor), certified check or such other form acceptable to the Debtor, payable to the order of the Debtor (or such other party as the Debtor may determine) in an amount equal to $250,000.00, which deposit shall be forfeited if such bidder is the Successful Bidder and breaches its obligation to close;

n)     it contains a detailed description of how the Qualified Bidder intends to treat current employees of the Debtor;

o)     it is for cash and not subject to any financing contingency;

p)     it contains such other information reasonably requested by the Debtor; and

q)     it is received prior to the Bid Deadline.

The Debtor, in consultation with any Official Committee, may qualify any bid as a Qualified Bid that meets the foregoing requirements. Notwithstanding the foregoing, the Stalking Horse Purchaser is deemed a Qualified Bidder and the Stalking Horse APA is deemed a Qualified Bid, for all purposes in connection with the Bidding Process, the Auction, and the Sale.

The Debtor shall notify the Stalking Horse Purchaser and all Qualified Bidders in writing as to whether or not any bids constitute Qualified Bids (and with respect to each Qualified Bidder that submitted a bid as to whether such Qualified Bidder's bid constitutes a Qualified Bid) and provide copies of the Purchase Agreements relating any such Qualified Bid to the Stalking Horse Purchaser and such Qualified Bidders no later than one (1) business day following the expiration of the Bid Deadline.

### D.    Bid Deadline

A Qualified Bidder that desires to make a bid will deliver written copies of its bid to the following parties (collectively, the "Notice Parties) (i) counsel to the Debtor:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn:  Samuel R. Maizel (samuel.maizel@dentons.com)), (ii) the Debtor's investment banker: Wilshire Pacific Capital Advisors LLC, 8447 Wilshire Blvd, Suite 202, Los Angeles, California 90211 (Attn: Eric Weissman (eweissman@wilshirepacificadvisors.com)), (iii) counsel to the Stalking Horse Purchaser:  Buchalter Nemer P.C., 1000 Wilshire Blvd, Suite 1500, Los Angeles, California 90017 (Attn: Mary H. Rose (mrose@buchalter.com)), (v) the Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Dare Law (dare.law@usdoj.gov)), and (v) counsel to any Official Committee so as to be received by the Notice Parties not later than **July 8, 2016 at 4:00 p.m.** (prevailing Pacific Time) (the "Bid Deadline").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -     BID PROCEDURES

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

### E.    Credit Bidding

Any party with a valid, properly perfected security interest in any of the Debtor's Assets may credit bid for the Debtor's Assets in connection with the Sale pursuant to Bankruptcy Code section 363(k).

### F.    Evaluation of Competing Bids

A Qualified Bid will be valued based upon several factors including, without limitation, (i) the amount of such bid, (ii) the risks and timing associated with consummating such bid, (iii) any proposed revisions to the form of Stalking Horse APA, and (iv) any other factors deemed relevant by the Debtor in its reasonable discretion, in consultation with any Official Committee.

### G.    No Qualified Bids

If the Debtor does not receive any Qualified Bids other than the Stalking Horse APA, the Debtor will not hold an auction and the Stalking Horse Purchaser will be named the Successful Bidder for the Debtor's Assets.

### H.    Auction Process

If the Debtor receives one or more Qualified Bids in addition to the Stalking Horse APA, the Debtor will conduct an auction of the Offered Assets (the "Auction"), which shall be transcribed, on **July 11, 2016** (the "Auction Date") at 10:00 a.m. (prevailing Pacific Time), at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or such other location as shall be filed with the Court at least 24 hours before the Auction. The Auction shall run in accordance with the following procedures:

a)    only the Debtor, the Stalking Horse Purchaser, Qualified Bidders who have timely submitted a Qualified Bid, the U.S. Trustee, and any Official Committee, and their respective advisors may attend the Auction;

b)    only the Stalking Horse Purchaser and the Qualified Bidders who have timely submitted a Qualified Bid will be entitled to make any subsequent bids at the Auction;

c)    each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

d)    at least one (1) business day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtor whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until the date of the selection of the Successful Bidder and the Back-Up Bidder (defined below) at the conclusion of the Auction. At least one (1) business day prior to the Auction, the Debtor will provide copies of the Qualified Bid or combination of Qualified Bids

which the Debtor believe in their reasonable discretion is the highest or otherwise best offer (the "Starting Bid") to all Qualified Bidders;

e)   all Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (defined herein) at the Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the Auction; provided that all Qualified Bidders wishing to attend the Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the Auction in person;

