**ORIGINAL**

1  KAMALA D. HARRIS
   Attorney General of California
2  TANIA M. IBANEZ
   Senior Assistant Attorney General
3  WENDI A. HORWITZ
   Deputy Attorney General
4  State Bar No. 136021
     300 South Spring Street, Suite 1702
5    Los Angeles, CA 90013
     Telephone: (213) 897-2178
6    Fax: (213) 897-7605
     E-mail: wendi.horwitz@doj.ca.gov
7  *Attorneys for Kamala D. Harris, Attorney General*
   *of California*
8

FILED
JUL - 8 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

9              IN THE UNITED STATES BANKRUPTCY COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                    LOS ANGELES DIVISION

12

13  | **In re:** | CASE NO. 2:16-bk-17463-ER |
14  | | |
    | **GARDENS REGIONAL HOSPITAL** | Chapter 11 |
15  | **AND MEDICAL CENTER, INC.,** | |
    | **dba GARDENS REGIONAL** | **CALIFORNIA ATTORNEY GENERAL'S** |
16  | **HOSPITAL AND MEDICAL** | **LIMITED OBJECTION TO THE FORM** |
    | **CENTER, INC.,** | **OF THE PROPOSED SALE APPROVAL** |
17  | | **ORDER; EXHIBIT A** |
    | Debtor. | [Relates to Docket No. 142] |
18  | | Hearing: July 13, 2016 |
    | | Time: 10:00 a.m. |
19  | | Courtroom: 1568 |
    | | Place: U.S. Bankruptcy Court |
20  | | 255 East Temple Street |
    | | Los Angeles, CA 90012 |
21  | | |
22  | | Judge Ernest M. Robles |

23      Kamala D. Harris, Attorney General of the State of California, (California Attorney

24  General) respectfully submits this Limited Objection in response to the Debtor's motion for the

25  sale of certain assets to Promise Hospital of East Los Angeles, L.P. or other successful bidder as

26  requested in Debtor's "Notice of Motion and Motion of the Debtor and Debtor in Possession

27  pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code for an Order (1)(A) Approving

28

1

Procedures in Connection with the Sale of Certain of the Debtor's Assets; (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (C)Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notice Thereof; (E) Approving Break-Up Fee; and (F) Granting Related Relief; And (II)(A) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief" filed July 1, 2016 [Docket No. 142].[1]  The California Attorney General does not object to the sale of certain of the Debtor's assets set out in the motion.    Rather, the California Attorney General's objection is limited to the provisions of the "Order (A) Authorizing the Sale of Certain Assets Pursuant to One or ore Successful Bidder's Asset Purchase Agreements(s) Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (b) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (C) Granting Related Relief" (Authorizing Order) that was attached as Exhibit D to the Debtor's July 1, 2016 motion for an order authorizing the sale.  The California Attorney General requests modification of the proposed order as set forth below.

### A.    Debtor is Subject to California Attorney General's Authority

Debtor Gardens Regional Hospital and Medical Center, Inc., a nonprofit public benefit corporation, leases and operates a 137-bed general acute care hospital in Hawaiian Gardens, California.  The proposed Asset Purchase Agreement (attached as Exhibit B to the to the Debtor's July 1, 2016 motion for an order authorizing the sale) clearly acknowledges that the California Attorney General's consent or waiver for the sale is required in sections 6.7, 7.4, and 8.4.

---

[1]  By filing this Limited Objection, the State of California does not waive its immunity under the Eleventh Amendment of the United States Constitution.

Accordingly, the California Attorney General requests that this Court include the below language

in its Authorizing Order approving any sale of certain of the Debtor's assets.

**B.      Authority of the California Attorney General over Nonprofit Public Benefit Corporations**

Kamala D. Harris is the duly elected Attorney General of the State of California and is the

chief law officer of the State.  (Cal. Const., art. V, § 13.)[2]  The California Attorney General has

broad constitutional, common law and statutory powers under the state constitution to protect the

public. (California Constitution, art. V, §13; D 'Amico v. Board of Medical Examiners, 11 Cal.3d

1, 14-15 (1974); 112 Cal.Rptr. 786.)  The California Attorney General is charged with the

supervision and regulation of nonprofit corporations and other charitable trusts in this state.  (Cal.

Govt. Code, § 12598.)  As part of the California Attorney General's supervisory and regulatory

authority, any nonprofit corporation that is subject to the Nonprofit Public Benefit Corporation

Law (Cal. Corp. Code, § 5110 *et seq.*) and operates or controls a health facility, as defined in

Section 1250 of the California Health and Safety Code, or operates or controls a facility that

provides similar health care, is required to provide written notice to, and to obtain the written

consent of, the California Attorney General prior to entering into any agreement or transaction to

sell a material amount of its assets to a for-profit corporation. (Cal. Corp. Code, § 5914.)  The

California Attorney General has three options in acting upon this notice: Approve; Disapprove;

Approve with conditions. (Cal. Corp. Code, §§ 5915, 5917.)   The California Attorney General is

required by law to consider a number of issues before deciding among these options.  (Cal. Corp.

Code, § 5917.) These issues range from technical legal matters to the broad question of whether

the transaction is in the public interest.  The most significant question is often whether the

_____

[2] A copy of all referenced California laws are attached as Exhibit A.

proposed transaction will adversely affect the availability and accessibility of health care services to the affected community.

The United States Supreme Court has held that the Bankruptcy Act does not preempt "a state statute or regulation that is reasonably designed to protect the public health or safety. . ." (Midlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494, 507 (1986), 106 S.Ct. 755.) The bankruptcy laws should not be used to place buyers in a position that they are above the law, leaving the public at risk without the protection of important public health and safety laws. (Zerand-Bernal, Inc. v. Cox, 23 F.3d 159, 163 (7th Cir. 1994).) "[F]ederal bankruptcy preemption is more likely (1) where a state statute facially or purposefully carves an exception out of the Bankruptcy Code, or (2) where a state statute is concerned with economic regulation rather than with protecting the public health and safety." (Baker & Drake, Inc. v. Public Serv. Comm. of Nevada, 35 F.3d 1348, 1353 (9th Cir. 1994) (holding that the Bankruptcy Code did not preempt Nevada's ban on taxi leasing, a regulation intended to secure the public convenience and safety).) In enacting this legislation concerning health facilities owned by nonprofit corporations, the California Legislature made findings and declarations:

> (c) Charitable, nonprofit health facilities have a substantial and beneficial effect on the provision of health care to the people of California, providing as part of their charitable mission uncompensated care to uninsured low-income families, and under-compensated care to the poor, elderly, and disabled. (d) Transfers of the assets of nonprofit, charitable health facilities to the for-profit sector, such as by sale, joint venture, or other sharing of assets, directly affect the charitable use of those assets and may affect the availability of community health care services.

> (Cal. Corp. Code, Ch. 9, Note,§1, Stats 1996 ch 1105.)

