**SILLS CUMMIS & GROSS P.C.**
Andrew H. Sherman (*pro hac vice* application to be submitted)
asherman@sillscummis.com
Boris I. Mankovetskiy (*pro hac vice* application to be submitted)
bmankovetskiy@sillscummis.com
Lucas F. Hammonds (*pro hac vice* application to be submitted)
lhammonds@sillscummis.com
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile:  (973) 643-6500

Proposed Co-Counsel to the
Official Committee of Unsecured Creditors of
Gardens Regional Hospital and Medical Center

-and-

**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Christopher J. Green, State Bar No. 295874
cgreen@lwgfllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:  (714) 966-1000
Facsimile:   (714) 966-1002

Proposed Local Co-Counsel to the
Official Committee of Unsecured Creditors of
Gardens Regional Hospital and Medical Center

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:16-bk-17463-ER |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,<br><br>                Debtor. | Chapter 11 Case<br><br>**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY CO-COUNSEL (SILLS CUMMIS & GROSS P.C.) PURSUANT TO 11 U.S.C. §§ 330 AND 1103 AND FED. R. BANKR. P. 2014**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1)] |

1                  EMPLOYMENT APPLICATION

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "Committee") of Gardens Regional Hospital and Medical Center, Inc. (the "Debtor") files this *Application of the Official Committee of Unsecured Creditors to Employ Co-Counsel (Sills Cummis & Gross P.C.) Pursuant to 11 U.S.C. §§ 330 and 1103 and Fed. R. Bankr. P. 2014* (the "Application"). In support of the Application, the Committee submits the accompanying Affidavit of Andrew H. Sherman (the "Sherman Affidavit").

## I. STATEMENT OF FACTS

### A. Background

On June 6, 2016, this bankruptcy case was commenced by the filing of a voluntary petition under Chapter 11 of the Title 11 of the United States Code.

On July 5, 2016, the Office of the United States Trustee filed a notice of appointment of the Committee.

The Committee consists of the following members: Cardinal Health 200, LLC and Lenders Funding, LLC.

The first meeting of the Committee was held on July 5, 2016, and at that meeting, the Committee selected Sills Cummis & Gross P.C. ("Sills") and Lobel Weiland Golden Friedman LLP ("Lobel") as its proposed attorneys in this case.

### B. The Proposed Employment

By this application, the Committee seeks to employ Sills as its co-counsel in this case, effective July 5, 2016. (The Committee seeks to employ Lobel as its co-counsel, in a local capacity, effective July 5, 2016, in a separately-filed application.) The professional services Sills will render in this case include, but are not limited to, the following:

   1. Providing legal advice regarding the Committee's rights, powers, and duties in this case;

2. Preparing all necessary applications, answers, responses, objections, orders, reports, and other legal papers;

3. Representing the Committee in any and all matters arising in this case, including any dispute or issue with the Debtor or other third parties;

4. Assisting the Committee in its investigation and analysis of the Debtor, its capital structure, and issues arising in or related to this case, including but not limited to the review and analysis of all pleadings, claims, and bankruptcy plans that might be filed in this case, and any negotiations or litigation that may arise out of or in connection with such matters, the Debtor's operations, the Debtor's financial affairs, and any proposed disposition of the Debtor's assets;

5. Representing the Committee in all aspects of any sale and bankruptcy plan confirmation proceedings; and

6. Performing any and all other legal services for the Committee that may be necessary or desirable in this case.

Sills and Lobel will make every effort to maximize the value of their services by utilizing their respective skills and experience, and have structured their rates in conjunction to efficiently represent the Committee without duplicating services. The reduced rates for Lobel are described in the separately-filed application to employ Lobel. The terms of Sills's retention, including discounts and other concessions provided to the Committee, are set forth below and in Sherman Affidavit.

Subject to the Court's approval of this Application, Sills has indicated that it is willing to serve as the Committee's co-counsel in this case and perform the services described above.

**C.  The Firm's Qualifications**

Sills was selected for its significant experience representing creditors in complex chapter 11 cases, including as committee counsel in complex chapter 11 hospital cases. Among other representations, Sills has represented the creditors' committees in the bankruptcy cases of *Bayonne Medical Center* (Case No. 07-15195 (MS), Bankr. D.N.J.),

*Christ Hospital* (Case No. 12-12906 (MS), Bankr. D.N.J.), *Fairmont General Hospital, Inc., et al.* (Case No. 13-01054 (PMF), Bankr. N.D.W. Va.), *Hudson Healthcare, Inc.* (Case No. 11-33014 (DHS), Bankr. D.N.J.), *Union Hospital District* (Case No. 14-03299 (DD), Bankr. D.S.C.), *Ultura (LA) Inc., et al.* (Case No. 14-12382 (KG), Bankr. D. Del.)), and *Saint Michael's Medical Center, Inc., et al.* (Case No. 15-24999 (VFP), Bankr. D.N.J.); the debtor in the bankruptcy case of *Pascack Valley Hospital Association, Inc.* (Case No. 07-23686 (RG), Bankr. D.N.J.); and a secured creditor/plan sponsor in the bankruptcy cases of *Motor Coach Industries International, Inc., et al.* (08-12136 (BLS), Bankr. D. Del.).  Sills is also proposed counsel to the official committee of unsecured creditors in *Progressive Acute Care, LLC, et al.* (Case No. 16-50740, Bankr. W.D. La.).  The Committee believes that Sills is well-qualified to represent it in conjunction with this case and that such representation is in the best interests of the Debtor's estate.

