EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
     Room 7516, Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012-9834
     Telephone: (213)894-3997
     Fax: (213)894-7819
     Email: elan.levey@usdoj.gov

Attorneys for U.S. Department of Health and Human Services

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,<br><br>          Debtor. | Case No. 2:16-bk-17463-ER<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES TO SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**<br><br>Date: July 26, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 1568<br>      255 E Temple Street<br>      Los Angeles, CA 90012 |

///

///

The United States of America, on behalf of the Secretary of the United States Department of Health and Human Services ("HHS"), hereby files its Limited Objection ("Limited Objection") to *Debtor's Notice of Motion and Motion of the Debtor and Debtor in-Possession Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code for an Order (I) (A) Approving Procedures in Connection with the Sale of Certain of the Debtor's Assets; (B) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (C) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (D) Approving the Form and Manner of Notice Thereof; (E) Approving Break-Up Fees; and (F) Granting Related Relief; and (II) (A) Authorizing the Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and other Interests; (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [ECF 142] ("Motion") and in support thereof, respectfully represents as follows:

## I. RELEVANT FACTUAL BACKGROUND

The above-captioned debtor ("Debtor") filed the Motion on July 1, 2016. Portions of the relief sought in the Motion were approved by the Court on July 6, 2016, including bidding procedures for the Debtor's assets [ECF 153] (the "Bid Procedures Order"). The Bid Procedures Order, subsequently amended three times, scheduled, among other things, (a) an auction for the sale of substantially all of the Debtor's assets, which ultimately took place from July 13, 2016 through July 19, 2016 (the "Sale"); and (b) a hearing to approve the Sale on July 26, 2016 at 10:00 a.m. [ECF 194].

HHS is a party to a Medicare Provider Agreement (the "Provider Agreement") with the Debtor. Pursuant to the *Debtor's Memorandum on Results of the Auction and in Support of Entry of Sale Order and Additional Briefing on Need for Continued DIP Financing* ("Sale Memorandum") [ECF 202], the Debtor stated that the successful bidder (Strategic Global Management, Inc. ("Strategic")) has agreed "to separately pay up to $283,000 to cure any exiting defaults with regard to the assumption and assignment of the Debtor's Medicare and Medi-Cal Provider Agreements." *See* Sale Memorandum, p. 15, lines 17-19; *see also* Declaration of Eric Weissman in Support of Sale

Memorandum [ECF 204].[1] In the Sale Memorandum, the Debtor states that it has not yet sent out a notice as to which executory contacts and leases will be assumed and assigned as well as the cure amount and requests the Court to set objection deadlines and a hearing in two weeks. *See* Sale Memorandum, p. 15, lines 25-28. Thus, the Debtor has not yet provided the final cure payment required to be made under Bankruptcy Code section 365 for its assumption and assignment of the Provider Agreement, nor has it provided for successor liability imposed by applicable Medicare laws and regulations upon the successful bidder.

To ensure that the assumption and assignment of the Provider Agreement ultimately complies with applicable requirements of both the Bankruptcy Code and Medicare laws, HHS requests that the order approving the Sale include the following provision (the "Proposed Language"):

> Notwithstanding anything in the Asset Purchase Agreement to the contrary, nothing in this Sale Order shall be construed as authorizing the sale of the Medicare Provider Agreement as an asset to the Purchaser free and clear of successor liability for pre-Closing Medicare debt, whether or not such debt is as of yet undetermined, nor as restricting Medicare's right of setoff and recoupment. The assumption and assignment of the Medicare Provider Agreement will be authorized in a stipulation pursuant to 11 U.S.C. § 365 which will be negotiated by the parties and submitted for this Court's approval.

As such, HHS files this Limited Objection to request that the final form of the order approving the Sale include the Proposed Language.

## II. ARGUMENT

The Provider Agreement is an executory contract in bankruptcy, and must be assumed and assigned pursuant to 11 U.S.C. § 365 if it is to be transferred. Subject to certain conditions and exceptions, a debtor has the right to assume or reject its executory contracts and unexpired leases. 11 U.S.C. § 365. If a debtor proposes to assume and assign an executory contract, the debtor must cure existing defaults and provide adequate assurance of future performance by the assignee under those contracts being assigned. *See* 11 U.S.C. 365(b)(1)(A)-(C) & (f)(2). Courts have recognized that a

---

[1] The Medicaid provider agreement referenced in the Sale Memorandum concerns the Medicaid program administered by the State of California Department of Health and Human Services. This Limited Objection does not address any issues related to the State of California's Medicaid provider agreement and number.

