SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   (213) 623-9300
Facsimile:    (213) 623-9924

Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
AND MEDICAL CENTER, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:16-bk-17463-ER |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S REPLY TO LIMITED OBJECTION OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES TO SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES** |
| | Hearing: |
| | Date:   July 26, 2016<br>Time:   10:00 a.m.<br>Place:  Courtroom 1568<br>           Edward E. Roybal Federal Building<br>           255 Temple Street<br>           Los Angeles, CA  90012 |
| | Judge:  The Honorable Ernest M. Robles |

---

[1] The Debtor is a California nonprofit public benefit corporation, Fed. Tax I.D. No. 33-0738307. The Debtor's mailing address is 21530 Pioneer Boulevard, Hawaiian Gardens, California  90716.

100486263\V-1

Gardens Regional Hospital and Medical Center, Inc., dba Gardens Regional Hospital and Medical Center, ("the Debtor"), herein files this reply to the *Limited Objection Of The United States Department Of Health And Human Services To Sale Of Certain Of Debtor's Assets Free And Clear Of Liens, Claims, Encumbrances And Other Interests; Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases* (the "Objection") [Docket # 213].

## I.  INTRODUCTION

The United States Department of Health and Human Services (the "United States") objects to the Debtor obtaining an order allowing the transfer of the Medicare Provider Agreement to the prospective buyer free and clear of liens, claims and encumbrances as authorized by section 363 of the Bankruptcy Code. Instead, the United States argues that the Medicare Provider Agreement is a contract, which must be transferred under section 365 of the Bankruptcy Code, and any party that takes the Medicare Provider Agreement must accept unlimited successor liability. However, the prospective buyer has reserved the right to terminate the transaction absent a satisfactory agreement between the Debtor and the United States related to the transfer of the Medicare Provider Agreement vis-à-vis the prospective buyer's liability for obligations of the Debtor. As the Medicare Provider Agreement is an essential aspect of the Debtor's operations, this is a significant issue.

As a practical matter, the Debtor believes that it will be able to fashion a compromise between the United States and the prospective buyer. Moreover, as the Debtor will present to the Court at the hearing on July 26, 2016, the prospective buyer has requested an additional sixty days to designate which executory contracts it will ask to be assumed by the Debtor and assigned to it. The Debtor will provide the Court and the United States with notice of its intentions with regard to the Medicare Provider Agreement at that time. Thus, the United States will be able to raise this issue again later, when the Debtor is able to determine if the prospective buyer wants to assume the Medicare Provider Agreement, and under what conditions.

However, the Objection raises issues that require a response. It ignores controlling Ninth Circuit precedent holding that the Medicare Provider Agreement is not a contract. It fails to

inform the Court that the United States regularly argues, in the Central District of California and across the nation, that the Medicare Provider Agreement is not a contract. It fails to explain how filing a bankruptcy petition changes a document that is not a contract into a contract, particularly in light of the fact that the Bankruptcy Code does not define "contract," leaving that decision to applicable non-bankruptcy law. Finally, it fails to address why the doctrine of judicial estoppel should not be invoked against it on this issue. For all these reasons, the Objection should be denied without prejudice.

## II. THE UNITED STATES' OBJECTION CONTRADICTS CONTROLLING PRECEDENT AND ITS OWN PRIOR ARGUMENTS

### A. The Medicare Provider Agreement Is Not A Contract

To begin, the United States ignores controlling Ninth Circuit precedent expressly holding that the Medicare Provider Agreement does not create a contractual relationship between the parties. *PAMC, Ltd. v. Sebelius*, 747 F.3d 1214, 1221 (9th Cir. 2014) ("We have, on occasion, stated that providers and others have contracts with the government in this area, but our decisions have turned on the regulatory regime rather than on contract principles. … As the Eleventh Circuit Court of Appeals held when hospitals complained of legislative impairment of their contract rights in this area because they had agreements with the Secretary: 'Upon joining the Medicare program, however, the hospitals received a statutory entitlement, not a contract right.'") (*quoting Memorial Hosp. v. Heckler*, 706 F.2d 1130, 1136 (11th Cir. 1983)); *see, e.g., Germantown Hosp. & Med. Ctr. v. Heckler*, 590 F. Supp. 24, 30-31 (E.D. Pa. 1983) ("There is no contractual requirement requiring [the United States] to provide Medicare reimbursement. Rather, upon joining the Medicare program, providers gain a statutory entitlement to reimbursement."), *aff'd*, 738 F.2d 631 (3rd Cir. 1984); *Southeast Arkansas Hospice, Inc. v. Sebelius*, 1 F. Supp. 3d 915, 925-26 (E.D. Ark. 2014) (stating that the Medicare Provider Agreement is not a contract); *United States ex rel. Academy Health Center, Inc. v. Hyperion Foundation, Inc.*, 2014 U.S. Dist. LEXIS 93185, *163 (S.D. Miss. July 9, 2014) (same); *United States ex rel. Roberts v. Aging Care Home Health, Inc.*, 474 F. Supp. 2d 810, 820 (W.D. La.

