# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, December 04, 2017**     Hearing Room    1568

**10:00 AM**
**2:16-17463**    **Gardens Regional Hospital and Medical Center, Inc.**     Chapter 11

**#4.00**    Hearing RE: [1012] Debtors And Unsecured Creditors Committees Notice Of Joint Motion And Joint Motion To Approve Terms And Conditions Of The Settlement Agreement Reached At Settlement Conference With The Debtors Current And Former Directors And Officers In Accordance With Rule 9019 Of The Federal Rules Of Bankruptcy Procedure

Docket     0

**Matter Notes:**

12/4/2017

<span style="color:red">The tentative ruling will be the order.
Party to lodge order: Movant

**POST PDF OF TENTATIVE RULING TO CIAO**

**Add to docket:**

**Stipulated changes and clarification to the settlement document were placed on the record.  The sweetless agreement will be revised and attached to or otherwise incorporated into the order granting the motion.**</span>

**Tentative Ruling:**

11/30/2017

**Pleadings Filed and Reviewed:**
1) Debtor's and Unsecured Creditors' Committee's Notice of Joint Motion and Joint Motion to Approve Terms and Conditions of the Settlement Agreement Reached at Settlement Conference with the Debtor's Current and Former Directors and Officers in Accordance with Rule 9019 of the Federal Rules of Bankruptcy

# United States Bankruptcy Court
## Central District of California
Los Angeles
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Monday, December 04, 2017**                                                                 Hearing Room    1568

10:00 AM
**CONT...**        **Gardens Regional Hospital and Medical Center, Inc.**                              **Chapter 11**

   Procedure (the "Motion") [Doc. No. 1012]
   a) Application for Order Setting Hearing on Shortened Notice [Doc. No. 1013]
   b) Order: Granting Application and Setting Hearing on Shortened Notice [Doc. No. 1019]
   c) Notice of Hearing on Debtor's and Unsecured Creditors' Committee's Notice of Joint Motion and Joint Motion to Approve Terms and Conditions of the Settlement Agreement Reached at Settlement Conference with the Debtor's Current and Former Directors and Officers in Accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure [Doc. No. 1022]
2) No opposition is on file as of the time of this Tentative Ruling

## I. Facts and Summary of Pleadings

   Gardens Regional Hospital and Medical Center (the "Debtor") and the Official Committee of Unsecured Creditors appointed in the Debtor's bankruptcy case (the "Committee") seek approval of a settlement agreement (the "Settlement Agreement") among the Debtor, the Committee, and the Debtor's current and former directors and officers (the "Directors"). The hearing on the Motion has been set on shortened notice. The Court finds that the Debtor has provided notice of the Motion as ordered by the Court. The deadline for any parties to file written opposition to the Motion was November 28, 2017. No timely opposition to the Motion is on file.
   The dispute resolved by the Settlement Agreement concerns the Committee's allegations that the Directors are liable for breaches of fiduciary duties in connection with the management of the hospital. Specifically, the Committee alleges that the Directors engaged management companies (the "Management Companies") for the Debtor, in which Beryl Weiner held an ownership interest, that (a) had no hospital management experience, (b) did not provide any material service or benefit to the Debtor, (c) merely placed the Debtor's senior executives on the Management Companies' payrolls while charging the Debtor management fees that consisted of the cost of those executives' salaries plus additional amounts for which the Debtor received no value, and (d) engaged in fraud and other illegal conduct. The Committee further alleges that (a) Beryl Weiner's relationships with the Debtor, the Management Companies, and the Directors gave rise to conflicts of interests; (b) that the Directors permitted the law firm of Selvin & Weiner to charge excessive attorneys' fees for performing unnecessary services; (c) that the Directors failed to prevent Arthur Garrick, a one-time CEO of the hospital, from charging the hospital for his personal expenses; (d) that the Directors failed to prevent or seek redress for the fraudulent

## United States Bankruptcy Court
### Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, December 04, 2017**                                                                 **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...        Gardens Regional Hospital and Medical Center, Inc.                                Chapter 11**

conduct of Beryl Weiner, the Management Companies, and certain other parties alleged in several *qui tam* actions; and (e) that settlement agreements entered into by the Debtor in March and April, 2016, resulted in preferential treatment of certain of the Debtor's secured and unsecured creditors and/or fraudulent conveyances.

The Directors dispute the Committee's allegations, and assert that (a) the agreements entered into with the Management Companies were appropriate and performed at a fair price, and the personnel had appropriate hospital management knowledge and experience; (b) the Directors took appropriate action regarding potential and actual conflicts of interest involving Beryl Weiner; (c) the services provided by Selvin & Weiner were vital to the continued existence of the hospital and Selvin & Weiner's fees were vetted and appropriate; (d) the Directors took appropriate action when learning of Arthur Garrick's alleged misappropriation of funds; (e) the Directors took appropriate action to protect the hospital in connection with the *qui tam* actions; and (f) the April 2016 settlement agreements reduced secured and unsecured obligations payable by the hospital by more than $2 million. The Directors further assert that they are entitled to protection from personal liability by the business judgment rule.

The material terms of the Settlement Agreement are as follows:
1) The Directors, through their insurance carrier, RSUI Indemnity Company ("RSUI"), shall pay the Debtor $625,000 on or before December 15, 2017.
2) The Committee shall be granted exclusive standing to commence, prosecute, and or/settle on behalf of the estate claims asserted in certain cases pending in the Los Angeles Superior Court.

## II. Findings and Conclusions

Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement. "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving a settlement agreement, the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, December 04, 2017**                                                                 Hearing Room     1568

10:00 AM
**CONT...      Gardens Regional Hospital and Medical Center, Inc.                                  Chapter 11**

Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). Applying the *A&C Properties* factors, the Court finds that both the Harbor Settlement Agreement and RNG Settlement Agreement are adequate, fair, and reasonable, and are in the best interests of the estate and creditors.

*Paramount Interests of Creditors*
This factor weighs strongly in favor of approving the Settlement Agreement. The Settlement Agreement is supported by the Debtor and the Committee, and will provide $625,000 to the estate. This injection of cash into the estate is badly needed given the estate's precarious financial position.

*Difficulties to Be Encountered in the Matter of Collection*
This factor is neutral.

*Complexity of the Litigation*
This factor weighs strongly in favor of approving the Settlement Agreement. The disputes resolved by the Settlement Agreement involve complex contested issues of fact that would be time consuming and expensive to try.

*Probability of Success in the Litigation*
This factor weighs in favor of approving the Settlement Agreement. Even if additional litigation could succeed in generating a larger recovery against the Directors, from the perspective of the estate and creditors, the victory would be pyrrhic given that the increased administrative costs would swamp any additional recovery for creditors.

## III. Conclusion
Based upon the foregoing, the Court approves the Settlement Agreement. The Debtor shall submit a conforming order, incorporating this tentative ruling by reference, within seven days of the hearing.


No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Cameron Schlagel or Daniel Koontz at 213-894-1522.  **If you intend to contest the tentative ruling and appear,**

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, December 04, 2017**      Hearing Room    1568

<u>10:00 AM</u>
**CONT...**     **Gardens Regional Hospital and Medical Center, Inc.**     **Chapter 11**

**please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

    Gardens Regional Hospital and        Represented By
                                                         Samuel R Maizel
                                                         John A Moe