SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
JOHN A. MOE, II (Bar No. 066893)
john.moe@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Debtor,
GARDENS REGIONAL HOSPITAL
AND MEDICAL CENTER, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,

Debtor.

Case No. 2:16-bk-17463-ER

Chapter 11

**NOTICE OF LIQUIDATING TRUST AGREEMENT AND POC MEMBERS**

Date: September 17, 2018
Time: 10:00 A.M.
Crtrm: 1568
255 East Temple Street
Los Angeles, California 90012
Judge: Hon. Ernest M. Robles

**PLEASE TAKE NOTICE** that the form of Liquidating Trust Agreement (the "Agreement") attached hereto as Exhibit A is filed in connection with the *Joint Chapter 11 Plan of Liquidation* (as modified, the "Plan") [Docket No. 1274] for Gardens Regional Hospital and Medical Center, Inc. (the "Debtor"). The Agreement attached hereto is substantially in the form that will be executed by the parties thereto pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE** that the identies of the POC (as defined in the Plan) are set forth on Schedule I to the attached Agreement and consist of the following: (1) Cardinal Health 200, LLC and (2) Lenders Funding, LLC.

**PLEASE TAKE FURTHER NOTICE** that the Debtor, the Official Committee of Unsecured Creditors, and the parties to the Agreement reserve the right to amend or otherwise modify the agreement prior to its execution. To the extent the Agreement is amended or otherwise modified, the amended or modified Agreement will be filed with the Court in advance of the hearing on confirmation of the Plan scheduled for September 17, 2018 at 10:00 a.m.

Dated:

DENTONS
SAMUEL R. MAIZEL
JOHN A. MOE, II

By: /s/ JOHN A. MOE, II

JOHN A. MOE, II
ATTORNEYS FOR DEBTOR,
GARDENS REGIONAL HOSPITAL AND
MEDICAL CENTER, INC.

# EXHIBIT A

# LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement ("Liquidating Trust Agreement" or "Agreement"), dated as of August [*], 2018, by and between Gardens Regional Hospital and Medical Center, Inc., dba Gardens Regional Hospital and Medical Center, debtor and debtor in possession (the "Debtor"), and Michael Lane of Hammond Hanlon Camp LLC, not individually but solely in his capacity as trustee hereunder (the "Liquidating Trustee" or "Trustee"), is hereby being executed to facilitate the implementation of the Joint Chapter 11 Plan of Liquidation (as amended, modified, or supplemented, the "Plan") of the Debtor, which provides for the establishment of the Liquidating Trust (as defined below) created by this Liquidating Trust Agreement and the administration and disposition of the Liquidating Trust Assets (as defined below), all for the benefit of the holders of certain Claims[1] as set forth in the Plan. The Liquidating Trustee's powers and duties are as set forth herein.

WHEREAS, on June 6, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

WHEREAS, under Section 1121 of the Bankruptcy Code, the Debtor and the Official Committee of Unsecured Creditors jointly filed the Plan;

WHEREAS, on [*], 2018, the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court" or "Court") entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, the Plan will become effective on the Effective Date;

WHEREAS, Michael Lane of Hammond Hanlon Camp LLC is hereby being appointed Liquidating Trustee;

WHEREAS, a plan oversight committee (the "POC"), with the powers set forth in the Plan, has been duly appointed, currently consisting of the individuals identified on Schedule 1 attached hereto;

WHEREAS, the Plan provides, inter alia, for:

(a) the transfer to the Liquidating Trust, (i) on the Effective Date, of the Estate's title to all of the Assets, free and clear of all Claims and equity interests in accordance with Section 1141 of the Bankruptcy Code, and (ii) such additional or different corpus as the Liquidating Trustee may from time to time acquire and hold in trust pursuant to this Agreement (collectively with any other Assets transferred to the Liquidating Trust, the "Liquidating Trust Assets");

---

[1] Unless otherwise defined in this Liquidating Trust Agreement, all capitalized terms contained in this Liquidating Trust Agreement have the meanings ascribed to them in the Plan. To the extent that a definition of a term in the text of this Liquidating Trust Agreement and the definition of such term in the Plan are inconsistent, the definition in the Plan shall control.

(b) the distribution of proceeds of the Liquidating Trust Assets in accordance with the terms of the Plan, including for the benefit of the Holders of Allowed General Unsecured Claims and other parties on whose behalf distribution may be made under the Plan (collectively, the "Beneficiaries," provided, however, that to the extent any General Unsecured Claim or other Claim is not an Allowed Claim, the Holder of such claim shall not be deemed a Beneficiary hereunder);

(c) the federal income tax treatment (i) of the Beneficiaries as the grantors of the Liquidating Trust and the owners of the Liquidating Trust Assets and (ii) of the transfer of the Liquidating Trust Assets to the Liquidating Trust as a deemed transfer from the Debtor to the Beneficiaries followed by a deemed transfer by the Beneficiaries to the Liquidating Trust;

(d) the establishment of (x) a Distribution Reserve with respect to potential distributions on account of Claims that are subject to dispute or have otherwise not been Allowed as of the Effective Date and (y) a Liquidating Trust Expense Reserve sufficient to pay the Post-Effective Date Expenses of the Liquidating Trust (including compensation to the Liquidating Trustee and his respective professionals);

(e) the payment of Allowed Administrative Expense Claims and Allowed Priority Claims, including Professional Compensation and Reimbursement Claims, and the prospective distributions to be made on account of Claims that were Disputed Claims or not otherwise Allowed as of the Effective Date, if and when such Claims become Allowed Claims; and

(f) the administration of the Liquidating Trust and the Liquidating Trust Assets by the Liquidating Trustee for the purposes and in the manner set forth in this Liquidating Trust Agreement subject to the terms of the Plan; and

WHEREAS, the Liquidating Trust is intended to be treated as a liquidating trust pursuant to Treasury Regulations, Sec. 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124, and as a grantor trust subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part 1, Subpart E of the Tax Code (hereinafter defined) owned by the Beneficiaries as grantors.

NOW, THEREFORE, pursuant to the Plan and in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE 1

## DECLARATION OF TRUST

**1.1 Purpose of the Liquidating Trust.** The Debtor and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the Bankruptcy Code, applicable tax statutes, rules, and regulations, to the extent incorporated in this Agreement, hereby constitute and create a trust (the "Liquidating Trust") for the purpose of winding down certain affairs of the Debtor and liquidating the Liquidating Trust Assets for the benefit of the Beneficiaries, with no objective to continue or engage in the conduct of a trade or business. In particular, the Liquidating Trust, through the Liquidating Trustee, shall (i) pending the reduction to Cash of the Liquidating Trust Assets (and any non-Cash proceeds thereof), manage, and collect and obtain proceeds from, the Liquidating Trust Assets, with the goal of reducing the Liquidating Trust Assets (and any non-Cash proceeds thereof) to Cash; (ii) make distributions pursuant to this Agreement, the Plan, and the Confirmation Order; and (iii) take such steps as are reasonably necessary to accomplish such purposes, all as more fully provided in, and subject to the terms and provisions of, the Plan, the Confirmation Order, and this Agreement. The Liquidating Trust shall not have authority to engage in a trade or business, and no portions of the Liquidating Trust Assets shall be used in the conduct of a trade or business, except as is reasonably necessary for the prompt and orderly collection and reduction to Cash of the Liquidating Trust Assets (and any non-Cash proceeds thereof), with the goal of maximizing such assets for the benefit of the Beneficiaries.

**1.2 Name of the Liquidating Trust.** The Liquidating Trust established hereby shall be known as the "Gardens Regional Hospital and Medical Center Liquidating Trust." In connection with the exercise of its powers, the Liquidating Trustee may use such name or such variation thereof as he sees fit, and may transact the business and affairs of the Liquidating Trust in such name.

**1.3 Transfer of Assets to Create Liquidating Trust.** Pursuant to the Plan and the Confirmation Order, the Debtor and the Estate hereby irrevocably grant, release, assign, transfer, convey, and deliver to the Trustee: (i) as of the Effective Date, the Estate's title to all of the Assets; and (ii) such additional or different corpus as the Liquidating Trustee may from time to time acquire and hold in trust pursuant to this Liquidating Trust Agreement, to have and to hold by the Liquidating Trustee and his successors in trust and to be applied as specified in the Plan and this Agreement. Upon the transfer of each Liquidating Trust Asset to the Liquidating Trust, the Debtor shall retain no interest in such Liquidating Trust Asset. On the Effective Date and from time to time thereafter, the Debtor shall execute and deliver, or cause to be executed and delivered, to or upon the direction of the Liquidating Trustee any and all such documents, in recordable form where necessary or appropriate, and the Debtor shall take, or cause to be taken, such further or other action, as the Liquidating Trustee may reasonably deem appropriate, to vest or perfect in, or confirm to, the Liquidating Trustee, title to and possession of all of the Liquidating Trust Assets. In connection herewith, the Liquidating Trustee shall be responsible for establishing and maintaining such accounts as the Liquidating Trustee shall deem necessary or appropriate to carry out the provisions of this Liquidating Trust Agreement, and to perform all obligations specified for the Liquidating Trustee under the Plan, the Confirmation Order, and this Liquidating Trust Agreement.

