

FILED & ENTERED

SEP 18 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER,<br><br>Debtor. | Case No. 2:16-bk-17463-ER<br><br>Chapter 11<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER APPROVING JOINT CHAPTER 11 PLAN OF LIQUIDATION**<br><br>Date:      September 17, 2018<br>Time:     10:00 A.M.<br>Crtrm:   1568<br>              255 East Temple Street<br>              Los Angeles, California 90012<br>Judge:   Hon. Ernest M. Robles |

THIS MATTER came before this Court (the "Court" or the "Bankruptcy Court") upon (i)

the filing of the *Joint Chapter 11 Plan of Liquidation* (as modified, the "Plan")[1] [Docket No. 1274]

by Gardens Regional Hospital and Medical Center, Inc., dba Gardens Regional Hospital and

Medical Center, the above-captioned Chapter 11 debtor and debtor-in-possession (the "Debtor")

---

[1] Capitalized terms used but not defined in this order (the "Confirmation Order") shall have the meanings ascribed to them in the Plan.  Any rules of interpretation set forth in the Plan shall apply to this Confirmation Order.  In addition, in accordance with the Plan, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

and the Official Committee of Unsecured Creditors (the "Committee," and together with the

Debtor, the "Plan Proponents") and (ii) entry of the *Order (I) Approving Disclosure Statement; (II) Establishing Forms and Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan; (III) Establishing Deadline and Procedures for Filing Objections to the Confirmation of the Plan; and (IV) Granting Related Relief* (the "Solicitation Order") [Docket No. 1275]; and upon

adequate and sufficient notice of the Plan, the Solicitation Order, all related documents,

procedures, and deadlines, and the hearing before the Court on September 17, 2018 to consider

and rule on the confirmation of the Plan (the "Confirmation Hearing") to all known creditors and

parties-in-interest; and the solicitation of acceptances or rejections of the Plan from holders of

claims against the Debtor having been conducted in the manner required by the Solicitation

Order and applicable law; and the Court having reviewed and considered (a) the Plan, all

modifications thereto, and all requested relief related thereto, (b) all documents submitted in

support of the Plan, including the declarations of Stanley Otake [Docket No. 1313], Eric

Weissman [Docket No. 1312], and the Declaration Of Kathryn Howard Regarding Tabulation

And Certification Of Ballots To Accept Or Reject Approved Joint Chapter 11 Plan Of

Liquidation Filed August 9, 2018 (the "Voting Declaration") [Docket No. 1309], (c) any

objections to the Plan, and (d) the statements of counsel and evidence presented at the

Confirmation Hearing; and no objections to confirmation of the Plan having been timely filed,

and any objections to confirmation of the Plan raised at the Confirmation Hearing having been

resolved or overruled on the record at the Confirmation Hearing; and it appearing that the Court

has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth

in the documents submitted in support of the Plan and at the Confirmation Hearing establish just

cause for the relief granted herein; and it appearing that such relief is in the best interest of the

Debtor, its estate, its creditors, and other parties-in-interest; and upon the record of the

Confirmation Hearing and all of the pleadings and proceedings in this Chapter 11 Case; and the

Court having determined that the Plan Proponents have established just cause for the relief

granted herein; and after due deliberation thereon and good and sufficient cause appearing

therefor:

109024082\V-1

**IT IS HEREBY FOUND AND CONCLUDED THAT:**

I.     <u>**Findings and Conclusions**</u>

    1.     This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014 and 7052.  Any and all findings of fact will constitute findings of fact even if they are stated as conclusions of law, and any conclusions of law will constitute conclusions of law even if they are stated as findings of fact.

II.     <u>**Judicial Notice**</u>

    2.     The Court takes judicial notice of the docket in this Chapter 11 Case and any related adversary proceedings maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 Case.

III.     <u>**Jurisdiction and Venue**</u>

    3.     On June 6, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtor was and is qualified to be a Debtor under section 109 of the Bankruptcy Code.

    4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Under 11 U.S.C. § 157(a), the United States District Court for the Central District of California has referred this case and this proceeding to this Court by its General Order No. 13-05.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).

    5.     This Court can exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1).

109024082\V-1

6.      As of the Petition Date, the Debtor's principal place of business was Hawaiian Gardens, Los Angeles County, California.  Accordingly, venue in this District was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

**VI.     Solicitation**

7.      The Disclosure Statement, the Plan, the ballots, the Solicitation Order, and all relevant related materials were transmitted and served as required by the Solicitation Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and all local bankruptcy rules, and such transmittal and service, including notice by publication pursuant to the Solicitation Order, constitutes proper and sufficient notice reasonably calculated, under the circumstances, to apprise interested parties (including known and unknown creditors, parties-in-interest, and potential defendants in connection with the Causes of Action, including potential defendants in connection with the Tort Claims) of the pendency of the action and afford them an opportunity to present their objections, and no other or further notice is or shall be required.  As established by the Voting Declaration submitted in support of confirmation of the Plan, the Plan Proponents provided good and sufficient notice of Plan, the Solicitation Order, all related documents, procedures, and deadlines (including the deadline for filing and serving objections to the Plan), and the Confirmation Hearing.

**V.      Voting**

8.      Votes to accept or reject the Plan have been solicited with proper and sufficient notice and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and industry practice.

**VI.     Burden of Proof**

9.      The Plan Proponents have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence, and they have met that burden as further found and determined herein.

**VII.    Compliance with Section 1129 of the Bankruptcy Code**

109024082\V-1

10.     For the reasons set forth below, the Plan satisfies all necessary requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

A.     **Section 1129(a)(1) - Compliance of the Plan with Applicable Provisions of the Bankruptcy Code**

11.     For the reasons set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code.  Therefore, section 1129(a)(1) of the Bankruptcy Code is satisfied with respect to the Plan.

