Eric J. Weissman
eweissman@wilshirepacificadvisors.com
WILSHIRE PACIFIC CAPITAL ADVISORS, LLC
8447 Wilshire Blvd., Suite 202
Beverly Hills, CA 90211
Telephone:     (310) 526-3323
Facsimile:     (310) 388-5405

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:16-bk-17463-ER |
| GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC., dba GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER | Chapter 11 |
| Debtor | **FIRST AND FINAL APPLICATION OF WILSHIRE PACIFIC CAPITAL ADVISORS, LLC, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTOR FOR THE PERIOD FROM JUNE 6, 2016, THROUGH OCTOBER 10, 2018; DECLARATION OF MR. STAN OTAKE** |

| | |
|---|---|
| Name of Applicant: | Wilshire Pacific Capital Advisors, LLC |
| Authorized to Provide Professional Services to: | Financial Advisor to the Debtor and its Counsel |
| Date of Retention: | Order Entered August 16, 2016, *nunc pro tunc* to June 6, 2016 |
| Period for which Final Compensation and Reimbursement is Sought: | June 6, 2016 – October 10, 2018 |
| Amount of Final Compensation Sought as actual, reasonable and necessary: | $1,192,908.50 |
| Amount of Expense Reimbursement Sought as actual, reasonable and necessary: | $708.61 |

This is a final application.

1

109727755\V-1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 3

II.     WPCA'S QUALIFICATIONS ...................................................................................... 3

III.    SUMMARY OF FEES AND EXPENSES ................................................................... 3

IV.     DETAIL OF MONTHLY ACTIVITIES BY WPCA ................................................. 4

V.      VALUATION OF SERVICES ..................................................................................... 15

109727755\V-1

Wilshire Pacific Capital Advisors, LLC ("WPCA" or the "Company") submits this First and Final Application for Fees and Reimbursement of Expenses for the period from June 6, 2016, through October 10, 2018, for services rendered to Gardens Regional Hospital and Medical Center, Inc. (the "Debtor").   In support of the Application, WPCA respectfully represents as follows:

**I.**

**INTRODUCTION**

1.      WPCA is the Financial Advisor of record the Debtor.  The Debtor submitted its Application to employ WPCA (Doc. No. 134) on or about June 29, 2016.  The Court granted the Motion of the Debtor to employ WPCA in an order entered on August 16, 2016, incorporating a tentative ruling (Doc. No 316).  The entered order and tentative ruling are attached as **Exhibit 1**.

**II.**

**WPCA'S QUALIFICATIONS**

2.      WPCA is a FINRA licensed broker dealer that specializes in the healthcare industry.  Eric Weissman supervises all activities at WPCA.  A copy of his resume is attached as **Exhibit 2**.  WPCA's professionals have significant experience in providing investment banking and financial advisory services to distressed hospitals, including negotiating sale transactions, financings and balance sheet restructurings, having advised debtors, creditors, secured lenders and other parties-in-interest on chapter 11 proceedings.

**III.**

**SUMMARY OF FEES AND EXPENSES**

3.      WPCA seeks final allowance for compensation for services rendered during the application period in the amount of $1,192,908.50 in Success Fees and Monthly Fees.  The compensation for these services are described in Section 9 of the Debtor's Application to Employ WPCA, as approved in its entirety in Paragraph 1 of the Order Granting Motion of Debtor to Employ WPCA.  Specifically, as set forth in the tentative ruling: *WPCA will receive payment of 2.5% of any DIP financing obtained by the Debtor; a payment of the greater of $200,000 or 2.5%*

1   *of the value of any sale transaction that is completed; and payment of $25,000 per month for*

2   *performing financial advisory services.*

3       4.    As of the date of this Application, WPCA has been paid $690,389.00 thereof.

4   WPCA submitted reimbursable expenses of $708.61 for the application period, which has been

5   fully reimbursed.  Accordingly, WPCA seeks allowance by the Court for total compensation and

6   expense reimbursement of $1,193,617.11, of which $502,519.50 remains outstanding and unpaid

7   by the Debtor.

8   <div align="center">**IV.**</div>

9   <div align="center">**<u>DETAIL OF MONTHLY ACTIVITIES BY WPCA</u>**</div>

10      5.    WPCA was engaged for the purpose of rendering a wide range of financial

11  advisory services, including but not limited to:

12          a.  Review and analysis of the Debtor's financial, operational and cash flow

13             performance;

14          b.  Review of the Debtor's historical operating results, recent performance,

15             business plan and associated restructuring initiatives, and advise the Debtor

16             and its counsel regarding the Debtor's business plans, cash flow forecasts,

17             financial projections, cash flow reporting, claims, and plan alternatives;

18          c.  Advise the Debtor and its counsel with respect to possible capital restructuring

19             and sale and financing alternatives, including providing options regarding

20             potential courses of action and assisting with the design, structuring and

21             negotiation of alternative restructuring and/or transaction structures;

22          d.  Lead, analyze, review or assist in a sale process of the Debtor's assets and add

23             strategic buyers to a sale process;

24          e.  Review and analyze any proposals the Debtor or its counsel receives from third

25             parties in connection with a sale of assets;

26          f.  Assist the Debtor and its counsel in identifying and valuing undisclosed assets,

27             if any, and consult with the Debtor and its counsel on the progress of asset

28             sales, locations, identification, and value;

109727755\V-1

g.  Preparation of estimated payout or distribution analyses;

h.  Assist the Debtor and its counsel in developing strategies and related negotiations with the Debtor and other interested parties with respect to treatment of the unsecured creditors under a proposed plan or such treatment under alternative proposals, including a sale of assets;

i.  Preparation of periodic reports and updates to the Debtor regarding the status of the Debtor's post-petition operating performance, and various other issues as requested by the Debtor and its counsel to facilitate informed decisions;

j.  Advise the Debtor and its counsel regarding identity and value of avoidance actions; and,

k.  Perform all other services as directed by the Debtor or its counsel and as may be required in the interests of the creditors.

6.  As set forth in the application and the tentative ruling, WPCA is entitled to payment on the basis of Success Fees and Monthly Work Fees of $25,000 plus expenses and court appearances.

7.  The **Success Fees** billed and paid over the application period relate to the following transactions:

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 6/24/2016 | 12,500 | 12,500 | Success Fee on $500,000 DIP financing draw |
| 8/9/2016 | 25,007 | 25,007 | Success Fee on $1,000,292 DIP financing draw |
| 9/8/2016 | 12,500 | 12,500 | Success Fee on $500,000 DIP financing draw |
| 10/3/2016 | 2,500 | 2,500 | Success Fee on $100,000 DIP financing draw |
| 10/7/2016 | 5,000 | 5,000 | Success Fee on $200,000 DIP financing draw |
| 10/19/2016 | 8,750 | 8,750 | Success Fee on $350,000 DIP financing draw |
| 11/15/2016 | 8,743 | 8,743 | Success Fee on $349,708.41 in DIP financing draw |
| 12/19/2016 | 10,851 | 10,851 | Success Fee on $380,000 DIP financing draw; appearance in bankruptcy court; expenses |
| 12/27/2016 | 6,250 | 6,250 | Success Fee on $250,000 DIP financing draw |
| 5/18/2017 | 200,000 | 200,000 | Partial Success Fee on the Sale of Gardens to American Specialty |
| 10/10/2018 | 201,150 | - | Final Success Fee calculation on the Sale and Gardens to American specialty plus retained assets almost fully liquidated, together exceeding $19.7 million, *minus* $92,101 related to a combined $3.63 million in DIP loan draws, *minus* partial invoice of $200,000 on 5/18/2017 |
| | 493,251 | 292,101 | TOTAL |

8.    The **Monthly Work Fees** relate to financial advisory services described herein:

    a.  **June 6 - July 2016.**  Financial advisory services; appearance in BK court; preparation and review of MOR; prepare 13-week cash flow forecast; prepare Schedule E/F.

    b.  **August 2016.**  Financial advisory services; appearance in BK court; negotiate asset purchase agreements with winning and back up bidders; deliver diligence material to new management team; update 13-week cash flow forecast for Strategic Global; analysis of seismic condition and upgrade requirements, specifically related to the movement of the oxygen tank; assist Dentons prepare settlement negotiations with CMS; preliminary review of claims over $1 million; conference calls with UCC; review proposed collective bargaining agreement with the SIEU; review of claim for fees and expenses on Promise DIP loan; review proposed settlement with City Attorney related to patient dumping allegation; assist in preparation of application to California Attorney General.

    c.  **September 2016.**  Financial advisory services; preparation and review of MOR; update 13-week cash flow forecast; assist Dentons to prepare certain missing schedules and exhibits for Attorney General application; analysis of accounts receivable collection history and forecast; discuss CalOptima and other managed care payors withholding payment from Gardens due to Harbor-Gardens lien; consult on proposed rejection of ER group contract; respond to AG supplemental questions; continued work on collective bargaining agreement issue; review five promissory notes between Debtor and Strategic Global.

    d.  **October 2016.**  Financial advisory services; preparation and review of MOR; negotiate sale-leaseback structure with Strategic Global; review healthcare impact statement from Vizient in connection with AG application; strategize on prospective litigation against California, curing defaults, transferral of

Medi-Cal provider agreement; review draft AG conditions with winning and
back up bidders; reconcile historical QAF payments and withholdings against
Medi-Cal payments; continue uploading diligence files to data room for
Strategic Global; discuss successor liability issue on Medi-Cal provider
agreement with Strategic Global; update Strategic Global on historical and
projected financial activity at Gardens; update schedule of admin claims for
Dentons; discussions with California Hospital Association; review and respond
to Paladin discovery requests.

e. **November 2016.** Financial advisory services; preparation and review of
MOR; negotiate subordination agreement with Strategic Global; discussions
with California Department of Healthcare Services (John Beshara) regarding
historical and projected QAF calculations; preparation of projected waterfall
reflecting sources and uses of cash and other assets for UCC (Andrew
Sherman); continued negotiation of subordination agreement with MidCap
Financial Services in connection with sale to Strategic Global; conf call with
UCC; determine PTO expense to be covered by Strategic Global as part of the
sale; attend NLRB hearing; review submitted claim by LA County in
connection with patient dumping allegation; research documentation related to
$5 million Moskowitz note; conf call with Strategic Global's attorneys; update
13-week cash flow forecast; negotiate additional DIP loan draws with Strategic
Global; initiate reduction-in-force calculations; review asset purchase
agreement, sale leaseback agreement and management services agreement with
Board of Directors.