f)   the Debtor, after consultation with its advisors and any Official Committee, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction, provided that such rules are (i) not inconsistent with the Bidding Procedures, the Bankruptcy Code, or any order of the Court entered in connection herewith, and (ii) disclosed to each Qualified Bidder at the Auction; and

g)   bidding at the Auction will begin with the Starting Bid and continue in bidding increments (each a "Subsequent Bid") providing a net value to the Debtor's estate of at least an additional $100,000 above the prior bid. After the first round of bidding and between each subsequent round of bidding, the Debtor, after consultation with any Official Committee, shall announce the bid that they believe to be the highest or otherwise better offer (the "Leading Bid"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid. Qualified Bidders will not have the opportunity to pass. Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by Subsequent Bids, the Debtor will give effect to the Break-Up Fee payable to the Stalking Horse Purchaser as well as any additional liabilities or Cure Amounts (defined herein) to be assumed by the Stalking Horse Purchaser or a Qualified Bidder, as applicable, and any additional costs which may be imposed on the Debtor.

## I.    Selection of Successful Bid

Prior to the conclusion of the Auction, the Debtor, in consultation with its advisors and any Official Committee, will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer or offers are the highest or otherwise best from among the Qualified Bidders submitted at the Auction (one or more such bids, collectively the "Successful Bid" and the bidder(s) making such bid, collectively, the "Successful Bidder"), and communicate to the Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid. The Successful Bid may be a single Qualified Bid or multiple bids. The determination of the Successful Bid by the Debtor at the conclusion of the Auction shall be final, subject only to approval by the Court.

Unless otherwise agreed to by the Debtor and the Successful Bidder, within two (2) business days after the conclusion of the Auction, the Successful Bidder shall complete and execute all

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made.  Within twenty-four (24) hours following the conclusion of the Auction, the Debtor shall file a notice identifying the Successful Bidder(s) with the Court and shall serve such notice by fax, email, or if neither is available, by overnight mail to all counterparties whose contracts are to be assumed and assigned.

The Debtor will sell the Offered Assets to the Successful Bidder(s) pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Court at the Sale Hearing.

### J.    Return of Deposits

All deposits shall be returned to each bidder not selected by the Debtor as the Successful Bidder(s) or the Back-Up Bidder(s) no later than ten (10) business days following the conclusion of the Auction.

### K.    Back-Up Bidder

If an Auction is conducted, the Qualified Bidder or Qualified Bidders with the next highest or otherwise best Qualified Bid, as determined by the Debtor in the exercise of its business judgment, at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until the earlier of (i) approval of the Qualified Bid by the California Attorney General or (ii) one hundred (100) days after the Sale Hearing.  The Stalking Horse Purchaser may act as a Back-Up Bidder.  If the Successful Bidder fails to consummate the approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Successful Bidder will forfeit its deposit, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

### L.    Break-Up Fee

In recognition of this expenditure of time, energy, and resources, the Debtor has agreed that if the Stalking Horse Purchaser is not the Successful Bidder as to the Debtor's Assets, the Debtor will pay the Stalking Horse Purchaser at closing of the sale of the Debtor's Assets an amount in cash equal to $50,000.00 plus reimbursement of the Stalking Horse Purchaser's documented expenses (including professional fees) not to exceed $40,000.00.  The Break-Up Fee shall be payable at closing of the sale from the sale proceeds.

## III.    Sale Hearing

The Debtor will seek entry of the Sale Order from the Court at the Sale Hearing to begin at 10:00 a.m. Pacific Time on **July 13, 2016** (or at another date and time convenient to the Court) to approve and authorize the sale transaction to the Successful Bidder(s) on terms and conditions determined in accordance with the Bidding Procedures.

## IV.    Reservation

The Debtor reserves the right, as they may determine in their discretion and in accordance with their business judgment to be in the best interest of their estates, in consultation with their professionals and any Official Committee to: (i) modify the Bidding Procedures to discontinue incremental bidding and then require that any and all bidders or potential purchasers must submit their sealed, highest and best offer for the Offered Assets; (ii) determine which Qualified Bid is the highest or otherwise best bid and which is the next highest or otherwise best bid; (iii) waive terms and conditions set forth herein with respect to all potential bidders; (iv) impose additional terms and conditions with respect to all potential bidders; (v) extend the deadlines set forth herein; (vi) continue or cancel the Auction and/or Sale Hearing in open court without further notice; and (vii) implement additional procedural rules that the Debtor determines, in their reasonable business judgment and in consultation with their professionals and any Official Committee, will better promote the goals of the bidding process; provided that such modifications are (a) not inconsistent with the Bidding Procedures Order, the Bidding Procedures, the Bankruptcy Rules, the Bankruptcy Code, or any Order of the Bankruptcy Court entered in connection herewith; and (b) disclosed to each Qualified Bidder participating in the Auction.