**C. Language in Order to Expressly Acknowledge and Not Limit the California Attorney General's Authority**

The California Attorney General's regulatory authority is related to the public health, safety, and welfare of the people of California.  Under the California Attorney General's regulatory enforcement authority, the California Attorney General's approval is needed for any sale of the certain of the debtor's assets that includes the operation and control of a health facility, as defined in California Health and Safety Code section 1250, that includes a general acute care hospital, such as Gardens Regional Hospital and Medical Center.  The California Attorney General understands that the language and normal usage of the words "liens," "claims," and "interests" in the certain of the debtor's assets as provided in the Authorizing Order are not intended to and do not encompass any conditions the California Attorney General's may require in her consent or waiver to the sale.  Nevertheless, in order to eliminate any possible ambiguity or uncertainty and to acknowledge and not limit the California Attorney General's regulatory enforcement authority, the California Attorney General requests that this Court's Authorizing Order include the following language:

> Nothing in this Order or the Final Asset Purchase Agreement is intended to be or shall be construed as an adjudication of the applicability of the California Attorney General's authority or conditions issued under California Corporations Code section 5914 *et seq.*, in relation to the sale of certain of the Debtor's assets including, but not limited to, the lease of the health facility located at 21530 South Pioneer Boulevard, Hawaiian Gardens, California, to the following listed persons and entities:  the Debtor; the Trustee; the Buyer; any licensee to operate a health facility (as defined in Section 1250 of the California Health and Safety Code) located at 21530 South Pioneer Boulevard, Hawaiian Gardens, California; or any of their assignees, affiliates, lessees, sublessees, or successors in interest.  The California Attorney General and these listed persons and entities reserve all rights and defenses concerning the applicability of the California Attorney General's Authority or conditions issued under California Corporations Code section 5914 *et seq.*

5

1

2   Nothing in this Order or the Final Asset Purchase Agreement releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including, but not limited to,

3   charitable trust laws such as California Corporations Code section 5914 *et seq.*), and any associated liabilities for penalties, damages, cost recovery, or injunctive

4   relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing contained in this Order

5   or in the Asset Purchase Agreement shall in any way diminish the obligation of any entity, including the Debtor, to comply with charitable trust laws. Nothing in

6   this Order or the Asset Purchase Agreement authorizes the transfer to the Buyer of any licenses, permits, registrations, or governmental authorizations and approvals

7   without the Buyer's compliance with all applicable legal requirements under charitable trust laws governing such transfers.

8

9

10  Dated: July 8, 2016                                    Respectfully submitted,

11                                                         KAMALA D. HARRIS
                                                           Attorney General of California
12                                                         TANIA M. IBANEZ
                                                           Senior Assistant Attorney General

13

14                                                         WENDI A. HORWITZ
                                                           Deputy Attorney General
15                                                         *Attorneys for Kamala D. Harris,*
                                                           *Attorney General of California*

16

17

18

19

20

21

22

23

24

25

26

27

28

# CALIFORNIA CONSTITUTION

[*Lieutenant Governor—Qualifications—Casting Vote*]

SEC. 9.   The Lieutenant Governor shall have the same qualifications as the Governor. The Lieutenant Governor is President of the Senate but has only a casting vote. [*As amended November 5, 1974.*]

[*Succession*]

SEC. 10.   The Lieutenant Governor shall become Governor when a vacancy occurs in the office of Governor.

The Lieutenant Governor shall act as Governor during the impeachment, absence from the State, or other temporary disability of the Governor or of a Governor-elect who fails to take office.

The Legislature shall provide an order of precedence after the Lieutenant Governor for succession to the office of Governor and for the temporary exercise of the Governor's functions.

The Supreme Court has exclusive jurisdiction to determine all questions arising under this section.

Standing to raise questions of vacancy or temporary disability is vested exclusively in a body provided by statute. [*As amended November 5, 1974.*]

[*Other State Officers—Election—Number of Terms*]

SEC. 11.   The Lieutenant Governor, Attorney General, Controller, Secretary of State, and Treasurer shall be elected at the same time and places and for the same term as the Governor. No Lieutenant Governor, Attorney General, Controller, Secretary of State, or Treasurer may serve in the same office for more than 2 terms. [*As amended November 6, 1990. Initiative measure.*]

SEC. 12.   [*Repealed June 5, 1990.*]

[*Attorney General—Chief Law Officer*]

SEC. 13.   Subject to the powers and duties of the Governor, the Attorney General shall be the chief law officer of the State. It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable. Whenever in the opinion of the Attorney General any law of the State is not being adequately enforced in any

county, it shall be the duty of the Attorney General to prosecute any violations of law of which the superior court shall have jurisdiction, and in such cases the Attorney General shall have all the powers of a district attorney. When required by the public interest or directed by the Governor, the Attorney General shall assist any district attorney in the discharge of the duties of that office. [As amended November 5, 1974.]

[State Officers—Conflict of Interest—Prohibited Compensation—Earned Income]

SEC. 14.    (a)  To eliminate any appearance of a conflict with the proper discharge of his or her duties and responsibilities, no state officer may knowingly receive any salary, wages, commissions, or other similar earned income from a lobbyist or lobbying firm, as defined by the Political Reform Act of 1974, or from a person who, during the previous 12 months, has been under a contract with the state agency under the jurisdiction of the state officer. The Legislature shall enact laws that define earned income. However, earned income does not include any community property interest in the income of a spouse. Any state officer who knowingly receives any salary, wages, commissions, or other similar earned income from a lobbyist employer, as defined by the Political Reform Act of 1974, may not, for a period of one year following its receipt, vote upon or make, participate in making, or in any way attempt to use his or her official position to influence an action or decision before the agency for which the state officer serves, other than an action or decision involving a bill described in subdivision (c) of Section 12 of Article IV, which he or she knows, or has reason to know, would have a direct and significant financial impact on the lobbyist employer and would not impact the public generally or a significant segment of the public in a similar manner. As used in this subdivision, "public generally" includes an industry, trade, or profession.

[State Officers—Honoraria]

(b)  No state officer may accept any honorarium. The Legislature shall enact laws that implement this subdivision.

[State Officers—Gifts—Conflict of Interest]

(c)  The Legislature shall enact laws that ban or strictly limit the acceptance of a gift by a state officer from any source if the acceptance of the gift might create a conflict of interest.

[State Officers—Prohibited Compensation or Activity]

(d)  No state officer may knowingly accept any compensation for appearing, agreeing to appear, or taking any other action on behalf of another person before any state government board or agency. If a state officer

# CALIFORNIA GOVERNMENT CODE

### § 12592.  Application of article

This article shall apply regardless of any contrary provisions of any instrument.  *(Added by Stats.1959, c. 1258, p. 3399, § 2, eff. June 30, 1959.)*

### § 12593.  Furnishing copies of instruments and records to Attorney General; duty of custodian of records

Every person who offers for probate any instrument which establishes a testamentary trust of property for charitable purposes or who records in any county or city and county any inter vivos transfer of property for charitable purposes shall furnish a copy of such document to the Attorney General.  The custodian of the records of a court having jurisdiction of probate matters or of charitable trusts shall furnish such copies of papers, records and files of his office relating to the subject of this article as the Attorney General requires.  *(Added by Stats.1959, c. 1258, p. 3399, § 2, eff. June 30, 1959.)*

### § 12594.  Filing of applications for tax exemption

Every officer, agency, board, or commission of this State receiving applications for exemption from taxation of any corporation, charitable trust or similar relationship in which the corporation or trustee is subject to this article shall annually file with the Attorney General a list of all applications received during the year.  *(Added by Stats.1959, c. 1258, p. 3399, § 2, eff. June 30, 1959.)*

### § 12595.  Construction of act

This act shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.  *(Added by Stats.1959, c. 1258, p. 3399, § 2, eff. June 30, 1959.)*

### § 12596.  Civil actions by Attorney General; time for commencement

* * * (a) A civil action brought by the Attorney General against trustees or other persons holding property in trust for charitable purposes or against any charitable corporation or any director or officer thereof to enforce a charitable trust or to impress property with a trust for charitable purposes or to recover property or the proceeds thereof for and on behalf of any charitable trust or corporation, may be brought at any time within * * * 10 years after the cause of action * * * accrued.