The three primary Sills attorneys responsible for services in this case – Andrew H. Sherman, Boris I. Mankovetskiy, and Lucas F. Hammonds – concentrate their practices on bankruptcy and corporate restructuring and collectively have over 45 years of experience.  Copies of their firm biographies are attached to the Sherman Affidavit as Exhibit A.

### D. Terms of the Proposed Employment

Sills intends to apply for compensation for professional services rendered in connection with this case, subject to approval of the Bankruptcy Court and in compliance with sections 330 and 331 the Bankruptcy Code, the applicable provisions of the Federal Rules of Bankruptcy Rules and the Local Rules, and any orders of the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the firm.

The terms of employment of Sills agreed to by the Committee, subject to approval of the Court, are as follows:

1. Hourly Fees.  Sills will undertake representation of the Committee at the following discounted hourly rates: (i) the hourly rate for Andrew H. Sherman will

be discounted to $525, (ii) the hourly rate for Boris I. Mankovetskiy will be discounted to $475, (iii) the hourly rate for Lucas F. Hammonds will be discounted to $350, and (iv) the hourly rates for other attorneys and paraprofessionals at the firm, which currently range from $400-$740 for Members, $375-$725 for Of Counsel, $295-$495 for Associates, and $100 to $295 for Paralegals, will be discounted by 20%.

Sills will seek reimbursement of travel expenses as set forth in subparagraph (2) below but will not bill for non-working travel time.

In addition, Sills's fees (not including expenses) for each month in this case will be limited to the lesser of (x) the amount of its fees at the foregoing rates and (y) the amount of its fees at a blended hourly rate of $450.

The foregoing rates are set at a level designed to fairly compensate Sills for its work and to cover fixed and routine overhead expenses. The Committee understands that the hourly rates set forth above are subject to periodic adjustment.

2. <u>Expenses</u>. It is Sills's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Sills will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to the firm's clients and in compliance with any guidelines promulgated by the Office of the United States Trustee, subject to approval of the Court.

3. <u>Monthly Payment Cap</u>. Interim payment of Sills's and Lobel's fees for their services as co-counsel for the Committee will be capped at a combined

$50,000 per month, with payment of any allowed fees in excess of $50,000 per month deferred until confirmation of a plan in this case, dismissal of this case, or approval of a trustee's final report in this case if the case is converted to a case under Chapter 7 of the Bankruptcy Code. For the avoidance of doubt, the cap is limited to professional fees and does not include incurred expenses.

The monthly cap shall be subject to "roll forward" and "roll backward" application – *i.e.*, cap space from months in which the cap is not reached will be applied to amounts in excess of the cap in months in which the cap is exceeded regardless of whether the months in which the cap is exceeded precede or follow the months in which the cap is not met. For example, if the fees for one month are $60,000 and the next month's fees are $40,000, Sills can apply the $10,000 in unused cap space from the $40,000 month to the $10,000 overage from the $60,000 month.

4.    Retainer. Sills will not receive a retainer in this case.

5.    No Shared Compensation. Other than as set forth herein, there is no proposed arrangement to compensate Sills. Sills has not shared, nor agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the Members, Of Counsel, and Associates of the firm or (ii) any compensation another person or party has received or may receive.

6.    No Duplication of Efforts. As set forth above, Sills will make every attempt to avoid duplication of efforts between Sills and Lobel.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 11 U.S.C. § 1103(a) and (b), a committee may employ attorneys and other professional persons who do not represent any other entity having an adverse interest in connection with the case to represent or perform services for such committee.

To the best of the Committee's knowledge, based upon the Sherman Affidavit submitted herewith, Sills:

      a.    has no connection with the Debtor, its major creditors, other relevant parties-in-interest, or the Debtor's professionals other than as set forth in the Sherman Affidavit;

      b.    is not a pre-petition creditor, an equity security holder or an insider of the Debtor;

      c.    is not and was not an investment banker for any outstanding security of the Debtor;

      d.    has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

      e.    is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor;

      f.    does not hold or represent an individual or entity that holds an interest adverse to the estate;

      g.    is not related, through its partners or employees, to the United States Trustee or a Bankruptcy Judge in the Central District of California (Los Angeles);

      h.    does not hold or represent any other entity having an adverse interest in connection with this case as required by 11 U.S.C. § 1103(b) and is disinterested within the meaning of 11 U.S.C. § 101(14);

      i.    will not receive a retainer in this case; and

      j.    has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other entity, and no part of the fees or expenses awarded to Sills will be paid to any other entity.