Medicare provider agreement is an executory contract for purposes of section 365. *In re University Medical Center*, 973 F.2d 1065, 1075 (3d Cir. 1992); *see also U.S. v. Consumer Health Services*, 108 F.3d 390, 394 (D.C. Cir. 1997); *In re Heffernan Memorial Hospital District*, 192 B.R. 228, 231 n.4 (Bankr. S.D. Cal. 1996); *In re St. Johns Home Health Agency, Inc.*, 173 B.R. 238, 242 n.1 (Bankr. S.D. Fla. 1994) (and cases cited therein). Where a debtor assumes an executory contract, it assumes the contract *cum onere*, i.e., its burdens as well as its benefits. *Adventure Resources, Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998), *cert. denied*, 525 U.S. 962 (1998), *citing NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984).

      The Provider Agreement at issue here incorporates the Medicare Act and its implementing regulations and interpretative manual provisions. Among other things, the Medicare Act requires all Medicare payments to be adjusted to account for prior overpayments. 42 U.S.C. § 1395g(a). Where a debtor assumes its Medicare Provider Agreement "there is no question that [HHS] could withhold [the provider's] post-petition reimbursement in order to recover pre-petition overpayments without violating the automatic stay." *In re University Medical Center*, 973 F.2d at 1075. Therefore, the Debtors must provide an adequate cure for the outstanding amounts owing to the United States as a condition of assuming and assigning the Provider Agreement.

      Applicable Medicare regulations further provide that an entity that takes an assignment of a Medicare provider agreement is subject to the same rules and obligations as the prior party to that provider agreement. The assignment of an existing provider agreement allows Medicare payments to the new owner to continue without interruption. However, Medicare regulations provide that an existing provider agreement is automatically assigned to the new owner, subject to all the applicable statutes, regulations and terms and conditions under which it was originally issued. *See* 42 C.F.R. § 489.18(c). One of these conditions is the adjustment of current payments on account of previously made overpayments as required by 42 U.S.C. 1395g(a).

      Accordingly, the Debtor cannot assign the Provider Agreement to a new owner without providing that the purchaser will assume liability for any pre-sale Medicare overpayments (including those determined after any closing). *See United States v. Vernon Home Health, Inc.*, 21 F.3d 693, 694 (5th Cir. 1994) (purchaser "accept[ed] the automatic assignment of the provider agreement,"

making it jointly and severally liable with seller for overpayments pursuant to Medicare regulations at 42 C.F.R. § 489.18(d)). As in *Vernon Home Health*, the Debtor cannot assign its Provider Agreement to a new owner without recognizing and ensuring that the purchaser is liable for the repayment of any Medicare overpayments relating to periods prior to the closing which have been determined and may be determined in the future.

## III. CONCLUSION

Because the Proposed Language will preserve all of the foregoing issues, HHS objects to the Sale to the extent such language is not included in the Court's order. Further, in the event that Strategic, or any successful bidder, refuses to agree to the inclusion of the Proposed Language in the Sale Order, HHS respectfully requests that the Court decline to approve the assumption and assignment of the Provider Agreement to that bidder without allowing HHS another opportunity to submit further objections to any attempt that would authorize the Debtor to assume and assign the Provider Agreement without the imposition of successor liability.

Respectfully submitted,

Dated: July 22, 2016

EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division

By:  /s/ *Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for U.S. Department of Health and Human Services