2007) ("Breach of contract is not available because Medicare Provider Agreements create statutory, not contractual rights.").

### B. The United States Regularly Argues That Medicare Provider Agreements Are Not Contracts

The United States cannot complain about the precedent cited above finding that the Medicare Provider Agreement is not a contract -- after all, these rulings usually result from the United States arguing, in the Central District of California and across the nation, that the Medicare Provider Agreement is not a contract. For example, in 2005 in litigation in the Central District of California, the United States made the following argument:

> The Provider Agreements referenced by defendants are one page documents that do no more than notify providers of the statutory and regulatory provisions of the Medicare program and do not in themselves convert the government's statutory and common law remedies into contractual ones. Under those Agreements, providers "agree[] to conform to the provisions of … the Social Security Act and applicable provisions in [the Code of Federal Regulations]." … The Agreements impose no duties upon the United States or the Department of Health and Human Services. … Importantly, a Provider Agreement imposes no additional duties upon a provider that are not also embodied in the Social Security Act and regulations. Any "breach" of the Agreement by a provider would necessarily be a violation of the Social Security Act and/or the regulations because to determine what duties the provider had breached, one would have to turn to the statute and the regulations. … **Medicare providers, upon joining the Medicare program receive[] a statutory entitlement, not a contractual right.** Although the hospitals entered into an "agreement" with the Secretary that they would abide by the rules of the Medicare program, that agreement did not obligate the Secretary to provide reimbursement for any particular expenses.

United States' Sur-Reply to Tenant's Reply to its Motion for Summary Adjudication (Statute of Limitations), at 2, *United States v. Tenent Healthcare Corp.*, 2005 WL 3784642 (C.D. Cal. Dec. 22, 2005) (internal quotation marks and citations omitted, emphasis added); *see also, e.g.,* Government Parties' Reply in Further Support of Their Motion for Partial Summary Judgment, at 2, 4, *United States v. Malik*, 2103 WL 3948074 (D.D.C. June 13, 2013) (The United States argued: "In the context of the Medicare program, the Medicare statute requires providers to enter

- 3 -

100486263\V-1

into an agreement, commonly referred to as a provider agreement, with the Secretary of HHS in order to receive Medicare reimbursement. While the provider 'agreement' is a condition for reimbursement, it does not establish a contractual relationship between providers and the United States."). Thus, it is no accident that the Ninth Circuit, the judges in the Central District of California, and other courts across the nation regularly find that the Medicare Provider Agreement is not a contract; they reach that conclusion because the United States regularly argues that they are not contracts.

### C. Filing A Bankruptcy Case Does Not Create A Contract

If the Medicare Provider Agreement is not a contract outside of bankruptcy, the United States offers no explanation as to why the filing of a bankruptcy petition would change the document into a contract. The Bankruptcy Code does not define the word "contract" although it employs it, among other places, in section 365 of the Bankruptcy Code. Thus, the definition of "contract" comes from applicable non-bankruptcy law. *See generally Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20 (2000) ("The 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *Tyler v. DH Capital Mgt., Inc*., 736 F.3d 455, 461 (6th Cir. 2013) ("The nature and extent of property rights in bankruptcy are determined by the 'underlying substantive law.'"). The Government cannot point to a provision in the Bankruptcy Code that would change a document that is not a contract outside of bankruptcy into a contract when a bankruptcy case was commenced because there is none.

The Debtor concedes, as it must, that most courts in bankruptcy proceedings have treated the Medicare Provider Agreement as an executory contract. *See, e.g., In re Heffernan Mem'l Hosp. District,* 192 B.R. 228, 231 n.4 (Bankr. S.D. Cal. 1996). However, in most of these cases the debtors conceded that the Medicare Provider Agreement was an executory contract (presumably to conform to the demands of the United States) and the issue was not addressed in a meaningful way. Courts that have carefully reviewed this issue have reached the opposite conclusion and held that the Medicare Provider Agreement is not a contract. *See, e.g., In re BDK*

*Health Mgmt.*, 1998 Bankr. LEXIS 2031 (Bankr. M.D. Fla. Nov. 16, 1998).

### D. The United States Should Be Estopped From Arguing The Medicare Provider Agreement Is A Contract

Because the United States regularly argues and prevails on its argument that the Medicare Provider Agreement is not a contract, the doctrine of judicial estoppel should be invoked against it on this issue:

> Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. It is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts. Federal law governs the application of judicial estoppel in federal court.

*Helfand v. Gerson*, 105 F.3d 530, 533-34 (9th Cir. 1997) (internal citations and quotation marks omitted). That this issue involves a legal issue rather than a factual issue is of no importance in the analysis. *Helfand*, 105 F.3d at 535 ("The greater weight of federal authority, however, supports the position that judicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion. … The integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal."). Furthermore:

> Judicial estoppel is an equitable doctrine invoked by a court at its discretion. Its purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. Although judicial estoppel is probably not reducible to any general formulation of principle, several factors typically inform the decision whether to apply the doctrine in a particular case. First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Ah Quin v. County of Kauai Dept. of Trans.*, 733 F. 3d 267 (9th Cir. 2013) (*quoting New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal citations and quotation marks omitted)).

- 5 -

100486263\V-1

Here all three factors are satisfied. The United States' argument that the Medicare Provider Agreement is a contract in the Objection is "clearly inconsistent" with its argument in, for example, *United States v. Tenet Healthcare Corp.*, where it argued that the Medicare Provider Agreement is not a contract. Second, as shown above, the United States has most often prevailed in persuading courts, including the Ninth Circuit and the Central District of California, that the Medicare Provider Agreement is not a contract. Finally, the arguments articulated in the Objection make clear why the United States takes these inconsistent positions; the United States is using these inconsistent positions to derive an unfair advantage in bankruptcy cases and to impose an unfair detriment on the Debtor if not estopped.

The United States cannot claim that it was unaware of its completely inconsistent arguments. For example, the United States responded in a non-bankruptcy case to a provider's citation to a bankruptcy case holding that the Medicare Provider Agreement was an executory contract by saying: "in neither context, bankruptcy nor federal court, are Medicare Provider Agreements enforceable as contracts." United States Sur-Reply To Tenant's Reply To Its Motion For Summary Adjudication (Statute of Limitations), at 3, *United States v. Tenent Healthcare Corp.*, 2005 WL 3784642 (C.D. Cal. Dec. 22, 2005).

Nor are these arguments presented by different federal agencies, who might inadvertently take inconsistent positions. The United States, in litigation in bankruptcy courts and federal district courts, is almost always represented by the Civil Division of the United States Department of Justice, which represents, in most circumstances, most federal agencies , or else by the local Office of the United States Attorney (as it is here); both are components of the United States Department of Justice (because the United States Department of Health and Human Services has no independent litigation authority). See http://www.justice.gov.

### E. As A License The Medicare Provider Agreement Can Be Sold Free And Clear Of Successor Liability

Most courts have held that a license issued by a Government agency is property of the bankruptcy estate. *See, e.g., In re Re Tak Communications*, 985 F.2d 916 (7th Cir. 1993); *In re Fugazy Express, Inc.*, 124 B.R. 426 (S.D.N.Y. 1991); *In re Smith*, 94 B.R. 220 (Bankr. M.D. Ga.

1988).[2]  As shown above, the Medicare Provider Agreement is a license permitting providers like the Debtor to bill the United States for treatments provided to Medicare beneficiaries.  Therefore, the Debtor can sell the Medicare Provider Agreement free and clear of interests like successor liability asserted by the United States.  *See, e.g., United Mine Workers of Am. 1992 v. Leckie Smokeless Coal Co. (In re Leckie Smokeless Coal Co).,* 99 F.3d 573 (4th Cir. 1996) (allowing sale of assets free and clear of health benefit obligations imposed by the Coal Act); *Mass. Dept. of Unemployment Assistance v. OPK Biotech, LLC (In re PBBPC, Inc.),* 484 B.R. 860, 869 (1st Cir. B.A.P. 2013) (allowing sale free and clear of debtor's experience rating for tax purposes);  *In re Skyline Manor, Inc.*, 2014 WL 7239703 (Bankr. D. Neb. Dec. 17, 2014) (allowing sale of Medicaid Provider Agreement free and clear of Medicaid depreciation recapture claims); *In re Tougher Industries,* 2013 WL 1276501 (Bankr. N.D.N.Y. Mar. 27, 2013) (allowing sale free and clear of debtor's experience rating as imposed by state government); *WBQ Partnership v. Va. Dept. Of Med. Assistance Servs. (In re WBQ Partnership)*, 189 B.R. 97, 105 (Bankr. E.D. Va. 1995) (allowing sale of Medicaid Provider Agreement free and clear of Medicaid depreciation recapture claims); *In re P.K.R. Convalescent Ctrs., Inc*., 189 B.R. 90 (Bankr. E.D. Va. 1995) (same).

## III. CONCLUSION

The United States' Objection should be over-ruled because its argument that the Medicare Provider Agreement is a contract ignores controlling Ninth Circuit precedent holding that the Medicare Provider Agreement is not a contract.  Additionally, the United States should be estopped for playing "fast and loose" with the judicial system by arguing in federal courts other than bankruptcy courts that the Medicare Provider Agreement is not a contract, but cynically arguing in bankruptcy courts that it is a contract, all to gain an unfair advantage on this Debtor and all similarly situated debtors.

As a practical matter, the prospective buyer is going to need up to sixty days to determine

---

[2] This is consistent with the general rule that all of a debtor's property, including all legal and equitable interests, become property of the bankruptcy estate. *See, e.g*., 11 U.S.C § 541; *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992); *United States v. Whiting Pools, Inc*., 462 U.S. 198, 203-05 (1983).

- 7 -

100486263\V-1

which executory contracts it wants the Debtor to assume and assign to it.  During that time, the Debtor will work to achieve a settlement agreeable to the United States and the prospective buyer.  The Debtor will file a notice at the same time it files the Cure Notices related to the assumption and assignment of executory contracts, providing its determination as to whether it intends to proceed by treating the Medicare Provider Agreement as an executory contract or a license, and the United States can respond accordingly.  However, to be clear, should a settlement be impossible, the Debtor reserves the right to sell the Medicare Provider Agreement as a license.

For all the reasons set forth herein, the Objection should be over-ruled without prejudice.

Dated: July 25, 2016

DENTONS US LLP
SAMUEL R. MAIZEL
JOHN A. MOE, II


By     /s/ Samuel R. Maizel
          SAMUEL T. MAIZEL

Attorneys for Gardens Regional Hospital and Medical Center, Inc.

100486263\V-1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S REPLY TO LIMITED OBJECTION OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES TO SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 25, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*SEE ATTACHED SERVICE LIST NO. 1*

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*)     I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 25, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery
Hon. Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and U.S. Courthouse
255 East Temple Street/Courtroom 1568
Los Angeles, CA 90012

*Via Overnight Delivery: SEE ATTACHED SERVICE LIST NO. 3.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 25, 2016 | Alicia Aguilar | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST

*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Karl E Block on behalf of Creditor Harbor-Gardens Capital I, LLC
kblock@loeb.com, plavine@loeb.com

Manuel A Boigues on behalf of Interested Party Courtesy NEF
bankruptcycourtnotices@unioncounsel.net

Louis J Cisz, III on behalf of Interested Party Courtesy NEF
lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

Dawn M Coulson on behalf of Interested Party Courtesy NEF
dcoulson@eppscoulson.com, cmadero@eppscoulson.com

Jerome Bennett Friedman on behalf of Interested Party Courtesy NEF
jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;sbiegenzahn@flg-law.com

W. Jeffrey Fulton on behalf of Interested Party Courtesy NEF
jeff@jeffultonlaw.com; Yvonne@jeffultonlaw.com

Jeffrey I Golden on behalf of Creditor Committee Official Committee of Unsecured Creditors   jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com

Lawrence J. Hilton on behalf of Interested Party Courtesy NEF
lhilton@onellp.com; lthomas@onellp.com; info@onellp.com; janderson@onellp.com; crodriguez@onellp.com

David Jacobs on behalf of Interested Party Courtesy NEF
cemail@ebglaw.com, djacobs@ebglaw.com

Ivan L Kallick on behalf of Interested Party Courtesy NEF
ikallick@manatt.com, ihernandez@manatt.com

Eve H Karasik on behalf of Interested Party Courtesy NEF
ehk@lnbyb.com

Yi S Kim on behalf of Interested Party Courtesy NEF
ykim@greenbass.com, ksopky@greenbass.com;ecfnotification@greenbass.com

Gary E Klausner on behalf of Creditor Roxbury Healthcare Services, LLC
gek@lnbyb.com

Gary E Klausner on behalf of Creditor Sycamore Health Care Services, LLC
gek@lnbyb.com

Gary E Klausner on behalf of Interested Party Courtesy NEF
gek@lnbyb.com

John I. Koenig on behalf of Interested Party Courtesy NEF
Skoenig@cmkllp.com, knielsen@cmkllp.com

John P Kreis on behalf of Interested Party John P. Kreis, PC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

jkreis@kreislaw.com, j.kreis@ca.rr.com

Elan S. Levey on behalf of Interested Party Courtesy NEF
elan.levey@usdoj.gov; louisa.lin@usdoj.gov

Wendy A Loo on behalf of Interested Party People of the State of CA
wendy.loo@lacity.org

Stephen A Madoni on behalf of Creditor Spine Surgical Implants, Inc.
stevemadoni@aol.com, nathally@madonilaw.com

Howard N Madris on behalf of Creditor Lenders Funding, LLC
hmadris@madrislaw.com

Howard N Madris on behalf of Interested Party Courtesy NEF
hmadris@madrislaw.com

Amanda L Marutzky on behalf of Interested Party Courtesy NEF
amarutzk@wthf.com, jjensen@watttieder.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Benjamin Nachimson on behalf of Interested Party Courtesy NEF
ben.nachimson@wgfllp.com

Steven G. Polard on behalf of Interested Party Courtesy NEF
stevenpolard@dwt.com, melissatrobel@dwt.com; Linapearmain@dwt.com

Kurt Ramlo on behalf of Interested Party Courtesy NEF
kr@lnbyb.com, kr@ecf.inforuptcy.com

David M Reeder on behalf of Creditor RollinsNelson Grp, LLC
dmr@vrmlaw.com, jle@vrmlaw.com

J. Alexandra Rhim on behalf of Interested Party Courtesy NEF
arhim@hemar-rousso.com

J. Alexandra Rhim on behalf of Respondent De Lage Landen Financial Services, Inc.
arhim@hemar-rousso.com

Emily P Rich on behalf of Interested Party Courtesy NEF
erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net

Mary H Rose on behalf of Interested Party Courtesy NEF
mrose@buchalter.com, mrose@buchalter.com

Benjamin Seigel on behalf of Interested Party Courtesy NEF
bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com

Leonard M Shulman on behalf of Strategic Global Management, Inc.
lshulman@shbllp.com

Gerald N Sims on behalf of Creditor BETA Risk Management Authority
jerrys@psdslaw.com, bonniec@psdslaw.com

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

*SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

Alan Stomel on behalf of Interested Party Courtesy NEF
alan.stomel@gmail.com, astomel@yahoo.com

Tiffany Strelow Cobb on behalf of Interested Party Courtesy NEF
tscobb@vorys.com

Wayne R Terry on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

Gary F Torrell on behalf of Creditor RollinsNelson Grp, LLC
gft@vrmlaw.com

Gary F Torrell on behalf of Interested Party Courtesy NEF
gft@vrmlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Hatty K Yip on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

**3.  TO BE SERVED BY OVERNIGHT MAIL:**

| *Regulatory Agencies* | |
|---|---|
| United States Attorney's Office<br>Central District of California<br>312 North Spring Street, Suite 1200<br>Los Angeles, CA 90012<br>Office: (213) 894-2400<br>Fax: (213) 894-0141 | U.S. Department of Justice<br>Office of the Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Office (202) 514-2000<br>Fax: (202) 307-6777 |
| Wendi A. Horwitz<br>Deputy Attorney General<br>Dept. of Justice<br>Office of the Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>Office: (213) 897-2178<br>Email: wendi.horwitz@doj.ca.gov | Internal Revenue Service<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br>Office: (213) 576-3009<br>Fax: None |
| State of California<br>Franchise Tax Board<br>300 South Spring Street, #5704<br>Los Angeles, CA 90013<br>Office: (916) 845-6500<br>Fax: None | Sylvia Mathews Burwell, Secretary<br>U.S. Department of Health & Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br>Office: (202) 690-6610<br>Fax: (202) 690-7203 |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  *SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*
2

| | |
|---|---|
| Employment Development Dept.<br>722 Capitol Mall<br>Sacramento, CA 95814<br>Office: (866) 333-4606 | Jennifer Kent, Director<br>California Department of Health Care Services<br>1501 Capitol Avenue, Suite 4510<br>Sacramento, CA 95814<br>Office: (916) 464-4430<br>Fax: None |
| Internal Revenue Service<br>600 Arch Street<br>Philadelphia, PA 19101<br>Office: (267) 941-6800 | Angela M. Belgrove<br>Assistant Regional Counsel<br>U.S. Department of Health and Human Services<br>Office of the General Counsel, Region IX<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103-6705<br>Office: (415) 437-8156<br>Fax: (415) 437-8188 |
| Office of the Attorney General<br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>Office: (415) 703-5500<br>Fax: (415) 703-5480 | |

**Request for Special Notice**

| | |
|---|---|
| Eric Weissmanm [e-mail only]<br>Mary D. Lane<br>Wilshire Pacific Capital Advisors LLC<br>8447 Wilshire Blvd., Suite 202<br>Beverly Hills, CA 90211<br>eweissman@wilshirepacificadvisors.com<br>marylane@wilshirepacificadvisors.com<br>[email courtesy copies only] | Lori L. Purkey<br>Purkey & Associates<br>3050 Cascade Road SE Suite A<br>Grand Rapids, MI 49546<br>Office: (619) 940-0553<br>Fax: (619) 940-0554<br>[Counsel for Stryker Instruments] |
| Daniel R. Schimizzi<br>Bernstein-Burkley, PC<br>707 Grant Street, Suite 2200<br>Gulf Tower<br>Pittsburgh, PA 15219<br>Office: (412) 456-8121<br>Fax: (412) 456-8135<br>Email: dschmizzi@bernsteinlaw.com<br>[Counsel for Beckman Coulter, Inc.] | Darrell W. Clark<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW, Suite 800<br>Washington, DC 20006<br>Office: (202) 785-9100<br>Fax: (202) 785-9163<br>[Counsel for Cerner Health Services] |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

*SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

| | |
|---|---|
| Louis J. Cisz III (NEF above)<br>Nixon Peabody LLP | Robert L. Patterson, Esq.<br>Slovak Baron Empey Murphy & Pinkney LLP<br>1800 E. Tahquiz Canyon Way<br>Palm Springs, California 92662 |
| Cerritos Gardens General Hospital Company<br>21520 South Pioneer Blvd., Suite 205<br>Hawaiian Gardens, CA 90716<br>Attn:  Pioneer Carson Corp., General Partner<br>         Attn: Cherna Moskowitz, President | Mr. Oren Ben Ezra<br>1250 E. Hallandale Beach Blvd., Suite 1000<br>Hallandale Beach, FL 33009 |
| James Hamada, M.D.<br>21500 South Pioneer Blvd., Suite 208<br>Hawaiian Gardens, CA 90716 | Amable Aguiliuz, M.D.<br>21500 South Pioneer Blvd., Suite 209<br>Hawaiian Gardens, CA 90716 |
| **Creditor's Committee** | |
| Rob Speeney<br>Cardinal Health 200, LLC<br>7000 Cardinal Place<br>Dublin, OH 43017<br>Office:  (614) 533-3125<br>Email:  rob.speeney@cardinalhealth.com | Robert Zadek<br>Lenders Funding, LLC<br>1001 Bridgeway, Suite 721<br>Sausalito, CA 94965<br>Office:  (415) 227-3585<br>Email:  rzadek@buchalter.com |
| Jeffrey Golden (NEF)<br>Weiland, Golden, LLP<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626<br>Office:  (714) 966-1000<br>Fax:  (714) 966-1002<br>Email:  jgolden@wgllp.com | Andrew H. Sherman<br>Sills Cummis & Gross, P.C.<br>The Legal Center<br>One Riverfront Plaza<br>Newark, NJ 07102<br>Office:  (973) 643-6982<br>Fax:  (973) 643-6500<br>Email  asherman@sillscummis.com |

100259597\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 5 -