**1.4 Acceptance by Liquidating Trustee.** The Liquidating Trustee hereby accepts: (a) the appointment to serve as Liquidating Trustee; (b) the transfer of the Liquidating Trust Assets on behalf of the Liquidating Trust; and (c) the trust imposed on him by this Liquidating Trust Agreement. The Liquidating Trustee agrees to receive, hold, administer, and distribute the Liquidating Trust Assets and the income or other proceeds derived therefrom, if any, pursuant to the terms of the Plan, the Confirmation Order, and this Agreement. The Liquidating Trustee agrees to perform all activities reasonably necessary to ensure the transfer of the Liquidating Trust Assets to the Liquidating Trustee on behalf of the Liquidating Trust.

## ARTICLE 2

## LIQUIDATING TRUSTEE - GENERALLY

**2.1 Appointment.** The initial Liquidating Trustee shall be Michael Lane of of Hammond Hanlon Camp LLC.

**2.2 Term of Service**. The Liquidating Trustee shall serve until (a) the termination of the Liquidating Trust in accordance with Article 9 of this Agreement, or (b) the Liquidating Trustee's resignation, death, or removal, all in accordance with the provisions hereof.

**2.3 Services**. The Liquidating Trustee shall be entitled to engage in such other activities as he deems appropriate that are not in conflict with the Plan, the Confirmation Order, this Agreement, the Liquidating Trust, or the interests of the Beneficiaries resulting from this Agreement. The Liquidating Trustee shall devote such time as is necessary to fulfill all of his duties as Liquidating Trustee.

**2.4 Resignation, Death, or Removal of Liquidating Trustee.** The Liquidating Trustee may resign at any time upon ninety (90) days' written notice to the POC. Such resignation may become effective prior to the expiration of such ninety (90) day notice period upon the appointment of a permanent or interim successor Liquidating Trustee. The Liquidating Trustee may be removed by the Bankruptcy Court upon application for good cause shown, which application may be brought by any two members of the POC or any other party in interest. In the event the Liquidating Trustee position becomes vacant, the vacancy shall be filled by the Bankruptcy Court upon submissions from any interested party or parties. Upon appointment pursuant to this Section 2.4, and upon the execution of an instrument accepting the appointment and delivering said acceptance instrument to the Bankruptcy Court, the successor Liquidating Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of his, her, or its predecessor.

**2.5 Trust Continuance.** The death, resignation, or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency (other than any agency of such Liquidating Trustee as a Liquidating Trustee) created pursuant to this Liquidating Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee, and the successor Liquidating Trustee agrees that the provisions of this Liquidating Trust Agreement shall be binding upon and inure to the benefit of the successor Liquidating Trustee and all his heirs and legal and personal representatives, successors, or assigns.

**2.6 Compensation and Expenses of Liquidating Trustee.** The Liquidating Trustee will be compensated for his services hereunder in accordance with the following structure: (i) for the first four (4) months after the Effective Date, the Liquidating Trustee will be paid $25,000 per month and (ii) for the fifth (5th) and subsequent months after the Effective Date, the Liquidating Trustee will be paid $12,500 per month until the Liquidating Trustee is relieved of his duties hereunder, unless otherwise agreed by the POC and the Liquidating Trustee.

In addition, the Liquidating Trustee will be entitled to receive reimbursement of reasonable, actual, and necessary costs, fees (including attorneys' fees), and expenses incurred by the Liquidating Trustee in connection with the performance of his duties hereunder.

**2.7 Retention of Professionals.** The Liquidating Trustee may retain and engage such attorneys, accountants, and other professionals and persons as may be necessary to carry out his duties under this Agreement, including any law or accounting firm of which the Liquidating Trustee is a partner or otherwise affiliated from time to time and any law or accounting firm that was retained as an estate professional in the Debtor's bankruptcy case. The fees and expenses of all such professionals shall be borne exclusively by the Liquidating Trust, and such professionals may be compensated monthly upon submission of invoices to the Liquidating Trustee without further order of the Bankruptcy Court consistent with this Section 2.7. Requests for payment of fees and expenses by the Liquidating Trustee and any professionals employed by the Liquidating Trustee may be served (with a fourteen (14) day period to object) on the POC upon request. If no objection is received by the Liquidating Trustee or such professional within the fourteen (14) day period, or if the POC does not request such professionals' requests for payments of fees and expenses, the Liquidating Trustee may pay the fees and expenses without the need for further review or approval of the Bankruptcy Court or any other party. If the POC does request such professionals' requests for payments of fees and expenses, and an objection to the payment of such fees and expenses is received within the fourteen (14) day period but is resolved without Bankruptcy Court intervention, the Liquidating Trustee may pay the fees and expenses without the need for further review or approval of the Bankruptcy Court or any other party. If the POC does request such professionals' requests for payments of fees and expenses, and an objection to the payment of such fees and expenses is received within the fourteen (14) day period, and such objection cannot otherwise be resolved, the Liquidating Trustee shall schedule a hearing in the Bankruptcy Court to resolve the objection. In all events, if an objection is received, the Liquidating Trustee shall timely pay the undisputed portion of the invoice and shall reserve monies in the amount of the disputed portion of the invoice pending resolution of the objection. All fees and expenses of administration of the Liquidating Trust Estate and representation of the Liquidating Trustee shall be paid from the Liquidating Trust Expense Reserve.

**2.8 Court Approval for Payment.** The foregoing Sections 2.6 and 2.7 notwithstanding, the Liquidating Trustee or any professional may seek Bankruptcy Court authorization from time to time before the payment of any fees to the Liquidating Trustee or professionals.

## ARTICLE 3

## POWERS AND LIMITATIONS OF LIQUIDATING TRUSTEE

**3.1 General Powers of Liquidating Trustee.** In connection with the administration of the Liquidating Trust, except as otherwise set forth in this Agreement, the Liquidating Trustee is authorized to perform only those acts necessary or desirable to accomplish the purposes of the Liquidating Trust. The Liquidating Trust shall succeed to all of the rights of the Debtor necessary to protect, conserve, and liquidate the Liquidating Trust Assets and other Liquidating Trust Assets as quickly as reasonably practicable consistent with the purposes of the Liquidating Trust. Subject to the limitations set forth in this Agreement, the Plan, and the Confirmation Order, and in addition to any powers and authority conferred by law, by the Plan, and the Confirmation Order, or by any other section or provision of this Agreement, the Liquidating Trustee may exercise all powers granted him hereunder related to, or in connection with, the administration and liquidation of Liquidating Trust Assets, and distribution of Cash and other net proceeds derived therefrom in accordance with this Agreement, the Plan, and the Confirmation Order. Without limiting, but subject to the foregoing, the Liquidating Trustee shall be expressly authorized to:

(a) collect, sell, lease, license, abandon, or otherwise dispose of all assets of the Liquidating Trust Estate subject to the terms of the Plan;

(b) effect distributions under the Plan to the Holders of Allowed Claims;

(c) pay all costs and expenses of administering the Liquidating Trust Estate after the Effective Date (including the Post-Effective Date Expenses) and other powers necessary or incident thereto, including, without limitation, the power to employ and compensate Persons to assist the Liquidating Trustee in carrying out the duties hereunder and under the Plan, obtain and pay premiums for insurance, and pay any statutory fees owed to the United States Trustee.

(d) implement the Plan including any other powers necessary or incidental thereto;

(e) prosecute objections to Claims and prosecute Chapter 5 Actions and relevant Causes of Action;

(f) settle Claims (Disputed or otherwise), Chapter 5 Actions, relevant Causes of Action, or disputes as to amounts owing to the Estate;

(g) seek an estimation of contingent or unliquidated Claims pursuant to 11 U.S.C. 502(c);

(h) participate in any post-Effective Date motions to amend or modify the Plan or this Liquidating Trust Agreement, or appeals from the Confirmation Order;

(i) participate in actions to enforce or interpret the Plan;

(j) bind the Liquidating Trust;

(k) open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, calculate and make distributions, and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidating Trust;

(l) receive, conserve, and manage the Liquidating Trust Assets;

(m) if the Liquidating Trustee determines that any of the Beneficiaries or the Liquidating Trust may, will, or has become subject to adverse tax consequences, take such actions that the Liquidating Trustee, in his reasonable discretion, determines are intended to alleviate such adverse tax consequences, including, without limitation, dividing the Liquidating Trust Assets into several trusts or other structures;

(n) file, if necessary, any and all tax and information returns of the Liquidating Trust;

(o) hold legal title to any and all Liquidating Trust Assets;

(p) establish, fund, and administer the Distribution Reserve and the Liquidating Trust Expense Reserve in accordance with and pursuant to the Plan, the Confirmation Order, and this Agreement;

(q) enter into contracts and other business arrangements;

(r) represent the Liquidating Trust before governmental and other regulatory bodies;

(s) remove Liquidating Trust Assets or the situs of administration of the Liquidating Trust from one jurisdiction to another at any time or from time to time;

(t) make decisions regarding the retention or engagement of professionals, employees, and consultants by the Liquidating Trust and pay, from the Liquidating Trust Expense Reserve or otherwise, the fees and charges incurred by the Liquidating Trust on or after the Effective Date, including for fees of professionals, disbursements, expenses, or related support services relating to the implementation of the Plan and this Agreement, without application to the Bankruptcy Court, except as set forth herein;

(u) pay all lawful expenses, debts, charges, and liabilities of the Liquidating Trust;

(v) withhold from the amount distributable to any Person or entity such amount as may be sufficient to pay any tax or other charge that the Trustee has determined, in his sole discretion, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof; and in the exercise of his discretion and judgment, the Trustee may enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section;

(w) enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order, or this Agreement and the purposes of the Liquidating Trust, and perform all obligations under all the foregoing;

(x) abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization of his choice, any assets if he concludes that they are of no benefit to the Liquidating Trust;

(y) if any performance under this Agreement by the Liquidating Trustee is subject to the laws of any state or other jurisdiction in which the Liquidating Trustee is not qualified to act as trustee, nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee that security as designated by the Liquidating Trustee; confer upon such trustee any and all of the rights, powers, privileges, and duties of Liquidating Trustee, subject to the conditions and limitations of this Agreement and applicable law; require such trustee to be answerable to the Liquidating Trustee for all monies, assets, and other property that may be received in connection with the administration of all property; and remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Liquidating Trustee of a written instrument declaring such trustee removed from office, and specifying the effective date and time of removal;

(z) invest Cash as deemed appropriate by the Liquidating Trustee (in consultation with the POC) in Cash equivalents; provided, however, that the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a "liquidating trust," within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements, or otherwise;

(aa) hold title to any investment in his name as Liquidating Trustee or in a nominee's name;

(bb) collect amounts due, and exercise and enforce all voting and other rights (including, without limitation, any foreclosure or similar rights) under or attendant to any notes, accounts receivable, general partnership interests, limited partnership interests, stock holdings, settlement agreements, or other contracts or contract rights, or other assets comprising Liquidating Trust Assets or proceeds thereof;

(cc) sue and be sued, and to participate in any proceeding with respect to any matter regarding or relating to this Liquidating Trust Agreement, the Confirmation Order, Claims, or the Liquidating Trust;

(dd) delegate any or all of the discretionary power and authority herein conferred at any time with respect to any portion of the Liquidating Trust Assets or other powers enumerated herein to any one or more reputable individuals or recognized institutional advisors or investment managers or consultants without any liability for any action taken or omission made because of such delegation, except for liability specifically provided for in this Liquidating Trust Agreement; and

(ee) take all other actions consistent with the provisions of this Agreement, the Plan, and the Confirmation Order that the Liquidating Trustee deems reasonably necessary or desirable to administer the Liquidating Trust.

**3.2 Limitations on the Liquidating Trustee.** Anything in this Liquidating Trust Agreement to the contrary notwithstanding, the Liquidating Trustee shall not do or undertake any of the following:

(a) take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b) take any action that would significantly jeopardize treatment of the Liquidating Trust as a "liquidating trust" for federal income tax purposes;

(c) lend any Liquidating Trust Assets to the Liquidating Trustee;

(d) purchase Liquidating Trust Assets from the Liquidating Trust;

(e) transfer Liquidating Trust Assets to another trust with respect to which the Liquidating Trustee serves as trustee;

(f) grant liens on any of the Liquidating Trust Assets; or

(g) guarantee any debt incurred by any third party.

**3.3 Liquidating Trustee Conflicts of Interest.** If the Liquidating Trustee determines, in the exercise of the Liquidating Trustee's discretion, that he has a conflict of interest with respect to any matter, the POC may exercise the Liquidating Trustee's rights and authorities with respect to such matter. If neither the Liquidating Trustee nor the POC is able to act on behalf of the Liquidating Trust with respect to any particular matter, the Liquidating Trustee, after notice to the United States Trustee, may request the Bankruptcy Court to approve the Liquidating Trustee's choice of a designee to act on behalf of the Liquidating Trust solely with respect to such matter, with such designee's authority to so act on behalf of the Liquidating Trust to terminate upon the matter's conclusion.

## ARTICLE 4

## LIABILITY OF LIQUIDATING TRUSTEE

**4.1 Trustee Standard of Care; Exculpation; Limitation on Liability.** Neither the Liquidating Trustee, nor any partner, director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee, shall be personally liable for any act or omission in connection with affairs of the Liquidating Trust to any Beneficiary of the Liquidating Trust, the Liquidating Trust, or any other Person or entity, except for such of the Liquidating Trustee's acts or omissions as shall constitute fraud, bad faith, willful misconduct, gross negligence, reckless disregard of his duties, self-dealing, or breach of fiduciary duty as determined by a Final Order of the Bankruptcy Court. Persons dealing with the Liquidating Trustee, or seeking to assert claims against the Liquidating Trustee, shall have recourse only to

the Liquidating Trust Assets (excluding any fund to pay administrative costs) to satisfy any liability incurred by the Liquidating Trustee to such Persons or entities in carrying out the terms of this Agreement.

**4.2 Indemnification.** Except as otherwise set forth in the Plan or Confirmation Order, the Liquidating Trustee (and in their capacity as such, any partner, director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee) shall be defended, held harmless, and indemnified from time to time by the Liquidating Trust against any and all losses, claims, damages, taxes, suits, costs, expenses (including attorneys' fees and disbursements), and liabilities to which such indemnified parties may be subject by reason of such indemnified party's execution in good faith, and in a manner that the Person reasonably believed to be consistent with the terms of the Plan, the Confirmation Order, and this Agreement, of its or his duties pursuant to the discretion, power, and authority conferred on such Person by this Agreement, the Plan, or the Confirmation Order; provided, however, that the Liquidating Trust shall not indemnify the Liquidating Trustee or any partner, director, officer, affiliate, employee, employer, professional, agent, or representative of the Liquidating Trustee for any actions taken by such indemnified parties that constitute bad faith, willful misconduct, gross negligence, reckless disregard of duty, fraud, self-dealing, or breach of fiduciary duty as determined by a Final Order of the Bankruptcy Court. Satisfaction of any obligation of the Liquidating Trust arising pursuant to the terms of this Section 4.2 shall be payable only from the Liquidating Trust Assets, and such right to payment shall be prior and superior to any other rights to receive on behalf of any Beneficiary any distribution of Liquidating Trust Assets or proceeds thereof. The Liquidating Trust shall have the sole right to control the defense and settlement of claims as to which it is obligated to indemnify (unless it refuses to defend), and the POC may direct such defense.

**4.3 Bond.** The Liquidating Trustee shall not be obligated to give any bond or surety for the performance of any of his duties, unless otherwise ordered by the Bankruptcy Court; if so ordered, all costs and expenses of procuring a bond shall be deemed expenses of the Liquidating Trust.

**4.4 No Liability for Acts of Predecessor Liquidating Trustees.** No successor Liquidating Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidating Trustee unless a successor Liquidating Trustee expressly in writing assumes such responsibility.

**4.5 Reliance by Liquidating Trustee on Documents, Mistake of Fact, or Advice of Counsel.** Except as may be otherwise provided in this Agreement, the Liquidating Trustee may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been presented by an authorized party. Also, the Liquidating Trustee shall not be liable if he acts in good faith based on a mistake of fact before having actual knowledge of such mistake. The Liquidating Trustee shall not be liable for any action taken or suffered by the Liquidating Trustee in reasonably relying upon the advice of counsel or other professionals engaged by the Liquidating Trustee in accordance with this Agreement.

**4.6 Insurance.** The Liquidating Trustee may cause the Liquidating Trust to purchase errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs, and expenses the Liquidating Trustee may incur, including but not limited to attorneys' fees, arising out of or due to his actions or omissions, or consequences of such actions or omissions, other than as a result of his fraud, gross negligence, or willful misconduct, with respect to the implementation and administration of the Plan, the Liquidating Trust, and this Agreement.

## ARTICLE 5

## DUTIES OF LIQUIDATING TRUSTEE

**5.1 General**. The Liquidating Trustee shall have all of the duties specified in the Plan, the Confirmation Order, and this Agreement.

**5.2 Books and Records.** The Liquidating Trustee shall maintain, in respect of the Liquidating Trust, books and records relating to the Liquidating Trust Assets and income and proceeds realized therefrom, and the payment of expenses of and claims against or assumed by the Liquidating Trust, in such detail and for such period of time as may be necessary to enable him to make full and proper reports in respect thereof. Except as expressly provided in this Agreement, the Plan, or the Confirmation Order, nothing in this Agreement is intended to require the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets or proceeds therefrom.

**5.3 Final Accounting of Liquidating Trustee.** The Liquidating Trustee shall within sixty (60) days after the earlier of: (i) the Final Distribution Date; or (ii) the Liquidating Trustee's resignation, removal, liquidation, or death (in which case, the obligation contained in this section shall pass to the Liquidating Trustee's estate), render a final accounting containing at least the following information:

(a) a description of the Liquidating Trust Assets;

(b) a summarized accounting in sufficient detail of all gains, losses, receipts, disbursements, and other transactions in connection with the Liquidating Trust and the Liquidating Trust Assets during the Liquidating Trustee's term of service, including their source and nature;

(c) separate entries for all receipts of principal, income, or other proceeds;

(d) the ending balance of all Liquidating Trust Assets (including any proceeds thereof) as of the date of the Liquidating Trustee's accounting, including the Cash balance on hand and the name and location of the depository where it is kept; and

(e) all known liabilities owed by the Liquidating Trust.

The final accounting shall be presented to the Bankruptcy Court for approval, and the POC shall have notice that the final accounting has been filed and the opportunity for a hearing on the approval of the accounting and the discharge of the Liquidating Trustee.

**5.4 Establishment of Accounts and Reserves**.

(a) On the Effective Date or as soon as practicable thereafter, the Liquidating Trustee shall establish an account which shall consist of all Cash belonging to the Liquidating Trust Estate, including all Cash transferred to the Liquidating Trust pursuant to the Plan (the "General Account"), and pursuant to the terms of the Plan, may use any of the Debtor's existing accounts for that purpose.

(b) On the Effective Date or as soon as practicable thereafter, the Liquidating Trustee may, but is not required to, establish from and within the General Account a Distribution Reserve for the purposes of making Distributions to any Holder of a Disputed Claim (or other Claim that is not Allowed as of the Effective Date) if and when such Claim becomes an Allowed Claim or, if such Disputed Claim becomes Disallowed, then to the Holders of the Allowed Claims. The Liquidating Trustee shall have sole discretion to determine the amount to be funded into the Distribution Reserve, provided that such discretion is not exercised in a manner that is inconsistent with the express provisions of the Plan. Unless otherwise provided in the Plan or this Agreement, when such a Claim is Allowed or Disallowed (and thus becomes an Allowed Claim or a Disallowed Claim, in whole or in part), the funds set aside on account of such Claim shall be released from the reserve and shall be treated as funds available for distribution in accordance with the terms of the Plan and this Agreement.

(c) The Liquidating Trustee shall create from and within the General Account a Liquidating Trust Expense Reserve in an amount sufficient to pay for the Post-Effective Date Expenses of the Liquidating Trust (including compensation to the Liquidating Trustee and his professionals) and all Allowed Administrative Expenses Claims and Allowed Priority Claims, including the Professional Compensation and Reimbursement Claims. In addition, the Liquidating Trustee may include in the Liquidating Trust Expense Reserve sufficient funds to pay Disputed Claims and Claims that have otherwise not been Allowed in the event that all or a portion of such Claims become Allowed Claims. In addition, the Liquidating Trustee may include in the Liquidating Trust Expense Reserve sufficient funds to pay Disputed Claims and Claims that have otherwise not been Allowed in the event that all or a portion of such Claims become Allowed Claims. Consistent with the Plan, the Liquidating Trustee, in his sole discretion, on and after the Effective Date, shall have authority to increase or decrease the Liquidating Trust Expense Reserve as appropriate.

(d) Except as otherwise provided in the Plan, Confirmation Order, and this Agreement, the Liquidating Trustee shall make distributions to Holders of Allowed Claims in the exercise of his sound discretion, based on the amount of Cash on hand, the amount needed to fund the Liquidating Trust Expense Reserve, whether there remain any unpaid Administrative Expense Claims or Priority Claims, the amount of Disputed Claims and Claims not yet Allowed, the amount of General Unsecured Claims that are Allowed at the time, and the status of any pending litigation, if any, affecting such distributions.

**5.5 Consultation with the POC.** The Liquidating Trustee shall consult with the POC concerning material aspects of the administration of the Liquidating Trust. The Liquidating Trustee shall use his best efforts to obtain the consent of the POC with respect to any sale, refinancing, or other disposition of all or a portion of any Liquidating Trust Assets (or non-Cash

proceeds thereof). In the event that the POC does not consent to such proposed sale, refinancing, or other disposition of all or a portion of such Liquidating Trust Assets (or non-Cash proceeds thereof), the Liquidating Trustee may apply to the Bankruptcy Court, on not less than ten (10) days' written notice to the POC for authority to enter into the proposed transaction. With respect to any such application, the Liquidating Trustee will have the burden of demonstrating to the Court that the proposed action is in the best interest of the Beneficiaries.

## ARTICLE 6

## BENEFICIARIES

**6.1 Effect of Death, Incapacity, or Bankruptcy of Beneficiary.** The death, incapacity, or bankruptcy of a Beneficiary during the term of the Liquidating Trust shall not operate to terminate the Liquidating Trust during the term of the Liquidating Trust nor shall it entitle the representatives or creditors of the deceased, incapacitated, or bankrupt Beneficiary to an accounting, or to take any action in any court or elsewhere for the distribution of the Liquidating Trust Assets or for a petition thereof, nor shall it otherwise affect the rights and obligations of the Beneficiary's representatives and creditors (in such capacity) under this Liquidating Trust Agreement or in the Liquidating Trust.

**6.2 Standing of Beneficiary.** Except as may be expressly provided in this Liquidating Trust Agreement, the Plan, or the Confirmation Order, a Beneficiary does not have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than the Liquidating Trustee) upon or with respect to the Liquidating Trust Assets.

**6.3 Release of Liability by Beneficiary.** A Beneficiary shall not relieve the Liquidating Trustee from any duty, responsibility, restriction, or liability as to such Beneficiary that would otherwise be imposed under this Liquidating Trust Agreement unless such relief is approved by Final Order of the Bankruptcy Court.

## ARTICLE 7

## DISTRIBUTIONS

**7.1 Distributions from Liquidating Trust Assets.** All payments to be made by the Liquidating Trustee to any Person or entity shall be made only in accordance with the Plan, the Confirmation Order, and this Agreement, and from the Cash or Cash proceeds of Liquidating Trust Assets, and only to the extent that the Liquidating Trust has sufficient Cash to make such payments in accordance with and to the extent provided for in the Plan, the Confirmation Order, and this Liquidating Trust Agreement. Any distribution made by the Liquidating Trustee in good faith shall be binding and conclusive on all interested parties, absent manifest error.

**7.2 Distributions; Withholding.** The Liquidating Trustee shall make distributions at such times, consistent with the terms of the Plan, the Confirmation Order, and this Agreement, as the Liquidating Trustee deems appropriate from all net Cash income and all other Cash proceeds received by the Liquidating Trust; provided, however that the Liquidating Trust may retain such

amounts (a) as are reasonably necessary to meet known and contingent liabilities and to maintain the value of the Liquidating Trust Assets during the term of the Liquidating Trust, (b) to pay reasonable administrative expenses including, without limitation, the compensation and the reimbursement of reasonable costs, fees (including attorneys' and other professional fees), and expenses of the Liquidating Trustee in connection with the performance of his duties in connection with this Liquidating Trust Agreement, and (c) to satisfy all other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, and this Agreement. All such distributions shall be made, subject to any withholding or reserve, as provided in this Agreement, the Plan, or the Confirmation Order. Additionally, the Liquidating Trustee may withhold from amounts otherwise distributable on behalf of Beneficiaries any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement. The Liquidating Trustee may withhold the entire distribution to any Holder of an Allowed Claim until such time as the Holder provides the Liquidating Trustee with the necessary information to comply with any withholding requirements of any governmental unit. If the Holder of an Allowed Claim fails to provide the Liquidating Trustee with the necessary information to comply with any withholding requirements of any governmental unit within sixty (60) days after the date of first notification, at the last address known to the Debtor, by the Liquidating Trustee to the Holder of the need for such information, then the Holder shall be deemed to have waived the right to receive any distribution from the Liquidating Trust.

Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed Claim that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution; and (b) no distribution shall be made to or on behalf of such Holder pursuant to this Agreement or the Plan unless and until such Holder has made arrangements satisfactory to the Liquidating Trustee for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon any disbursing agent in connection with such distribution. Any property to be distributed pursuant to this Agreement or the Plan shall, pending the implementation of such arrangements, be treated as an undeliverable distribution under this Agreement or the Plan.

**7.3 Non-Cash Property.** Any non-Cash property of the Liquidating Trust may be sold, transferred, or abandoned by the Liquidating Trustee. Notice of any such sale, transfer, or abandonment shall be provided to the POC (not less than ten (10) days' written notice) as to any such non-Cash property that likely has value exceeding ten thousand dollars ($10,000). If, in the Liquidating Trustee's judgment, such property cannot be sold in a commercially reasonable manner, the Liquidating Trustee shall have the right to abandon or otherwise dispose of such property, including by donation of such property to a charity designated by the Liquidating Trustee. Except in the case of willful misconduct, no party in interest shall have a cause of action against the Debtor, any partner, director, officer, employee, consultant, or professional of the Debtor, the Liquidating Trust, the Liquidating Trustee or any partner, director, officer, employee, consultant, or professional of the Liquidating Trust or Liquidating Trustee arising from or related to the disposition of non-Cash property in accordance with this section.

**7.4 Method of Cash Distributions.** Any Cash payment to be made by the Liquidating Trust pursuant to the Plan will be in U.S. dollars and may be made, at the sole discretion of the Liquidating Trustee, by draft, check, wire transfer, or as otherwise required or provided in any relevant agreement or applicable law. Mailed distributions shall be sent to the address provided for the Holder of an Allowed Claim in its respective proof of claim filed with the Bankruptcy Court or Claims agent provided for in the Plan, if any, or if no proof of claim was filed, at the address provided on the Schedules or such Holder's last address known to the Debtor. The Liquidating Trustee shall not be required to locate the current address for any Holder of an Allowed Claim whose distribution is returned to the Liquidating Trustee as undeliverable, in accordance with Section 7.11 hereof.

**7.5 Distributions on Non-Business Days.** Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day. As used in this Agreement, the term "Business Day" shall mean any day other than a Saturday, Sunday, or any other day on which commercial banks in New York, New York are required or authorized to close by law or executive order.

**7.6 Objections to Claims.**

(a) Objection Procedures. From and after the Effective Date, the Liquidating Trustee shall have the exclusive right and standing to (i) object to and contest the allowance of all Claims, (ii) compromise and settle any Disputed Claim or Claim that has not otherwise been Allowed without Bankruptcy Court approval, subject to the notice procedure set forth in Section VII(M)(2) of the Plan; and (iii) litigate to final resolution objections to Claims. No distribution shall be made pursuant to the Plan to a Holder of Claim, Disputed or otherwise, unless and until such Claim is or becomes an Allowed Claim. All objections to Claims shall be filed with the Bankruptcy Court, and served upon the Holders of such Claims, on or before the one hundred eightieth (180th) day after the Effective Date. The time period for filing objections to Claims shall automatically renew for successive periods of one hundred eighty (180) days each until the earlier of (i) the date upon which all Claims have been Allowed or Disallowed or (ii) the date fixed by the Court upon motion of the Liquidating Trustee or a holder of a Claim.

(b) Resolution of Claims. If the Holder of a Disputed Claim or Claim that has not otherwise been Allowed and the Liquidating Trustee agree to a settlement of such Claim for an amount that does not result in a payment in excess of $10,000, the Liquidating Trustee shall be authorized to enter into and effectuate such settlement without any further notice or approval of the Bankruptcy Court, and the settled Claim shall be deemed an Allowed Claim. If the Holder of such a Claim and the Liquidating Trustee agree to a settlement of such Claim and the that will result in a payment exceeding $10,000, the Liquidating Trustee shall provide notice of the proposed settlement (with a fourteen-day (14) period to object) to the Persons or Entities on the Post-Effective Date Notice List. If no objection is received within the fourteen-day (14) period, the settled Claim shall be deemed to be an Allowed Claim, without the need for further review by or approval of the Bankruptcy Court or any other party. If an objection to a proposed settlement is received within the 14-day period and such objection cannot otherwise be resolved, then the Liquidating Trustee shall schedule a hearing in the Bankruptcy Court to resolve the objection.

Until such time as an unliquidated Claim, contingent Claim, or a contingent portion of a Claim becomes Allowed or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to distributions. The Holder of an unliquidated or contingent Claim will be entitled to a distribution under the Plan only when and if such unliquidated or contingent Claim becomes an Allowed Claim.

**7.7 Minimum Distributions.** If the amount of Cash to be distributed to the Holder of an Allowed Claim is less than fifty dollars ($50) on a particular Distribution Date, the Trustee may hold the Cash distributions to be made to such Holder until the aggregate amount of Cash to be distributed to such Holder is in an amount equal to or greater than fifty dollars ($50). Notwithstanding the preceding sentence, if the amount of Cash distribution to any Holder of an Allowed Claim never aggregates more than fifty dollars ($50), then the Liquidating Trustee shall not be required to distribute Cash to any such Holder. This Section 7.7 shall not apply to Holders of Allowed Convenience Claims, who shall be entitled to receive distributions in amounts determined by Section IV(B)(5) of the Plan irrespective of the amounts of such distributions.

**7.8 Rounding.** Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent, with one-half cent being rounded up to the nearest whole cent.

**7.9 Setoffs and Recoupments.** The Liquidating Trustee may, pursuant to Sections 502(b)(1) and 558 of the Bankruptcy Code or applicable non-bankruptcy law, exercise the right of setoff or recoupment against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before distribution is made on account of such Claim), the claims, rights, and causes of action of any nature that the Debtor may hold against the Holder of such Allowed Claim; provided, however, that neither (i) the failure to effect such a setoff or recoupment nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Liquidating Trustee of any such claims, rights, and causes of action that the Liquidating Trust may possess against such Holder, and (ii) no such setoff or recoupment shall be in derogation of the APA.

**7.11 Undeliverable Distributions.**

(a) Holding of Undeliverable Distributions. If any Allowed Claim Holder's distribution is returned as undeliverable, no further distributions shall be made to such Holder unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address. Undeliverable distributions shall remain in the possession of the Liquidating Trustee until such time as a distribution becomes deliverable. Undeliverable Cash shall not be entitled to any interest, dividends or other accruals of any kind. Within twenty-one (21) days after the end of each calendar quarter following the Effective Date, the Liquidating Trustee shall make all distributions that become deliverable during the preceding calendar quarter, except as otherwise provided in the Plan, the Confirmation Order, or this Agreement. Any check that is not cashed or otherwise deposited within three months after the check's date shall be deemed an undeliverable distribution under the Plan.

(b) Failure to Claim Undeliverable Distributions. In an effort to ensure that all Holders of Allowed Claims receive their allocated distributions, the Liquidating Trustee will file with the Bankruptcy Court a listing of unclaimed distribution Holders. This list will be maintained and updated as needed for as long as the Chapter 11 Case stays open. Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an undeliverable distribution within three (3) months after the first attempted delivery shall have its Claim for such undeliverable distribution discharged and shall be forever barred from asserting any such Claim against the Debtor, the Liquidating Trust Estate, or the Liquidating Trustee, or their respective property. In such cases, any Cash held for distribution on account of such Claims shall be property of the Liquidating Trust Estate, free of any restrictions thereon, and shall revert to the account from which such payment was originally issued to be distributed pursuant to the Plan. Nothing contained in the Plan, the Confirmation Order, or this Agreement shall require the Liquidating Trustee to attempt to locate any Holder of an Allowed Claim.

## ARTICLE 8

## TAXES

### 8.1 Income Tax Status.

(a) It is intended that the Liquidating Trust be classified for Federal income tax purposes as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and as a "grantor trust" subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part I, Subpart E of the Tax Code that is owned by its Beneficiaries. Accordingly, the parties hereto intend that the Beneficiaries of the Liquidating Trust be treated as if they had received a distribution of the applicable assets transferred to the Liquidating Trust and then contributed such assets to the Liquidating Trust. As such, notwithstanding anything set forth herein, the transfer of assets to the Liquidating Trust shall be treated for all purposes of the Tax Code as a transfer from the Estate to creditors to the extent the creditors are beneficiaries of the Liquidating Trust followed by a deemed transfer by the Beneficiaries to the Liquidating Trust. The Beneficiaries will be treated as grantors and deemed owners of the Liquidating Trust.

(b) All parties, including the Debtor, the Liquidating Trustee, and all Beneficiaries of the Liquidating Trust, must value all assets transferred to the Liquidating Trust consistently, and those valuations must be used for all Federal, state, and local income tax purposes. The Trustee must file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a). The assets shall be valued based upon the Liquidation Trustee's good faith determination of their fair market value.

(c) Anything set forth herein to the contrary notwithstanding, the Liquidating Trust shall not receive or retain Cash or Cash equivalents in excess of a reasonable amount to meet claims and contingent liabilities or to maintain the value of Liquidating Trust Assets during liquidation. All income of the Liquidating Trust must be subject to tax on a current basis, including income retained in a disputed claims reserve. The taxable income of the Liquidating Trust will be allocated to and among Beneficiaries who are grantors of the Liquidating Trust as required by virtue of their being grantors and deemed owners of the Liquidating Trust, and they

shall each be responsible to report and pay taxes due on their appropriate share of Liquidating Trust income.

(d) The Liquidating Trust shall be classified as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and in the event of any inconsistency between any term or provision herein, in the Plan or in the Confirmation Order necessary for the Liquidating Trust to be deemed at all times a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and any other term or provision herein, in the Plan or in the Confirmation Order, the term(s) and provision(s) necessary for the Liquidating Trust to be deemed a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 shall govern. Similarly, anything to the contrary set forth herein, in the Plan, or in the Confirmation Order notwithstanding, to the extent any term or provision herein, in the Plan, or in the Confirmation Order would result in the Liquidating Trust not being classified as a liquidating trust at all times pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124, such term or provision shall be ineffective and reformed to the extent necessary for the Liquidating Trust to be classified at all times as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124.

(e) As used in this Liquidating Trust Agreement, the following terms shall have the following meanings:

"Tax Code" shall mean the Internal Revenue Code of 1986, 26 U.S.C. § 1 et seq., as amended from time to time, and corresponding provisions of any subsequent federal revenue act. A reference to a section of the Tax Code shall include a reference to any and all Treasury Regulations interpreting, limiting or expanding such section of the Tax Code; and

"Treasury Regulations" shall mean regulations promulgated under the Tax Code, including, but not limited to the Procedure and Administration Regulations, as such regulations may be amended from time to time.

**8.2 Tax Returns.** The Trustee shall prepare and provide to, or file with, the appropriate parties such notices, tax returns, information returns, and other filings as may be required by the Tax Code and may be required by applicable law of other jurisdictions. The Trustee shall be responsible for filing all federal, state, and local tax returns and information returns of the Liquidating Trust. The Trustee shall, when specifically requested by a Beneficiary in writing, make such tax information available to the Beneficiary for inspection and copying at the Beneficiary's expense, as is necessary for the preparation by such Beneficiary of its income tax return.

## ARTICLE 9

## TERMINATION OF TRUST

**9.1 Term**. The Liquidating Trust shall terminate upon the earlier of (a) the date on which all of the Assets are liquidated in accordance with the Plan, the funds in the Liquidating

Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities, and the Order closing the Chapter 11 Case is a Final Order or (b) five (5) years from the date of creation of the Liquidating Trust, unless extended by the Bankruptcy Court as provided herein. The Trustee shall at all times endeavor to liquidate expeditiously the Liquidating Trust Assets (or any non-Cash proceeds thereof), and in no event shall the Trustee unduly prolong the duration of the Liquidating Trust. The foregoing notwithstanding, in the event that the Liquidating Trustee determines that all of the Liquidating Trust Assets and/or proceeds thereof will not, despite reasonable efforts, be distributed by the date which is five (5) years from the date of creation of the Liquidating Trust, or for any other reason consistent with this Agreement and the Plan, and if warranted by the facts and circumstances, the Trustee may petition the Bankruptcy Court to extend the term of the Liquidating Trust. Each and every such extension must be for a reasonable finite period based on the particular facts and circumstances, must be subject to the approval of the Bankruptcy Court and approved upon a finding that the extension is necessary to the liquidating purpose of the Liquidating Trust, and must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. At such time as the Liquidating Trust has been fully administered (i.e., when all things requiring action by the Liquidating Trustee have been done, and the Plan has been substantially consummated) and in all events within sixty (60) days after the Final Distribution Date, the Liquidating Trustee will file an application for approval of his final report and the entry of the final decree by the Bankruptcy Court. In the event the Liquidating Trustee intends to abandon any property, he shall first offer to convey such property to the POC. Upon final distribution pursuant to this Agreement, the Liquidating Trustee shall retain the books, records, and files that shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may be destroyed at any time after two (2) years after the Final Distribution Date.

**9.2 Event Upon Termination.** Upon the termination of the Liquidating Trust, the Liquidating Trustee shall distribute the remaining Liquidating Trust Assets (including any proceeds thereof), if any, to the POC for distribution in accordance with the Plan and the Confirmation Order, or shall otherwise dispose of them as directed by the POC and consistent with the terms of the Plan, the Confirmation Order, or another order of the Bankruptcy Court.

**9.3 Winding Up and Discharge of the Liquidating Trustee.** For the purposes of winding up the affairs of the Liquidating Trust at its termination, the Liquidating Trustee shall continue to act as Liquidating Trustee until his duties have been fully discharged. After doing so, the Liquidating Trustee, and his agents and employees, shall have no further duties or obligations hereunder, except as required by this Agreement, the Plan, the Confirmation Order, or applicable law concerning the termination of a trust. Upon a motion by the Liquidating Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, and his agents and employees, of any further duties, discharging the Liquidating Trustee and releasing his bond, if any.

## ARTICLE 10

## ADMINISTRATIVE EXPENSES

**10.1 Funding.** The cost and expenses of the Liquidating Trust, including, without limitation, the compensation to and the reimbursement of reasonable, actual, and necessary costs, fees (including attorneys' and other professional fees), and expenses of the Liquidating Trustee in connection with the performance of his duties in connection with the Plan and this Agreement, shall be paid from the Liquidating Trust Expense Reserve without the necessity for any approval by the Bankruptcy Court (the "Trustee's Administrative Expense Fund"). The Trustee's Administrative Expense Fund shall not be subject to charge for claims against the Liquidating Trust or the Liquidating Trust Assets (including any proceeds thereof), including, without limitation, any claims under Sections 4.1 and 4.2 of this Agreement.

## ARTICLE 11

## MISCELLANEOUS PROVISIONS

**11.1 Amendments.** The Liquidating Trustee may (after consultation with the POC) propose to the Bankruptcy Court the modification, supplementation, or amendment of this Liquidating Trust Agreement. Such proposed modification, supplementation, or amendment shall be in writing and filed with the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, notice of such filing shall be served on the POC and the Post-Effective Date Notice List. No modification, supplementation, or amendment of this Liquidating Trust Agreement shall be effective except upon a Final Order of the Bankruptcy Court.

**11.2 Waiver.** No failure by the Liquidating Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**11.3 Cumulative Rights and Remedies.** The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity.

**11.4 No Bond Required.** Subject to Section 4.3 of this Agreement, notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor Liquidating Trustee) shall be exempt from giving any bond or other security in any jurisdiction.

**11.5 Irrevocability.** The Liquidating Trust is irrevocable.

**11.6 Division of Trust.** Under no circumstances shall the Liquidating Trustee have the right or power to divide the Liquidating Trust unless authorized to do so by the Bankruptcy Court.

**11.7 Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of California, without giving effect to rules governing the conflict of laws.

**11.8 Retention of Jurisdiction.** To the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidating Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, or this Agreement, or any entity's obligations incurred in connection therewith or herewith, including, without limitation, any action against the Liquidating Trustee or any professional retained by the Liquidating Trustee or the Liquidating Trust, in each case in its capacity as such. Each party to this Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Agreement, or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that (i) any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court and (ii) all determinations, decisions, rulings, and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to reargument or reconsideration. Each party hereby irrevocably consents to service as set forth in Section 11.11 of this Agreement or such other address as such party may designate from time to time by notice given in the manner provided in Section 11.11, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

**11.9 Severability.** In the event that any provision of this Agreement or the application thereof to any Person, entity, or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this of this Agreement, or the application of such provision to persons or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

**11.10 Limitation of Benefits.** Except as otherwise specifically provided in this Agreement, the Plan, or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Agreement.

**11.11 Notices.** All notices, requests, demands, consents, and other communication hereunder shall be in writing and shall be deemed to have been duly given, if delivered in person or by facsimile with an electromechanical report of delivery, sent by overnight courier or by registered or certified mail with postage prepaid, return receipt requested, or sent via electronic mail to the following addresses.

| | |
|---|---|
| If to the Debtor: | Dentons US LLP<br>Attn: Samuel R. Maizel<br>John A. Moe, II<br>601 South Figueroa Street<br>Suite 2500<br>Los Angeles, California 90017<br>Tel: (213) 623-9300<br>Fax: (213) 623-9924<br>samuel.maizel@dentons.com<br>john.moe@dentons.com |
| If to the Liquidating Trustee: | Michael Lane<br>Hammond Hanlon Camp LLC<br>311 S. Wacker Drive, Suite 5425<br>Chicago, IL 60606<br>Tel: (312) 508-4205<br>mlane@h2c.com |
| If to the Creditors' Committee: | Sills Cummis & Gross P.C.<br>Attn: Andrew H. Sherman<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Tel: (973) 643-7000<br>Fax: (973) 643-6500<br>asherman@sillscummis.com |
| If to the POC: | Sills Cummis & Gross P.C.<br>Attn: Andrew H. Sherman<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Tel: (973) 643-7000<br>Fax: (973) 643-6500<br>asherman@sillscummis.com |

The parties may designate in writing from time to time other and additional places to which notices may be sent. All demands, requests, consents, notices, and communications shall be deemed to have been given (a) at the time of actual delivery thereof if by facsimile or electronic mail; (b) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid, and properly addressed; or (c) if given by overnight courier, the next business day after being sent, charges prepaid, and properly addressed.

**11.12 Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such

further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

**11.13 Integration.** This Agreement, the Plan, and the Confirmation Order constitute the entire agreement, by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, or in the Confirmation Order. This Agreement, together with the Plan and the Confirmation Order, supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.

**11.14 Successors or Assigns**. The terms of this Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.15 Interpretation.** The enumeration and section headings contained in this Liquidating Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Agreement, the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words “herein,” “hereby,” and “hereunder,” and words with similar import, refer to this Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**11.16 Relationship to the Plan.** The principal purpose of this Liquidating Trust Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.

**11.17 Counterparts.** This Agreement may be signed by the parties hereto in counterparts, each of which shall be deemed an original, and which, when taken together, shall constitute one and the same document. Delivery of any executed counterpart may be in “wet ink” form, via telecopy, or via electronic transmission attaching a copy in pdf format or the like.

IN WITNESS WHEREOF, the parties hereto have either executed this Liquidating Trust Agreement, or caused it to be executed on its behalf by its duly authorized officer, all as of the date first above written.

**DEBTOR:**

GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER

By: ________________________________________
Name:
Title:

**LIQUIDATING TRUSTEE:**

________________________________________
Michael Lane of Hammond Hanlon Camp LLC, not individually, but solely in his capacity as Liquidating Trustee

**SCHEDULE 1**

**POC Members**

1. Cardinal Health 200, LLC
   7000 Cardinal Place
   Dublin, OH 43017

2. Lenders Funding, LLC
   1001 Bridgeway, # 721
   Sausalito, CA 94965

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): ***Notice Of Liquidating Trust Agreement and POC Members,*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 7, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

***SEE ATTACHED SERVICE LIST NO. 1***

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date* ) September 7, 2018, I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

***SEE ATTACHED SERVICE LIST NO. 2***

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 7, 2018, I will serve the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2018 | GLENDA SPRATT | /s/Glenda Spratt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**SERVICE LIST**

*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Anthony R. Bisconti** on behalf of Interested Party Official Committee of Unsecured Creditors - tbisconti@bmkattorneys.com, admin@bmkattorneys.com

**Karl E Block** on behalf of Creditor Harbor-Gardens Capital I, LLC kblock@loeb.com, plavine@loeb.com

**Manuel A. Boigues** - bankruptcycourtnotices@unioncounsel.net

**Bruce M Bunch** on behalf of Creditor Doug Sunstedt pam@bunchlawyers.com

**Louis J Cisz, III** on behalf of Creditor Cerritos Gardens General Hospital Company lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

**Dawn M Coulson** on behalf of Interested Party Courtesy NEF dcoulson@eppscoulson.com, cmadero@eppscoulson.com

**John P Desmond** jdesmond@dickinsonwright.com, cgrinstead@dickinsonwright.com

**Richard K Diamond** - rdiamond@dgdk.com; DanningGill@gmail.com; rdiamond@ecf.inforuptcy.com

**Barry S. Glaser** on behalf of Interested Party Courtesy NEF bglaser@swesq.com; erhee@swesq.com

**Jeffrey I Golden** on behalf of Interested Party Official Committee Unsecured Creditors jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com

**Rhonda S. Goldstein** on behalf of Creditor The Regents of the University of California rhonda.goldstein@ucop.edu;lissa.ly@ucop.edu

**M. Jonathan Hayes** jhayes@srhlawfirm.com; roksana@srhlawfirm.com; matthew@srhlawfirm.com; rosarioz@srhlawfirm.com; jfisher@srhlawfirm.com; mariasrhlawfirm.com; jhayesecf@gmail.com

**Lawrence J. Hilton** on behalf of Creditor Cerner Health Services, Inc. lhilton@onellp.com; lthomas@onellp.com; info@onellp.com; janderson@onellp.com; crodriguez@onellp.com

**David Jacobs** on behalf of Interested Party Courtesy NEF cemail@ebglaw.com, djacobs@ebglaw.com

**Ivan L Kallick** on behalf of Interested Party KND Development 53, LLC ikallick@manatt.com, ihernandez@manatt.com

Ev**e H Karasik** on behalf of Interested Party Courtesy NEF ehk@lnbyb.com

**Steven J. Katzman** on behalf of Interested Party Official Committee Unsecured Creditors skatzman@bmkattorneys.com; admin@bmkattorneys.com

**Talin Keshishian** - tkeshishian@brutzkusgubner.com, ecf@brutzkusgubner.com

***SERVICE LIST (cont'd)***
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**Gary E Klausner** on behalf of Creditor Roxbury Healthcare Services, LLC and on behalf of Creditor Sycamore Health Care Services, LLC; gek@lnbyb.com

**Stuart I. Koenig** on behalf of Interested Party Courtesy NEF Skoenig@cmkllp.com, knielsen@cmkllp.com

**Dare Law** on behalf of U.S. Trustee United States Trustee (LA) dare.law@usdoj.gov, ron.maroko@usdoj.gov

**Elan S. Levey** on behalf of Creditor U.S. Department of Health and Human Services elan.levey@usdoj.gov; louisa.lin@usdoj.gov

**Wendy A Loo** on behalf of Interested Party People of the State of CA wendy.loo@lacity.org

**Stephen A Madoni** on behalf of Creditor Spine Surgical Implants, Inc. stevemadoni@aol.com, nathally@madonilaw.com

**Howard N Madris** on behalf of Creditor Lenders Funding, LLC hmadris@madrislaw.com

**Boris I. Mankovetskiy** on behalf of Official Committee of Unsecured Creditors bmankovetskiy@sillscummis.com

**Amanda L Marutzky** on behalf of Interested Party Courtesy NEF amarutzk@wthf.com, jjensen@watttieder.com

**David W. Meadows** on behalf of Creditor Olympus Corp. of the Americas david@davidwmeadowslaw.com

**Reed M. Mercado** - rmercado@sheppardmullin.com

**Benjamin Nachimson** on behalf of Interested Party Courtesy NEF ben.nachimson@wnlawyers.com

**Steven G. Polard** on behalf of Creditor Le' Summit Healthcare, LLC stevenpolard@eisnerlaw.com, lcorrales@eisnerlaw.com

**Amelia Puertas-Smara** - itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov

**Kurt Ramlo** on behalf of Interested Party Courtesy NEF kr@lnbyb.com, kr@ecf.inforuptcy.com

**Paul F Ready** - tamara@farmerandready.com

**David M Reeder** on behalf of Creditor RollinsNelson Grp, LLC dmr@vrmlaw.com, jle@vrmlaw.com

**J. Alexandra Rhim** on behalf of Creditor De Lage Landen arhim@hemar-rousso.com

**Mary H Rose** on behalf of Creditor Promise Gardens Lending Company, Inc. and Promise Hospital of East Los Angeles, L.P.; mrose@buchalter.com,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

***SERVICE LIST (cont'd)***
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**Daniel Robert Schimizzi** on behalf of Creditor Beckman Coulter, Inc.
dschimizzi@bernsteinlaw.com; cwirick@bernsteinlaw.com

**George E Schulman** - GSchulman@DGDK.com; danningGill@gmail.com; gschulman@ecf.inforuptcy.com

**Andrew H. Sherman** on behalf of Official Committee of Unsecured Creditors
asherman@sillscummis.com

**Roman Shkodnik** - roman@yeremianlaw.com

**Leonard M Shulman** on behalf of Interested Party Strategic Global Management, Inc.
lshulman@shbllp.com

**Gerald N Sims** on behalf of Creditor BETA Risk Management Authority
jerrys@psdslaw.com, bonniec@psdslaw.com

**Alan Stomel** on behalf of Interested Party Courtesy NEF
alan.stomel@gmail.com, astomel@yahoo.com

**Tiffany Strelow Cobb** on behalf of Creditor Nuance Communications, Inc.
tscobb@vorys.com

**Wayne R Terry** on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

**Gary F Torrell** on behalf of Creditor RollinsNelson Grp, LLC
gft@vrmlaw.com

**Leslie A Tos** - Ltos@farmerandready.com, smeyer@farmerandready.com

**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**Anne A. Uyeda** - auyeda@bmkattorneys.com, admin@bmkattorneys.com

**Kenneth K. Wang** on behalf of Interested Party Courtesy NEF
kenneth.wang@doj.ca.gov; Jennifer.Kim@doj.ca.gov; yesenia.caro@doj.ca.gov

**Johnny White** on behalf of Creditor J.S.E. Emergency Medical Group, Inc.
JWhite@wrslawyers.com, aparisi@wrslawyers.com

**Hatty K Yip** on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

***SERVICE LIST (cont'd)***

*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**2 TO BE SERVED BY U.S. MAIL:**

| ***Regulatory Agencies*** | |
|---|---|
| Xavier Becerra<br>Attorney General of State of California<br>Office of the Attorney General<br>1300 I Street<br>Sacramento, CA 95814<br>Office: (916) 445-9555 | U.S. Department of Justice<br>Office of the Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Office (202) 514-2000<br>Fax: (202) 307-6777 |
| United States Attorney's Office<br>Central District of California<br>312 North Spring Street, Suite 1200<br>Los Angeles, CA 90012<br>Office: (213) 894-2400<br>Fax: (213) 894-0141 | Sylvia Mathews Burwell, Secretary<br>U.S. Department of Health & Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br>Office: (202) 690-6610<br>Fax: (202) 690-7203 |
| Internal Revenue Service<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br>Office: (213) 576-3009 | Jennifer Kent, Director<br>California Department of Health Care Services<br>1501 Capitol Avenue, Suite 4510<br>Sacramento, CA 95814<br>Office: (916) 464-4430 |
| State of California<br>Franchise Tax Board<br>300 South Spring Street, #5704<br>Los Angeles, CA 90013<br>Office: (916) 845-6500<br>Fax: None | Angela M. Belgrove<br>Assistant Regional Counsel<br>U.S. Department of Health and Human Services<br>Office of the General Counsel, Region IX<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103-6705<br>Office: (415) 437-8156<br>Fax: (415) 437-8188 |
| Employment Development Dept.<br>722 Capitol Mall<br>Sacramento, CA 95814<br>Office: (866) 333-4606 | Office of the Attorney General<br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>Office: (415) 703-5500<br>Fax: (415) 703-5480 |
| Internal Revenue Service<br>600 Arch Street<br>Philadelphia, PA 19101<br>Office: (267) 941-6800 | |
| | |

***SERVICE LIST (cont'd)***
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**Request for Special Notice**

| | |
|---|---|
| Eric Weissmanm [e-mail only]<br>Mary D. Lane<br>Wilshire Pacific Capital Advisors LLC<br>8447 Wilshire Blvd., Suite 202<br>Beverly Hills, CA 90211<br>eweissman@wilshirepacificadvisors.com<br>marylane@wilshirepacificadvisors.com<br>[email courtesy copies only] | Rose E. Bareham<br>Purkey & Associates<br>5050 Cascade Road SE Suite A<br>Grand Rapids, MI 49546<br>Office: (619) 940-0553 Ext. 3<br>Fax: (619) 940-0554<br>Email:<br>[Counsel for Stryker Instruments] |
| Darrell W. Clark<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW, Suite 800<br>Washington, DC 20006<br>Office: (202) 785-9100<br>Fax: (202) 785-9163<br>[Counsel for Cerner Health Services] | Robert L. Patterson, Esq.<br>Slovak Baron Empey Murphy & Pinkney LLP<br>1800 E. Tahquiz Canyon Way<br>Palm Springs, California 92662 |
| Cerritos Gardens General Hospital Company<br>21520 South Pioneer Blvd., Suite 205<br>Hawaiian Gardens, CA 90716<br>Attn: Pioneer Carson Corp., General Partner<br>Attn: Cherna Moskowitz, President | Mr. Oren Ben Ezra<br>1250 E. Hallandale Beach Blvd., Suite 1000<br>Hallandale Beach, FL 33009 |
| James Hamada, M.D.<br>21500 South Pioneer Blvd., Suite 208<br>Hawaiian Gardens, CA 90716 | Amable Aguiliuz, M.D.<br>21500 South Pioneer Blvd., Suite 209<br>Hawaiian Gardens, CA 90716 |
| Rebecca J. Price<br>Norris McLaughlin & Marcus, P.A.<br>515 West Hamilton St., Suite 502<br>Allentown, PA 18101 | Constance R. Doyle<br>21509 Anza Avenue<br>Torrance, CA 90503 |
| Grace Su<br>Meiguo Realty Group, Inc.<br>15713 Valley Blvd.<br>City of Industry CA 91744<br>Office: 626-677-6488<br>grace@meiguorealty.com | Eric Stone<br>California Department of Public Health<br>Los Angeles East District Office<br>3400 Aerojet Avenue #323<br>El Monte, CA 91731<br>Office: 626/569-3724<br>Fax: 626/927-9842 |
| | |
| Mark Waxman<br>Gerald Kosai<br>Verity Health System<br>2200 West Third Street, Suite 200<br>Los Angeles, CA 90057<br>310.701.1665 | Aaron L. Durall<br>Durall Capital Holdings<br>8411 W. Oakland Park Blvd., Suite 302<br>Sunrise, FL 33351-7357 |

DENTONS US LLP
601 SOUTH FIGUEROA STREET. 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

***SERVICE LIST (cont'd)***

*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

| | |
|---|---|
| Marc Ferrel<br>President<br>Bridgepoint Healthcare LLC<br>4601 Martin Luther King Jr. Ave SW<br>Washington, D.C. 20032<br>Office: (202) 574-5700 | Young Park<br>NAEROK Group Int'l Inc.<br>3850 Wilshire Blvd., Ste. 302<br>Los Angeles, CA 90010 |
| Kansas State Bank of Manhattan<br>c/o Stephen Biegenzahn<br>Friedman Law Group, P.C.<br>1900 Avenue of the Stars, 11th Fl.<br>Los Angeles, CA 90067 | Blue Cross Blue Shield of Michigan<br>John P. Desmond<br>Dickinson Wright PLLC<br>100 West Liberty Street, Suite 940<br>Reno, NV 89501<br>Tel: 775.343.7500<br>Fax: 844.670.6009<br>E-mail: jdesmond@dickinsonwright.com |
| **Creditor's Committee** | |
| Rob Speeney<br>Cardinal Health 200, LLC<br>7000 Cardinal Place<br>Dublin, OH 43017<br>Office: (614) 533-3125<br>Email: rob.speeney@cardinalhealth.com | Robert Zadek<br>Lenders Funding, LLC<br>1001 Bridgeway, Suite 721<br>Sausalito, CA 94965<br>Office: (415) 227-3585<br>Email: rzadek@buchalter.com |
| | |

DENTONS US LLP
601 South Figueroa Street, 25th Floor
Los Angeles, California 90017-5704
(213) 623-9300