1.     **Sections 1122 and 1123(a)(1) through (4) - Classification and Treatment of Claims**

12.     The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code.  Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates separate classes of claims, other than Administrative Expense Claims, Priority Tax Claims, and other unclassified claims set forth in the Plan, each of which contains only claims that are substantially similar to the other claims within the relevant class.

13.     Pursuant to section 1122(b) of the Bankruptcy Code, Class 4 consists only of Convenience Claims, which are unsecured claims that are equal to, less than, or have been voluntarily reduced to $500.00, which is reasonable and necessary for administrative convenience in this Chapter 11 Case.

14.     Consistent with section 1122(a) of the Bankruptcy Code, Class 5 consists of only Litigation Claims, which are unsecured claims relating to allegations against the Debtor contained in actions (other than actions related to or based upon claims for unpaid goods or services for which the plaintiff has filed a proof of claim in the Chapter 11 Case and actions that have been settled or dismissed) filed in any court, which is reasonable in light of their distinct legal character, relationship to the Debtor's Assets, and effect on the Debtor's Estate in comparison with the General Unsecured Claims of Class 3 and the Convenience Claims of Class 4.

109024082\V-1

15.     Pursuant to sections 1123(a)(2) through (4) of the Bankruptcy Code, the Plan specifies each class of claims that is not impaired, specifies the treatment of each class of claims that is impaired, and provides the same treatment for each claim within a particular class.

## 2.     Section 1123(a)(5) - Adequate Means for Implementation of the Plan

16.     The Plan sets forth adequate means for its implementation.  The Plan sets forth in detail the mechanisms for carrying out the Plan.  Among other things, the Plan provides for the establishment of the Liquidating Trust and appointment of the Liquidating Trustee on or before the Effective Date.  On the Effective Date, the Estate's right, title and interest in and to all of the Assets (including the Tort Claims and rights and proceeds of any relevant Insurance Policies) shall automatically pass to the Liquidating Trust, free and clear of all claims and equity interests in accordance with section 1141 of the Bankruptcy Code.  Notwithstanding the foregoing, the Plan Proponents' right to modify the Plan to exclude certain Assets from transfer to the Liquidating Trust is reserved.  This Confirmation Order shall constitute a determination that the transfers of the Assets to the Liquidating Trust are legal and valid and consistent with the laws of the State of California.

17.     The powers and authority of the Liquidating Trustee and any limitations thereon are set forth in the Plan and are further defined by the Liquidating Trust Agreement filed with the Court on September 7, 2018 [Docket No. 1306].  Consistent with the terms of the Liquidating Trust Agreement and/or the Plan, the Liquidating Trustee may commit the Liquidating Trust to payment of reasonable compensation to attorneys, accountants, financial advisors, and other professionals for services rendered and expenses incurred without further approval of or order from the Court.  A law firm or other professional shall not be disqualified from being employed by or rendering services to the Liquidating Trustee solely because of its current or prior retention as counsel or professional to the Committee or the Debtor in the Chapter 11 Case.

18.     This Court finds and determines that the transfers of any of the Estate's Assets to the Liquidating Trust as of the Effective Date shall be legal, valid, and enforceable to the

109024082\V-1

maximum extent permissible under applicable law, including the Bankruptcy Code and the

Supremacy Clause of the United States Constitution.

### 3.       Section 1123(a)(6) and (a)(7) – Nonvoting Equity Securities and Selection of Officers and Directors

19.       Sections 1123(a)(6) and (a)(7) are not applicable to this case, since the Debtor is a

non-stock, not for profit corporation.  Further, the Plan calls for the liquidation of the Debtor and

does not provide for (i) the issuance of any interests in any reorganized debtor or (ii) the selection

of officers and directors.  As of the Effective Date, the Liquidating Trustee shall administer the

Liquidating Trust and its assets, including the Tort Claims, and will be vested with the property,

rights, interests, and powers of the Debtor as specified in the Plan.  The foregoing and the

provisions of the organizational documents of the Liquidating Trust are consistent with the

interests of creditors and with public policy.  Accordingly, to the extent that section 1123(a)(6) or

1123(a)(7) of the Bankruptcy Code applies to the Debtor's case, the Plan complies with such

provision.

### 4.       Section 1123(b)(1) through 1123(b)(6)

20.       The discretionary provisions of the Plan, including those discussed below, comply

with section 1123 of the Bankruptcy Code and are not inconsistent with other applicable

provisions of the Bankruptcy Code.

### a.       Section 1123(b)(1) - Impairment of Claims and Interests

21.       The Plan properly identifies and impairs or leaves unimpaired, as the applicable

case may be, each class of claims.

### b.       Section 1123(b)(2) - Contracts and Leases

22.       Except as otherwise provided in the Plan or in any contract, instrument, release, or

other agreement or document entered into in connection with the Plan, each of the pre-petition

executory contracts and unexpired leases to which the Debtor is a party will, on the Effective

Date, be deemed rejected by the Debtor, except executory contracts and unexpired leases that

7

were previously assumed, assumed and assigned, or rejected by Final Order of the Court (which contracts will be treated in accordance with such Final Order).

23.    For the avoidance of doubt, notwithstanding anything to the contrary in this Confirmation Order or the Plan, as set forth in section VI(C) of the Plan, the Debtor's rights with respect to all Insurance Policies under which the Debtor may be a beneficiary or assignee shall be transferred to the Liquidating Trust from the Effective Date until the Liquidating Trust's dissolution, unless any such Insurance Policy is otherwise cancelled by the Liquidating Trustee in the Liquidating Trustee's discretion.  Notwithstanding any provision of the Plan or this Confirmation Order providing for the rejection of Executory Contracts, any Insurance Policy that is deemed to be an Executory Contract shall neither be rejected nor assumed by operation of this Plan and shall be the subject of a specific motion by the Liquidating Trust, which shall retain the right to assume or reject any such Executory Contracts pursuant to and subject to the provisions of Section 365 of the Bankruptcy Code following the Effective Date.  This Court finds and determines that no default by the Debtor exists with respect to any of the Insurance Policies requiring Cure and that nothing in the Sale Order, any underlying agreements, or the Plan shall be construed or applied to modify, impair, or otherwise affect the enforceability of the Insurance Policies or any coverage thereunder with regard to any Claims or Causes of Action.

24.    This Confirmation Order shall, and hereby does, constitute an order approving rejection of, and deeming rejected, all Executory Contracts and unexpired leases as of the Effective Date (other than the categories of contracts identified above).

### c.    Section 1123(b)(3) - Retention, Enforcement, and Settlement of Claims of the Debtor and Its Estate

25.    With respect to the retention and enforcement of claims of the Debtor and its Estate after the Effective Date, the Plan provides that the Liquidating Trustee shall retain and preserve for the benefit of all creditors all rights to commence, pursue, and settle, as appropriate, any and all Causes of Action, including, without limitation, Chapter 5 Actions and Tort Claims, in each such case whether arising before or after the Petition Date, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in this Chapter 11 Case, and shall

8

have the requisite authority and standing to pursue and prosecute all such claims and Causes of

Action.  The recoveries and proceeds from the Causes of Actions retained and preserved under

the Plan will be used to satisfy the claims of creditors under the Plan.  The Liquidating Trustee is

the appropriate representative of the estate to prosecute and pursue the claims and Causes of

Action (including the proceeds thereof) retained and preserved under the Plan.

> **d.      Section 1123(b)(4) – Sale of Property and Distribution of Proceeds**

26.      The Plan provides for the transfer of the Assets to the Liquidating Trust for the

sole and exclusive benefit of the beneficiaries of the Liquidating Trust, but subject to the

provisions of the Plan and the Liquidating Trust Agreement.  The transfer of the Assets to the

Liquidating Trust and any subsequent sale or other disposition of any such Assets pursuant to the

Plan shall not be subject to any transfer or similar taxes pursuant to section 1146~~(e)~~ (a) of the

Bankruptcy Code.

> **e.      Section 1123(b)(6) - Other Provisions Not Inconsistent with Bankruptcy Code**

27.      The Plan includes additional provisions that are not inconsistent with the

applicable provisions of the Bankruptcy Code, including: (i) provisions governing distributions

on account of Allowed Claims, particularly as to the timing and calculation of amounts to be

distributed; (ii) procedures for resolving Disputed Claims and making distributions on account of

such claims once resolved; (iii) provisions regarding the severability of Plan provisions; (iv)

provisions for the release of the Debtor's professionals, the Committee's professionals, and other

Persons by the Debtor and holders of claims who have voted to accept, or are deemed to have

voted to accept, the Plan; (v) provisions for exculpation of the Debtor, the Committee, and other

Persons; and (vi) provisions for an injunction against certain entities from engaging in certain

actions adverse to the Debtor, the Estate, and other Persons.

> **B.      Section 1129(a)(2) - Compliance of the Plan Proponents with Applicable Provisions of the Bankruptcy Code**

28.      The Debtor and the Committee are proper proponents of the Plan and have

solicited acceptances of the Plan in accordance with the requirements of sections 105 and 1125 of

109024082\V-1

the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and the Solicitation

Order.  The Debtor, the Committee, and their respective agents and professionals have acted in

"good faith" within the meaning of section 1125(e) of the Bankruptcy Code.

29.    Pursuant to the Solicitation Order, on or about August 15, 2018, the Debtor,

through its attorneys, commenced the solicitation of votes with respect to the Plan and service of

applicable materials on both voting and non-voting parties as set forth on the Declaration Of

Kathryn Howard Regarding Service [Docket No. 1308].  In addition, notice of the Plan,

Confirmation Hearing, and additional relevant information was published in the Legal Notice

Section of the Los Angeles Times on August 16, 2018 as set forth on the notice of publication

[Docket No. 1304].

30.    The procedures by which the ballots for acceptance or rejection of the Plan were

solicited and tabulated were adequate, fair, properly conducted, and in accordance with Fed. R.

Bankr. P. 3017 and 3018 and section 1126(b) of the Bankruptcy Code.

31.    Therefore, section 1129(a)(2) of the Bankruptcy Code is satisfied with respect to

the Plan.

**C.    Section 1129(a)(3) - Proposal of Plan in Good Faith**

32.    The Plan Proponents proposed the Plan in good faith and not by any means

forbidden by law.  Therefore, section 1129(a)(3) of the Bankruptcy Code is satisfied with respect

to the Plan.

**D.    Section 1129(a)(4) - Bankruptcy Court Approval of Certain Payments as Reasonable**

33.    The Plan provides that Professionals or other entities requesting compensation or

reimbursement of expenses pursuant to section 330(a) or 503(b)(2) of the Bankruptcy Code for

services rendered before the Effective Date shall file with the Court an application for final

allowance of compensation and reimbursement of expenses, which application will be subject to

approval by the Court as reasonable.  Therefore, section 1129(a)(4) of the Bankruptcy Code is

satisfied with respect to the Plan.

**E.    Section 1129(a)(5) – Post-Confirmation Directors, Officers, and Insiders**

34.     The Plan provides for the liquidation of the Debtor, and there will be no post-confirmation officers or directors of any reorganized debtor, and no insiders will be employed by any reorganized debtor.  The Plan provides for the creation of a Liquidating Trust and the transfer of all right, title, and interest of the Debtor in and to the Assets to the Liquidating Trust for administration by the Liquidating Trustee, who was identified as Michael R. Lane, of Hammond Hanlon Camp LLC [Docket No. 1306], prior to the Confirmation Hearing.  This appointment consistent with the interests of the creditors and public policy.  Therefore, to the extent it is applicable, section 1129(a)(5) of the Bankruptcy Code is satisfied with respect to the Plan.

### F.      Section 1129(a)(6) - Approval of Rate Changes

35.     The Plan does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after confirmation.  Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable with respect to the Plan.

### G.      Section 1129(a)(7) - Best Interests of Creditors

36.     With respect to each impaired class of claims, each Holder of a claim in such class has either accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  Therefore, to the extent it is applicable, section 1129(a)(7) of the Bankruptcy Code is satisfied with respect to the Plan.

### H.      Section 1129(a)(8) - Acceptance of the Plan by Each Impaired Class

37.     Class 1 and Class 2 are unimpaired under the Plan and thus are deemed to have accepted the Plan.

38.     Class 3 voted to accept the Plan pursuant to section 1126(c) of the Bankruptcy Code.  With respect to Class 3, 100% of the Class 3 members voting and 100% of the Class 3 dollar amount voting voted to accept the Plan.  This satisfies the requirement of Section 1126(c) that more than one-half (1/2) of the number and at least two-thirds (2/3) of the dollar amount actually voting vote to accept the Plan.

109024082\V-1

39.     Class 4 voted to accept the Plan pursuant to section 1126(c) of the Bankruptcy Code.  With respect to Class 4, 100% of the Class 4 members voting and 100% of the Class 4 dollar amount voting voted to accept the Plan.  This satisfies the requirement of Section 1126(c) that more than one-half (1/2) of the number and at least two-thirds (2/3) of the dollar amount actually voting vote to accept the Plan.

40.     Class 5 will not receive any distribution under the Plan and thus is deemed to have rejected the Plan.  Therefore, section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to Class 5.  Notwithstanding the Plan's failure to satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Class 5, the Plan is confirmable because, as described below, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Class 5.

**I.      Section 1129(a)(9) - Treatment of Certain Priority Claims**

41.     The Plan provides that, subject to the allowance procedures and the deadlines provided therein, and except to the extent that any entity entitled to payment of any Allowed Administrative Expense Claim, Allowed Priority Tax Claim, or Allowed Priority Non-Tax Claim agrees to a different treatment, such Holders shall be paid Cash in full by the Liquidating Trustee under the Plan.  The Plan does not provide for payment of Allowed Priority Tax Claims over time or in a manner less favorable than the most favored nonpriority unsecured claim provided for by the Plan.  Thus, the Plan provides for the treatment claims of a kind specified in section 507(a)(2) and 507(a)(8) in a manner consistent with section 1129(a)(9) of the Bankruptcy Code.

42.     Therefore, section 1129(a)(9) of the Bankruptcy Code is satisfied with respect to the Plan.

**J.      Section 1129(a)(10) - Acceptance by at Least One Impaired Class**

43.     As indicated in the Voting Declaration, Class 3 and Class 4, both impaired classes of claims under the Plan, have accepted the Plan, determined without including acceptance of the Plan by any insider.  Therefore, section 1129(a)(10) of the Bankruptcy Code is satisfied with respect to the Plan.

**K.      Section 1129(a)(11) - Feasibility of the Plan**

12

44.     The Plan is feasible.  Confirmation of the Plan is not likely to be followed by liquidation or further of the Debtor except to the extent that such liquidation or reorganization is provided for under the Plan.  Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied with respect to the Plan.

**L.      Section 1129(a)(12) - Payment of Bankruptcy Fees**

45.     Pursuant to section IV(A)(3) of the Plan, all fees payable under 28 U.S.C. § 1930 will be paid quarterly by the Liquidating Trustee, as applicable, until such time as the Chapter 11 Case is closed, converted, or dismissed.  Therefore, section 1129(a)(12) of the Bankruptcy Code is satisfied with respect to the Plan.

**M.      Section 1129(a)(13) - Retiree Benefits**

46.     The Debtor is not required to provide retiree benefits as that term is defined in section 1114 of the Bankruptcy Code.  Therefore, section 1129(a)(13) of the Bankruptcy Code is satisfied with respect to the Plan.

**N.      Section 1129(a)(14) - Domestic Support Obligations**

47.     The Debtor is not required to pay any domestic support obligations.  Therefore, section 1129(a)(14) of the Bankruptcy Code is inapplicable with respect to the Plan.

**O.      Section 1129(a)(15) - Individual Cases Subject to Objection by Unsecured Creditor**

48.     The Debtor is not an individual.  Therefore, section 1129(a)(15) of the Bankruptcy Code is inapplicable with respect to the Plan.

**P.      Section 1129(a)(16) - Transfers of Property Pursuant to Non-Bankruptcy Law**

49.     All transfers of property of the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.  Therefore, section 1129(a)(16) of the Bankruptcy Code is satisfied with respect to the Plan.

**Q.      Section 1129(b) - Confirmation of the Plan over the Non-Acceptance of an Impaired Class**

50.     Other than failure to satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code with respect to Class 5, all requirements of section 1129(a) of the Bankruptcy Code have been met as set forth above.  With respect to Class 5, the Plan (i) does not discriminate unfairly, because, as set forth above, separate classification from the claims in Class 3 and Class 4 is appropriate; and (ii) is fair and equitable, because no holders of claims or interests junior to the claims in Class 5 exist (and therefore no such holders will receive or retain any property under the Plan).  Therefore, section 1129(b) is satisfied with respect to Class 5.

     **R.**      **Section 1129(c) – Only One Plan**

51.     No other Plan is being or has been confirmed in this Chapter 11 Case.  Therefore, to the extent it is applicable, section 1129(c) is satisfied with respect to the Plan.

     **S.**      **Section 1129(d) - Principal Purpose of Plan**

52.     Section 1129(d) of the Bankruptcy Code is not applicable to this Chapter 11 Case, since no governmental unit has made the requisite request thereunder.  Further, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

     **T.**      **Section 1129(e) – Time for Confirming Plan in Small Business Case**

53.     The Chapter 11 Case is not a small business case.  Therefore, section 1129(e) of the Bankruptcy Code is inapplicable with respect to the Plan.

**VIII.**  **Good Faith Solicitation; Securities Laws Issues; Rights Offering (11 U.S.C. 1125(e))**

54.     Based on the record before the Court in this Chapter 11 Case, the Debtor, the Debtor's D&Os, the Committee and its members, the POC and its members, and each of their respective attorneys, accountants, agents, and other professionals (including the Professionals), have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the Plan, the solicitation of acceptances of the Plan, and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and

109024082\V-1

the exculpation set forth in section XI(B) of the Plan (subject to the Release Carve Out as defined in section XI(D) of the Plan).

## IX.    Releases, Injunctions, and Exculpations

55.    All releases, injunctions, and exculpations are an integral part of the Plan. Pursuant to section 1123(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9019(a), the releases and injunctions set forth in the Plan, including, without limitation, the releases, injunctions, and exculpations set forth in article XI of the Plan, are fair, equitable, reasonable, and necessary under the circumstances.

56.    In particular, each of the release, injunction, and exculpation provisions contained in article XI of the Plan: (i) falls within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), (b), and (d); (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) is important to the overall objectives of the Plan to finally resolve, except to the extent otherwise provided in the Plan, all claims among or against the parties in interest in this Chapter 11 Case; and (iv) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.

## X.    Agreements, Plan, and Other Documents

57.    The Plan Proponents have disclosed all material facts relating to any contract, instrument, release, and other agreement or document to be entered into, executed and delivered, assigned, adopted, or amended in connection with the Plan, including the Liquidating Trust Agreement (collectively, the "Plan Agreements and Documents").  Pursuant to section 1142(b) of the Bankruptcy Code, no approval of the trustees, directors, officers, or shareholders of the Debtor, as applicable, will be required to authorize the Plan Proponents to enter into, execute and deliver, assign, adopt, or amend, as the case may be, the Plan Agreements and Documents, and, following the Effective Date, each of the Plan Agreements and Documents will be a legal, valid, and binding obligation of the Plan Proponents (or their successors or assignees, if applicable) and the Liquidating Trust, enforceable in accordance with the respective terms thereof (subject only to bankruptcy, insolvency, and other similar laws affecting creditors' rights generally, and subject also to general equitable principles).

109024082\V-1

**XI.     Retention of Jurisdiction**

58.     The Court may properly retain jurisdiction to the extent set forth in article X of the Plan.

**BASED UPON THE FOREGOING AND THE RECORD BEFORE THIS COURT, IT IS HEREBY ORDERED, AND NOTICE IS GIVEN, THAT:**

**XII.     Confirmation of the Plan**

59.     The record of the Confirmation Hearing shall be and hereby is adopted by the Court and shall be and is hereby closed.

60.     The Plan (including any exhibits thereto), is hereby approved and confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order will control to the extent of such conflict.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated otherwise by further order of this Court.

61.     The Debtor, the Committee, the Liquidating Trustee, and any other appropriate parties are hereby authorized and directed to take all actions necessary or appropriate to enter into, implement, and consummate the Plan Agreements and Documents, all of which Plan Agreements and Documents are hereby approved, and to take such other steps and perform such other acts as may be necessary to implement and effectuate the Plan, and are further authorized and directed to execute and deliver any instrument and perform any other act that is necessary for the consummation of the Plan, including the implementation of the Plan Agreements and Documents, in accordance with section 1142(b) of the Bankruptcy Code without the approval of any trustee, director, officer, or shareholders of the Debtor, as applicable.

62.     The appointment of Michael R. Lane, of Hammond Hanlon Camp LLC, as the Liquidating Trustee under the terms of the Liquidating Trust Agreement, and subject to the terms of the Plan, is hereby authorized and approved.  The Liquidating Trustee and any professionals he

109024082\V-1

retains on behalf of the Liquidating Trust, which may include Professionals retained in the Chapter 11 Case, are authorized to be compensated pursuant to the terms of the Plan and the Liquidating Trust Agreement.

63.      Except as otherwise provided in the Plan or this Confirmation Order, the Liquidating Trustee shall be authorized and is directed to pay, or otherwise make distributions on account of, all Allowed Claims against the Debtor in accordance with the terms of the Plan and the Liquidating Trust Agreement without further Order of this Court.

64.      This Confirmation Order shall be effective upon the date of its entry, and the requirement that this Confirmation Order be stayed for a period of fourteen (14) days under Bankruptcy Rule 3020(e) is hereby waived.

## XIII. <u>Effects of Confirmation</u>

### A.    **Plan Binding**

65.      Upon the Effective Date, and subject to the provisions of the Plan and this Confirmation Order, the terms of the Plan shall be binding upon the Plan Proponents, the Liquidating Trust, the Liquidating Trustee, the Purchaser, any and all Holders of claims (irrespective of whether such claims are impaired under the Plan or whether the Holders of such claims accepted or are deemed to have accepted the Plan), the non-Debtor parties to Executory Contracts, unexpired leases, and Insurance Policies, all parties-in-interest, and the heirs, executors, administrators, successors, and assigns, if any, of any of the foregoing.

### B.    **Continued Corporate Existence; Vesting of Assets**

66.      Pursuant to section VII(I) of the Plan, on the Effective Date, the Debtor's board of directors shall be dissolved and the then-current members of the board of directors and officers of the Debtor shall be relieved of their positions and corresponding duties and obligations.  On and after the Effective Date, the Liquidating Trustee shall have full and complete authority to act on behalf of and bind the Debtor without further action or approval of the Bankruptcy Court or the board of directors of the Debtor, including the power, but not the obligation, to pursue the Causes of Action, including the Tort Claims.  On the Effective Date, the Liquidating Trustee shall be vested with all of the Debtor's privileges, including, but not limited to, the Debtor's attorney-

17

client privilege.  Upon the occurrence of the Effective Date and transfer of Assets to the Liquidating Trust, the Liquidating Trustee shall be authorized, but not directed, to effectuate the dissolution of the Debtor in accordance with the laws of the State of California.

67.    The Liquidating Trustee is authorized to serve as a responsible officer of the Debtor and succeed to the right to act in such capacities as may be necessary to implement the Plan pursuant to the terms of the Liquidating Trust Agreement.  Consistent with the Plan and this Confirmation Order, as of the Effective Date, all Assets shall vest in the Liquidating Trust for administration by the Liquidating Trustee.  Nothing in the Plan, the Disclosure Statement, or this Confirmation Order shall be deemed to adversely impact insurance coverage for any Causes of Action, including the Tort Claims.  Nothing in the Plan, the Disclosure Statement, or this Confirmation Order shall be deemed to prevent or restrict the Debtor or the Liquidating Trustee, in his capacity as responsible officer of the Debtor, from receiving, being eligible to receive, or seeking to collect any and all monies or payments owing to the Debtor from any third parties, including, without limitation, any governmental entities, including, without limitation, Medi-Cal and the State of California or any agencies thereof, and the Debtor and the Liquidating Trustee, in his capacity as responsible officer of the Debtor, are expressly authorized and eligible to receive and seek to collect any and all such monies or payments.

68.    Consistent with the Plan and this Confirmation Order, on and after the Effective Date, the Liquidating Trustee may take any and all actions authorized by the Plan, Liquidating Trust Agreement, and this Confirmation Order, including, without limitation, to acquire and dispose of property and compromise or settle any claims or Causes of Action without supervision or approval by the Court, and free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules, except as otherwise set forth in the Plan, without further Order of this Court.

69.    The Liquidating Trustee or Debtor Representative, as applicable, may pay the charges that are incurred on or after the Effective Date for reasonable professionals' fees, disbursements, expenses, or related support services as set forth in, pursuant to, and in furtherance of, the Plan and the procedures set forth in the Liquidating Trust Agreement.

109024082\V-1

70.     The sale of any real property of the Estate by the Liquidating Trust shall be deemed to have occurred pursuant to and in furtherance of the Plan and, thus, shall be exempt from any transfer or similar tax under section 1146 of the Bankruptcy Code.

### C.     Release of Liens and Collateral

71.     Except as otherwise provided in the Plan or in any of the Plan Agreements and Documents, on the Effective Date, all mortgages, deeds of trust, liens, or other security interests against any of the Assets transferred to the Liquidating Trust will be fully released, satisfied, and discharged, and all right, title, and interest of any holder of any such mortgages, deeds of trust, liens, or other security interests will revert to the Liquidating Trust.  Except as provided in the Plan or this Confirmation Order, unless a particular Secured Claim is reinstated: (i) each holder of a Secured Claim or a claim that is purportedly a Secured Claim shall (a) turn over and release to the Liquidating Trust any and all property of the Debtor that secures or purportedly secures its claim and (b) execute such documents and instruments as the Liquidating Trustee may reasonably require to evidence the holder's release of such property; and (ii) on the Effective Date, all claims, right, title, and interest in such property shall be transferred to or vest in the Liquidating Trust free and clear of all claims, including, liens, charges, pledges, interests, encumbrances, security interests, and any other interests of any kind.  The transfer of assets and the revesting of assets provided for herein shall constitute legal and valid transfers in accordance with all applicable laws and regulations.

### XIV.   Causes of Action

72.     Except as explicitly stated in the Plan or in this Confirmation Order, nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any right, claim, Cause of Action (including the Tort Claims), right of setoff, or any other legal or equitable defense that the Debtor may have as of the Effective Date and that the Liquidating Trustee may elect to assert on behalf of the Estate, all of which are expressly reserved and preserved hereby.

73.     From and after the Effective Date and notwithstanding any state law to the contrary, the Liquidating Trustee shall have, retain, reserve, be granted standing and entitled to

assert, all such Causes of Action, as well as legal or equitable defenses related thereto, which the Debtor had as of the Effective Date.

74.    The failure of the Plan Proponents to notify or otherwise list the potential target of any Cause of Action, including any of the Tort Claims, shall not be deemed to be a waiver or release of such Cause of Action (and all of such Causes of Action shall be expressly preserved), nor shall this Confirmation Order cause such Cause of Action to be deemed barred by operation of *res judicata* or any other legal or equitable doctrine.

75.    Notwithstanding the foregoing, the Committee, as a representative of the Estate, shall retain the right and shall have standing as a result of the Plan and this Confirmation Order to bring the Tort Claims and any of the Estate's other Causes of Action prior to the Effective Date.

## XV.    Claim Bar Dates

### A.    General Bar Date Provisions

76.    Unless otherwise previously ordered by the Court, any claim arising prior to the Petition Date subject to the October 31, 2016 Bar Date or the December 3, 2016 Bar Date for Governmental Units not filed by the relevant Bar Date is and shall continue to be, in accordance with such Bar Date, forever barred, released, satisfied, discharged, disallowed, and expunged by operation of this Confirmation Order, and any such claim filed after the entry of this Confirmation Order shall automatically be deemed forever barred, released, satisfied, discharged, disallowed, and expunged without the need for further application to or order of the Court. Nothing in the Confirmation Order shall be deemed to extend or modify the Bar Date for filing any claim for pre-petition amounts against the Estate.

### B.    Bar Date for Administrative Expense Claims

77.    Unless otherwise previously ordered by the Court or set forth in the Plan or this Confirmation Order, any Administrative Expense Claim not filed by the August 24, 2018 Administrative Bar Date is and shall continue to be, in accordance with such Administrative Bar Date, forever barred, released, satisfied, discharged, disallowed, and expunged by operation of this Confirmation Order, and any such claim filed after the entry of this Confirmation Order shall automatically be deemed forever barred, released, satisfied, discharged, disallowed, and expunged

109024082\V-1

without the need for further application to or order of the Court.  Nothing in the Confirmation

Order shall be deemed to extend the Administrative Bar Date.

### C.    Bar Date for Professional Compensation and Reimbursement Claims

78.    All Professionals seeking payment on account of a Professional Compensation and

Reimbursement Claim shall file their respective final Fee Application no later than sixty (60)

days after the Effective Date.  All Professional Compensation and Reimbursement Claims shall

be treated as Administrative Expense Claims or shall be paid on such other terms as may be

mutually agreed upon between the Holder of an Allowed Professional Compensation and

Reimbursement Claim and the Debtor, or the Liquidating Trustee, as the case may be.  Failure to

timely file a final Fee Application shall result in the Professional Compensation and

Reimbursement Claim being forever barred, released, satisfied, discharged, disallowed, and

expunged.

79.    Notwithstanding anything in the Plan to the contrary, nothing shall preclude any

party-in-interest (which shall be deemed to include the Liquidating Trustee) from objecting to a

final Fee Application of any Professional.

80.    The Debtor's Professionals shall be required to hold and apply any retainers

currently on hand (if any) to their respective Professional Compensation and Reimbursement

Claim, to the extent such Professional Compensation and Reimbursement Claim becomes an

Allowed Professional Compensation and Reimbursement Claim and/or payable in accordance

with any Final Order awarding and allowing such Professional Compensation and

Reimbursement Claim.  Application of such retainer shall be required prior to the payment of any

portion of such Professional Compensation and Reimbursement Claims by the Liquidating

Trustee.  To the extent there remain any funds on retainer after application of such Allowed

Professional Compensation and Reimbursement Claim, such retainers shall be promptly turned

over to the Liquidating Trustee.

### D.    Bar Date for Rejection Damages Claims

81.    If the rejection by the Debtor of an  Executory Contract or unexpired lease

pursuant to the Plan and this Confirmation Order or a previous or subsequent order of the Court

gives rise to a claim by the counterparty or counterparties to such contract or lease, such claim shall be forever barred, released, satisfied, discharged, disallowed, and expunged, and shall not be enforceable against the Debtor, the Estate, the Liquidating Trust, the Liquidating Trustee, or their respective successors or respective properties, unless a proof of such claim is filed with the Bankruptcy Court and served on the Liquidating Trustee and its counsel within thirty (30) days after the Confirmation Date.  **NOTWITHSTANDING THE FOREGOING, THE BAR DATE FOR REJECTION DAMAGES DOES NOT APPLY TO AND DOES NOT EXTEND ANY PREVIOUS BAR DATES FOR REJECTION DAMAGES CLAIMS, TO THE EXTENT SUCH CLAIM WAS REQUIRED TO BE FILED PRIOR TO THE ENTRY OF THIS CONFIRMATION ORDER.**

## XVI.  Exemptions from Securities Laws

82.     Neither the Debtor nor any other person that participated in the solicitation of acceptance or rejection of the Plan shall be liable, on account of such action or such participation, for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

## XVII.  Funding of Bank Accounts

83.     As of the Effective Date, and pursuant to the Plan, the Liquidating Trustee is hereby authorized and directed to establish and fund, to the extent funds are available, the accounts contemplated under the Liquidating Trust Agreement and the Plan.

## XVII.  Additional Actions in Furtherance of the Plan

84.     The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Plan Proponents, the Liquidating Trust, or the Liquidating Trustee to take any actions necessary or appropriate to implement, effectuate, and consummate the Plan, this Confirmation Order, and the transactions contemplated thereby.  Without limiting the generality or effect of any other provision of this Confirmation Order, the Plan Proponents, the Liquidating Trust, and the Liquidating Trustee are hereby specifically authorized and empowered to take any and all such actions as may be necessary or appropriate to implement, effectuate, and consummate the Plan, the Plan

Agreements and Documents, this Confirmation Order, and the transactions respectively

contemplated thereby and hereby, all in accordance with the terms of the Plan and this

Confirmation Order, all without further application to, or order of, this Court, and whether or not

such actions are specifically referred to in the Plan, the Disclosure Statement, the Liquidating

Trust Agreement, the Solicitation Procedures Order, this Confirmation Order, or the exhibits to

any of the foregoing.

## XIX.   Releases, Exculpations, and Injunctions

85.     The releases, exculpations, and injunctions set forth in and subject to the

limitations contained in the Plan, including, without limitation, releases, exculpations and

injunctions set forth in article XI of the Plan, are hereby approved as fair, equitable, reasonable,

and in the best interests of the Debtor, its Estate, and its creditors.

86.     As set forth in article XI(A) of the Plan, all entities who have held, hold, or may

hold claims against the Debtor, the Debtor's property, the Debtor's Estate, the Liquidating Trust,

and/or the Liquidating Trustee, are hereby permanently enjoined, on and after the Confirmation

Date, from (i) commencing or continuing in any manner any action or other proceeding of any

kind against the Debtor, the Debtor's property, the Debtor's Estate, the Liquidating Trust, or the

Liquidating Trustee with respect to any such claim or taking any act to recover such claim outside

of the claims allowance procedure discussed in the Plan and the Bankruptcy Code and

Bankruptcy Rules; (ii) the enforcement, attachment, collection, or recovery by any manner or

means of any judgment, award, decree, or order against the Debtor, the Debtor's property, the

Debtor's Estate, the Liquidating Trust, or the Liquidating Trustee on account of any such claim;

(iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the

Debtor's property, the Debtor's Estate, the Liquidating Trust, or the Liquidating Trustee on

account of any such claim; and (iv) asserting any right of setoff, subrogation, or recoupment of

any kind against any obligation due from the Debtor, the Debtor's Estate, the Liquidating Trust,

or the Liquidating Trustee, or against the property or interests in property of the Debtor, the

Debtor's Estate, the Liquidating Trust, or the Liquidating Trustee on account of any such claim.

109024082\V-1

Such injunction shall extend for the benefit of the Liquidating Trustee, and any successors of the Debtor, and to any property and interests in property subject to the Plan.

87.    The Liquidating Trustee will not be liable for any act he may do or omit to do as Liquidating Trustee under the Plan and the Liquidating Trust Agreement, as applicable, while acting in good faith and in the exercise of his reasonable business judgment; nor will the Liquidating Trustee be liable in any event except for gross negligence, willful fraud, willful misconduct, or breaches of fiduciary duty.  The foregoing limitation on liability also will apply to any Person (including any Liquidating Trustee Professional) employed by the Liquidating Trustee and acting on behalf of the Liquidating Trustee in the fulfillment of their respective duties hereunder or under the Liquidating Trust Agreement.  Also, the Liquidating Trustee and all Liquidating Trustee Professionals shall be entitled to indemnification out of the assets of the Liquidating Trust against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, or claims that the Liquidating Trustee and/or the Liquidating Trustee Professionals may incur or sustain by reason of being, having been, or being employed by the Liquidating Trustee of the Liquidating Trust or for performing any functions incidental to such service; provided further, however, that the foregoing shall not relieve the Liquidating Trustee or the Liquidating Trustee Professional from liability for bad faith, willful misfeasance, reckless disregard of duty, gross negligence, fraud, self-dealing, or breach of fiduciary duty.

88.    To the extent of the exculpation as provided in section XI(B) of the Plan, the Liquidating Trust is deemed to release each Person and Entity exculpated, or whose liability is limited, under paragraph 87 above from any liability arising from any act or omission occurring after the Petition Date and in connection with, relating to or arising out of the Chapter 11 Case, except as provided in the Plan.

## XX.    Substantial Consummation

89.    The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be deemed to have occurred on the Effective Date.  The Liquidating

109024082\V-1

Trustee shall file an application for a final decree at the appropriate time as provided in section VII(L) of the Plan.

## XXI.  Retention of Jurisdiction

90.    Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over the Chapter 11 Case until the Chapter 11 Case is closed, including jurisdiction to issue any other Order necessary to administer the Estate or the Liquidating Trust Estate and enforce the terms of the Plan, and/or the Liquidating Trust Agreement pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a)    To determine the type, allowance, and payment of any claims upon any objections thereto (or other appropriate proceedings) by the Liquidating Trustee or any other party-in-interest entitled to proceed in that manner;

(b)    Except as otherwise limited in the Plan, to recover all Assets of the Debtor and property of the Debtor's Estate, wherever located;

(c)    To hear and determine any issue arising under the Plan; provided, however, any action, controversy, dispute, claim, or question arising out of or relating to the right of any party to enforce, contest, and/or litigate the existence, primacy, and/or scope of available coverage and/or any defenses to coverage under the Insurance Policies shall be referred to and resolved solely in accordance with the terms and conditions of the Insurance Policies and applicable non-bankruptcy law, including, but not limited to, any choice of law, forum, or jurisdiction provision therein;

(d)    To hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code;

(e)    To hear any other matter not inconsistent with the Bankruptcy Code;

(f)    To enter a final decree closing the Chapter 11 Case;

(g)    To ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

25

(h)     To decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving the Debtor that may be pending on or instituted by the Liquidating Trustee after the Effective Date;

(i)     To issue injunctions, enter and implement other Orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Plan, except as otherwise provided in the Plan;

(j)     To determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement;

(k)     To enforce, interpret, and determine any disputes arising in connection with any stipulations, Orders, the Sale Order, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case (whether or not the Chapter 11 Case has been closed);

(l)     To adjudicate any adversary proceeding or other proceeding which may be commenced against any Person or Entity arising from, related to, or in connection with (i) any Chapter 5 Action; (ii) the Tort Claims; and (iii) claims against third parties relating to the facts and circumstances surrounding the same; provided, however, that nothing in the Plan or the Confirmation Order shall vest the Bankruptcy Court with exclusive jurisdiction over any claims identified in subclauses (ii) and (iii) of this subparagraph (l) or over any dispute relating to coverage under the D&O Policies;

(m)     To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof; and

(n)     To resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Case, the applicable Bar Date, the hearing on the approval of the Disclosure Statement as containing adequate information, the hearing on the confirmation of

109024082\V-1

the Plan for the purpose of determining whether a claim is discharged hereunder, or for any other purpose.

## XXII. Post-Confirmation Notices and Reports

91.     Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Plan Proponents are directed to file and serve a notice of (i) the entry of this Confirmation Order and (ii) declaration of the Effective Date on all holders of claims and other parties-in-interest no later than the date that is ten (10) days after the declaration of the Effective Date; provided, however, that the Plan Proponents shall be obligated to serve the aforementioned notice only on the record holders of claims at their last known address.

92.     After the Effective Date, the Liquidating Trustee shall comply with the record keeping and reporting requirements set forth in Fed. R. Bankr. P. 2015(a)(2) and (5); specifically, the Liquidating Trustee shall keep a record of receipts and the disposition of money and property received and file, on a quarterly basis, a report setting forth all disbursements, distributions, and transfers that have been made during the reporting period pursuant to the Plan.  Such report shall also set forth the amount of cash on hand at the beginning of the reporting period and the amount of cash on hand at the end of the reporting period.  In addition, the Liquidating Trustee will comply with all reporting requirements set forth in the Plan and Liquidating Trust Agreement. No other reporting requirements shall apply to the Liquidating Trustee.

## XXIII. Miscellaneous

93.     The failure to include or otherwise refer to any specific provision of the Plan in this Confirmation Order shall not be deemed or construed as a waiver or deletion or to otherwise impair or adversely affect any such omitted provisions of the Plan.

94.     A Post-Confirmation Status Conference shall take place on **December 18, 2018, at 10:00 a.m.** The Liquidating Trustee shall file a Status Report by no later than fourteen days prior to the hearing.

109024082\V-1

# # #

Date: September 18, 2018

Ernest M. Robles
United States Bankruptcy Judge

109024082\V-1