f. **December 2016.** Financial advisory services; preparation and review of
MOR; preparation of presentation for meeting in Sacramento with California
Attorney General, including detailed market analysis for charity care in
Gardens' primary service area; strategize with Strategic Global regarding the
inclusion of UHW in Sacramento trip; update 13-week cash flow forecast for

109727755\V-1

1    bankruptcy court; analysis of reduction in cash collections under Strategic

2    Global management; conference calls with UCC; analyze A/R reserves

3    pertaining to workers comp and personal injury lien cases; prepare written

4    Declaration related to Debtor's Emergency Motion to Amend Existing DIP

5    Financing Order; meeting in Riverside with Strategic Global principals; calls

6    with Paladin regarding protection of its junior secured claim; correspondence

7    with back up bidder; review amendments to Asset Purchase Agreement and

8    DIP Financing Agreement; discussions with Wendy Horwitz at AG office.

9    g.    **January 2017.**  Financial advisory services; preparation and review of MOR;

10    review of professional and other administrative claims; discussions with

11    Strategic Global regarding DIP loan repayment; negotiation with Promise

12    regarding hospital license renewal; reopen negotiations with Le Summit;

13    launch negotiations with Verity; provision of diligence materials to prospective

14    successors to Strategic Global; negotiation of term sheet with Doral

15    Healthcare; negotiations with Promise Healthcare; review of pre-petition PTO

16    obligations and correction of accounting related thereto; meeting with

17    California Attorney General regarding overly burdensome conditions to

18    approval of the sale to Strategic Global.

19    h.    **February 2017.**  Financial advisory services; preparation and review of MOR;

20    update 13-week cash flow forecast; update accounts receivable analysis and

21    collections performance; preparation of materials for conference call with all

22    secured creditors and UCC to review personnel and operating expenses; review

23    of Asset Purchase Agreement, Promissory Note and Guaranty agreements with

24    Promise; analysis of Medi-Cal offsets to QAF payments; coordination of

25    diligence materials on hospital license suspension; review of Promise diligence

26    materials; analysis of CMS recoupment issue; negotiation of key terms of sale

27    to Promise Healthcare; correspondence with prospective bidders regarding

28    closed hospital sale; multiple meetings and conference calls with Board; call

- 8 -

1    with California Department of Public Health regarding possible hospital

2    closure; negotiation of Transition Services Agreement with Strategic Global;

3    discussions with UCC.

4    i.    **March 2017.**  Financial advisory services; preparation and review of MOR;

5    negotiations with Strategic Global regarding the potential sale of medical

6    equipment; preparation of employee cost reduction plan; negotiation of DIP

7    repayment plan with Strategic Global; analysis of Medi-Cal witholdings for

8    unpaid QAF liabilities; multiple rounds of negotiation with Paladin; review of

9    Paladin settlement agreement; negotiations with LA County as hospital buyer;

10    tour of the facility; discussions with Wells Fargo regarding post-closing

11    interim management services agreement with Promise; review of promissory

12    note and guarantee agreements; conference call with Board regarding

13    employees and collections; edits to Asset Purchase Agreement, Promissory

14    Note, Guaranty; discussions with Le Summit; discussions with new outside

15    billing and collections companies; update projected payroll file.

16    j.    **April 2017.**  Financial advisory services; preparation and review of MOR;

17    review and discussion of Promise Healthcare objections to sale motion;

18    continue negotiations with Dr. Singh and American Specialty; support for

19    Dentons in analyzing economics of QAF payments and receipts at GRHMC;

20    discussions with Board regarding preservation of hospital lease and the related

21    conditional use permit extension; conference calls with UCC; review of unpaid

22    admin claims; review of Strategic Global DIP loan fees; detailed analysis of

23    estimated collectable value of hospital accounts receivable; analysis of accrued

24    professional fees; review of physician courtesy discount issue; negotiations

25    with Strategic Global regarding accrual of interest on DIP loan; detailed review

26    of asset purchase agreement with Promise Healthcare; preparation of A/R

27    collections analysis; review and update to 13-week cash flow projection.

28

k. **May 2017.**  Financial advisory services; appearance in bankruptcy court; preparation and review of MOR; analysis of debtor's need to extend professional and general liability policy with BETA; analysis of employees and expenses for allocation between the debtor and American Specialty; development of cost and personnel reduction and transition plan with CEO for the UCC; recovery of lease security deposit from landlord-Moskowitz; conf call with Board regarding notification of the asset sale to California Department of Public Health; review and documentation of DIP repayment to Promise Healthcare; conf calls with UCC.

l. **June 2017.**  Financial advisory services; appearance in bankruptcy court; negotiations with secured creditor Rollins Nelson; conference call regarding claim by Promise Healthcare for additional legal fees and default interest on DIP loan; assist Dentons on appeal of California QAF recoupment/offset action; review of invoices and analysis of claim by Strategic Global for payment of additional legal fees, interest and medical supplies provided during management period; review of admin claim by Sheppard Mullin.

m. **July 2017.**  Financial advisory services; preparation and review of MOR; review of historical bank records; preparation of cash flow forecast for UCC; preparation of disbursement on admin claims; conf calls with Board of Directors regarding continuing responsibility, liability, and D&O coverage.

n. **August 2017.**  Financial advisory services; preparation and review of MOR; negotiations with Strategic Global regarding repayment of DIP loan, legal fees, default interest and medical supply expenditures from affiliated entities; analysis of historical liabilities and write offs by GRHMC with secured creditors, including South Bay, Roxbury, Sycamore; assist Dentons in preparation of appeal related to QAF offsets.

o. **September 2017.**  Financial advisory services; preparation and review of MOR; review of Cerner's $4 million administrative and unsecured claims;

- 10 -

1      meeting and negotiations with Cerner; preparation for mediation with secured

2      creditor Rollins Nelson; response to Rollins Nelson request for information,

3      including updated hospital accounts receivable and collections analysis,

4      personnel costs, administrative claims; review of Accounts Payable aging

5      schedule; preparation of settlement proposal for Strategic Global regarding

6      outstanding claim for legal fees; conference call regarding Blue Shield

7      receivable;  update admin claim analysis for Dentons; preparation of

8      accounting summary of receivable due from Blue Shield of Michigan for UCC.

9    p.  **October 2017.**  Financial advisory services; appearance in bankruptcy court;

10      preparation and review of MOR; delivery of information for Settlement

11      Stipulation with Strategic Global; work on Cerner agreement, including

12      discussions with Chad Hendricks; review of EDD claim for $600,000;

13      additional work on Blue Shield of Michigan claim; preparation and conference

14      call with Board of Directors regarding assignment of claims to UCC; extensive

15      and detailed analysis of pre-petition management company claims and write

16      offs by the hospital;  finalized negotiation with Strategic Global for significant

17      reduction in its (disputed) administrative claim; updates to hospital accounting

18      to reflect negotiated agreements with management companies; discussions

19      with Board of Directors regarding various settlement agreements with prior

20      management companies.

21    q.  **November 2017.**  Financial advisory services; appearance in bankruptcy court;

22      preparation and review of MOR; preparation of initial Sources and Uses for

23      intended plan confirmation in Q2 2018; discussions with Board regarding

24      assignment of claims to UCC; review of demand letter to Weiner entities;

25      negotiations with post-petition vendors targeting settlements at 35 cents/dollar;

26      review of D&O Settlement agreement; coordinate recovery of funds from

27      Paladin to Gardens; preparation of disbursement to professionals; review of

28      Cerner settlement discussions.

109727755\V-1

r.    **December 2017.**  Financial advisory services; appearance in bankruptcy court; preparation and review of MOR; update projected Sources and Uses to determine strategy for negotiations with Weiner entities and the minimum results that would be required to confirm a plan; analysis of Blue Shield receivable; preparation of disbursement to professionals; update personnel reduction plan; conference call with Board; attend all-day mediation with Weiner entities conducted by Judge Zive; review of Paladin and Rollins Nelson settlement agreement for hospital accounting purposes; negotiated $200,000 reduction in admin claims.

s.    **January 2018.**  Financial advisory services; review and preparation of MOR; preparation of Sources and Uses for confirmation plan; conference calls with Board regarding confirmation plan and appropriate insurance coverage; review of revised Settlement Agreement with Weiner parties; review post-petition admin vendor payments register; Board calls regarding standards for approval of settlements in bankruptcy; assist UCC and George Hirsh with preparation of Moskowitz complaint; update analysis of proposed Weiner settlement offer; lead settlement negotiations with Weiner entities (5 hour meeting at Levine Neale offices); provide documents requested by UCC on Moskowitz claim.

t.    **February 2018.**  Financial advisory services; review and preparation of MOR; prepare exhibits to Weiner settlement analysis; respond to US Trustee requests for information regarding Debtor's insurance policies; preparation of normalized cash flow analysis; review of zero balance account collection activities by MES; review of claim by Nuance and limited objection; response to debtor's counsel on QAF issue; review of Patient Care Ombudsman issue; review of wrongful termination (Alvarado) settlement agreement.

u.    **March 2018.**  Financial advisory services; preparation and review of MOR; conducted settlement negotiations with the Weiner entities; discussions with Board, management and UCC regarding Weiner settlement; provide UCC

1    (Andrew Sherman) information regarding Moskowitz claim; conduct

2    negotiations with approximately 50 post-petition vendors; analysis related to

3    Employment Development Department settlement agreement; update projected

4    QAF forecast; update hospital accounts related to professional fees; update

5    projected Sources and Uses chart for debtor's counsel; analysis of admin

6    claims to OCP's for calculation of 10% discount negotiated by UCC.

7    v.    **April 2018.**  Financial advisory services; preparation and review of MOR;

8    conducted settlement negotiations with the Weiner entities; review and strategy

9    on QAF offset claim; coordinate information with Anthony Carrasco regarding

10    negotiations on Blue Shield of Michigan receivable; consult on Medicare cost

11    report issue; consult on D&O insurance issue; analyze Moskowiz claim.

12    w.    **May 2018.**  Financial advisory services; preparation and review of MOR;

13    finalize Weiner settlement; review first draft of Disclosure Statement and Plan

14    of Liquidation; update historical section of Disclosure Statement; analyze

15    projected economic consequences to all proposed creditor classes; advise on

16    the assignment of avoidance action claims to local counsel; review and correct

17    Dentons' proposed Sources and Uses of cash for plan confirmation; reconcile

18    hospital accounts with invoices provided by professionals.

19    x.    **June 2018.**  Financial advisory services; preparation and review of MOR;

20    continue work on Liquidation Analysis, including detailed review of debtor's

21    accounts receivables by payor class, zero balance accounts, workers comp

22    accounts, prepayments, security deposits, retainers, pre-petition priority claims;

23    update projected Sources of Uses of cash associated with Liquidation Analysis;

24    emails and discussions with UCC (Boris Mankovetskiy) regarding the

25    Liquidation Analysis; discussions with Board and counsel regarding

26    Liquidation Analysis; preparation of analysis of Blue Shield of Michigan

27    receivable for UCC.

28

109727755\V-1

y.  **July 2018.**  Financial advisory services (Jul 2018); preparation and review of MOR; preparation of updated Liquidation Analysis, including schedules and exhibits for final bankruptcy Disclosure Plan; respond to additional requests for information pertaining to Plan of Liquidation; research regarding additional accounts receivable, including workers comp claims that carriers denied payment for related medical implants.

z.  **August 2018.**  Financial advisory services; preparation and review of MOR; reconcile UCC professional fee statements with hospital accounts; reconcile administrative accounts payable aging schedule, including calculation of write down of professional fees in court approved Weiner settlement agreement; Board call regarding timeline and process for confirmation of Liquidating Plan; preparation of accounts receivable cost of collections analysis for Dentons; review of zero balance accounts assigned to MES for collection; review and reversal of certain A/R reserve accounts.

aa.  **September 2018.**  Financial advisory services; preparation and review of MOR; detailed analysis of pre-petition general unsecured claims; preparation and review of Declaration in support of plan confirmation; call with Board regarding timing of resignation and replacement by liquidating trustee; analysis and support on hospital claim against Liberty Mutual; review Otake declaration; review Walton declaration; preparation of draft liquidating balance sheet using 8/31/2018 MOR.

bb.  **October 2018.**  Financial advisory services; analysis of priority claims register for Liquidating Trustee; analysis of convenience class claims for Liquidating Trustee.

See **Exhibit 3** for a detailed chart of bills and payments on all Success Fees, Monthly Work Fees and expenses.

109727755\V-1

9.      Pursuant to an agreement with the Unsecured Creditors Committee, WPCA has agreed to a 10% discount all of its accrued, unpaid invoices as of 5/31/2018 and thereafter.  The discount has been applied appropriately.

10.     In delivering the financial advisory services described above, WPCA worked closely with the Debtor's Chief Executive Officer, Mr. Stan Otake, who reviewed and approved each invoice.  *See* the attached Declaration by Mr. Stan Otake.

<div align="center">

**V.**

**<u>VALUATION OF SERVICES</u>**

</div>

11.     WPCA respectfully suggests that the fair and reasonable value of the services performed by it for the Application period is not less than $1,193,617.  WPCA observes that this has been one of the most complicated single-hospital bankruptcy cases in the state of California. Due to the unexpectedly stringent set of conditions imposed by the California Attorney General on the first proposed sale of the hospital to Strategic Global, which Strategic Global found to be unworkable, **WPCA was required to sell the hospital twice**, resulting in double the work load without any increase or adjustment to its Success Fee formula.  All projects performed and services rendered were at the discretion or instruction of the Debtor, and such services were necessary to fulfill the Debtor's duties and obligations to the Court, the secured creditors, the unsecured creditors, the employees' union, the Board of Directors and all other federal and state regulatory authorities that govern hospital operations.

**WHEREFORE,** WPCA respectfully requests approval by the Court for the Debtor to make the final payment requested in this Application.

Dated: November 28, 2018          WILSHIRE PACIFIC CAPITAL ADVISORS, LLC
                                  ERIC J. WEISSMAN


By _____
          Eric J. Weissman

109727755\V-1

## DECLARATION OF STAN OTAKE

I, Stan Otake, declare that if called as a witness, I would and could competently testify thereto as follows:

1.    I am the Chief Executive Officer of Gardens Regional Hospital and Medical Center, Inc., dba Gardens Regional Hospital and Medical Center ("Gardens").

2.    The Debtor retained Wilshire Pacific Capital Advisors, LLC, to act as its financial advisor in the above referenced bankruptcy case (the "Chapter 11 Case").

3.    As Chief Executive Officer, I have spent significant amounts of time working with individuals at Wilshire Pacific Capital Advisors in the Chapter 11 Case.  The Chapter 11 Case was filed on June 6, 2016, so I have been directing and observing Wilshire Pacific Capital Advisor' work on behalf of the Debtor for more than two years.

4.    In light of the major disruption to the original sale of the Debtor in 2016 to Strategic Global for approximately $19,544,000, it is my opinion that the subsequent sale of certain assets to American Specialty and the retention of other key assets and claims, which has resulted in more than $19,706,000 in recovery of value, represents an impressive achievement for Wilshire Pacific Capital Advisors.

5.    I have reviewed the Application of Wilshire Pacific Capital Advisors, LLC, for Fees and Reimbursement of Expenses for the Period from June 6, 2016, to October 10, 2018 (the "Application"), requesting approval and payment of fees totaling $1,192,908.50 and reimbursement of expenses totaling $708.61 incurred during the period from June 6, 2016, through October 31, 2018, for a total of $1,193,617.11.

6.    I am informed and believe that approximately $691,097.61 of these fees and expenses have already been paid pursuant to authorization by the Court.

7.    I am informed and believe that the Debtor owes Wilshire Pacific Capital Advisors $502,520.  I am informed and believe that the Debtor has more than $2,900,000 in bank accounts from which the fees of Wilshire Pacific Capital Advisors and other professionals could be paid.

8.    I approve and support the Application.

109732689\V-1

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3      Executed this 27th day of November at Los Angeles, California

4

5               Stan Otake

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

1

## **<u>EXHIBITS</u>**

2

3      1.      Order Approving Employment of Wilshire Pacific Capital Advisors, LLC

4      2.      Resume of Eric J. Weissman

5      3.      Chart on Fees

6      4.      Expenses

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

109732689\V-1

# EXHIBIT 1



FILED & ENTERED

AUG 16 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Gardens Regional Hospital and Medical Center, Inc., Debtor. | Case No.:   2:16-bk-17463-ER |
| | Chapter:   11 |
| | **ORDER GRANTING MOTION OF DEBTOR TO EMPLOY WILSHIRE PACIFIC CAPITAL ADVISORS** |
| | Date:        August 15, 2016 |
| | Time:        10:00 a.m. |
| | Location:   Courtroom 1568 |
| | Roybal Federal Building |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

For the reasons set forth in the Court's tentative ruling [Doc. No. 316], which the Court adopts as its final ruling, the Court HEREBY ORDERS as follows:

1) The Debtor's Application to Employ Wilshire Pacific Capital Advisors as Financial Advisors, Nunc Pro Tunc ("Motion") [Doc. No. 134] is GRANTED in its entirety.

2) The Court approves the employment of Wilshire Pacific Capital Advisors ("WPCA") on the terms proposed in the Motion, pursuant to §§327(a) and 328(a). WPCA's employment is effective as of the date of the petition.

3) WPCA shall seek approval of its compensation pursuant to §328(a).

IT IS SO ORDERED.

### ###

Date: August 16, 2016

Ernest M. Robles
United States Bankruptcy Judge

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

---

**Monday, August 15, 2016**                                         **Hearing Room    1568**

---

<u>10:00 AM</u>
**2:16-17463    Gardens Regional Hospital and Medical Center, Inc.**                    **Chapter 11**

    **#3.10**    HearingRE: [134] Application to Employ WILSHIRE PACIFIC CAPITAL ADVISORS
              as FINANCIAL ADVISOR, NUNC PRO TUNC ; DECLARATION OF ERIC J.
              WEISSMAN

                              Docket     134

**Tentative Ruling:**

    8/11/2016:  For the reasons set forth below, GRANT Motion.


    **Pleadings Filed and Reviewed:**

    1)  Debtor's Application to Employ Wilshire Pacific Capital Advisors as Financial
        Advisors, Nunc Pro Tunc ("Motion") [Doc. No. 134]
        a)  Notice of Hearing on Motion [Doc. No. 249]
    2)  Limited Objection to Debtor's Application to Employ Wilshire Pacific Capital
        Advisors ("Objection") [Doc. No. 191]
    3)  Debtor's Reply to Limited Objection to Debtor's Application to Employ Wilshire
        Pacific Capital Advisors ("Reply") [Doc. No. 296]
    4)  Statement of the Official Committee of Unsecured Creditors in Support of
        Debtor's Application to Employ Wilshire Pacific Capital Advisors as Financial
        Advisor [Doc. No. 302]

        For the reasons set forth below, the Debtor's Motion to employ Wilshire Pacific
    Capital Advisors is GRANTED.

## I. Facts and Summary of Pleadings
<u>**Summary of Motion**</u>
        Chapter 11 Debtor and Debtor-in-Possession Gardens Regional Hospital and
    Medical Center, Inc. ("Debtor") seeks to employ Wilshire Pacific Capital Advisors
    ("WPCA") as its financial advisor, effective as of the petition date. Debtor seeks to
    employ WPCA under §328(a). WPCA will provide (or has provided) the following
    services:
    1)  Secure debtor-in-possession financing.

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Monday, August 15, 2016**                                                 **Hearing Room      1568**

---

<u>10:00 AM</u>
**CONT...        Gardens Regional Hospital and Medical Center, Inc.**                        **Chapter 11**

    2)  Lead the sale process of the Debtor's assets, including locating strategic buyers.

    3)  Provide various monthly advisory services, including:

       a)  Preparation and weekly maintenance of the Debtor's 13-week cash flow
          projection, including (a) reconciliation and projection of cash collections by
          payor class based on daily cash collection reports, changes in rates with
          payors, updates to contracts, and other Debtor activities that will impact cash
          collections; (b) evaluation of extraordinary and one-time sources of revenue;
          (c) detailed analysis of revenue and cash collections per patient day and
          projected impact of current patient volume on future cash collections; (d)
          weekly analysis and reconciliation of all expenditures by check and wire
          transfer by expense category; (e) investigation of any discrepancies,
          particularly related to cancelled and/or duplicate checks; (f) review of bi-
          weekly payroll, payroll tax and benefits, as well as changes in headcount by
          department and the projected impact on future salaries, wages and benefits; (g)
          projection of possible need for non-salaried personnel costs, such as nurse
          registry and other contract laborers; (h) weekly review of all professional fees,
          including medical directorships, other clinical related fees, legal fees,
          management fees and bankruptcy related fees; (i) analysis of purchased
          services, including laboratories, imaging, transcription, dialysis, anesthesia,
          clinical data and third party collections activity; (j) review and updates to
          capital expenditures, particularly those required under the Debtor's Corrective
          Action Plan with the Department of Health Services; and (k) budgeting for
          financing related costs with the Debtor's DIP lender.

       b)  Assistance and guidance to the Debtor's management team in complying with
          all financial reporting requirements to the U.S. Trustee, including the
          Statement of Financial Affairs and the Monthly Operating Reports.

       c)  Preparation of reports to the Debtor's Board of Directors related to all
          financial aspects of the bankruptcy, which includes: (a) daily conference calls
          with the Chairman of the Board of Directors, management and the other
          professional advisors to the Board; and (b) drafting analyses and
          recommendations as requested by the Board in exercising its business
          judgment related to all financial activity of the Debtor.

       d)  Preparation of estimated payout or distribution analyses.

       e)  Preparation of all other periodic reports and updates to the Debtor and its
          counsel regarding the status of Debtor's post-petition operating performance
          and various other issues as requested by the Debtor and its counsel to facilitate

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, August 15, 2016**                                        **Hearing Room      1568**

<u>10:00 AM</u>
**CONT...**       **Gardens Regional Hospital and Medical Center, Inc.**                **Chapter 11**
                 informed decisions.

    f)  Assembly and distribution of all reports requested by the senior secured
creditors.

    g)  Preparation of any information or reports requested by the unsecured creditors
via the Unsecured Creditors Committee regarding all financial activities of the
Debtor.

    WPCA will receive a payment of 2.5% of any DIP financing obtained by the
Debtor; a payment of the greater of $200,000 or 2.5% of the value of any sale
transaction that is completed; and payment of $25,000 per month for performing
financial advisory services.

**<u>Opposition of Rollins-Nelson Group</u>**

    Secured creditor Rollins-Nelson Group ("RNG") does not oppose the employment
of WPCA in connection with the sale of the Debtor's assets, although RNG argues
that WPCA's fee should be limited to the greater of $50,000 or 2.5% of the cash paid
at closing. (The amount proposed in the Motion is the greater of $200,000 or 2.5% of
the value paid at closing; given the structure of the transaction, 2.5% of the value at
closing will be greater than 2.5% of the cash at closing.)

    RNG primarily objects to the Debtor's employing and paying WPCA $25,000 per
month to provide additional advisory services. According to RNG, this employment is
objectionable for the following reasons:

1)  Since the Debtor is selling all its assets, there should be little if any work for
which it is necessary to employ a high-priced financial advisor like WPCA. If the
Court allows the Debtor to retain WPCA to provide these additional monthly
services, its fee should not be paid from cash collateral until RNG's secured claim
of $1.2 million is paid in full.

2)  WPCA has already received a reasonable fee for raising the DIP financing, and
will receive a substantial fee in connection with the sale of the Debtor's assets.
Therefore, WPCA is not entitled to receive an additional $25,000 monthly fee for
other services.

3)  Rather than being allowed a fixed monthly fee of $25,000, WPCA should be
required to submit a fee application, setting forth the time spent in providing
necessary services. WPCA's compensation should then be determined according
to the lodestar method.

4)  WPCA received a $30,000 prepetition payment from the Debtor within the 90-day

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, August 15, 2016**                                           **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...      Gardens Regional Hospital and Medical Center, Inc.**                    **Chapter 11**

non-insider preference period. This makes WPCA a target for a preference action.
As a result, WPCA is conflicted and on that basis should be disqualified from
employment.

**<u>Debtor's Reply</u>**

Debtor replies to RNG's Opposition as follows:

Regarding the $25,000 monthly fee for consulting services to which RNG objects,
WPCA was hired to perform three separate functions for the Debtor: obtain DIP
financing, arrange for the sale of the Debtor's assets, and provide monthly financial
advisory services. The $25,000 fee compensates WPCA for providing the monthly
advisory services. The Debtor reviewed proposals from multiple bankruptcy
specialists offering to provide the same services, and WPCA was the most cost-
effective option. The monthly advisory services are not connected to the DIP
financing or the sale of the hospital, and therefore continue to be necessary
notwithstanding the sale.

With respect to RNG's contention that WPCA's fees should not be paid from its
cash collateral, the successful auction of the hospital will yield funds sufficient to pay
all secured creditors in full. WPCA's $25,000 monthly fee for the preparation,
supervision, and maintenance of the Debtor's cash flow forecasts and related
schedules has a de minimis effect on the pre-petition secured creditor's claims,
considering the pending $19 million sale transaction that WPCA arranged.

With respect to RNG's contention that WPCA is conflicted as a preference target,
adopting RNG's reasoning would mean that every financial advisor who performed
and received payment for prepetition services would be conflicted. WPCA has a
complete defense to any preference action. The prepetition payments it received were
for work performed prepetition and therefore constitute a contemporaneous exchange
for new value.

**<u>Official Committee of Unsecured Creditor's Statement in Support of the
Employment of WPCA</u>**

The Official Committee of Unsecured Creditors ("Committee") supports the
employment of WPCA. The Committee requests that any order authorizing the
employment of WPCA clarify that WPCA is employed pursuant to §§327(a) and 328
(a) and that any and all of WPCA's requests for compensation will be governed by §§
330 and 331.

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

---

**Monday, August 15, 2016**                                                                     **Hearing Room        1568**

---

<u>10:00 AM</u>
**CONT...         Gardens Regional Hospital and Medical Center, Inc.**                          **Chapter 11**

### II. Findings and Conclusions

Section 328(a) provides:

> The trustee … with the court's approval, may employ or authorize the
> employment of a professional person under section 327 or 1103 of this title, as
> the case may be, on any reasonable terms and conditions of employment,
> including on a retainer, on an hourly basis, on a fixed or percentage fee basis,
> or on a contingent fee basis. Notwithstanding such terms and conditions, the
> court may allow compensation different from the compensation provided
> under such terms and conditions after the conclusion of such employment, if
> such terms and conditions prove to have been improvident in light of
> developments not capable of being anticipated at the time of the fixing of such
> terms and conditions.

The Court finds that the terms and conditions upon which the Debtor proposes to
employ and pay WPCA are reasonable. WPCA will receive 2.5% of any DIP
financing that it raises for the Debtor. The 2.5% payment is customary for financings
of this type. WPCA will receive a payment of the greater of $200,000 or 2.5% of the
value of any sale transaction that is completed. This fixed percentage payment is
likewise customary in transactions of this type. RNG's suggestion that WPCA's
payment be reduced to the greater of $50,000 or 2.5% of the cash paid at closing is
overruled. WPCA has already demonstrated its value to the estate through its
performance at the auction, which yielded far more for the Debtor's assets than had
been anticipated.

The Court finds that the $25,000 per month that WPCA will be paid for financial
advisory services is reasonable. The services are necessary notwithstanding the
pending sale. The Debtor is still required to prepare and report cash flow projections
during the 60–105 period pending the sale of its assets. In fact, one of the reasons for
such reporting is to satisfy the demands of secured creditors. WPCA's monthly
services are also necessary to enable the Debtor to comply with UST reporting
requirements.

RNG's argument that WPCA must submit hourly billing records to enable the
Court to evaluate its fees in accordance with the lodestar method is without merit.
Section 328(a) expressly permits the Debtor to employ professionals "on a fixed …
fee basis" such as the $25,000 monthly fee proposed here.

RNG's objection to the payment of WPCA's monthly fees from its cash collateral
is overruled. In approving the sale of the Debtor's assets and the continued use of cash
collateral, the Court found that the claims of secured creditors (including RNG) were

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, August 15, 2016**                    **Hearing Room    1568**

<u>10:00 AM</u>
**CONT...**      **Gardens Regional Hospital and Medical Center, Inc.**      **Chapter 11**

adequately protected:

> The Sale to Strategic will provide $8 million in cash, which is more than adequate to repay the approximately $4.5 million in prepetition secured claims. The Sale to Strategic also provides the estate additional value in the amount of up to $4 million in accounts receivable, and Replacement DIP Financing that will be forgiven upon closing. Even if collections on the accounts receivable do not yield the full amount of $4 million to the estate, the secured creditors are protected by an equity cushion that is far in excess of 20%.

Final Ruling Granting Debtor's Motion (A) Authorizing the Debtor to Obtain Postpetition Financing; (B) Authorizing the Debtor to Use Cash Collateral; and (C) Granting Adequate Protection to Prepetition Secured Creditors [Doc. No. 236] at 29.

RNG's claim that WPCA is conflicted is without merit. WPCA received prepetition payments on account of prepetition services that it provided to the Debtor. *See* Supplemental Declaration of Eric J. Weissman at ¶4 ("In regard to prepetition payments delivered to WPCA within 90 days of the date the bankruptcy was filed, WPCA received a payment on or around March 1 for work that was performed from March 1 through April 30, and payment was received on or around May 1 for work that was performed from May 1 through May 31."). Those prepetition payments do not qualify as a preference because they were provided in exchange for new value given by WPCA. The Court further notes that it is common for debtors-in-possession to make prepetition payments to professionals on account of prepetition services rendered by those professionals. Such prepetition services are necessary given the advanced planning required prior to filing a Chapter 11 petition. Disqualifying professionals from employment based on the fact that they were paid for prepetition services would make it more difficult for Debtors to obtain necessary advice prepetition.

Finally, the Court notes that WPCA's employment is supported by the Committee.

Based upon the foregoing, the Motion is GRANTED. WPCA's employment is approved, effective as of the date of the petition. In approving employment *nunc pro tunc*, the Court notes that the Debtor did not unreasonably delay in bringing this Motion. The Motion was filed on June 29, 2016, approximately three weeks subsequent to the filing of the petition, on a negative notice basis. Objections were subsequently filed, after which the Debtor was required to set the Motion for hearing. This accounts for the length of time between the date of the filing of the Motion and the hearing.

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, August 15, 2016**                                              **Hearing Room    1568**

---

<u>10:00 AM</u>
**CONT...**        **Gardens Regional Hospital and Medical Center, Inc.**                    **Chapter 11**

As requested by the Committee, the order should specifically provide that WPCA is being employed pursuant to §§327(a) and 328. The Committee's request that the order provide that WPCA's request for compensation be governed by §§330 and 331 is not appropriate. WPCA intends to seek approval of its compensation under §328(a), not under §330. As explained by the Ninth Circuit, §328 provides a different standard for the review of fees than §330:

> Section 328(a) permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.' In the absence of preapproval under § 328, fees are reviewed at the conclusion of the bankruptcy proceeding under a reasonableness standard pursuant to 11 U.S.C. § 330(a)(1).

*Circle K. Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 279 F.3d 669, 671 (9th Cir. 2002).

The court will prepare the order.


No appearance is required if submitting on the court's tentative ruling.  If you intend to submit on the tentative ruling, please contact James Yu or Daniel Koontz at 213-894-1522.  **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.**  Should an opposing party file a  late opposition or appear at the hearing, the court will determine whether further hearing is required.   If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

---

| Party Information |
|:---:|

**Debtor(s):**

Gardens Regional Hospital and                    Represented By
                                                 Samuel R Maizel
                                                 Samuel R Maizel
                                                 John A Moe
                                                 John A Moe

---

# EXHIBIT 2

Elliot Weissman
8447 Wilshire Blvd., Suite 202 | Beverly Hills, CA 90211
Direct 310.467.2117 | Fax 310.388.5405 | Email: eweissman@wilshirepacificadvisors.com

## EXPERIENCE

**PRESIDENT.  Wilshire Pacific Capital Advisors (formerly London & Pacific Capital Advisors).**  Los Angeles
(May 2006 – Present)

Generated >$10 million in transaction fees and consulting revenue from healthcare service companies,
including hospitals, health plans, surgery centers, physician groups, ancillary service providers and others.

Healthcare Clients and Targets

| | |
|---|---|
| Anaheim General Hospital | Hospital |
| Arcadian Healthcare | Health Plan |
| AssistMed | Healthcare IT |
| Associated Dignity Medical Group | Physician Group |
| Avanti Hospitals | Hospital |
| Avanti Medical Group | Physician Group |
| Bakersfield Family Medical Clinic | Physician Group |
| Bakersfield Heart Hospital | Hospital |
| Casa Colina | Hospital |
| Centinela Valley IPA | Physician Group |
| Century City Doctors Hospital | Hospital |
| Community and Mission Hospital of Huntington Park | Hospital |
| Deanco Healthcare | MSO |
| Digital Union | Healthcare IT |
| Downey Regional Medical Center | Hospital |
| East Los Angeles Doctors Hospital | Hospital |
| Gardena Memorial Hospital | Hospital |
| Gardens Regional Hospital & Medical Center | Hospital |
| Good Samaritan Hospital | Hospital |
| Hawaii Medical Center | Hospital |
| Heritage Provider Network | Physician Group |
| Hudson Crossing Surgery Center | Surgery Center |
| Inland Valley Surgical Center | Surgery Center |
| Integrated Healthcare Holdings, Inc. (OTC: IHHI) | Hospital |
| Kansas Spine Hospital | Hospital |
| Magellan Global Healthcare | MSO |
| Maui Memorial Medical Center | Hospital |
| MaxVision Care | Health Plan |
| MD Care | Health Plan |
| Memorial Healthcare IPA | Physician Group |
| Mission Community Hospital | Hospital |
| Monrovia Memorial Hospital | Hospital |
| Pacific Hospital of Long Beach | Hospital |
| Pacifica Hospital of the Valley | Hospital |
| Quality Long-Term Care | SNF |
| Radiology Associates of San Luis Obipso | Ancillary |
| RN India | Healthcare Service |
| S&B Surgery Center | Surgery Center |
| Sacramento Family Medical Clinics | Clinics |
| Salus Surgical Group | MSO |
| Short Hills Surgery Center | Surgery Center |
| St. Mary's Medical Center | Hospital |
| St. Peter Medical Group | Physician Group |
| Strategic Global Management | MSO |
| Totally Kids Specialty Hospital | Hospital |
| United Focus Ultrasound | Ancillary |
| Verdugo Hills Hospital | Hospital |
| Victor Valley Community Hospital | Hospital |
| Walbut Hill Physicians Hospital | Hospital |

Public Speaking Engagements:
* Arent Fox Healthcare Conference
* Healthcare Finance Management Association Conference
* Medical Development Specialists Annual Conference
* USC School of Health
* Verdugo Hills Hospital Board of Directors Retreat
* Pepperdine Law School – Health Law Class, Guest Lecturer

**MANAGING DIRECTOR, MERGERS & ACQUISITIONS.  Galen Capital Group**, Los Angeles (Feb '05 – Apr '06.)
Opened Galen office in Los Angeles, focused on merchant and investment banking in healthcare industry.
Created niche for smallcap public and private companies with enterprise values from $5 million to $100 million.

M&A Transactions and Capital Raises
* Negotiated and executed reverse takeover of Eye Dynamics (OTC: EYDY) by OrthoNetx (private).
* Raised $10 million in a Standby Equity Distribution Agreement for AcuNetx (OTC: ATNX).
* Spearheaded acquisition of Cogient (Canada) by AssistMed (private) and $2 million in acquisition financing.

**SR. ASSOCIATE, MERGERS & ACQUISITIONS.  Huntington Securities LLC**, Los Angeles (Aug 2003 – Jan 2005)
Sellside M&A advisor to Bianchi International & Gregory backpacks (private) in sale to Armor Holdings
    (NYSE: AH) for $60 million (8.8x EBITDA).
Negotiated management buyout and financing for Empire Music Group (private), the 6th largest independent
    music CD distributor in the US.
Buyside fundamental equity research coverage for $50 million private fund in four industries:
* **Bioarrays**:  Affymetrix (AFFX), Illumina (ILMN), Luminex (LUMX) and Sequenom (SQNM).
* **Electronic Manufacturing Services**:  Benchmark Electronics (BHE), Celestica (CLS), Flextronics
    International (FLEX), Jabil Circuit (JBL), Sanmina-SCI (SANM) and Solectron (SLR).
* **Power Supplies**: Artesyn Technologies (ATSN), C&D Technologies (CHP), Cherokee International
    (CHRK), Magnatek (MAG), Power-One (PWER) and Vicor (VICR).
* **IT Hardware**:  Dell (DELL), Hewlett-Packard (HPQ), IBM (IBM) and Sun Microsystems (SUNM).

**PARTNER, MERGERS & ACQUISITIONS.  Phoenix Group LLP**, Los Angeles (Dec 2001 – Aug 2003)
Launched a new sell-side M&A advisory division to support an established insolvency and turnaround practice.
Delivered financial advisory services in areas of capital formation, corporate finance and strategy consulting.

**ASSOCIATE, TAX MERGERS AND ACQUISITIONS.  PricewaterhouseCoopers**, Philadelphia (Sep 1999 – Dec 2001)
Devised a structure for a $10 billion debt instrument used to finance the Glaxo Welcome / Smithkline Beecham
    merger, which saved GSK shareholders over $3.5 billion in incremental tax liabilities
Served on four-man core M&A team for Teva Pharmaceuticals, now the world's largest generic pharma co.
* Acquisitions included Novapharm (Canada) for $300 million; Copley Pharmaceticals for $220 million;
    Pharmachemie N.V. for $89 million; IVAX for $7.2 billion (explored in 2000, closed in 2005)
* Joint Ventures included Aventis (Copaxone), Lundbeck (Parkinson's drugs) and Impax (R&D).
Performed over 30 due diligence engagements for domestic and cross-border acquisitions.
Developed a robust §338(h)(10) tax model that saved clients millions in stock versus asset tax structuring.
Worked with Private Client Service team, specializing in post-transaction tax planning (e.g., ESOP rollovers)

# EDUCATION

**PRINCETON UNIVERSITY,**  Princeton, New Jersey.
    A.B. from Department of Economics, June 1996.
    Senior Thesis Title: **A Cost-Utility Analysis of the Managed Behavioral Healthcare Industry**

**WILLIAM AND MARY SCHOOL OF LAW,**  Williamsburg, Virginia.
    J.D. received in May 1999,  Licensed member of the Virginia State Bar, July 1999.

Other academic distinctions: Valedictorian, National Merit Scholar, Exeter Univ. European Union Law Fellowship.

**PROFESSIONAL LICENSES:** NASD Series 7, Series 24, Series 63, Series 79, Virginia Bar License (Associate
Member)

# EXHIBIT 3

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 6/24/2016 | 12,500 | 12,500 | Success Fee on $500,000 DIP financing draw |
| 7/1/2016 | 36,882 | 36,882 | Financial advisory services (June - July 2016); appearance in BK court; preparation and review of MOR; conduct four day auction; prepare 13-week cash flow forecast; prepare Schedule E/F; |
| 8/1/2016 | 25,358 | 25,358 | Financial advisory services (Aug 2016); appearance in BK court; negotiate asset purchase agreements with winning and back up bidders; deliver diligence material to new management team; update 13-week cash flow forecast for Strategic Global; analysis of seismic condition and upgrade requirements, specifically related to the movement of the oxygen tank; assist Dentons prepare settlement negotiations with CMS; preliminary review of claims over $1 million; conference calls with UCC; review proposed collective bargaining agreement with the SIEU; review of claim for fees and expenses on Promise DIP loan; review proposed settlement with City Attorney related to patient dumping allegation; assist in preparation of application to California Attorney General |
| 8/9/2016 | 25,007 | 25,007 | Success Fee on $1,000,292 DIP financing draw |
| 9/1/2016 | 25,000 | 25,000 | Financial advisory services (Sep 2016); preparation and review of MOR; update 13-week cash flow forecast; assist Denton to prepare certain missing schedules and exhibits for Attorney General application; analysis of accounts receivable collection history and forecast; discuss CalOptima and other managed care payors withholding payment from Gardens due to Harbor-Gardens lien; consult on proposed rejection of ER group contract; respond to AG supplemental questions; continued work on collective bargaining agreement issue; review five promissory notes between debtor and Strategic Global; |
| 9/8/2016 | 12,500 | 12,500 | Success Fee on $500,000 DIP financing draw |
| 10/1/2016 | 25,000 | 25,000 | Financial advisory services (Oct 2016); preparation and review of MOR; negotiate sale-leaseback structure with Strategic Global; review healthcare impact statement from Vizient in connection with AG application; strategize on prospective litigation against California, curing defaults, transferral of Medi-Cal provider agreement; review draft AG conditions with winning and back up bidders; reconcile historical QAF payments and withholdings against Medi-Cal payments; continue uploading diligence files to data room for Strategic Global; discuss successor liability issue on Medi-Cal provider agreement with Strategic Global; update Strategic Global on historical and projected financial activity at Gardens; update schedule of admin claims for Dentons; discussions with California Hospital Association; review and respond to Paladin discovery requests; |
| 10/3/2016 | 2,500 | 2,500 | Success Fee on $100,000 DIP financing draw |
| 10/7/2016 | 5,000 | 5,000 | Success Fee on $200,000 DIP financing draw |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 10/19/2016 | 8,750 | 8,750 | Success Fee on $350,000 DIP financing draw |
| 11/1/2016 | 26,130 | 25,000 | Financial advisory services (Nov 2016); preparation and review of MOR; negotiate subordination agreement with Strategic Global; discussions with California Department of Healthcare Services (John Beshara) regarding historical and projected QAF calculations; preparation of projected waterfall reflecting sources and uses of cash and other assets for UCC (Andrew Sherman); continued negotiation of subordination agreement with MidCap Financial Services in connection with sale to Strategic Global; conf call with UCC; determine PTO expense to be covered by Strategic Global as part of the sale; attend NLRB hearing; review submitted claim by LA County in connection with patient dumping allegation; research documentation related to $5 million Moskowitz note; conf call wtih Strategic Global's attorneys; update 13-week cash flow forecast; negotiated additional DIP loan draws with Strategic Global; initiate reduction-in-force calculations; review asset purchase agreement, sale leaseback agreement and management services agreement with Board; |
| 11/15/2016 | 8,743 | 8,743 | Success Fee on $349,708.41 in DIP financing draw |
| 12/1/2016 | 25,375 | 25,000 | Financial advisory services (Dec 2016); preparation and review of MOR; preparation of presentation for meeting in Sacramento with California Attorney General, including detailed market analysis for charity care in Gardens' primary service area; strategize with Strategic Global regarding the inclusion of UHW in Sacramento trip; update 13-week cash flow forecast for BK court; analysis of reduction in cash collections under Strategic Global management; conference calls with UCC; analyze A/R reserves pertaining to workers comp and personal injury lien cases; prepare written Declaration related to Debtor's Emergency Motion to Amend Existing DIP Financing Order; meeting in Riverside with Strategic Global principals; calls with Paladin regarding protection of its junior secured claim; correspondence with back up bidder; review amendments to Asset Purchase Agreement and DIP Financing Agreement; discussions with Wendy Horwitz at AG office; |
| 12/5/2016 | 557 | 557 | Expense reimbursement |
| 12/19/2016 | 10,851 | 10,851 | Success Fee on $380,000 DIP financing draw; appearance in BK court; expenses |
| 12/27/2016 | 6,250 | 6,250 | Success Fee on $250,000 DIP financing draw |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|------|---------|------|-------------|
| 1/2/2017 | 25,375 | - | Financial advisory services (Jan 2017); preparation and review of MOR; review of professional and other administrative claims; discussions with Strategic Global regarding DIP loan repayment; negotiation with Promise regarding hospital license renewal; negotiations with Le Summit; negotiations with Verity; provision of diligence materials to prospective successors to Strategic Global; negotiation of term sheet with Doral Healthcare; negotiations with Promise Healthcare; review of pre-petition PTO obligations and correction of accounting related thereto; meeting with California Attorney General regarding overly burdensome conditions to approval of the sale to Strategic Global |
| 2/1/2017 | 25,375 | - | Financial advisory services (Feb 2017); preparation and review of MOR; update 13-week cash flow forecast; update accounts receivable analysis and collections performance; preparation of materials for conference call with all secured creditors and UCC to review personnel and operating expenses; review of Asset Purchase Agreement, Promissory Note and Guaranty agreements with Promise; analysis of Medi-Cal offsets to QAF payments; coordination of diligence materials on hospital license suspension; review of Promise diligence materials; analysis of CMS recoupment issue; negotiation of key terms of sale to Promise Healthcare; correspondence with prospective bidders regarding closed hospital sale; multiple meetings and conference calls with Board; call with California Department of Public Health regarding possible hospital closure; negotiation of Transition Services Agreement with Strategic Global; discussions with UCC; |
| 3/1/2017 | 25,000 | 25,000 | Financial advisory services (Mar 2017); preparation and review of MOR; negotiations with Strategic Global regarding the potential sale of medical equipment; preparation of employee cost reduction plan; negotiation of DIP repayment plan with Strategic Global; analysis of Medi-Cal witholdings for unpaid QAF liabilities; multiple rounds of negotiation with Paladin; review of Paladin settlement agreement; negotiations with LA County as hospital buyer; tour of the facility; discussions with Wells Fargo regarding post-closing interim management services agreement with Promise; review of promissory note and guarantee agreements; conference call with Board regarding employees and collections; edits to Asset Purhase Agreement, Promissory Note, Guaranty; discussions with Le Summit; discussions with new outside billing and collections companies; update projected payroll file |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 4/1/2017 | 25,000 | 25,000 | Financial advisory services (Apr 2017); preparation and review of MOR; review and discussion of Promise Healthcare objections to sale motion; negotiations with Dr. Singh and American Specialty; support for Dentons in analyzing economics of QAF payments and receipts at GRHMC; discussions with Board regarding preservation of hospital lease and the related conditional use permit extension; conference calls with UCC; review of unpaid admin claims; review of Strategic Global DIP loan fees; detailed analysis of estimated collectable value of hospital accounts receivable; analysis of accrued professional fees; review of physician courtesy disount issue; negotiations with Strategic Global regarding accrual of interest on DIP loan; detailed review of asset purchase agreement with Promise Healthcare; preparation of A/R collections analysis; review and update to 13-week cash flow projection |
| 5/1/2017 | 25,900 | 25,900 | Financial advisory services (May 2017); appearance in BK court; preparation and review of MOR; analysis of debtor's need to extend professional and general liability policy with BETA; analysis of employees and expenses for allocation between the debtor and American Specialty; development of cost and personnel reduction and transition plan with CEO for the UCC; recovery of lease security deposit from landlord-Moskowitz; conf call with Board regarding notification of the asset sale to California Department of Public Health; review and documentation of DIP repayment to Promise Healthcare; conf calls with UCC |
| 5/18/2017 | 200,000 | 200,000 | Partial Success Fee on the Sale of GRHMC to American Specialty |
| 6/1/2017 | 25,600 | 25,600 | Financial advisory services (Jun 2017); appearance in BK court; negotiations with secured creditor Rollins Nelson; conference call regarding claim by Promise Healthcare for additional legal fees and default interest on DIP loan; assist Dentons on appeal of California QAF recoupment/offset action; review of invoices and analysis of claim by Strategic Global for payment of additional legal fees, interest and medical supplies provided during management period; review of admin claim by Sheppard Mullin |
| 7/1/2017 | 25,000 | 25,000 | Financial advisory services (Jul 2017); preparation and review of MOR; review of historical bank records; preparation of cash flow forecast for UCC; preparation of disbursement on admin claims; conf calls with Board of Directors regarding continuing responsibility, liability, and D&O coverage; |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 8/1/2017 | 25,000 | 25,000 | Financial advisory services (Aug 2017); preparation and review of MOR; negotiations with Strategic Global regarding repayment of DIP loan, legal fees, default interest and medical supply expenditures from affiliated entities; analysis of historical liabilities and write offs by GRHMC with secured creditors, including South Bay, Roxbury, Sycamore; assist Dentons in preparation of appeal related to QAF offsets |
| 9/1/2017 | 25,000 | 25,000 | Financial advisory services (Sep 2017); preparation and review of MOR; review of Cerner's $4 million administrative and unsecured claims; meeting and negotiations with Cerner; preparation for mediation with secured creditor Rollins Nelson; reponse to Rollins Nelson request for information, including updated hospital accounts receivable and collections analysis, personnel costs, administrative claims; review of Accounts Payable aging schedule; preparation of settlement proposal for Strategic Global regarding outstanding claim for legal fees; conference call regarding Blue Shield receivable;  update admin claim analysis for Dentons; preparation of accounting summary of receivable due from Blue Shield of Michigan for UCC; |
| 10/1/2017 | 28,600 | 28,600 | Financial advisory services (Oct 2017); appearance in BK court; preparation and review of MOR; delivery of information for Settlement Stipulation with Strategic Global; work on Cerner agreement, including discussions with Chad Hendricks; review of EDD claim for $600,000; additional work on Blue Shield of Michigan claim; preparation and conference call with Board regarding assignment of claims to UCC; extensive and detailed analysis of pre-petition management company claims and write offs by the hospital; finalized negotiation with Strategic Global for significant reduction in its (disputed) administrative claim; updates to hospital accounting to reflect negotiated agreements with management companies; discussions with Board regarding various settlement agreements with prior management companies |
| 11/1/2017 | 25,600 | 25,600 | Financial advisory services (Nov 2017); appearance in BK court; preparation and review of MOR; preparation of intial Sources and Uses for intended plan confirmation in Q2 2018; discussions with Board regarding assignment of claims to UCC; review of demand letter to Weiner entities; negotiations with post-petition vendors targeting settlements at 35 cents/dollar; review of D&O Settlement agreement; coordinate recovery of funds from Paladin to Gardens; preparation of disbursement to professionals; review of Cerner settlement discussions; |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 12/1/2017 | 27,700 | 5,499 | Financial advisory services (Dec 2017); appearance in BK court; preparation and review of MOR; update projected Sources and Uses to determine strategy for negotiations with Weiner entities and the minimum results that would be required to confirm a plan; analysis of Blue Shield receivable; preparation of disbursement to professionals; update personnel reduction plan; conference call with Board; attend all-day mediation with Weiner entities conducted by Judge Zive; review of Paladin and Rollins Nelson settlement agreement for hospital accounting purposes; negotiated $200 reduction in admin claims |
| 1/1/2018 | 25,000 | - | Financial advisory services (Jan 2018); review and preparation of MOR; preparation of Sources and Uses for confirmation plan; conference calls with Board regarding confirmation plan and appropriate insurance coverage; review of revised Settlement Agreement with Weiner parties; review post-petition admin vendor payments register; Board calls regarding standards for approval of settlements in bankruptcy; assist UCC and George Hirsh with preparation of Moskowitz complaint; update analysis of proposed Weiner settlement offer; lead settlement negotiations with Weiner entities (5 hour meeting at Levine Neale offices); provide documents requested by UCC on Moskowitz claim; |
| 2/1/2018 | 25,000 | - | Financial advisory services (Feb 2018); review and preparation of MOR; prepare exhibits to Weiner settlement analysis; respond to US Trustee requests for information regarding Debtor's insurance policies; preparation of normalized cash flow analysis; review of zero balance account collection activites by MES; review of claim by Nuance and limited objection; response to debtor's counsel on QAF issue; review of Patient Care Ombudsman issue; review of wrongful termination (Alvarado) settlement agreement |
| 3/1/2018 | 25,000 | - | Financial advisory services (Mar 2018); preparation and review of MOR; conducted settlement negotiations with the Weiner entities; discussions with Board, management and UCC regarding Weiner settlement; provide UCC (Andrew Sherman) information regarding Moskowitz claim; conduct negotiations with approximately 50 post-petition vendors; analysis related to Employment Development Department settlement agreement; update projected QAF forecast; update hospital accounts related to professional fees; update projected Sources and Uses chart for debtor's counsel; analysis of admin claims to OCP's for calculation of 10% discount negotiated by UCC |

6

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 4/1/2018 | 25,000 | - | Financial advisory services (Apr 2018); preparation and review of MOR; conducted settlement negotiations with the Weiner entities; review and strategy on QAF offset claim; coordinate information with Anthony Carrasco regarding negotiations on Blue Shield of Michigan receivable; consult on Medicare cost report issue; consult on D&O insurance issue; analyze Moskowiz claim |
| 5/1/2018 | 25,000 | - | Financial advisory services (May 2018); preparation and review of MOR; finalize Weiner settlement; review first draft of Disclosure Statement and Plan of Liquidation; update historical section of Disclosure Statement; analyze projected economic consequences to all proposed creditor classes; advise on the assignment of avoidance action claims to local counsel; review and correct Dentons' proposed Sources and Uses of cash for plan confirmation; reconcile hospital accounts with invoices provided by professionals; |
| 6/1/2018 | 25,000 | - | Financial advisory services (Jun 2018); preparation and review of MOR; continue work on Liquidation Analysis, including detailed review of debtor's accounts receivables by payor class, zero balance accounts, workers comp accounts, prepayments, security deposits, retainers, pre-petition priority claims; update projected Sources of Uses of cash associated with Liquidation Analysis; emails and discussions with UCC (Boris Mankovetskiy) regarding the Liquidation Analysis; discussions with Board and counsel regarding Liquidation Analysis; preparation of analysis of Blue Shield of Michigan receivable for UCC |
| 7/1/2018 | 25,000 | - | Financial advisory services (Jul 2018); preparation and review of MOR; preparation of updated Liquidation Analysis, including schedules and exhibits for final BK Disclosure Plan; respond to additional requests for information pertaining to Plan of Liquidation; research regarding additional accounts receivable, including workers comp claims that carriers denied payment for related medical implants; |
| 8/1/2018 | 25,000 | - | Financial advisory services (Aug 2018); preparation and review of MOR; reconcile UCC professional fee statements with hospital accounts; reconcile administrative accounts payable aging schedule, including calculation of write down of professional fees in court approved Weiner settlement agreement; Board call regarding timeline and process for confirmation of Liquidating Plan; preparation of accounts receivable cost of collections analysis for Dentons; review of zero balance accounts assigned to MES for collection; review and reversal of certain A/R reserve accounts; |
| 8/1/2018 | 30,115 | - | Interest on unpaid invoices totaling $306,900 as of 5/31/2018, as provided in Paragraph 32 of the Engagement Letter, dated 6/6/2016 |

Wilshire Pacific Capital Advisors, LLC
Summary of All Monthly Fees, Success Fees and Expenses (6/6/2016 - 10/10/2018)

| Date | Invoice | Paid | Description |
|------|---------|------|-------------|
| 9/1/2018 | 25,000 | - | Financial advisory services (Sep 2018); preparation and review of MOR; detailed analysis of pre-petition general unsecured claims; preparation and review of Declaration in support of plan confirmation; call with Board regarding timing of resignation and replacement by liquidating trustee; analysis and support on hospital claim against Liberty Mutual; review Otake declaration; review Walton declaration; preparation of draft liquidating balance sheet using 8/31/2018 MOR; |
| 10/1/2018 | 25,000 | - | Financial advisory services (Oct 2018); analysis of priority claims register for Liquidating Trustee; analysis of convenience class claims for Liquidating Trustee |
| 11/1/2018 | 201,150 | - | Success fee on the Sale and GRHMC to American specialty plus retained assets almost fully liquidated, together equaling $19.7 million, minus $3.63 related to DIP loan, minus partial invoice of $200,000 on 5/18/2017 |
| | 1,246,819 | 691,098 | |
| | (53,202) | | 10% discount on unpaid invoices as of 5/31/2018 and subsequent thereto |
| | 1,193,617 | 691,098 | |
| | | | |
| | | 502,520 | TOTAL REMAINING BALANCE DUE TO WILSHIRE PACIFIC CAPITAL ADVISORS |

# EXHIBIT 4

Wilshire Pacific Capital Advisors, LLC
Reimbursable Expenses from 6/6/2016 through 10/6/2018

| Date | Invoice | Paid | Description |
|---|---|---|---|
| 12/19/2016 | 7.00 | 7.00 | Parking at BK court |
| 12/19/2016 | 72.00 | 72.00 | Printing materials for Attorney General Meeting |
| 12/19/2016 | 72.36 | 72.36 | Travel to Strategic Global office in Riverside on 12/19/2016 |
| 12/5/2016 | 517.70 | 517.70 | Flight to Sacramento for meeting with Attorney General |
| 12/5/2016 | 29.00 | 29.00 | Parking at LAX |
| 12/5/2016 | 10.55 | 10.55 | Meal during travel to Sacramento |
| | | | |
| | 708.61 | 708.61 | **TOTAL** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*):  ***First and Final Application of Wilshire Pacific Capital Advisors, LLC, for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Debtor for the Period From June 6, 2016, Through October 10, 2018; Declaration of Mr. Stan Otake,*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 28, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

***SEE ATTACHED SERVICE LIST NO. 1***

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date* ) November 28, 2018, I will serve the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

***SEE ATTACHED SERVICE LIST NO. 2***

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 28, 2018, I will serve the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 28, 2018 | GLENDA SPRATT | /s/Glenda Spratt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<div style="text-align:right; writing-mode:vertical">
DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300
</div>

### SERVICE LIST

*In re:  Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

## 1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Anthony R. Bisconti** on behalf of Interested Party Official Committee of Unsecured Creditors - tbisconti@bmkattorneys.com, admin@bmkattorneys.com

**Karl E Block** on behalf of Creditor Harbor-Gardens Capital I, LLC
kblock@loeb.com, plavine@loeb.com

**Manuel A. Boigues** - bankruptcycourtnotices@unioncounsel.net

**Bruce M Bunch** on behalf of Creditor Doug Sunstedt
pam@bunchlawyers.com

**Louis J Cisz, III** on behalf of Creditor Cerritos Gardens General Hospital Company
lcisz@nixonpeabody.com, sf.managing.clerk@nixonpeabody.com

**Dawn M Coulson** on behalf of Interested Party Courtesy NEF
dcoulson@eppscoulson.com, cmadero@eppscoulson.com

**John P Desmond** jdesmond@dickinsonwright.com, cgrinstead@dickinsonwright.com

**Richard K Diamond** - rdiamond@dgdk.com; DanningGill@gmail.com; rdiamond@ecf.inforuptcy.com

**Barry S. Glaser** on behalf of Interested Party Courtesy NEF
bglaser@swesq.com; erhee@swesq.com

**Jeffrey I Golden** on behalf of Interested Party Official Committee Unsecured Creditors
jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;tziemann@wgllp.com

**Rhonda S. Goldstein** on behalf of Creditor The Regents of the University of California
rhonda.goldstein@ucop.edu;lissa.ly@ucop.edu

**M. Jonathan Hayes**  jhayes@srhlawfirm.com; roksana@srhlawfirm.com; matthew@srhlawfirm.com; rosarioz@srhlawfirm.com; jfisher@srhlawfirm.com; mariasrhlawfirm.com; jhayesecf@gmail.com

**Lawrence J. Hilton** on behalf of Creditor Cerner Health Services, Inc.
lhilton@onellp.com; lthomas@onellp.com; info@onellp.com; janderson@onellp.com; crodriguez@onellp.com

**David Jacobs** on behalf of Interested Party Courtesy NEF
cemail@ebglaw.com, djacobs@ebglaw.com

**Ivan L Kallick** on behalf of Interested Party KND Development 53, LLC
ikallick@manatt.com, ihernandez@manatt.com

**Eve H Karasik** on behalf of Interested Party Courtesy NEF
ehk@lnbyb.com

**Steven J. Katzman** on behalf of Interested Party Official Committee Unsecured Creditors
skatzman@bmkattorneys.com; admin@bmkattorneys.com

**Talin Keshishian** - tkeshishian@brutzkusgubner.com, ecf@brutzkusgubner.com

- 1 -

100259597\V-3

1

*SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and*
2  *Medical Center*

3  **Gary E Klausner** on behalf of Creditor Roxbury Healthcare Services, LLC
and on behalf of Creditor Sycamore Health Care Services, LLC; gek@lnbyb.com
4
**Stuart I. Koenig** on behalf of Interested Party Courtesy NEF
5  Skoenig@cmkllp.com, knielsen@cmkllp.com

6  **Dare Law** on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov, ron.maroko@usdoj.gov
7
**Elan S. Levey** on behalf of Creditor U.S. Department of Health and Human Services
8  elan.levey@usdoj.gov; louisa.lin@usdoj.gov

9  **Wendy A Loo** on behalf of Interested Party People of the State of CA
wendy.loo@lacity.org
10
**Stephen A Madoni** on behalf of Creditor Spine Surgical Implants, Inc.
11  stevemadoni@aol.com, nathally@madonilaw.com

12  **Howard N Madris** on behalf of Creditor Lenders Funding, LLC
hmadris@madrislaw.com
13
**Boris I. Mankovetskiy** on behalf of Official Committee of Unsecured Creditors
bmankovetskiy@sillscummis.com
14
**Amanda L Marutzky** on behalf of Interested Party Courtesy NEF
15  amarutzk@wthf.com, jjensen@watttieder.com

16  **David W. Meadows** on behalf of Creditor Olympus Corp. of the Americas
david@davidwmeadowslaw.com
17
**Reed M. Mercado** - rmercado@sheppardmullin.com
18
**Benjamin Nachimson** on behalf of Interested Party Courtesy NEF
ben.nachimson@wnlawyers.com
19
**Steven G. Polard** on behalf of Creditor Le' Summit Healthcare, LLC
20  stevenpolard@eisnerlaw.com, lcorrales@eisnerlaw.com

21  **Amelia Puertas-Smara** - itcdbgc@edd.ca.gov, itcdgc@edd.ca.gov

**Kurt Ramlo** on behalf of Interested Party Courtesy NEF
22  kr@lnbyb.com, kr@ecf.inforuptcy.com

23  **Paul F Ready** - tamara@farmerandready.com

24  **David M Reeder** on behalf of Creditor RollinsNelson Grp, LLC
dmr@vrmlaw.com, jle@vrmlaw.com
25
**J. Alexandra Rhim** on behalf of Creditor De Lage Landen
arhim@hemar-rousso.com
26
**Mary H Rose** on behalf of Creditor Promise Gardens Lending Company, Inc. and
27  Promise Hospital of East Los Angeles, L.P.; mrose@buchalter.com,

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

100259597\V-3

1

*SERVICE LIST (cont'd)*
*In re:  Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and*
2    *Medical Center*

3    **Daniel Robert Schimizzi** on behalf of Creditor Beckman Coulter, Inc.
dschimizzi@bernsteinlaw.com; cwirick@bernsteinlaw.com
4
**George E Schulman** - GSchulman@DGDK.com; danningGill@gmail.com;
5    gschulman@ecf.inforuptcy.com

6    **Andrew H. Sherman** on behalf of Official Committee of Unsecured Creditors
asherman@sillscummis.com

7    **Roman Shkodnik** - roman@yeremianlaw.com

8    **Leonard M Shulman** on behalf of Interested Party Strategic Global Management, Inc.
lshulman@shbllp.com
9
**Gerald N Sims** on behalf of Creditor BETA Risk Management Authority
10    jerrys@psdslaw.com, bonniec@psdslaw.com

11    **Alan Stomel** on behalf of Interested Party Courtesy NEF
alan.stomel@gmail.com, astomel@yahoo.com

12    **Tiffany Strelow Cobb** on behalf of Creditor Nuance Communications, Inc.
tscobb@vorys.com
13
**Wayne R Terry** on behalf of Interested Party Courtesy NEF
14    wterry@hemar-rousso.com

15    **Gary F Torrell** on behalf of Creditor RollinsNelson Grp, LLC
gft@vrmlaw.com
16
**Leslie A Tos** - Ltos@farmerandready.com, smeyer@farmerandready.com

17    **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov

18    **Anne A. Uyeda** - auyeda@bmkattorneys.com, admin@bmkattorneys.com

19    **Kenneth K. Wang** on behalf of Interested Party Courtesy NEF
kenneth.wang@doj.ca.gov; Jennifer.Kim@doj.ca.gov; yesenia.caro@doj.ca.gov
20
**Johnny White** on behalf of Creditor J.S.E. Emergency Medical Group, Inc.
21    JWhite@wrslawyers.com, aparisi@wrslawyers.com

22    **Hatty K Yip** on behalf of U.S. Trustee United States Trustee (LA)
hatty.yip@usdoj.gov

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 3 -

*SERVICE LIST (cont'd)*
*In re: Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

**2 TO BE SERVED BY U.S. MAIL:**

| *Regulatory Agencies* | |
|---|---|
| Xavier Becerra<br>Attorney General of State of California<br>Office of the Attorney General<br>1300 I Street<br>Sacramento, CA 95814<br>Office: (916) 445-9555 | U.S. Department of Justice<br>Office of the Attorney General of the United States<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Office (202) 514-2000<br>Fax: (202) 307-6777 |
| United States Attorney's Office<br>Central District of California<br>312 North Spring Street, Suite 1200<br>Los Angeles, CA 90012<br>Office: (213) 894-2400<br>Fax: (213) 894-0141 | Sylvia Mathews Burwell, Secretary<br>U.S. Department of Health & Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br>Office: (202) 690-6610<br>Fax: (202) 690-7203 |
| Internal Revenue Service<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br>Office: (213) 576-3009 | Jennifer Kent, Director<br>California Department of Health Care Services<br>1501 Capitol Avenue, Suite 4510<br>Sacramento, CA 95814<br>Office: (916) 464-4430 |
| State of California<br>Franchise Tax Board<br>300 South Spring Street, #5704<br>Los Angeles, CA 90013<br>Office: (916) 845-6500<br>Fax: None | Angela M. Belgrove<br>Assistant Regional Counsel<br>U.S. Department of Health and Human Services<br>Office of the General Counsel, Region IX<br>90 7th Street, Suite 4-500<br>San Francisco, CA 94103-6705<br>Office: (415) 437-8156<br>Fax: (415) 437-8188 |
| Employment Development Dept.<br>722 Capitol Mall<br>Sacramento, CA 95814<br>Office: (866) 333-4606 | Office of the Attorney General<br>Consumer Law Section<br>Attn: Bankruptcy Notices<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br>Office: (415) 703-5500<br>Fax: (415) 703-5480 |
| Internal Revenue Service<br>600 Arch Street<br>Philadelphia, PA 19101<br>Office: (267) 941-6800 | |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 4 -

1

*SERVICE LIST (cont'd)*
*In re:  Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and*
2
*Medical Center*

3    **Request for Special Notice**

| | |
|---|---|
| 4<br>5<br>6<br>7 | Eric Weissmanm [e-mail only]<br>Mary D. Lane<br>Wilshire Pacific Capital Advisors LLC<br>8447 Wilshire Blvd., Suite 202<br>Beverly Hills, CA  90211<br>eweissman@wilshirepacificadvisors.com<br>marylane@wilshirepacificadvisors.com<br>[email courtesy copies only] | Rose E. Bareham<br>Purkey & Associates<br>5050 Cascade Road SE Suite A<br>Grand Rapids, MI 49546<br>Office:  (619) 940-0553 Ext. 3<br>Fax:  (619) 940-0554<br>Email:<br>[Counsel for Stryker Instruments] |
| 8<br>9<br>10<br>11 | Darrell W. Clark<br>Stinson Leonard Street LLP<br>1775 Pennsylvania Ave., NW, Suite 800<br>Washington, DC 20006<br>Office:  (202) 785-9100<br>Fax:  (202) 785-9163<br>[Counsel for Cerner Health Services] | Robert L. Patterson, Esq.<br>Slovak Baron Empey Murphy & Pinkney LLP<br>1800 E. Tahquiz Canyon Way<br>Palm Springs, California 92662 |
| 12<br>13<br>14 | Cerritos Gardens General Hospital Company<br>21520 South Pioneer Blvd., Suite 205<br>Hawaiian Gardens, CA 90716<br>Attn:    Pioneer Carson Corp., General Partner<br>           Attn: Cherna Moskowitz, President | Mr. Oren Ben Ezra<br>1250 E. Hallandale Beach Blvd., Suite 1000<br>Hallandale Beach, FL 33009 |
| 15<br>16 | James Hamada, M.D.<br>21500 South Pioneer Blvd., Suite 208<br>Hawaiian Gardens, CA 90716 | Amable Aguiliuz, M.D.<br>21500 South Pioneer Blvd., Suite 209<br>Hawaiian Gardens, CA 90716 |
| 17<br>18<br>19 | Rebecca J. Price<br>Norris McLaughlin & Marcus, P.A.<br>515 West Hamilton St., Suite 502<br>Allentown, PA  18101 | Constance R. Doyle<br>21509 Anza Avenue<br>Torrance, CA  90503 |
| 20<br>21<br>22<br>23 | Grace Su<br>Meiguo Realty Group, Inc.<br>15713 Valley Blvd.<br>City of Industry CA 91744<br>Office:  626-677-6488<br>grace@meiguorealty.com | Eric Stone<br>California Department of Public Health<br>Los Angeles East District Office<br>3400 Aerojet Avenue #323<br>El Monte, CA 91731<br>Office:  626/569-3724<br>Fax:  626/927-9842 |
| 24<br>25<br>26 | Mark Waxman<br>Gerald Kosai<br>Verity Health System<br>2200 West Third Street, Suite 200<br>Los Angeles, CA  90057<br>310.701.1665 | Aaron L. Durall<br>Durall Capital Holdings<br>8411 W. Oakland Park Blvd., Suite 302<br>Sunrise, FL   33351-7357 |

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA  90017-5704
(213) 623-9300

100259597\V-3

*SERVICE LIST (cont'd)*
*In re:  Gardens Regional Hospital and Medical Center, Inc. dba Gardens Regional Hospital and Medical Center*

| | |
|---|---|
| Marc Ferrel<br>President<br>Bridgepoint Healthcare LLC<br>4601 Martin Luther King Jr. Ave SW<br>Washington, D.C.  20032<br>Office:  (202) 574-5700 | Young Park<br>NAEROK Group Int'l Inc.<br>3850 Wilshire Blvd., Ste. 302<br>Los Angeles, CA 90010 |
| Kansas State Bank of Manhattan<br>c/o Stephen Biegenzahn<br>Friedman Law Group, P.C.<br>1900 Avenue of the Stars, 11th Fl.<br>Los Angeles, CA  90067 | Blue Cross Blue Shield of Michigan<br>John P. Desmond<br>Dickinson Wright PLLC<br>100 West Liberty Street, Suite 940<br>Reno, NV  89501<br>Tel:  775.343.7500<br>Fax:  844.670.6009<br>E-mail:  jdesmond@dickinsonwright.com |

**Creditor's Committee**

| | |
|---|---|
| Rob Speeney<br>Cardinal Health 200, LLC<br>7000 Cardinal Place<br>Dublin, OH 43017<br>Office:  (614) 533-3125<br>Email:  rob.speeney@cardinalhealth.com | Robert Zadek<br>Lenders Funding, LLC<br>1001 Bridgeway, Suite 721<br>Sausalito, CA 94965<br>Office:  (415) 227-3585<br>Email:  rzadek@buchalter.com |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

- 6 -