BID PROCEDURES

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## **Exhibit 2**

### **(Significant Dates)**

- **Service of Notice of Sale Hearing:**          July 6, 2016

- **Service of Assumption/Cure Notice:**          July 6, 2016

- **Assumption/Cure Objection Deadline:**          July 12, 2016 at 4:00 p.m. (Pacific Time)

- **Bid Deadline:**          July 8, 2016 at 4:00 p.m. (Pacific Time)

- **Auction:**          July 11, 2016 at 10:00 a.m. (Pacific Time)

- **Sale Objection Deadline:**          July 12, 2016 at 4:00 p.m. (Pacific Time)

- **Sale Hearing:**          July 13, 2016 at 2:00 p.m. (Pacific Time)

**PLEASE NOTE** that if any of the Successful Bidders is <u>not</u> the Stalking Horse Purchaser, any counterparty to an Assumed Executory Contract may raise an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to such Successful Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

### Exhibit 3

2

### (Procedures Notice)

3

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| In re:<br><br>GARDENS REGIONAL HOSPITAL AND<br>MEDICAL CENTER, INC.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 2:16-bk-17463-ER |

5

6

7

8

9

### NOTICE OF SALE PROCEDURES,
### AUCTION DATE, AND SALE HEARING

10

11      **PLEASE TAKE NOTICE** that on July 1, 2016, the above-captioned debtor and debtor in possession (the "Debtor") filed the Motion of the Debtor and Debtor in Possession Pursuant to Section 105(a), 363, and 365 of the Bankruptcy Code for an Order (I)(A) Approving Procedures in Connection with the Sale of Certain of the Debtor's Assets, (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale, (C) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice Thereof, and (E) Approving Break-Up Fee; (II)(A) Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests and (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (III) Granting Related Relief (the "Motion").[4]  The Debtor seeks, among other things, to sell certain assets (the "Debtor's Assets") of the Debtor to the successful bidder(s) (the "Successful Bidder"), at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to Sections 363 and 365 of the Bankruptcy Code.

      **PLEASE TAKE FURTHER NOTICE** that, on July 5, 2016, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving the Motion and the bidding procedures (the "Bidding Procedures"), which set the key dates and times related to the Sale of the Offered Assets.  All interested bidders should carefully read the Bidding Procedures Order and the Bidding Procedures.  To the extent that there are any inconsistencies between the Bidding Procedures Order (including the Bidding Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Bidding Procedures Order shall control.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures, an auction (the "Auction") to sell the Offered Assets will be conducted on **July 11, 2016 at 10:00 a.m.** (prevailing Pacific Time) at the offices of Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, or at such other location as shall be identified in a notice filed with the Bankruptcy Court at least 24 hours before the Auction.  Within twenty four (24) hours of the conclusion of the Auction, the Debtor shall file a notice with the Bankruptcy Court identifying the Successful Bidder.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Offered Assets to the Successful Bidder (the "Sale Hearing") before the Honorable Ernest Robles, United States Bankruptcy Judge, United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los Angeles, California 90012 , Courtroom 1568, on July 13, **2016** at 10:00 a.m. (prevailing Pacific Time), or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing. Objections to the Sale shall be filed with the Bankruptcy Court and served **so as to be received no later than 4:00 p.m. (prevailing Pacific Time) on July 12, 2016** by:  (i) counsel to the Debtor:  Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com)), (ii) the Debtor's investment banker: Wilshire Pacific, 8447 Wilshire Blvd, Suite 202, Los Angeles, California 90211 (Attn: Eric Weissman (eweissman@wilshirepacificadvisors.com)), (iii) counsel to the Stalking Horse Purchaser: Buchalter Nemer P.C., 1000 Wilshire Blvd, Suite 2200 Floor, Los Angeles, California 90067 (Attn: Mary H. Rose (mrose@buchalter.com)) (v) the Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Dare Law (dare.law@usdoj.gov)), and (v) counsel to any Official Committee (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that this Notice of the Auction and Sale Hearing is subject to the full terms and conditions of the Motion, Bidding Procedures Order and Bidding Procedures, which Bidding Procedures Order shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety.  Any party that has not received a copy of the Motion or the Bidding Procedures Order that wishes to obtain a copy of the Motion, the Bidding Procedures Order (including all exhibits thereto), the Bidding Procedures, and the Stalking Horse APA, may (i) make such a request in writing to Dentons US LLP, Attn:  Samuel R. Maizel, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017 or by emailing samuel.maizel@dentons.com or by calling (213) 892-2910.

Dated:  July ___, 2016
      Los Angeles, California

**DENTONS US LLP**
Samuel R. Maizel
John A. Moe
601 S. Figueroa Street
Suite 2500
Los Angeles, California 90017
Tel:  213.623.9300
Fax:  213.623.9924
Email: samuel.maizel@dentons.com

*Proposed Attorneys for Debtor*
*and Debtor-in-Possession*

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 2 -      BID PROCEDURES

1

**Exhibit 4**

2

**(Cure Notice)**

3

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

5

| | |
|---|---|
| In re: | Chapter 11 |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, | Case No. 2:16-bk-17463-ER |
| Debtor. | |

6

7

8

9

10

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE DEBTOR
THAT MAY BE ASSUMED AND ASSIGNED**

11

12     **PLEASE TAKE NOTICE** that on July 1 2016, the above-captioned debtor and debtor in possession (the "Debtor") filed the Motion of the Debtor and Debtor in Possession Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code for an Order (I)(A) Approving Procedures in Connection with the Sale of Certain of the Debtor's Assets, (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale, (C) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice Thereof, and (E) Approving Break-Up Fee; (II)(A) Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests and (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (iii) Granting Related Relief (the "Motion").[5]

13

14

15

16

17

18     **PLEASE TAKE FURTHER NOTICE** that, on July 5, 2016, the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain of the assets (the "Debtor's Assets") of the Debtor and (ii) procedures for the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases.

19

20

21

22     **PLEASE TAKE FURTHER NOTICE** that the Motion also seeks Court approval of the sale (the "Sale") of the Offered Assets to the Successful Bidder(s), free and clear of all liens, claims, interests and encumbrances pursuant to Section 363 of the Bankruptcy Code, including the assumption by the Debtor and assignment to the buyer(s) of certain executory contracts and unexpired leases pursuant to Section 365 of the Bankruptcy Code (the "Assumed Executory Contracts"), with such liens, claims, interests and encumbrances to attach to the proceeds of the Sale with the same priority, validity and enforceability as they had prior to such Sale. Within twenty four (24) hours following the conclusion of the Auction, the Debtor shall file a notice identifying the Successful Bidder(s) with the Bankruptcy Court and serve such notice by fax, email or overnight mail to all counterparties whose contracts are to be assumed and assigned.

23

24

25

26

27

28     [5]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

BID PROCEDURES

1    Any counterparty to an Assumed Executory Contract that wishes to receive such notice by email
2    or fax, must provide their email address or fax number to Dentons US LLP, Attn:  Samuel R.
     Maizel by emailing samuel.maizel@dentons.com or calling (213) 892-2910 before the Auction.

3          **PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing")
4    to approve the Sale and authorize the assumption and assignment of the Assumed Executory
     Contracts will be held on **July 13, 2016 at** 10:00 a.**m.** (prevailing Pacific Time), before the
5    United States Bankruptcy Court for the Central District of California, 255 E. Temple St., Los
     Angeles, California 90012 , Courtroom 1568.  The Sale Hearing may be adjourned from time to
6    time without further notice to creditors or parties in interest other than by announcement of the
7    adjournment in open court on the date scheduled for the Sale Hearing.

8          **PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures
     Order, the Debtor may seek to assume an executory contract or unexpired lease to which you may
9    be a party.  The Assumed Executory Contract(s) are described on Exhibit A attached to this
10   Notice.  The amount shown on Exhibit A hereto as the "Cure Amount" is the amount, if any,
     which the Debtor assert is owed to cure any defaults existing under the Assumed Executory
11   Contract.

12         **PLEASE TAKE FURTHER NOTICE** that if you disagree with the Cure Amount
     shown for the Assumed Executory Contract(s) on Exhibit A to which you are a party, you must
13   file in writing with the United States Bankruptcy Court for the Central District of California, 255
14   E. Temple St., Los Angeles, California 90012, an objection on or before July ___, **2016 at 4:00**
     **p.m. (prevailing Pacific Time)**.  Any objection must set forth the specific default or defaults
15   alleged and set forth any cure amount as alleged by you.  If a contract or lease is assumed and
     assigned pursuant to a Court order approving same, then unless you properly file and serve an
16   objection to the Cure Amount contained in this Notice, you will receive at the time of the closing
     of the sale (or as soon as reasonably practicable thereafter), the Cure Amount set forth herein, if
17   any.  Any counterparty to an Assumed Executory Contract that fails to timely file and serve an
18   objection to the Cure Amounts shall be forever barred from asserting that a Cure Amount is owed
     in an amount in excess of the amount, if any, set forth in the attached Exhibit A.

19         **PLEASE TAKE FURTHER NOTICE** that if you have any other objection to the
20   Debtor's assumption and assignment of the Assumed Executory Contract (including an objection
     based on adequate assurance of future performance by the Stalking Horse Purchaser[6] under the
21   Assumed Executory Contract) to which you may be a party, you also must file that objection in
22   writing no later than 4:00 p.m. (prevailing Pacific Time) on **July ___, 2016 at 4:00 p.m.**
     **(prevailing Pacific Time)** provided, however, that if any Successful Bidder is not the Stalking
23   Horse Purchaser, any counterparty to an Assumed Executory Contract may raise an objection to
     the assumption and assignment of the Assumed Executory Contract solely with respect to such
24   Successful Bidder's ability to provide adequate assurance of future performance under the
     Assumed Executory Contract at the Sale Hearing, or any time before the Sale Hearing.

25         **PLEASE TAKE FURTHER NOTICE** that any objection you may file must be served
26   so as to be received by the following parties by the applicable objection deadline date and time (i)

27   _____
     [6]    The Stalking Horse Purchaser is Promise Hospital of East Los Angeles, L.P.

28                                              - 2 -          BID PROCEDURES

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

counsel to the Debtor: Dentons US LLP, 601 S. Figueroa Street, Suite 2500, Los Angeles, CA 90017 (Attn: Samuel R. Maizel (samuel.maizel@dentons.com)), (ii) the Debtor's investment banker: Wilshire Pacific Capital Advisors LLC, 8447 Wilshire Blvd, Suite 202, Los Angeles, California 90211 (Attn: Eric Weissman (eweissman@wilshirepacificadvisors.com)), (iii) counsel to the Stalking Horse Purchaser: Buchalter Nemer P.C., 1000 Wilshire Blvd, Suite 1500, Los Angeles, California 90017 (Attn: Mary H. Rose (mrose@buchalter.com)), (v) the Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017 (Attn: Dare Law (dare.law@usdoj.gov)), and (v) counsel to any Official Committee (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under Sections 365(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in connection with the proposed assignment of any Assumed Executory Contract. The Court shall make its determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtor and the counterparty cannot resolve the Cure Amount, the Debtor shall segregate from the proceeds of sale any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, except to the extent otherwise provided in the Purchase Agreement with the Successful Bidder(s), pursuant to Section 365(k) of the Bankruptcy Code, the Debtor and its estate shall be relieved of all liability accruing or arising after the effective date of assumption and assignment of the Assumed Executory Contracts.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtor to assume any Assumed Executory Contracts or to pay any Cure Amount.[7]

PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE AN OBJECTION AS STATED ABOVE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITH NO FURTHER NOTICE.

ANY COUNTERPARTY TO ANY ASSUMED EXECUTORY CONTRACT WHO DOES NOT FILE A TIMELY OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED EXECUTORY CONTRACT IS DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT.

---

[7] "Assumed Executory Contracts" are those Contracts and Leases that the Debtor believes may be assumed and assigned as part of the orderly transfer of the Offered Assets; however, the Successful Bidder may choose to exclude certain of the Debtor's Contracts or Leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such Contracts and Leases not to be assumed by the Debtor.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   Dated:  July ___, 2016                         **DENTONS US LLP**
            Los Angeles, California                 Samuel R. Maizel
2                                                    John A. Moe
                                                     601 S. Figueroa Street
3                                                    Suite 2500
                                                     Los Angeles, California 90017
4                                                    Tel:  213.623.9300
                                                     Fax:  213.623.9924
5                                                    Email: samuel.maizel@dentons.com

6                                                    *Proposed Attorneys for Debtor*
                                                     *and Debtor-in-Possession*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                          - 4 -       BID PROCEDURES

1

## **Exhibit A**

2

**(Assumed Executory Contracts)**