(b) A civil action brought by the Attorney General for a violation of this article, pursuant to Section 2223 or 2224 of the Civil Code, or pursuant to Division 2 (commencing with Section 5000) of Title 1 of the Corporations Code, may be brought at any time within 10 years after the cause of action accrued.

(c) Notwithstanding Section 12581, the Attorney General may bring a civil action against a person who aids or abets a violation of this article. Section 2223 or 2224 of the Civil Code, or Article 3 (commencing with Section 5230) of Chapter 2 of Part 2 of Division 2 of Title 1 of the Corporations Code, at any time within 10 years after the cause of action accrued.  *(Added by Stats.1965, c. 1129, p. 2776, § 1.  Amended by Stats.2015, c. 299 (A.B.556), § 3, eff. Jan. 1, 2016.)*

### § 12597.  Provision in judgment in action to secure compliance to pay reasonable expenses incurred by state

In any proceeding brought by the Attorney General to secure compliance with the provisions of Sections 12584 to 12587, inclusive, or any regulation issued pursuant thereto, the judgment, if in favor of the state, shall provide that the person having the responsibility or duty to comply with such provisions on behalf of any charitable trust or charitable corporation, shall pay the reasonable expense necessarily incurred by the state in the investigation and prosecution of such action.  *(Added by Stats.1969, c. 490, p. 1098, § 1.)*

### § 12598.  Supervision of charitable trusts; enforcement

(a) The primary responsibility for supervising charitable trusts in California, for ensuring compliance with trusts and articles of incorporation, and for protection of assets held by charitable trusts and public benefit corporations, resides in the Attorney General.  The Attorney General has broad powers under common law and California statutory law to carry out these charitable trust enforcement responsibilities.  These powers include, but are not limited to, charitable trust enforcement actions under all of the following:

(1) This article.

(2) Title 8 (commencing with Section 2223) of Part 4 of Division 3 of the Civil Code.

(3) Division 2 (commencing with Section 5000) of Title 1 of the Corporations Code.

(4) Sections 8111, 11703, 15004, 15409, 15680 to 15685, inclusive, 16060 to 16062, inclusive, 16064, and 17200 to 17210, inclusive, of the Probate Code.

(5) Chapter 5 (commencing with Section 17200) of Part 2 of Division 7 of the Business and Professions Code, and Sections 17500 and 17535 of the Business and Professions Code.

(6) Sections 319, 326.5, and 532d of the Penal Code.

(b) The Attorney General shall be entitled to recover from defendants named in a charitable trust enforcement action all reasonable attorney's fees and actual costs incurred in conducting that action, including, but not limited to, the costs of auditors, consultants, and experts employed or retained to assist with the investigation, preparation, and presentation in court of the charitable trust enforcement action.

(c) Attorney's fees and costs shall be recovered by the Attorney General pursuant to court order.  When awarding attorneys' fees and costs, the court shall order that the attorney's fees and costs be paid by the charitable organization and the individuals named as defendants in or otherwise subject to the action, in a manner that the court finds to be equitable and fair.

(d) Upon a finding by the court that a lawsuit filed by the Attorney General was frivolous or brought in bad faith, the court may award the defendant charity the costs of that action.

(e)(1) The Attorney General may refuse to register or may revoke or suspend the registration of a charitable corporation or trustee, commercial fundraiser, fundraising counsel, or coventurer whenever the Attorney General finds that the charitable corporation or trustee, commercial fundraiser, fundraising counsel, or coventurer has violated or is operating in violation of any provisions of this article.

(2) All actions of the Attorney General shall be taken subject to the rights authorized pursuant to Chapter 4.5 (commencing with Section 11400) of Part 1 of Division 3 of Title 2.  *(Added by Stats.1987, c. 892, § 2.  Amended by Stats.1988, c. 1199, § 15, operative July 1, 1989;  Stats.2000, c. 475 (S.B.2015), § 5;  Stats.2003, c. 159 (A.B.1759), § 6, eff. Aug. 2, 2003;  Stats.2004, c. 183 (A.B.3082), § 144.)*

#### Law Revision Commission Comments

Section 12598 is amended to correct section references [19 Cal.L.Rev. Comm. Reports 1037 (1988)].

### § 12599.  Commercial fundraiser for charitable purposes; definition;  registration;  fees;  annual financial report;  contents;  violation;  penalty;  accounting;  notice requirement for certain solicitations;  contract requirement;  conflict of interest

(a) "Commercial fundraiser for charitable purposes" means any individual, corporation, unincorporated association, or other legal entity who for compensation does any of the following:

(1) Solicits funds, assets, or property in this state for charitable purposes.

# CALIFORNIA CORPORATIONS CODE

## § 5080.  Written ballot

"Written ballot" does not include a ballot distributed at a special or regular meeting of members. *(Added by Stats. 1978, c. 567, p. 1740, § 4, operative Jan. 1, 1980.)*

# Part 2

# NONPROFIT PUBLIC BENEFIT CORPORATIONS

| Chapter | | Section |
|---|---|---|
| 1. | Organization and Bylaws | 5110 |
| 2. | Directors and Management | 5210 |
| 3. | Members | 5310 |
| 4. | Distributions | 5410 |
| 5. | Meetings and Voting | 5510 |
| 6. | Voting of Memberships | 5610 |
| 7. | Members' Derivative Actions | 5710 |
| 8. | Amendment of Articles | 5810 |
| 9. | Sales of Assets | 5910 |
| 10. | Mergers | 6010 |
| 11. | Bankruptcy Reorganizations and Arrangements | 6110 |
| 12. | Required Filings by Corporation or its Agent | 6210 |
| 13. | Records, Reports, and Rights of Inspection | 6310 |
| 14. | Service of Process | 6410 |
| 15. | Involuntary Dissolution | 6510 |
| 16. | Voluntary Dissolution | 6610 |
| 17. | General Provisions Relating to Dissolution | 6710 |
| 18. | Crimes and Penalties | 6810 |
| 19. | Foreign Corporations | 6910 |

### Cross References

Agreement to cooperate with a nonprofit cooperating association, see Public Resources Code § 513.

California Endowment for Marine Preservation, see Public Resources Code § 71530.

Massage facilities, see Business and Professions Code § 4600.

Nonprofit community service organizations engaged in prorating activities, exemption from regulation, eligibility criteria, see Financial Code § 12104.

State student loan guarantee program assets and liabilities, cooperation of auxiliary organization with Director of Finance notwithstanding this Part, see Education Code § 69521.5.

# CHAPTER 1.   ORGANIZATION AND BYLAWS

| Article | | Section |
|---|---|---|
| 1. | Title and Purposes | 5110 |
| 2. | Formation | 5120 |
| 3. | Articles of Incorporation | 5140 |
| 4. | Powers | 5150 |
| 5. | Bylaws | 5160 |
| 6. | Location and Inspection of Articles and Bylaws | 5160 |

## ARTICLE 1.   TITLE AND PURPOSES

**Section**
5110.  Citation of part.
5111.  Public or charitable purposes.

### Cross References

Certificate of correction, agreements, certificates or instruments, see Corporations Code § 5007.

Common trust funds, establishment by corporation organized for charitable or eleemosynary purposes, see Corporations Code § 10250.

Corporations existing January 1, 1873, election to continue under prior code provision, see Corporations Code § 9926.

Corporations organized for charitable or eleemosynary purposes, see Corporations Code § 10200.

Corporations organized under or subject to this part, applicability of part 1, see Corporations Code § 5003.

Corporations subject to this part, see Corporations Code § 9911.

General provisions and definitions governing construction of this part, see Corporations Code § 5002 et seq.

Hospital service plan, formation under this part, see Corporations Code § 10840.

Mailing, see Corporations Code § 5009.

Mutual benefit corporations, see Corporations Code § 7110 et seq.

Nonprofit health care service plans, see Corporations Code § 10820.

Nonprofit medical services corporations, see Corporations Code § 10810.

Nonprofit public benefit corporation or public benefit corporation, defined, see Corporations Code § 5060.

Organization under this part, see Corporations Code § 10820.

Rights, privileges and powers of corporations suspended under prior law, see Corporations Code § 9927.

Small business development corporations, application of this part, see Corporations Code § 14011.

Societies for prevention of cruelty to children and animals, see Corporations Code § 10400.

## § 5110.  Citation of part

This part shall be known and may be cited as the Nonprofit Public Benefit Corporation Law. *(Added by Stats.1978, c. 567, p. 1750, § 5, operative Jan. 1, 1980.)*

### Cross References

Authorized insurance, pooling arrangement of self-insured claims, resources, see Corporations Code § 5005.1.

Corporation defined, see Corporations Code § 5046.

Small business development corporations, applicability of this part, see Corporations Code § 14011.

## § 5111.  Public or charitable purposes

Subject to any other provisions of law of this state applying to the particular class of corporation or line of activity, a corporation may be formed under this part for any public or charitable purposes. *(Added by Stats. 1978, c. 567, p. 1750, § 5, operative Jan. 1, 1980.  Amended by Stats.1979, c. 724, p. 2232, § 11.4, operative Jan. 1, 1980.)*

### Cross References

Articles of incorporation as evidence, see Corporations Code § 5133.

Formation of corporation, see Corporations Code § 5120 et seq.

## ARTICLE 2.   FORMATION

**Section**
5120.  Articles of incorporation; execution; filing; signatures and acknowledgments; corporate existence; copies.
5121.  Unincorporated associations; change of status to corporations; authorization.
5122.  Names; prohibitions; certificate of approval; misleading or deceptive names; injunctions; certificate of reservation.

Statement in proxy of matter to be voted on or list of nominees, see Corporations Code § 5613.

## § 5912.   Certificate of compliance and approval

Any deed or instrument conveying or otherwise transferring any assets of a corporation may have annexed to it the certificate of the secretary or an assistant secretary of the corporation, setting forth that the transaction has been validly approved by the board, that the notice, if any, required by Section 5913 has been given and (a) stating that the property described in such deed or instrument is less than substantially all of the assets of the corporation or that the transfer is in the usual and regular course of the business of the corporation, if such be the case, or (b) if such property constitutes all or substantially all of the assets of the corporation and the transfer is not in the usual and regular course of the business of the corporation, stating the fact of approval thereof by the members (Section 5034).  Such certificate is prima facie evidence of the existence of the facts authorizing such conveyance or other transfer of the assets and conclusive evidence in favor of any purchaser or encumbrancer for value who, without notice of any trust restriction applicable to the property or any failure to comply therewith, in good faith parted with value.  (Added by Stats.1978, c. 567, p. 1750, § 5, operative Jan. 1, 1980.)

## § 5913.   Notice to Attorney General

Except for an agreement or transaction subject to Section 5914 or 5920, a corporation shall give written notice to the Attorney General 20 days before it sells, leases, conveys, exchanges, transfers or otherwise disposes of all or substantially all of its assets unless the transaction is in the usual and regular course of its activities or unless the Attorney General has given the corporation a written waiver of this section as to the proposed transaction.  This section shall not apply to a public benefit corporation that is exempt from the supervisory authority of the Attorney General pursuant to Sections 12581 and 12583 of the Government Code by virtue of being a committee, as defined in Section 82013 of the Government Code, that is required to and does file any statement pursuant to the provisions of Article 2 (commencing with Section 82200) of Chapter 4 of Title 9 of the Government Code. (Added by Stats.1978, c. 567, p. 1750, § 5, operative Jan. 1, 1980.  Amended by Stats.1996, c. 1105 (A.B.3101), § 3; Stats.1999, c. 850 (A.B.254), § 1; Stats.2011, c. 442 (A.B. 1211), § 7.)

### Cross References

Attorney general, supervision of trustees for charitable purposes, see Government Code § 12580 et seq.

## ARTICLE 2.   HEALTH FACILITIES

Section
5914.   Sale or other transfer of assets or changes in governing body; notice to, and consent of, attorney general.
5915.   Grant or refusal of consent; written notice; time period; extension.
5916.   Public meetings; notice of time and place.
5917.   Decisional discretion of attorney general; considerations.

Section
5917.5.   Health facility agreements or transactions restricting type or level of medical services; prohibition on consent by Attorney General.
5918.   Regulations; authority to adopt.
5919.   Contracts with consultants or experts; reimbursement for review, evaluation, and determination costs.
5920.   Sale or other transfer of assets or change in governing body; notice to, and consent of, attorney general.
5921.   Grant or refusal of consent; time period; extension.
5922.   Public meetings; notice of time and place.
5923.   Decisional discretion of Attorney General; factors considered.
5924.   Contracts with consultants or experts; reimbursement for review, evaluation, and determination costs.
5925.   Regulations implementing §§ 5920 to 5924.
5930.   Plan for evaluation of additional standards for private, not-for-profit hospitals.

### Cross References

Application of this Article to mutual benefit corporations, see Corporations Code § 7914.

Application of this Article to nonprofit religious corporations, see Corporations Code § 9634.

## § 5914.   Sale or other transfer of assets or changes in governing body; notice to, and consent of, attorney general

(a)(1)  Any nonprofit corporation that is defined in Section 5046 and operates or controls a health facility, as defined in Section 1250 of the Health and Safety Code, or operates or controls a facility that provides similar health care, shall be required to provide written notice to, and to obtain the written consent of, the Attorney General prior to entering into any agreement or transaction to do either of the following:

(A)  Sell, transfer, lease, exchange, option, convey, or otherwise dispose of, its assets to a for-profit corporation or entity or to a mutual benefit corporation or entity when a material amount of the assets of the nonprofit corporation are involved in the agreement or transaction.

(B)  Transfer control, responsibility, or governance of a material amount of the assets or operations of the nonprofit corporation to any for- profit corporation or entity or to any mutual benefit corporation or entity.

(2)  The substitution of a new corporate member or members that transfers the control of, responsibility for, or governance of the nonprofit corporation shall be deemed a transfer for purposes of this article.  The substitution of one or more members of the governing body, or any arrangement, written or oral, that would transfer voting control of the members of the governing body, shall also be deemed a transfer for purposes of this article.

(b)  The notice to the Attorney General provided for in this section shall include and contain the information the Attorney General determines is required.  The notice, including any other information provided to the Attorney General under this article, and that is in the public file, shall be made available by the Attorney General to the public in written form, as soon as is practicable after it is received by the Attorney General.

**§ 5914**                    NONPROFIT CORPORATION LAW

(c) This section shall not apply to a nonprofit corporation if the agreement or transaction is in the usual and regular course of its activities or if the Attorney General has given the corporation a written waiver of this section as to the proposed agreement or transaction.

(d) This section shall apply to any foreign nonprofit corporation that operates or controls a health facility, as defined in Section 1250 of the Health and Safety Code, or a facility that provides similar health care. *(Added by Stats. 1996, c. 1105 (A.B.3101), § 4. Amended by Stats.1999, c. 850 (A.B.254), § 2; Stats.2002, c. 427 (A.B.890), § 1.)*

**Cross References**

Health facilities, agreements or transactions restricting type or level of medical services, Attorney General consent, see Corporations Code § 5917.5.

**§ 5915.   Grant or refusal of consent; written notice; time period; extension**

Within 60 days of the receipt of the written notice required by Section 5914, the Attorney General shall notify the public benefit corporation in writing of the decision to consent to, give conditional consent to, or not consent to the agreement or transaction.   The Attorney General may extend this period for one additional 45–day period if any of the following conditions are satisfied:

(a) The extension is necessary to obtain information pursuant to subdivision (a) of Section 5919.

(b) The proposed agreement or transaction is substantially modified after the first public meeting conducted by the Attorney General in accordance with Section 5916.

(c) The proposed agreement or transaction involves a multifacility health system serving multiple communities, rather than a single facility. *(Added by Stats.1996, c. 1105 (A.B.3101), § 4. Amended by Stats.1999, c. 850 (A.B.254), § 3.)*

**§ 5916.   Public meetings; notice of time and place**

Prior to issuing any written decision referred to in Section 5915, the Attorney General shall conduct one or more public meetings, one of which shall be in the county in which the facility is located, to hear comments from interested parties. At least 14 days before conducting the public meeting, the Attorney General shall provide written notice of the time and place of the meeting through publication in one or more newspapers of general circulation in the affected community and to the board of supervisors of the county in which the facility is located.   If a substantive change in the proposed agreement or transaction is submitted to the Attorney General after the initial public meeting, the Attorney General may conduct an additional public meeting to hear comments from interested parties with respect to that change. *(Added by Stats.1996, c. 1105 (A.B.3101), § 4. Amended by Stats. 1999, c. 850 (A.B.254), § 4.)*

**§ 5917.   Decisional discretion of attorney general; considerations**

The Attorney General shall have discretion to consent to, give conditional consent to, or not consent to any agreement or transaction described in subdivision (a) of Section 5914. In making the determination, the Attorney General shall

consider any factors that the Attorney General deems relevant, including, but not limited to, whether any of the following apply:

(a) The terms and conditions of the agreement or transaction are fair and reasonable to the nonprofit corporation.

(b) The agreement or transaction will result in inurement to any private person or entity.

(c) Any agreement or transaction that is subject to this article is at fair market value.   In this regard, "fair market value" means the most likely price that the assets being sold would bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and in their own best interest, and a reasonable time being allowed for exposure in the open market.

(d) The market value has been manipulated by the actions of the parties in a manner that causes the value of the assets to decrease.

(e) The proposed use of the proceeds from the agreement or transaction is consistent with the charitable trust on which the assets are held by the health facility or by the affiliated nonprofit health system.

(f) The agreement or transaction involves or constitutes any breach of trust.

(g) The Attorney General has been provided, pursuant to Section 5250, with sufficient information and data by the nonprofit corporation to evaluate adequately the agreement or transaction or the effects thereof on the public.

(h) The agreement or transaction may create a significant effect on the availability or accessibility of health care services to the affected community.

(i) The proposed agreement or transaction is in the public interest. *(Added by Stats.1996, c. 1105 (A.B.3101), § 4. Amended by Stats.2002, c. 427 (A.B.890), § 2.)*

**§ 5917.5.   Health facility agreements or transactions restricting type or level of medical services; prohibition on consent by Attorney General**

The Attorney General shall not consent to a health facility agreement or transaction pursuant to Section 5914 or Section 5920 in which the seller restricts the type or level of medical services that may be provided at the health facility that is the subject of the agreement or transaction. *(Added by Stats. 2003, c. 65 (S.B.932), § 1.)*

**§ 5918.   Regulations; authority to adopt**

The Attorney General may adopt regulations implementing this article. *(Added by Stats.1996, c. 1105 (A.B.3101), § 4.)*

**§ 5919.   Contracts with consultants or experts; reimbursement for review, evaluation, and determination costs**

(a) Within the time periods designated in Section 5915 and relating to those factors specified in Section 5917, the Attorney General may do the following:

(1) Contract with, consult, and receive advice from any state agency on those terms and conditions that the Attorney General deems appropriate.

200

(2) In his or her sole discretion, contract with experts or consultants to assist in reviewing the proposed agreement or transaction.

(b) Contract costs shall not exceed an amount that is reasonable and necessary to conduct the review and evaluation. Any contract entered into under this section shall be on a noncompetitive bid basis and shall be exempt from Chapter 2 (commencing with Section 10290) of Part 2 of Division 2 of the Public Contract Code. The nonprofit corporation, upon request, shall pay the Attorney General promptly for all contract costs.

(c) The Attorney General shall be entitled to reimbursement from the nonprofit corporation for all actual, reasonable, direct costs incurred in reviewing, evaluating, and making the determination referred to in this article, including administrative costs. The nonprofit corporation shall promptly pay the Attorney General, upon request, for all of those costs.

(d)(1) In order to monitor effectively ongoing compliance with the terms and conditions of any sale or transfer of assets subject to Section 5914, including, but not limited to, the ongoing use of the charitable assets in a manner consistent with the trust pursuant to which they are held, the Attorney General may, in his or her sole discretion, contract with experts and consultants to assist in this regard.

(2) Contract costs shall not exceed an amount that is reasonable and necessary to conduct the review and evaluation. Any contract entered into under this section shall be on a noncompetitive bid basis and shall be exempt from Chapter 2 (commencing with Section 10290) of Part 2 of Division 2 of the Public Contract Code. The nonprofit corporation shall pay the Attorney General promptly for all contract costs.

(3) The Attorney General shall be entitled to reimbursement from either the selling or the acquiring corporation, depending upon which one the burden of compliance falls, for all actual, reasonable, and direct costs incurred in monitoring ongoing compliance with the terms and conditions of the sale or transfer of assets, including contract and administrative costs. The Attorney General may bill either the selling or the acquiring corporation and the corporation billed by the Attorney General shall promptly pay for all of those costs. *(Added by Stats.1996, c. 1105 (A.B.3101), § 4. Amended by Stats.1999, c. 850 (A.B.254), § 5; Stats.2002, c. 427 (A.B.890), § 3.)*

§ **5920. Sale or other transfer of assets or change in governing body; notice to, and consent of, attorney general**

(a)(1) Any nonprofit corporation that is defined in Section 5046 and operates or controls a health care facility, as defined in Section 1250 of the Health and Safety Code, or operates or controls a facility that provides similar health care, shall be required to provide written notice to, and to obtain the written consent of, the Attorney General prior to entering into any agreement or transaction to do either of the following:

(A) Sell, transfer, lease, exchange, option, convey, or otherwise dispose of, its assets to another nonprofit corporation or entity when a material amount of the assets of the nonprofit corporation are involved in the agreement or transaction.

(B) Transfer control, responsibility, or governance of a material amount of the assets or operations of the nonprofit corporation to another nonprofit corporation or entity.

(2) The substitution of a new corporate member or members that transfers the control of, responsibility for, or governance of the nonprofit corporation, the substitution of one or more members of the governing body that would transfer voting control of the members of the governing body, or any arrangement, written or oral, that would transfer voting control of the entity shall be deemed a transfer for purposes of this article.

(b) The notice to the Attorney General provided for in this section shall contain the information the Attorney General determines is required. The notice, including any other information provided to the Attorney General under this article, and that is the public file, shall be made available by the Attorney General to the public in written form, as soon as is practicable after it is received by the Attorney General.

(c) This section shall not apply to a nonprofit corporation if the agreement or transaction is in the usual and regular course of its activities or if the Attorney General has given the corporation a written waiver of this section as to the proposed agreement or transaction.

(d) This section shall apply to any foreign nonprofit corporation that operates or controls a health facility, as defined in Section 1250 of the Health and Safety Code, or a facility that provides similar health care.

(e) This section shall not apply to an agreement or transaction if the other party to the agreement or transaction is an affiliate, as defined in Section 5031, of the transferring nonprofit corporation or entity, and the corporation or entity has given the Attorney General 20 days advance notice of the agreement or transaction. *(Added by Stats.1999, c. 850 (A.B.254), § 6. Amended by Stats.2002, c. 427 (A.B.890), § 4.)*

**Cross References**

Health facilities, agreements or transactions restricting type or level of medical services, Attorney General consent, see Corporations Code § 5917.5.

§ **5921. Grant or refusal of consent; time period; extension**

Within 60 days of the receipt of the written notice required by Section 5920, the Attorney General shall notify the nonprofit corporation in writing of the decision to consent to, give conditional consent to, or not consent to the agreement or transaction. The Attorney General may extend this period for one additional 45-day period if any of the following conditions are satisfied:

(a) The extension is necessary to obtain relevant information from any state agency, experts, or consultants.

(b) The proposed agreement or transaction is substantially modified after the first public meeting conducted by the Attorney General in accordance with Section 5922.

(c) The proposed agreement or transaction involves a multifacility health system serving multiple communities,

*The people of the State of California do enact as follows:*
SECTION 1. The Legislature finds and declares all of the
following:

(a) Charitable, nonprofit health facilities, including nonprofit
hospitals, hold all of their assets in trust, and those assets are
irrevocably dedicated, as a condition of their tax-exempt status, to the
specific charitable purposes set forth in the articles of incorporation
of nonprofit entities.

(b) The public is the beneficiary of the trust on which charitable,
nonprofit health facilities hold their assets.

(c) Charitable, nonprofit health facilities have a substantial and
beneficial effect on the provision of health care to the people of
California, providing as part of their charitable mission
uncompensated care to uninsured low-income families and
under-compensated care to the poor, elderly, and disabled.

(d) Transfers of the assets of nonprofit, charitable health facilities
to the for-profit sector, such as by sale, joint venture, or other sharing
of assets, directly affect the charitable use of those assets and may
affect the availability of community health care services.

(e) The state Attorney General is entrusted by law to bring actions
on behalf of the public in the event of a breach of the charitable trust
of a nonprofit entity and to represent the public in the sale or other
transfer of the assets of a nonprofit entity.

(f) It is in the best interests of the public to ensure that the public
interest is fully protected whenever the assets of a charitable
nonprofit health facility are transferred out of the charitable trust and
to a for-profit or mutual benefit entity.

(g) The consent of the state Attorney General shall be required
for any transaction involving a nonprofit, charitable health facility
when a material amount of the charitable assets are transferred to a
for-profit or mutual benefit entity.

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail

Case Name:                    *In re: Gardens Regional Hospital and Medical Center, Inc.*

United States Bankruptcy      2:16-bk-17463-ER
Court Case No.:

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **July 8, 2016**, I served the attached:

**CALIFORNIA ATTORNEY GENERAL'S LIMITED OBJECTION TO THE FORM OF THE PROPOSED SALE APPROVAL ORDER; EXHIBIT A**

by transmitting a true copy via electronic mail to the recipients listed below. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, to recipients addressed on the lists attached below.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 8, 2016**, at Los Angeles, California.

| | |
|---|---|
| J.P. Wayner | |
| Declarant | Signature |

## 1, PARTIES TO BE SERVED BY THE COURT VIA ELECTRONIC MAIL:

Samuel Maizel on behalf of Debtor Gardens Regional Hospital and Medical Center, Inc.
Samuel.maizel@dentons.com

Karl E Block on behalf of Creditor Harbor-Gardens Capital I, LLC
kblock@loeb.com, plavine@loeb.com

Manuel A Boigues on behalf of Interested Party Courtesy NEF
bankruptcycourtnotices@unioncounsel.net

Page 1 of 10

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                     *In re: Gardens Regional Hospital and Medical Center, Inc.*

Louis J Cisz; Ill on behalf of Interested Party Courtesy NEF
lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Dawn M Coulson on behalf of Interested Party Courtesy NEF
dcoulson@eppscoulson.com, cmadero@eppscoulson.com

Jerome Bennett Friedman on behalf of Interested Party Courtesy NEF
jfriedman@flg-law.com, msobkowiak@flg-law.com, jmartinez@flg-law.com, sbiegenzahn@flg-law.com

David Jacobs on behalf of Interested Party Courtesy NEF
cemail@ebglaw.com, djacobs@ebglaw.com

Ivan L Kallick on behalf of Interested Party Courtesy NEF
ikallick@manatt.com, ihernandez@manatt.com

Eve H Karasik on behalf of Interested Party Courtesy NEF
ehk@lnbyb.com

Yi S Kim on behalf of Interested Party Courtesy NEF
ykim@greenbass.com, ksopky@greenbass.com;ecfnotification@greenbass.com

Gary E Klausner on behalf of Creditor Roxbury Healthcare Services, LLC
gek@lnbyb.com

Gary E Klausner on behalf of Creditor Sycamore Health Care Services, LLC
gek@lnbyb.com

Gary E Klausner on behalf of Interested Party Courtesy NEF
gek@lnbyb.com

John P Kreis on behalf of Interested Party John P. Kreis, PC
jkreis@kreislaw.com, j.kreis@ca.rr.com

Wendy A Loo on behalf of Interested Party People of the State of CA
wendy.loo@lacity.org

Stephen A Madoni on behalf of Creditor Spine Surgical Implants, Inc.
stevemadoni@aol.com, nathally@madonilaw.com
Howard N Madris on behalf of Creditor Lenders Funding, LLC
hmadris@madrislaw.com

### DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                    *In re: Gardens Regional Hospital and Medical Center, Inc.*

Howard N Madris on behalf of Interested Party Courtesy NEF
hmadris@madrislaw.com

Amanda L Marutzky on behalf of Interested Party Courtesy NEF
amarutzk@wthf.com, jjensen@watttieder.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Benjamin Nachimson on behalf of Interested Party .Courtesy NEF
ben.nachimson@wgfllp.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kr@lnbyb.com, kr@ecf.inforuptcy.com

David M Reeder on behalf of Creditor Rollins Nelson Grp, LLC
dmr@vrmlaw.com, jle@vrmlaw.com

J. Alexandra Rhim on behalf of Interested Party Courtesy NEF
arhim@hemar-rousso.com

J. Alexandra Rhim on behalf of Respondent De Lage Landen Financial Services, Inc.
arhim@hemar-rousso.com

Emily P. Rich on behalf of Interested Party Courtesy NEF
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Mary H Rose on behalf of Interested Party Courtesy NEF
mrose@buchalter.com, mrose@buchalter.com

Benjamin Seigel on behalf of Interested Party Courtesy NEF
bseigel@greenbass.com, rholland@greenbass.com, ecfnotificatjon@greenbass.com

Gerald N Sims on behalf of Creditor BETA Risk Management Authority
jerrys@psdslaw.com, bonniec@psdslaw.com

Alan Stomel on behalf of Interested Party Courtesy NEF
alan.stomel@gmail.com, astomel@yahoo.com

Wayne R Terry on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                *In re: Gardens Regional Hospital and Medical Center, Inc.*

Gary F Torrell on behalf of Creditor Rollins Nelson Grp, LLC
gft@vrmlaw.com

Gary F Torrell on behalf of Interested Party Courtesy NEF
gft@vrmlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov
Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)

## 2. PARTIES TO BE SERVED VIA UNITED STATES MAIL:

Samuel Maizel
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017
Office: (213) 623-9300
Fax: (213) 623-9924

*Attorneys for Debtor,*
*Gardens Regional Hospital and Medical*
*Center, Inc.*

### *Regulatory Agencies*

United States Attorney's Office
Central District of California
312 North Spring Street, Suite 1200
Los Angeles, CA 90012
Office: (213) 894-2400
Fax: (213) 894-0141

U.S. Department of Justice
Office of the Attorney General of the United
States
950 Pennsylvania Avenue, NW Washington, DC
20530-0001
Office (202) 514-2000
Fax: (202) 307-6777

Internal Revenue Service
300 North Los Angeles Street
Los Angeles, CA  90012
Office: (213) 576-3009

State of California Franchise Tax Board
300 South Spring Street, #5704
Los Angeles, CA 90013
Office: (916) 845-6500

Sylvia Mathews Burwell, Secretary
U.S. Department of Health & Human Services
200 Independence Avenue, S.W.

Employment Development Department
722 Capitol Mall
Sacramento, CA 95814

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:  *In re: Gardens Regional Hospital and Medical Center, Inc.*

Washington, D.C. 20201
Office: (202) 690-6610
Fax: (202) 690-7203

Office: (866) 333-4606

Jennifer Kent, Director
California Department of Health Care Services
1501 Capitol Avenue, Suite 4510
Sacramento, CA 95814
Office: (916) 464-4430

Internal Revenue Service
600 Arch Street
Philadelphia, PA 19101
Office: (267) 941-6800

Angela M. Belgrove,
Assistant Regional Counsel
U.S. Dept. of Health and Human Services
Office of the General Counsel, Region IX
90 7th Street, Suite 4-500
San Francisco, CA 94103-6705
Office: (415) 437-8156
Fax;(:415}437-8188

Office of the Attorney General
Consumer Law Section
Attn: Bankruptcy Notices
455 Golden Gate Ave., Suite 1 1000
San Francisco, CA 94102
Office: (415) 703-5500
Fax: (415) 703-5480

*List of Creditors Holding 20 Largest
Unsecured Claims*

Darrell W. Clark
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Office: (202) 728-3019
Fax: (202) 572-9991
darrell.clark@stinson.com
*Attorneys for Siemens (Cerner Health Servs.)*

UCLA Medical Center
Paul Staton
757 Westwood Place
Los Angeles, CA 90095
Office: (310) 825-9111
Fax: (310) 267-3671

DELAGE LANDEN FINANCIAL SERVICES, INC.
Cheryl Glick
1111 Old Eagle School Road
Wayne, PA 19087
Office: (610) 386-3850

Spinal Solutions LLC / Orthopedic Alliance
Roger Williams
26157 Jefferson Ave., #A
Murietta, CA 92562
Office: (951) 304-9001
Email: rkwplus@aol.com

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:          *In re: Gardens Regional Hospital and Medical Center, Inc.*

Cardinal Health
c/o Patricia Benson
Mitchell Silberberg
11377 West Olympic
Los Angeles, CA 90064
Office: (310) 312-2000
Email: phb@msk.com

Rollins Nelson
Jess Ahlholm
4333 Torrance Blvd, 2nd Floor
Torrance, CA 90503
Office: (818) 224-4534
Fax: (323) 297-1554

St. Mary Medical Center
Leon Choiniere
1050 Linden Avenue
Long Beach, CA 90813
Office: (562) 491-9000
Fax: (562 436-6378

Starbase, Inc.
Ismael Silva
2034 E. Lincoln PMB321
Anaheim, CA 92806
Office: (949) 500-5513
Email: drsilva@orthosportsmedicine.com

County of Los Angeles
Don Knabe
Kenneth Hahn Hall of Administration
500 W. Temple Street, Room 358
Los Angeles, CA 90012
Office: (213) 974-4444
Fax: (213) 626-6941

Spine Surgical Implants, Inc.
Andy Navid
9445 Fairway View Place
Rancho Cucamonga CA 91730
Cell: (714) 319-7793
Office: (909) 484-2328
Email: andynavid@yahoo.com

Regency Surgical Devices LLC
Pam Patterson
21500 Pioneer Blvd #208
Hawaiian Gardens CA 90716
Office: (310) 995-3799
Fax: (310) 540-2344

Signal Health Solution
George Jayatilaka
2525 Cherry Ave., #225
Signal Hill, CA 90755
Office: (562) 435-3333
Fax: (562) 981-7431

Long Beach Memorial Medical Center
Yiers Katz
2801 Atlantic Avenue
Long Beach, CA 90806
Office: (562) 933-2000
Fax: (562) 933-1107

Brittany M. Whitman, Esq.
Corporate Counsel
Avanti Hospitals
222 N. Sepulveda Blvd., Suite 950
El Segundo, CA 90245
Office: (310) 356-0501
Fax: (310) 200-5961
bwhitman@avantihospitals.com
[counsel for Gardena Hospital, LP]

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                     *In re: Gardens Regional Hospital and Medical Center, Inc.*

Advance Bariatric Center
Houshmand Naim MD
321 N. Larchmont Blvd Suite 505
Los Angeles, CA 90004
Office:  (310) 975-9546
Fax:  (310) 807-8345

Anthem Blue Cross
Sean Forrester
21555 Oxnard Street, #8B
Woodland Hills, CA 91367

LAC Harbor UCLA Medical Center
Ellie Kanjian
313 North Figueroa Street, Suite 534
Los Angeles, CA 90012
Office:  (213) 240-7918
Fax:

Noridian Healthcare Solutions LLC
Andrew Wegman
900 42nd Street
Fargo, ND 58108
Office:  (701) 277-6500

Paladin-Gardens Management
222 N. Sepulveda Blvd., Suite 950
El Segundo, CA 90245
Office:  (310) 414-2700
Fax:  (310) 414-2709

Dept. of Health Care Services
Jennifer Kent
1501 Capitol Avenue, #71.2048
Sacramento, CA 95899
Office:  (916) 464-4430
Email:  contactus@dhcs.ca.gov.

Harbor-Gardens Capital I, LLC
Joel Freedman
222 N. Sepulveda Blvd., Suite 950
El Segundo, CA 90245

### *Entities Asserting Liens / Secured Creditors*

VFI-SPV IX Corp
6340 South 3000 E Ste 400
Salt Lake City, UT 84121
Office:  (801) 733-8100
Fax:  (801) 733-8900

Kansas State Bank of Manhattan
1010 Westloop Place
Manhattan, KS 66502
Fax:  (785) 587-4040

Diamond Medical Equipment
999 N. Tustin Ave
Santa Ana, CA 92705
Office:  (714) 542-8999
Fax:  (714) 542-0055

General Electric Capital Corp
83 Wooster Heights Rd
Danbury, CT 06810

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                    *In re: Gardens Regional Hospital and Medical Center, Inc.*

Fuji Film Medical Systems USA Inc
419 West Avenue
Stamford, CT 06902
Office:  (800) 385-4666
Fax: (973) 633-8818

US Bancorp Equipment Finance
13010 SW 68th Place Suite 100
Portland, OR 97223

Cerritos Gardens General Hospital
21520 S Pioneer Blvd Ste 205
Hawaiian Gardens, CA 90716
Office: (562) 924-3709
Fax: (562) 924-3809

General Electric Capital Corp.
3333 Hesper Road
Billings, MT 59102
Office:  (888) 212-1380
Fax: (866) 529-9303

Olympus America Inc.
3500 Corporate Parkway
Center Valley, PA 18034
Office: (484) 896-5000
Fax: (484) 896-7126

Stryker Financial Solutions
1901 Romence Road Parkway
Portage, MI 49002
Office:  (503) 225-1761
Fax: (269) 385-1062

Diligenz Inc.
6500 Harbor Hgts Pkwy Ste 400
Mukilteo, WA 98275
Office: (425) 609-1700
Fax: (800) 345-6059

Stryker Sales Corporation
950 Trade Center Way Suite 200
Portage, MI 49002
Office: (269) 324-6500
Fax: 269-385-1062

Philips Medical Capital
1111 Old Eagle School Road
Wayne, PA 19087
Office: (610) 386-5000
Fax: (866) 351-4762

CIT Communications Finance
1 CIT Drive
Livingston, NJ 07039
Office: (973) 740-5000

Stryker Sales Corporation
1901 Romence Road Parkway
Portage, MI 49002
Office: (269) 324-6500
Fax: (269) 385-1062

Siemens Diagnostic Finance Co
1717 Deerfield Road #1
Deerfield, IL 60015
Office: (847) 267-5300

Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703

Lease Processing Center
1111 Old Eagle School Road
Wayne, PA 19087
Fax: (610) 386-5000

Page 8 of 10

### DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                    *In re: Gardens Regional Hospital and Medical Center, Inc.*

UCC Direct Services
2727 Allen Parkway
Houston, TX 77019
Office: (800) 331-3282
Fax: (818) 662-4141

Myron Meyers Professional Corp
11800 E Tahquitz Canyon Way
Palm Springs, CA 92262
Office: (760) 318-8426
Fax: (760) 318-1457
Email: mnmpd@aol.com

Parasec
2804 Gateway Oaks Drive Suite 200
Sacramento, CA 95833
Office: (800) 533-7272
Fax: (800) 603-5868

Lerman Law Group
11400 W Olympic Suite 700
Los Angeles, CA 90064
Office: (310) 734-8244
Email: info@lermanlawgroup.com

CT Lien Solutions
2727 Allen Parkway
Houston, TX 77019

Sycamore Healthcare Services LLC
c/o S&W Health Management Services, Inc.
12401 Wilshire Blvd., Suite 200
Los Angeles, CA 90025
Office: (310) 207-1555
Fax: (310) 207-3666
bweiner@swlawyers.com

RollinsNelson Group, LLC
Bill Nelson
4333 Torrance Blvd
Torrance, CA 90503

Selvin & Weiner, APC
Beryl Weiner
12401 Wilshire, 2nd Floor
Los Angeles, CA 90025-1089
Office: (310) 207-1555
Fax: (310) 207-3666
bweiner@swlawyers.com

Stryker Orthopedics
CFO
325 Corporate Drive
Mahwah, NJ 07430
Office: (201) 831-4000
Fax: (800) 438-1150

Roxbury Healthcare Services LLC
c/o S&W Health Management Services, Inc.
12401 Wilshire Blvd Suite 200
Los Angeles, CA 90025
Office: (310) 207-1555
Fax: (310) 207-3666
bweiner@swlawyers.com

## DECLARATION OF SERVICE BY E-MAIL and U.S. Mail (Continued)

Case Name:                    *In re: Gardens Regional Hospital and Medical Center, Inc.*

Harbor-Gardens Capital 1, LLC
222 N. Sepulveda Blvd Suite 950
El Segundo, CA 90245
Office: (310) 414-2700
Fax: (310) 414-2709

AmeriSourceBergen Drug Corp.
1300 Morris Drive
Chesterbrook, PA 19087
Office: (610) 727-7000
Email: solutions@amerisourcebergen.com

Cerritos Gardens General Hospital
1800 E Tahquitz Canyon Way
Palm Springs, CA 92262
Office: (310) 282-2225
Fax: (310) 510-6729

Sycamore Healthcare Services
4333 Torrance Blvd.
Torrance, CA 90503
Office: (818) 224-4534
Fax: (323) 297-1554

LA2016501740
62042156.doc