The Committee requests approval of the retention and employment of Sills effective as of July 5, 2016, the date Sills was selected to represent the Committee. Due to the complex and sensitive nature of this case, there was an immediate need for Sills to

perform services for the committee, and the Committee has sought to retain and employ Sills as soon as reasonably practicable.

### III. CONCLUSION

The employment of Sills is in the best interest of the Committee, creditors and the Debtor's estate.

**WHEREFORE**, the Committee prays that the Court enter an order approving the Application and authorizing the Committee to employ Sills as its co-counsel, effective July 5, 2016, upon the terms and conditions set forth herein and with compensation to be determined and paid as an expense of the estate pursuant to 11 U.S.C. §§ 330 and 331 and in accordance with the procedures approved by this Court.

Respectfully submitted,

Dated: July 2, 2016    SILLS CUMMIS & GROSS P.C.

By: _____
ANDREW H. SHERMAN
Proposed Co-Counsel for the Official
Committee of Unsecured Creditors

Dated: July 13, 2016    LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: /s/ JEFFREY GOLDEN
JEFFREY I. GOLDEN
Proposed Local Co-Counsel for the
Official Committee of Unsecured
Creditors

Dated: July 13, 2016    CHAIRPERSON OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

By: _____
HARVEY FRIEDMAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY CO-COUNSEL (SILLS CUMMIS & GROSS P.C.) PURSUANT TO 11 U.S.C. §§ 330 AND 1103 AND FED. R. BANKR. P. 2014** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 13, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **July 13, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 13, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ernest Robles, 255 E. Temple Street, Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 13, 2016 | Kelly Adele | /s/ *Kelly Adele* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**
0.0

**VIA U.S. MAIL**
Gardens Regional Hospital and Medical Center, Inc.
21530 South Pioneer Boulevard
Hawaiian Gardens, CA 90716
**Debtor**

Andrew Sherman, Esq.
Sills Cummis & Gross
One Riverfront Plaza
Newark, NJ 07102


**CREDITORS COMMITTEE**
Rob Speeney
Cardinal Health 200, LLC
7000 Cardinal Place
Dublin, OH  43017

Robert Zadek
Lenders Funding, LLC
1001 Bridgeway, #721
Sausalito, CA  94965


**Electronic Mail Notice List**
Karl E Block     kblock@loeb.com, klyles@loeb.com;ladocket@loeb.com
Manuel A Boigues     bankruptcycourtnotices@unioncounsel.net
Louis J Cisz     lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com
Dawn M Coulson     dcoulson@eppscoulson.com, cmadero@eppscoulson.com
Jerome Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;sbiegenzahn@flg-law.com
David Jacobs     cemail@ebglaw.com, djacobs@ebglaw.com
Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
Eve H Karasik     ehk@lnbyb.com
Yi S Kim     ykim@greenbass.com, ksopky@greenbass.com;ecfnotification@greenbass.com
Gary E Klausner     gek@lnbyb.com
Stuart I Koenig     Skoenig@cmkllp.com, knielsen@cmkllp.com
John P Kreis     jkreis@kreislaw.com, j.kreis@ca.rr.com
Wendy A Loo     wendy.loo@lacity.org
Stephen A Madoni     stevemadoni@aol.com, nathally@madonilaw.com
Howard N Madris     hmadris@madrislaw.com
Samuel R Maizel     samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com
Amanda L Marutzky     amarutzk@wthf.com, jjensen@watttieder.com
David W. Meadows     david@davidwmeadowslaw.com
John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com,laurie.soledad@dentons.com,jennifer.wall@dentons.com
Benjamin Nachimson     ben.nachimson@wnlawyers.com
Kurt Ramlo     kr@lnbyb.com, kr@ecf.inforuptcy.com
David M Reeder     dmr@vrmlaw.com, jle@vrmlaw.com
J. Alexandra Rhim     arhim@hemar-rousso.com
Emily P Rich     erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
Mary H Rose     mrose@buchalter.com, mrose@buchalter.com
Benjamin Seigel     bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com
Leonard M Shulman     lshulman@shbllp.com
Gerald N Sims     jerrys@psdslaw.com, bonniec@psdslaw.com
Alan Stomel     alan.stomel@gmail.com, astomel@yahoo.com
Wayne R Terry     wterry@hemar-rousso.com

Gary F Torrell    gft@vrmlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Hatty K Yip    hatty.yip@usdoj.gov