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012**

A true and correct copy of the foregoing document entitled *LIMITED OBJECTION OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES TO SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES will* be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *July 22, 2016*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On *July 22, 2016*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *July 22, 2016*, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**: Hon. Ernest M. Robles, U.S. Bankruptcy Court, 255 E. Temple Street, Bin outside of Suite 1560, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| *July 22, 2016* | Louisa Lin | /s/ Louisa L. |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Karl E Block     kblock@loeb.com, klyles@loeb.com;ladocket@loeb.com
- Manuel A Boigues     bankruptcycourtnotices@unioncounsel.net
- Louis J Cisz     lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com
- Dawn M Coulson     dcoulson@eppscoulson.com, cmadero@eppscoulson.com
- Jerome Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;sbiegenzahn@flg-law.com
- Jeffrey I Golden     jgolden@wgllp.com, kadele@wgllp.com; lfisk@wgllp.com; tziemann@wgllp.com
- Lawrence J Hilton     lhilton@onellp.com, lthomas@onellp.com;info@onellp.com; janderson@onellp.com;crodriguez@onellp.com
- David Jacobs     cemail@ebglaw.com, djacobs@ebglaw.com
- Ivan L Kallick     ikallick@manatt.com, ihernandez@manatt.com
- Eve H Karasik     ehk@lnbyb.com
- Yi S Kim     ykim@greenbass.com, ksopky@greenbass.com; ecfnotification@greenbass.com
- Gary E Klausner     gek@lnbyb.com
- Stuart I Koenig     Skoenig@cmkllp.com, knielsen@cmkllp.com
- John P Kreis     jkreis@kreislaw.com, j.kreis@ca.rr.com
- Wendy A Loo     wendy.loo@lacity.org
- Stephen A Madoni     stevemadoni@aol.com, nathally@madonilaw.com
- Howard N Madris     hmadris@madrislaw.com
- Samuel R Maizel     samuel.maizel@dentons.com, alicia.aguilar@dentons.com;docket.general.lit.LOS@dentons.com
- Amanda L Marutzky     amarutzk@wthf.com, jjensen@watttieder.com
- David W. Meadows     david@davidwmeadowslaw.com
- John A Moe     john.moe@dentons.com, glenda.spratt@dentons.com, laurie.soledad@dentons.com,jennifer.wall@dentons.com
- Benjamin Nachimson     ben.nachimson@wnlawyers.com
- Steven G Polard     stevenpolard@dwt.com, melissastrobel@dwt.com; Linapearmain@dwt.com
- Kurt Ramlo     kr@lnbyb.com, kr@ecf.inforuptcy.com
- David M Reeder     dmr@vrmlaw.com, jle@vrmlaw.com
- J. Alexandra Rhim     arhim@hemar-rousso.com
- Emily P Rich     erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Mary H Rose     mrose@buchalter.com, mrose@buchalter.com
- Benjamin Seigel     bseigel@greenbass.com, rholland@greenbass.com; ecfnotification@greenbass.com
- Leonard M Shulman     lshulman@shbllp.com
- Gerald N Sims     jerrys@psdslaw.com, bonniec@psdslaw.com
- Alan Stomel     alan.stomel@gmail.com, astomel@yahoo.com
- Wayne R Terry     wterry@hemar-rousso.com
- Gary F Torrell     gft@vrmlaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Hatty K Yip     hatty.yip@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     F 9013-3.1.PROOF.SERVICE

**2. SERVED BY UNITED STATES MAIL**

Beckman Coulter, Inc.
Law Firm of Bernstein-Burkley PC
707 Grant St Ste 220
Gulf Tower
Pittsburgh, PA 15219

Wendi A Horwitz
300 S Spring St Ste 1702
Los Angeles, CA 90013

Law Firm of Bernstein-Burkley PC
707 Grant St
Ste 2200 Gulf Tower
Pittsburgh, PA 15219

Lori L Purkey
Stryker Instruments, Division of Sryker
5050 Cascade Rd SE Ste A
Grand Rapids, MI 49546

Stryker Financial
Lori L Purkey of Purkey & Associates
3050 Cascade Rd SE Ste A
Grand Rapids, MI 49546

Sycamore Healthcare Services
Gary E Klausner of Levene Neale Bender
10250 Constellation Blvd
Ste 1700
Los Angeles, CA 90067

Sycramore Healthcare Services LLC
Beryl Weiner of Selvin & Weiner APC
12401 Wilshire 2nd Fl
Los Angeles, CA 90025-1089

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): **VIA EMAIL**

Creditor's Committee
Rob Speeney
Cardinal Health 200, LLC
7000 Cardinal Place
Dublin, OH 43017
Email: rob.speeney@cardinalhealth.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

Robert Zadek
Lenders Funding, LLC
1001 Bridgeway, Suite 721
Sausalito, CA 94965
Email: rzadek@buchalter.com

Jeffrey Golden (NEF)
Weiland, Golden, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Email: jgolden@wgllp.com

Andrew H. Sherman
Sills Cummis & Gross, P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Email asherman@sillscummis.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE